# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ENERGETIQ TECHNOLOGY, INC., )<br><br>Plaintiff, )<br><br>v. )<br><br>ASML NETHERLANDS B.V., )<br>EXCELITAS TECHNOLOGIES CORP., and )<br>QIOPTIQ PHOTONICS GMBH & CO. KG, )<br><br>Defendants. ) | Civil Action No. 1:15-cv-10240-LTS<br>**PUBLIC VERSION** |

**MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANTS' MOTION TO STAY PENDING
RESOLUTION OF *INTER PARTES* REVIEW**

## **TABLE OF CONTENTS**

I.    INTRODUCTION ....................................................................................................1

II.   STATEMENT OF FACTS ......................................................................................2

      A.    Procedural History ......................................................................................2

      B.    The Pending IPRs ........................................................................................3

III.  ARGUMENT ...........................................................................................................4

      A.    No Undue Prejudice Or Tactical Disadvantage Would Result From A Stay ..........6

      B.    A Stay Of This Litigation Will Simplify The Issues And Promote Judicial
            Economy ......................................................................................................11

      C.    The Early Stage Of This Litigation Strongly Favors A Stay ................................15

IV.   CONCLUSION.......................................................................................................16

# TABLE OF AUTHORITIES

**Page(s)**

FEDERAL CASES

*Abbott Labs v. Cordis Corp.*,
710 F.3d 1318 (Fed. Cir. 2013) ................................................................................................5

*Acceleron, LLC v. Dell, Inc.*,
1:12-cv-4123 (N.D. Ga. Aug. 7, 2013) ......................................................................................9

*ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*,
694 F.3d 1312 (Fed. Cir. 2012) ................................................................................................8

*ADA Solutions, Inc. v. Engineered Plastics, Inc.*,
2011 WL 6177287 (D. Mass. Dec. 9, 2011) .............................................................................8

*Advanced Connection Technology Inc. v. Canon USA, Inc.*,
12-cv-6496 (N.D. Cal. Nov. 27, 2013) ......................................................................................9

*Advanced Micro Devices, Inc. v. LG Elecs., Inc.*,
2015 WL 545534 (N.D. Cal. Feb. 9, 2015) ...............................................................................9

*Autoalert, Inc. v. Dominion Dealer Solutions, LLC*,
2013 U.S. Dist. LEXIS 171890 (C.D. Cal. May 22, 2013) .......................................................9

*Autoliv ASP, Inc. v. Hyundai Mobis Co., LTD*,
No. 2:13-cv-141-MHT-WC (M.D. Ala. July 29, 2014) .............................................................9

*Automatic Mfg. Sys., Inc. v. Primera Tech., Inc.*,
2013 WL 6133763 (M.D. Fla. Nov. 21, 2013) .......................................................................12

*BarTex Research v. FedEx Corp.*,
611 F. Supp. 2d 647 (E.D. Tex. 2009) .....................................................................................15

*Black & Decker, Inc. v. Positec USA*,
2013 WL 5718460 (N.D. Ill. Oct. 1, 2013) ...............................................................................9

*Brixham Solutions, Ltd. v. Juniper Networks, Inc.*,
2014 WL 1677991 (N.D. Cal. Apr. 28, 2014) ....................................................................1, 12

*Canady v. Erbe Elektromedizin GmbH*,
271 F. Supp. 2d 64 (D.D.C. 2002) ............................................................................................4

*Capriola v. Larose Indus.*,
2013 WL 1868344 (M.D. Fl. Mar. 11, 2013) .......................................................................9, 10

*Cheetah Omni, LLC v. United States & BAE Sys.*,
No. 11-255c (Fed. Claims June 7, 2013) ...................................................................................9

*Cynosure, Inc. v. Cooltouch Inc.*,
  2009 WL 2462565 (D. Mass. Aug. 10, 2009) ........................................................6

*Destination Maternity Corp. v. Target Corp.*,
  12 F. Supp. 3d 762, 770-771 (E.D. Pa. 2014) ...................................................5, 10

*DSS Tech. Mgmt., Inc. v. Apple, Inc.*,
  No. 14-cv-05330-HSG (N.D. Cal. May 1, 2015) ..................................................9

*Duco, Inc. v. Aker Solution US, Inc.*,
  2012 WL 2847469 (S.D. Tex. July 10, 2012) .......................................................7

*e-Watch, Inc. v. FLIR Sys., Inc.*,
  2013 WL 8695916 (S.D. Tex. Aug. 8, 2013) ........................................................9

*e-Watch, Inc. v. Lorex Can., Inc.*,
  2013 WL 5425298 (S.D. Tex. Sept. 26, 2013) ....................................................7, 9

*e-Watch, Inc. v. Mobotix Corp.*,
  5:12-cv-00492 (W.D. Tex. May 21, 2013) ...........................................................9

*Englishtown, Inc. v. Rosetta Stone Inc.*,
  962 F. Supp. 2d 355 (D. Mass. 2013) ..................................................................4

*Escort, Inc. v. K-40 Elecs., LLC*,
  1:12-cv-00937 (S.D. Oh. May 20, 2013) .............................................................9

*Ethicon, Inc. v. Quigg*,
  849 F.2d 1422 (Fed. Cir. 1988) ...........................................................................4

*Evolutionary Intelligence, LLC v. Apple, Inc.*,
  2014 WL 93954 (N.D. Cal. Jan. 9, 2014) ...........................................................9

*Evolutionary Intelligence, LLC v. Facebook, Inc.*,
  2014 WL 261837 (N.D. Cal. Jan. 23, 2014) .....................................................9, 14

*Evolutionary Intelligence, LLC v. Foursquare Labs, Inc.*,
  3:13-cv-04203 (N.D. Cal. Jan. 10, 2014) ...........................................................9

*Evolutionary Intelligence, LLC. v. Sprint Nextel Corp.*,
  2014 WL 4802426 (N.D. Cal. Sept. 26, 2014) ...................................................14

*Evolutionary Intelligence LLC, v. Yelp, Inc.*,
  2013 WL 6672451 (N.D. Cal. Dec. 18, 2013) ..................................................9, 16

*Grobler v. Apple, Inc.*,
  12-cv-01534 (N.D. Cal. June 6, 2013) .................................................................9

*Grobler v. Sony Computer Entm't Am.*,
  12-cv-01526 (N.D. Cal. June 6, 2013)................................................................9

*High Tech. Med. Instrumentation, Inc. v. New Image Indus.*,
  49 F.3d 1551 (Fed. Cir. 1995)..................................................................7, 8

*Ignite USA, LLC v. Pac. Mkt. Int'l LLC*,
  No. 14 C 856 (N.D. Ill. May 29, 2014)..............................................................9

*In re Body Sci. LLC Patent Litig.*,
  2012 WL 5449667 (D. Mass. Nov. 2, 2012) ............................................6

*In re Translogic Tech., Inc.*,
  504 F.3d 1249 (Fed. Cir. 2007)................................................................ 12-13

*Intellectual Ventures II LLC v. U.S. Bancorp*,
  2014 WL 5369386 (D. Minn. Aug. 7, 2014) ............................................12

*Interface, Inc. v. Tandus Flooring, Inc.*,
  2013 WL 5945177 (N.D. Ga. Nov. 5, 2013) ............................................9

*Krippelz v. Ford Motor Co.*,
  667 F.3d 1261 (Fed. Cir. 2012)................................................................13

*Micrografx, LLC v. Samsung Telecomms. Am., LLC*,
  2014 WL 8239371 (N.D. Tex. July 9, 2014) ............................................7

*MLC Intellectual Property, LLC v. Micron Tech., Inc.*,
  2015 WL 496407 (N.D. Cal. Feb. 3, 2015) ........................................9, 10

*Neste Oil OYJ v. Dynamic Fuels, LLC*,
  2013 WL 3353984 (D. Del. Oct. 21, 2013) ........................................9, 11

*NFC Tech. LLC v. HTC Am., Inc.*,
  2015 WL 1069111 (E.D. Tex. Mar. 11, 2015) ........................................5

*Norred v. Medtronic, Inc.*,
  2014 WL 554685 (D. Kan. Feb. 12, 2014) ........................................9, 10

*Nutech Ventures v. Norman Noble, Inc.*,
  2013 U.S. Dist. LEXIS 133092 (N.D. Oh. May 30, 2013)........................9

*Patlex Corp. v. Mossinghoff*,
  758 F.2d 594 (Fed. Cir. 1985)................................................................4

*PersonalWeb Techs., LLC v. Facebook, Inc.*,
  2014 WL 116340 (N.D. Cal. Jan. 13, 2014) ....................................9, 13

*Pi-Net Int'l, Inc. v. Hertz Corp.*,
  2013 WL 7158011 (C.D. Cal. June 5, 2013) ................................................................ 15-16

*Pi-Net Int'l, Inc. v. Focus Bus. Bank*,
  2013 WL 4475940 (N.D. Cal. Aug. 16, 2013) ...........................................................9

*Polymer Techs., Inc. v. Bridwell*,
  103 F.3d 970 (Fed. Cir. 1996)....................................................................................8

*Pride Mobility Prods. Corp. v. Permobile, Inc.*,
  2013 WL 8445809 (E.D. Pa. Aug. 14, 2013) ...........................................................9

*Princeton Digital Image Corp. v. Konami Digital Entm't Inc.*,
  1:12-cv-01461 (D. Del. Jan. 15, 2014) .....................................................................9

*Round Rock Research LLC v. Dole Food Co., Inc.*,
  2012 WL 1185022 (D. Del. Apr. 6, 2012)............................................................. 13-14

*Security People, Inc. v. Ojmar US, LLC*,
  No. 14-cv-04968-HSG (N.D. Cal. May 29, 2015)....................................................9

*Select Brands, Inc. v. Sensio*,
  2013 U.S. Dist. LEXIS 172914 (D. Kan. Sept. 27, 2013) ........................................9

*Semiconductor Energy Lab., Ltd. v. Chimei Innolux Corp.*,
  2012 WL 7170593 (C.D. Cal. Dec. 19, 2012) ...................................................9, 10-11, 16

*Serv. Solutions U.S. LLC v. Autel US Inc.*,
  2015 WL 401009 (E.D. Mich. Jan. 28, 2015)...........................................................14

*Software Rights Archive, LLC v. Facebook, Inc.*,
  2013 WL 5225522 (N.D. Cal. Sept. 16, 2013) ...................................................9, 10, 12, 15

*SSW Holding Co., Inc. v. Schott Gemtron Corp.*,
  2013 WL 4500091 (W.D. Ky. Aug. 21, 2013) ...........................................................9

*Star Envirotech, Inc. v. Redline Detection*,
  2013 WL 1716068 (C.D. Cal. Apr. 3, 2013) .............................................................9

*Tire Hanger Corp. v. My Car Guy Concierge Servs., Inc.*,
  2015 WL 857888 (C.D. Cal. Feb. 27, 2015)...........................................................9, 14

*Translogic Tech. Inc. v. Hitachi, Ltd.*,
  250 F. App'x 988 (Fed. Cir. 2007) ..........................................................................13

*Unwired Planet, LLC v. Google Inc.*,
  2014 WL 301002 (D. Nev. Jan. 27, 2014).................................................................9

*Versata Software, Inc. v. Callidus Software, Inc.*,
    771 F.3d 1368 (Fed. Cir. 2014).........................................................................15

*Zond, LLC v. Advanced Micro Devices, Inc.*,
    No. 13-cv-11577-LTS (D. Mass. July 23, 2014) ..................................................4, 9

*Zond, LLC v. Fujitsu Ltd.*,
    No. 1:13-cv-11634-WGY (D. Mass. June 2, 2014) ..............................................4, 9

*Zond, LLC v. Intel Corp.*,
    No. 1:13-cv-11570-RGS (D. Mass. Apr. 18, 2014)..............................................4, 9

*Zond, LLC v. Toshiba Am. Elec. Components, Inc.*,
    No. 13-cv-11581-DJC (D. Mass. Sept. 30, 2014)................................................4, 9

**FEDERAL STATUTES**

28 U.S.C. § 1367.......................................................................................................15

35 U.S.C. § 314.....................................................................................................3, 6, 8

35 U.S.C. § 315..........................................................................................................14

35 U.S.C. § 316.....................................................................................................3, 5, 6

**FEDERAL REGULATIONS**

37 C.F.R. § 42.100......................................................................................................6

37 C.F.R. § 42.107 .................................................................................................. 6, 8

*Changes to Implement Inter Partes Review Proceedings*,
    77 Fed. Reg. 48,680 (Aug. 14, 2012).......................................................................4

*Office Patent Trial Practice Guide*,
    77 Fed. Reg. 48,756 (Aug. 14, 2012).......................................................................5

**LEGISLATIVE MATERIALS**

Statements of Senator Grassley Regarding Patent Reform Act of 2011,
    157 Cong. Rec. S936-02, 2011 WL 691461 (daily ed. Feb. 28, 2011) ....................4

**SECONDARY SOURCES**

Brian J. Love & Shawn Ambwani, Inter Partes *Review: An Early Look at the Numbers*,
    81 U. Chi. L. Rev. Dialogue 93 (2014)................................................................6, 12

Patent Trial & Appeal Bd., *AIA Progress: Statistics* (May 28, 2015) ................................5, 11-12

## I.    INTRODUCTION

Today, Defendants filed the last of eight petitions for *inter partes* review ("IPR")

demonstrating that each asserted claim of the six patents-in-suit is unpatentable.  If successful,

these IPRs **will fully dispose of this case**.  This case should be stayed pending resolution of the

IPR proceedings.[1]

There can be no serious dispute that the IPRs will simplify the issues in this case, and will

do so quickly.  The Patent Trial and Appeal Board ("PTAB") is highly likely to institute the IPRs

within three months of Plaintiff's response, and, ultimately, to invalidate some or all of the

asserted claims.  *See, e.g.*, *Brixham Solutions, Ltd. v. Juniper Networks, Inc.*, 2014 WL 1677991,

at *1 (N.D. Cal. Apr. 28, 2014) ("[I]t is likely that a stay will simplify the issues in this case

because the vast majority of requests for *inter partes* review are accepted and in virtually all of

the cases in which final written decisions have been issued, the PTO has cancelled some or all of

the challenged claims.").  Even if some claims survive, the prior art issues will have been

streamlined, thereby promoting judicial efficiency.

Plaintiff's argument in opposition – that it would suffer undue prejudice – has no merit.

█████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

████████████████         There can also be no irreparable harm from the other two accused products – the

YieldStar 250 ("YS250") and YieldStar 200 Upgrade Kit ("YS200") – because Plaintiff waited

for at least a year before filing suit on these products, ████████████████████████████

---

[1]      As set forth in Defendants' Motion to Dismiss Energetiq's First Amended Complaint
(Dkt. No. 94) and memorandum in support thereof (Dkt. No. 96), defendants ASML and Qioptiq
contest that they are subject to personal jurisdiction in this case.

████████████████ and confirmed that it will suffer no irreparable harm by withdrawing its request for a preliminary injunction as to these products.  Conversely, IPR proceedings are designed to resolve challenges efficiently and quickly (within 12 months from institution).

████████████████████████████████████████████████

████████████████████████████████████████████████

██████

Finally, this motion is made in the early stages of the litigation and substantial discovery remains to occur.  No scheduling order has been entered.  No documents have been produced.  No depositions have been taken.  No claim construction has occurred.  No expert reports have been served.  Granting a stay will prevent duplicative effort, mitigate litigation costs, preserve limited party and judicial resources that may otherwise be expended on moot issues, and increase coordination between the United States Patent and Trademark Office ("PTO") and this Court.

Accordingly, a stay is warranted in this case.  If the PTO institutes IPR proceedings, Energetiq will be unable to demonstrate a likelihood of success on the merits – an essential component of any renewed motion for a preliminary injunction.  Conversely, if the PTO declines to institute proceedings, the stay will have been short, the parties and the Court will have a better understanding of the core issues of patentability in this litigation, and Energetiq will have suffered no irreparable harm.  For these reasons, as further explained below, a stay of this litigation should be granted.

## II.      STATEMENT OF FACTS

### A.      Procedural History

On January 30, 2015, Energetiq sued Defendants accusing the YS250, YS200, and an in-progress research and development effort at Excelitas and Qioptiq that it dubbed "LS2" of infringing four patents.  (Dkt. No. 1.)  The YS250 and YS200 products were accused of

infringing U.S. Patent Nos. 7,435,982 (the "'982 patent"), 8,309,943 (the "'943 patent"), and 8,525,138 (the "'138 patent).  (Dkt. No. 1 [Compl.] ¶¶ 76-79, 93-104.)  The "LS2" development effort was accused of infringing the '982 patent and U.S. Patent No. 7,786,455 (the "'455 patent").  (*Id.* ¶¶ 80-92.)

On May 11, 2015, Energetiq filed a First Amended Complaint (Dkt. No. 87) alleging that the same YS250, YS200, and "LS2" development effort also infringe U.S. Patent No. 8,969,841 (the "'841 patent") and a then-pending U.S. Patent Application, Serial No. 13/964,938 (the "'938 application").  The '938 application issued as U.S. Patent No. 9,048,000 (the "'000 patent") on June 2, 2015.

Energetiq's complaints also assert a variety of state-law claims, each of which depends upon Energetiq's federal patent-law claims for supplemental jurisdiction.

### B.    The Pending IPRs

ASML B.V., Qioptiq, and Excelitas have now filed IPR petitions challenging every asserted claim of each of the six patents at issue in this litigation.  (Third Declaration of Shirley X. Li Cantin ("Cantin Decl.") Exs. 1-8.)  These petitions demonstrate the reasons why every patent claim that Energetiq has asserted is not patentable and should be revoked.

By statute, Energetiq now has three months during which it may choose to file a preliminary response to the IPR petitions.  If time is of the essence, Energetiq can choose to file early, and thereby accelerate the PTO's decision on institution.  Or it could choose to do nothing. The PTO must decide whether to institute IPR proceedings within three months after Energetiq's filing, or the expiration of the deadline to do so, whichever comes earlier.  35 U.S.C. § 314(b). Absent an extension for good cause, the PTO must make a final determination within a year after institution.  35 U.S.C. § 316(a)(11).

## III.    ARGUMENT

The Court has discretion to stay this case as part of its inherent power to manage its docket.  *Englishtown, Inc. v. Rosetta Stone Inc.*, 962 F. Supp. 2d 355, 359 (D. Mass. 2013) (citing *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988)).  Stays have been granted in dozens of cases across the country, including in this district, while the PTO is deciding whether to institute IPR proceedings.  *See, e.g.*, Order Granting Defendants' Motion to Stay, *Zond, LLC v. Advanced Micro Devices, Inc.*, No. 13-cv-11577-LTS (D. Mass. July 23, 2014) (Dkt. No. 82) (Sorokin, J.); Electronic Order, *Zond, LLC v. Toshiba Am. Elec. Components, Inc.*, No. 13-cv-11581-DJC (D. Mass. Sept. 30, 2014) (Casper, J.) (Dkt. No. 70); Electronic Order, *Zond, LLC v. Fujitsu Ltd.*, No. 1:13-cv-11634-WGY (D. Mass. June 2, 2014) (Young, J.) (Dkt. No. 124); Electronic Order, *Zond, LLC v. Intel Corp.*, No. 1:13-cv-11570-RGS (D. Mass. Apr. 18, 2014) (Stearns, J.) (Dkt. No. 126).  Indeed, "[t]he stay of pending litigation to enable PTO review of contested patents was one of the specified purposes of the reexamination legislation." *Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 606 (Fed. Cir. 1985); *see also Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 78 (D.D.C. 2002) ("Congress instituted the reexamination process to shift the burden [of] reexamination of patent validity from the courts to the PTO … utilizing the PTO's specialized expertise to reduce costly and timely litigation.").

Congress specifically enacted the IPR process, as a part of the America Invents Act ("AIA") patent law reforms, in order to provide a "faster, less costly alternative" to litigation. 157 Cong. Rec. S936-02, 2011 WL 691461 (daily ed. Feb. 28, 2011) (statement of Sen. Grassley).  One of the goals of the IPR process is to "minimize duplicative efforts [and costs]" by increasing "coordination between district court litigation and *inter partes* review."  77 Fed. Reg. 48,680 at 48,721 (Aug. 14, 2012).  The IPR process is designed "to simplify proceedings before the courts and to give the courts the benefit of the expert agency's full and focused

consideration of the effect of prior art on patents being asserted in litigation," with the further benefit that "[t]he cost will likely be reduced both for the parties and the Court." *NFC Tech. LLC v. HTC Am., Inc.*, 2015 WL 1069111, at *4 (E.D. Tex. Mar. 11, 2015) (Bryson, J., sitting by designation). In concert with a stay of district court proceedings, this "simplification of the issues" would help the parties and the Court "avoid the potential waste of judicial and litigant resources." *Destination Maternity Corp. v. Target Corp.*, 12 F. Supp. 3d 762, 770-771 (E.D. Pa. 2014).

The PTO grants 75% of IPR petitions. *See* Patent Trial & Appeal Bd., *AIA Progress: Statistics (as of 5/28/2015)*, at 2 (May 28, 2015) (Cantin Decl. Ex. 9) (in fiscal years 2013-2015, PTAB instituted trials or approved joinders in 1369 out of 1835 decisions on institution). Several factors contribute to this exceptionally high rate of institution. First, the PTO must give the claims the "broadest reasonable interpretation," which tends to encompass a larger swath of prior art. *See Office Patent Trial Practice Guide*, 77 Fed. Reg. 48,756, 48,764 (Aug. 14, 2012) ("Only through the use of the broadest reasonable claim interpretation standard can the Office ensure that uncertainties of claim scope are removed or clarified."). Second, there is no presumption of validity in an IPR proceeding. Accordingly, a petitioner only needs to show unpatentability by a preponderance of the evidence, rather than the "clear-and-convincing evidence" used in district court litigation. *See* 35 U.S.C. § 316(e). Third, unlike *ex parte* reexaminations, *inter partes* review – as the name implies – is more adjudicatory than examinational in nature. *Abbott Labs v. Cordis Corp*., 710 F.3d 1318, 1326 (Fed. Cir. 2013) ("one of its touted 'improvements' over the former proceeding is to allow the limited use of depositions").

IPRs also substantially narrow the issues for trial. Recent statistics show that 78% of

IPRs result in cancellation of all instituted claims. Brian J. Love & Shawn Ambwani, Inter

Partes *Review: An Early Look at the Numbers*, 81 U. Chi. L. Rev. Dialogue 93, 102 tbl.6, 106

app. A (2014) (Cantin Decl. Ex. 10). Even if the PTO declines to review the patents, or declines

to invalidate some or all of the asserted claims, such decisions will simplify the issues presented

in this litigation.

And IPRs are concluded quickly. Under the AIA, Energetiq may file a response to the

petitions at any time within the next three months. The positions that Energetiq articulates in its

response will already streamline the issues for this litigation (including on the thorny questions

of claim construction). And, as noted above, filing the response early can accelerate the time by

which the PTO must reach its decision on institution. *See* 35 U.S.C. § 314(b); 37 C.F.R.

§ 42.107. If the PTO institutes, absent good cause, it must then complete its review and render a

decision within twelve months. *See* 35 U.S.C. §§ 314(b), 316(a)(11); 37 C.F.R. § 42.107.[2]

Against this backdrop, district courts apply a three-factor test when considering motions

to stay: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the

non-moving party; (2) whether a stay would simplify the issues in question and trial of the case;

and (3) the stage of the litigation. *See In re Body Sci. LLC Patent Litig.*, 2012 WL 5449667, at

*3 (D. Mass. Nov. 2, 2012); *Cynosure, Inc. v. Cooltouch Inc.*, 2009 WL 2462565, at *2 (D.

Mass. Aug. 10, 2009). All three factors weigh heavily in favor of a stay here.

### A.    No Undue Prejudice Or Tactical Disadvantage Would Result From A Stay

Energetiq will not suffer any "undue prejudice" or a "tactical disadvantage" from a stay.

"A delay caused by the inter partes review process, without more, does not justify denial of a

stay …. Thus, the length of the inter partes review alone does not establish prejudice."

---

[2]      The PTO's period for review may be extended to eighteen months only upon a finding of
"good cause" by the Chief Administrative Patent Judge. 37 C.F.R. § 42.100(c).

*Micrografx, LLC v. Samsung Telecomms. Am., LLC*, 2014 WL 8239371, at *1 (N.D. Tex. July 9, 2014); *see also e-Watch, Inc. v. Lorex Can., Inc.*, 2013 WL 5425298, at *2 (S.D. Tex. Sept. 26, 2013) (granting stay pending *inter partes* review where plaintiff failed to identify "how it would be prejudiced besides the mere lapse of time"); *Duco, Inc. v. Aker Solution US, Inc.*, 2012 WL 2847469, at *3 (S.D. Tex. July 10, 2012) ("delay, by itself, does not equate to prejudice").  This is particularly true in this case, for several reasons.

### 1.    There Is No Risk Of Irreparable Harm

Energetiq will not suffer any irreparable harm during the brief period that the PTO requires to reach its decision on whether to institute IPR proceedings.  This is demonstrated by Energetiq's own infringement allegations, and the admissions it has made thus far in the case.

In particular, as to the accused YS250 and YS200 products, Energetiq has conceded that these products have "been on the market" for at least a year, ███████████████████████████ ███████████████████████████████████████ Having done so, Energetiq has no claim for irreparable harm based on YS250 or YS200.  *High Tech. Med. Instrumentation, Inc. v. New Image Indus.*, 49 F.3d 1551, 1557 (Fed. Cir. 1995).  Indeed, Energetiq conceded this point by withdrawing its request for a preliminary injunction as to these products.  (Apr. 30 Tr. 78:19.)



### 2.   The Efficient Process For Resolving IPRs Mitigates Any Potential Prejudice To Plaintiff

The IPR process is fast and efficient, and therefore any delay in this case pending IPRs will be modest.  Energetiq has up to three months to respond to the IPRs.  37 C.F.R. § 42.107(b).  It can accelerate the process by filing a response at any time within the three-month window.  The PTO must determine whether to institute review within three months of Energetiq's response (if it chooses to file one).  35 U.S.C. § 314(b).  Thus, this Court would have an opportunity to lift the stay if the PTO denies institution of trial within a matter of months, in which case the stay will last for only a short period.  For these reasons, courts across the

country – including this Court – have granted stays pending IPR before the PTO has made its

decision to institute the IPRs in dozens of cases.[3]

Even if the PTO ultimately declines to institute proceedings on Defendants' petitions, the

---

[3]     *E.g.*, *Security People, Inc. v. Ojmar US, LLC*, No. 14-cv-04968-HSG (N.D. Cal. May 29, 2015); *DSS Tech. Mgmt., Inc. v. Apple, Inc.*, No. 14-cv-05330-HSG (N.D. Cal. May 1, 2015); *Tire Hanger Corp. v. My Car Guy Concierge Servs., Inc.*, 2015 WL 857888 (C.D. Cal. Feb. 27, 2015); *Advanced Micro Devices, Inc. v. LG Elecs., Inc.*, 2015 WL 545534 (N.D. Cal. Feb. 9, 2015); *MLC Intellectual Property, LLC v. Micron Tech., Inc.*, 2015 WL 496407 (N.D. Cal. Feb. 3, 2015); *Zond, LLC v. Toshiba Am. Elec. Components, Inc.*, No. 13-cv-11581-DJC (D. Mass. Sept. 30, 2014); *Autoliv ASP, Inc. v. Hyundai Mobis Co., LTD*, No. 2:13-cv-141-MHT-WC (M.D. Ala. July 29, 2014); *Zond, LLC v. Advanced Micro Devices, Inc.*, No. 13-cv-11577-LTS (D. Mass. July 23, 2014); *Zond, LLC v. Fujitsu Ltd.*, No. 1:13-cv-11634-WGY (D. Mass. June 2, 2014); *Ignite USA, LLC v. Pac. Mkt. Int'l LLC*, No. 14 C 856 (N.D. Ill. May 29, 2014); *Zond, LLC v. Intel Corp.*, No. 1:13-cv-11570-RGS (D. Mass. Apr. 18, 2014); *Norred v. Medtronic, Inc.*, 2014 WL 554685 (D. Kan. Feb. 12, 2014); *Unwired Planet, LLC v. Google Inc.*, 2014 WL 301002 (D. Nev. Jan. 27, 2014); *Evolutionary Intelligence, LLC v. Facebook, Inc.*, 2014 WL 261837 (N.D. Cal. Jan. 23, 2014); *Princeton Digital Image Corp. v. Konami Digital Entm't Inc.*, 1:12-cv-01461 (D. Del. Jan. 15, 2014); *PersonalWeb Techs., LLC v. Facebook, Inc.*, 2014 WL 116340 (N.D. Cal. Jan. 13, 2014); *Evolutionary Intelligence, LLC v. Foursquare Labs, Inc.*, 3:13-cv-04203 (N.D. Cal. Jan. 10, 2014); *Evolutionary Intelligence, LLC v. Apple, Inc.*, 2014 WL 93954 (N.D. Cal. Jan. 9, 2014); *Evolutionary Intelligence LLC, v. Yelp, Inc.*, 2013 WL 6672451, at *7 (N.D. Cal. Dec. 18, 2013); *Advanced Connection Technology Inc. v. Canon USA, Inc.*, 12-cv-6496 (N.D. Cal. Nov. 27, 2013); *Interface, Inc. v. Tandus Flooring, Inc.*, 2013 WL 5945177 (N.D. Ga. Nov. 5, 2013); *Black & Decker, Inc. v. Positec USA*, 2013 WL 5718460 (N.D. Ill. Oct. 1, 2013); *Select Brands, Inc. v. Sensio*, 2013 U.S. Dist. LEXIS 172914 (D. Kan. Sept. 27, 2013); *e-Watch, Inc. v. Lorex Can., Inc.*, 2013 WL 5425298 (S.D. Tex. Sept. 26, 2013); *Software Rights Archive, LLC v. Facebook, Inc.*, 2013 WL 5225522 (N.D. Cal. Sept. 16, 2013); *SSW Holding Co., Inc. v. Schott Gemtron Corp.*, 2013 WL 4500091 (W.D. Ky. Aug. 21, 2013); *Pi-Net Int'l, Inc. v. Focus Bus. Bank*, 2013 WL 4475940 (N.D. Cal. Aug. 16, 2013); *Pride Mobility Prods. Corp. v. Permobile, Inc.*, 2013 WL 8445809 (E.D. Pa. Aug. 14, 2013); *e-Watch, Inc. v. FLIR Sys., Inc.*, 2013 WL 8695916 (S.D. Tex. Aug. 8, 2013); *Acceleron, LLC v. Dell, Inc.*, 1:12-cv-4123 (N.D. Ga. Aug. 7, 2013); *Neste Oil OYJ v. Dynamic Fuels, LLC*, 2013 WL 3353984 (D. Del. Oct. 21, 2013); *e-Watch, Inc. v. Mobotix Corp.*, 5:12-cv-00492 (W.D. Tex. May 21, 2013), Order Adopting Report and Recommendation (June 14, 2013); *Cheetah Omni, LLC v. United States & BAE Sys.*, 11-255c (Fed. Claims June 7, 2013); *Grobler v. Apple, Inc.*, 12-cv-01534 (N.D. Cal. June 6, 2013); *Grobler v. Sony Computer Entm't Am.*, 12-cv-01526 (N.D. Cal. June 6, 2013); *Nutech Ventures v. Norman Noble, Inc.*, 2013 U.S. Dist. LEXIS 133092 (N.D. Oh. May 30, 2013); *Autoalert, Inc. v. Dominion Dealer Solutions, LLC*, 2013 U.S. Dist. LEXIS 171890 (C.D. Cal. May 22, 2013); *Escort, Inc. v. K-40 Elecs., LLC*, 1:12-cv-00937 (S.D. Oh. May 20, 2013); *Star Envirotech, Inc. v. Redline Detection*, 2013 WL 1716068 (C.D. Cal. Apr. 3, 2013); *Capriola v. Larose Indus.*, 2013 WL 1868344 (M.D. Fl. Mar. 11, 2013); *Semiconductor Energy Lab., Ltd. v. Chimei Innolux Corp.*, 2012 WL 7170593, at *3 (C.D. Cal. Dec. 19, 2012).

prejudice to Energetiq will be minimal. *See, e.g.*, *MLC Intellectual Prop., LLC v. Micron Tech., Inc.*, 2015 WL 496407, at *2 (N.D. Cal. Feb. 3, 2015) ("Should the PTO deny the IPR petition, the delay caused by the stay will have been relatively short."); *Capriola Corp. v. LaRose Indus.*, 2013 WL 1868344, at *2 (M.D. Fla. Mar 11, 2013) ("[I]f the PTO declines *inter partes* review, little time is lost, but if [the] PTO grants *inter partes review*, the promise is greater for an important contribution by the PTO to resolution of the governing issues in the litigation.").

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████

### 3.    Defendants Filed The IPR Petitions Quickly And Have Gained No Tactical Advantage

Defendants filed their IPR petitions promptly – within five months of the complaint and before any discovery has taken place. Courts have found lengthier delays to be no obstacle to a stay pending IPR proceedings. *See, e.g.*, *Destination Maternity Corp.*, 12 F. Supp. 3d at 767 (granting motion for stay when defendant filed petitions for *inter partes* review more than ten months after the plaintiff filed its complaint); *Norred v. Medtronic, Inc.*, 2014 WL 554685, at *2 (D. Kan. Feb. 12, 2014) (granting motion for stay even where "months passed without Defendants petitioning or indicating that they would petition for *inter partes* review"); *Software Rights Archive, LLC v. Facebook, Inc.*, 2013 WL 5225522, at *6 (N.D. Cal. Sept. 16, 2013) (filing IPR petitions within four months after plaintiff had identified the asserted claims "seems like a reasonable amount of time given the complexity of the claims, prosecution history and prior art at issue"); *Semiconductor Energy Lab., Ltd. v. Chimei Innolux Corp.*, 2012 WL 7170593, at *3 (C.D. Cal. Dec. 19, 2012) (where defendant had filed the IPR petitions within three to four months of receiving infringement contentions, and ten months after the complaint

was filed, "the Court finds the need to assess the disputed claims a valid reason for not filing a petition shortly after the Complaint was filed").

Defendants also diligently sought this stay immediately after they filed their IPR petitions. *See Neste Oil OYJ v. Dynamic Fuels, LLC,* 2013 WL 3353984, at \*2 (D. Del. Oct. 21, 2013) (no undue prejudice because there was no "dilatory intent" or "delay in filing [the stay motion] … to gain an improper tactical advantage").

Energetiq's protestations to the contrary notwithstanding, Energetiq's actions demonstrate that time is ***not*** of the essence. Energetiq waited for more than a year before filing its complaint against Defendants, all the while aware of the YS250, YS200, and Qioptiq and Energetiq's relationship with ASML B.V. with respect to those products. Energetiq watched as the YS250 and YS200 products were on the market throughout that period, and did nothing.

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████

In sum, Energetiq would not be prejudiced by a modest stay of these proceedings to permit the Patent Office to institute the IPRs.

**B.    A Stay Of This Litigation Will Simplify The Issues And Promote Judicial Economy**

The second factor – whether and to what extent a stay will simplify issues for trial – also strongly favors instituting a stay. It is highly likely that at least some, if not all, of the asserted claims will ***not*** survive in their present form. As of May 28, 2015, the Patent Office has instituted IPR proceedings on ***75%*** of the petitions it has reviewed. *AIA Progress: Statistics* at 2

(Cantin Decl. Ex. 9) (in fiscal years 2013-2015, PTAB instituted trials or approved joinders in 1369 out of 1835 decisions on institution).  Moreover, as of September 30, 2014, the Patent Office had agreed to review all challenged claims in **74%** of instituted IPRs.  Love & Ambwani, *supra*, at 100 tbl.4 (Cantin Decl. Ex. 10).

Not only are IPR petitions being instituted at a remarkable rate, but instituted IPRs overwhelmingly lead to cancellation of claims.  As of September 30, 2014, out of the 160 IPRs that had proceeded to a final decision on the merits, 124 IPRs (about **78%**) resulted in ***cancellation of all instituted claims***.  Love & Ambwani, *supra*, at 102 tbl.6, 106 app. A (Cantin Decl. Ex. 10.)

Energetiq's asserted patent claims are thus substantially likely to be canceled or modified as a result of the current IPR proceedings.  If this litigation proceeds without a stay, the Court and parties will almost certainly waste significant resources.  *See, e.g.*, *Brixham Solutions*, 2014 WL 1677991, at *1 (that the PTO cancelled or narrowed claims in the vast majority of IPR cases weighed in favor of a stay).  "Although there is no guarantee that an IPR will eliminate all the claims at issue, the higher standard to initiate an IPR … gives at least some promise that certain challenged claims will be struck down or amended if the PTO grants the petitions."  *Software Rights Archive*, 2013 WL 5225522, at *5.  But "if the case proceeds and the PTAB ultimately cancels … any or all of the challenged claims, the time and resources devoted to the litigation of those claims will have been wasted."  *Intellectual Ventures II LLC v. U.S. Bancorp*, 2014 WL 5369386, at *7 (D. Minn. Aug. 7, 2014).[4]

The Federal Circuit's decision in *In re Translogic Tech., Inc.*, 504 F.3d 1249 (Fed. Cir.

---

[4]     Beyond the potential for streamlining issues for trial, "staying litigation pending PTO administrative review has several other well-established benefits, including encouraging settlement[.]"  *Automatic Mfg. Sys., Inc. v. Primera Tech., Inc.*, 2013 WL 6133763, at *3 (M.D. Fla. Nov. 21, 2013).

2007), illustrates the inefficiencies and waste that may result absent a stay.  In that case, the

district court expended significant resources taking a case from filing through trial.  The court

granted summary judgment of infringement on some claims, presided over a jury verdict of

induced infringement on other claims, and awarded $86.5 million in damages.  *Id.* at 1251.  Just

a few months after all of these efforts were expended, however, the PTO's reexamination

proceeding concluded that the asserted patent claims were invalid.  *Id.*  The Federal Circuit

affirmed the PTO's invalidity determination, *id.* at 1251, 1262, and vacated the district court's

decision, and remanded the case for dismissal.  *Translogic Tech. Inc. v. Hitachi, Ltd.*, 250 F.

App'x 988 (Fed. Cir. 2007).  Absent a stay, there is a substantial risk that this case could produce

similar inefficiencies and wasted resources.

Even in the unlikely event that all of the challenged claims are somehow found valid, the

IPR proceedings will nevertheless save time and resources and aid the Court and the parties in

this litigation.  That is, "[e]ven if the PTAB affirms the validity of every asserted claim … these

cases would still benefit as such a strong showing would assist in streamlining the presentation

of evidence and benefit the trier of fact by providing the expert opinion of the PTO."

*PersonalWeb Techs., LLC v. Facebook, Inc.*, 2014 WL 116340, at *4 (N.D. Cal. Jan. 13, 2014).

For example, Energetiq may have to amend its claims during the IPR, or argue that they be read

narrowly, either of which would affect claim construction, non-infringement, and damages (at a

minimum).  *See, e.g.*, *Krippelz v. Ford Motor Co.*, 667 F.3d 1261, 1266 (Fed. Cir. 2012) ("A

patentee's statements during reexamination can be considered during claim construction, in

keeping with the doctrine of prosecution disclaimer."); *Round Rock Research LLC v. Dole Food

Co., Inc.*, 2012 WL 1185022, at *1 (D. Del. Apr. 6, 2012) (granting motion to stay pending *ex

parte* reexamination and noting that "[t]he pending reexamination certainly has the potential to

- 13 -

simplify the issues for trial" and that "even if [the claims are] neither rejected nor modified,

[they] will garner additional prosecution history that may be relevant to claim construction").

Without a stay, by contrast, the Court will lose the benefit of the additional prosecution history

before the PTO, and the parties may have to seek to reopen, revisit, or potentially completely re-

do discovery and claim construction to account for the events occurring during the IPR.[5]

Further, should any claim survive, Defendants will be estopped from arguing that "the

claim is invalid on any ground that [Defendants] raised or reasonably could have raised" during

the IPRs.  35 U.S.C. § 315(e)(2); *see also Evolutionary Intelligence, LLC v. Facebook, Inc.*, 2014

WL 261837, at *2 (N.D. Cal. Jan. 23, 2014) ("[E]ven if all of the asserted claims survive inter

partes review, the case could still be simplified because Facebook would be bound by the

estoppel provisions for inter partes review ….").  Accordingly, regardless of whether any claims

survive the IPR, the invalidity issues left for this Court to decide will be reduced.

Energetiq's state-law claims do nothing to alter this calculus.  *See, e.g.*, *Serv. Solutions

U.S. LLC v. Autel US Inc.*, 2015 WL 401009, at *3 (E.D. Mich. Jan. 28, 2015) ("[A]n IPR review

need not dispose of a case completely to simplify the issues of a case."); *Tire Hanger Corp. v.

My Car Guy Concierge Servs. Inc.*, 2015 WL 857888, at *2 (C.D. Cal. Feb. 27, 2015)

("Although not all asserted claims are the subject of the IPR, the IPR[] will at the very least

simplify the issues and streamline the litigation by reducing claim construction disputes and

minimizing the number of claims that the parties need to address."). ████████████

████████████████████████████████████████████████████████████████

████████████████████   Energetiq must make this concession because it seeks only money damages

---

[5]      IPR proceedings add to a patent's prosecution history, and during the IPR a patent owner
can make statements that "disclaim claim scope, aid the court in understand the meaning of the
terms, or otherwise affect the interpretation of key terms."  *Evolutionary Intelligence, LLC. v.
Sprint Nextel Corp.*, 2014 WL 4802426, at *4 (N.D. Cal. Sept. 26, 2014).

for its state-law claims.  (Am. Compl. at 43 (Dkt. No. 87).).  Because Energetiq's state law

claims are fully compensated by money damages, there can be no irreparable harm from

permitting the IPRs to proceed first.  And if the asserted patent claims are invalidated, then there

should be no supplemental jurisdiction over the state-law claims.  *See* 28 U.S.C. § 1367(c)(3)

(court may decline to exercise supplemental jurisdiction when it "has dismissed all claims over

which it has original jurisdiction").

      **C.**      **The Early Stage Of This Litigation Strongly Favors A Stay**

      Because this case is only in its earliest stages, it is ripe for an immediate stay, before the

parties incur further, potentially unnecessary, expenses.  *See BarTex Research v. FedEx Corp.*,

611 F. Supp. 2d 647, 650 (E.D. Tex. 2009) ("If the stay is unlikely to prejudice the plaintiff and

the motion for stay comes early in the case, courts generally look favorably on granting stays

pending reexamination."); *see also Versata Software, Inc. v. Callidus Software, Inc.*, 771 F.3d

1368, 1375 (Fed. Cir. 2014) ("The correct [burden-of-litigation] test is one that focuses

*prospectively* on the impact of the stay on the litigation, not on the past actions of the parties."

(emphasis in original)).

      No scheduling order has been entered.  No documents have been produced.  No

depositions have been taken.  No claim construction has occurred.  No expert reports have been

served.  A stay at this stage would be minimally disruptive and save tremendous resources.

Stays have been granted in cases much farther along in the litigation process.  *See, e.g.*, *Software

Rights Archive*, 2013 WL 5225522, at *3 (granting stay even though parties produced over

150,000 pages of documents, propounded interrogatories, and served preliminary infringement

contentions and invalidity contentions, because "discovery is not near completion, only one

witness has been deposed, claim construction briefing has not commenced, deadlines for

dispositive motions are still months out, and the court has not set a trial date"); *Pi-Net Int'l, Inc.*

*v. Hertz Corp.*, 2013 WL 7158011, at *2 (C.D. Cal. June 5, 2013) (factor favored stay where no depositions or claim construction had occurred, even though case had been pending for over a year and written discovery and infringement contentions had been served); *Evolutionary Intelligence LLC v. Yelp, Inc.*, 2013 WL 6672451, at *2, 4-5 (N.D. Cal. Dec. 18, 2013) (factor favored stay even though plaintiff had served interrogatories and produced substantially its entire document production); *Semiconductor Energy Lab.*, 2012 WL 7170593, at *2 (granting stay in part based on fact that "considering the general time line of patent litigation, there is more work ahead of the parties and the Court than behind the parties and the Court" (internal citation omitted)).

Staying the case during the pendency of the IPR – during which the PTO will decide validity of the asserted claims – will prevent the parties from engaging in costly parallel proceedings and prevent the Court from having to spend time on issues that potentially will be rendered moot (*e.g.*, preliminary injunction, claim construction, and summary judgment motions based on invalidity and non-infringement).  Therefore, the case is well positioned for a stay now, before the parties and the Court expend significant resources litigating uncertain claims.

## IV.    CONCLUSION

For the reasons stated above, Defendants respectfully request a stay of this litigation pending the PTO's decision on whether to institute IPR proceedings for each of the six patents asserted in this case.

Respectfully submitted,

ASML NETHERLANDS B.V.,
EXCELITAS TECHNOLOGIES CORP.
QIOPTIQ PHOTONICS GMBH & CO. KG

By their Attorneys,


/s/ *James M. Dowd*

Shirley X. Li Cantin (BBO # 675377)
Jonathan A. Cox (BBO #687810)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6000
Fax: (617) 526-5000
shirley.cantin@wilmerhale.com
jonathan.cox@wilmerhale.com

James M. Dowd (Ca. Bar No. 259578) (*pro hac vice*)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Tel: (213) 443-5300
Fax: (213) 443-5400
james.dowd@wilmerhale.com

Dated:  June 12, 2015

## CERTIFICATE OF SERVICE

I, Shirley X. Li Cantin, hereby certify that a true, unredacted copy of this document was served upon counsel of record for the plaintiff through electronic mail, this 12th day of June, 2015.  A redacted version of this document for the public docket was filed through the Court's electronic court filing (ECF) system, this 12th day of June, 2015.


/s/ *Shirley X. Li Cantin*
Shirley X. Li Cantin (BBO # 675377)