# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ENERGETIQ TECHNOLOGY, INC., | |
| Plaintiff, | |
| v. | Civil Action No. 1:15-cv-10240-LTS |
| ASML NETHERLANDS B.V., EXCELITAS TECHNOLOGIES CORP., and QIOPTIQ PHOTONICS GMBH & CO. KG, | |
| Defendants. | |

# DEFENDANTS' MOTION TO COMPEL DISCOVERY

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................................1

II. ARGUMENT ........................................................................................................................2

    A. The Court's Order Permits Discovery by Both Sides ...............................................2

    B. One-Sided Phase I Discovery Would Prejudice Defendants ...................................4

III. CONCLUSION .....................................................................................................................6

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Marx v. Kelly, Hart & Hallman, P.C.*,
 929 F.2d 8 (1st Cir. 1991) ...................................................................................................... 3

*MedTech Prods. v. Ranir,*
 LLC, 596 F. Supp. 2d 778 (S.D.N.Y. 2008) ........................................................................... 6

*Oppenheimer Fund, Inc. v. Sanders,*
 437 U.S. 340 (1978) ................................................................................................................ 2

*In re Papst Licensing GMBH & Co. KG Litig.*,
 550 F. Supp. 2d 17 (D.D.C. 2008) .......................................................................................... 3

*Sizova v. Nat'l Inst. of Stds. & Tech.*,
 282 F.3d 1320 (10th Cir. 2002) .............................................................................................. 2

*Wheeler v. HXI, LLC*,
 2010 WL 3023518 (D.N.H. July 28, 2010) ............................................................................ 6

**Other Authorities**

Federal Rule of Civil Procedure 34 ........................................................................................... 3, 4

Federal Rule of Civil Procedure 30 ....................................................................................... 3, 4, 5

I.      **INTRODUCTION**

Consistent with the Court's July 9, 2015 Order allowing "limited" jurisdictional discovery on the LS1 and "focused" discovery on the LS2, on July 31, 2015 Defendants served three narrow requests for production of documents and a single limited 30(b)(6) deposition notice specific to these topics. (Exs. 1-2.) Thirty days later, and without prior warning, Plaintiff informed Defendants for the first time that it refuses to provide any discovery during Phase I – stating that Defendants "are not authorized to take any discovery or to depose any witnesses at this time." (Ex. 3 (Letter from Boumil to Cox dated August 31, 2015).)[1]

Plaintiff should be ordered to produce the limited discovery Defendants request for several reasons. *First*, the Court's July 9, 2015 order permits discovery by both sides. The Order states that "[t]he *parties* may take limited jurisdictional discovery" on the LS1 and "[t]he *parties*" may take "focused discovery regarding what has transpired (or is transpiring) regarding LS2 in the United States." (Dkt. 120 at 14-15) (emphasis added). *Second*, Phase I discovery should be a two-way street. The goal of this discovery is to develop the factual record regarding Plaintiff's jurisdiction claims against ASML Netherlands B.V. and Qioptiq Photonics GmbH & Co. KG and its allegations regarding the LS2. Plaintiff's refusal to contribute to that record is prejudicial to Defendants. *Third*, Plaintiff's flat refusal to participate in producing Phase I discovery is inconsistent with the massive burden it has imposed on Defendants.

For these reasons, and those set forth more fully below, Defendants respectfully request an order to compelling Plaintiff to produce the requested discovery.

---

[1] Plaintiff maintained this position after additional correspondence and a telephone conference. (Ex. 4 (Letter from Cox to Boumil dated September 1, 2015); Ex. 5 (Email from Oppenheimer to Ishmael dated September 3, 2015).)

## II.    ARGUMENT

### A.    The Court's Order Permits Discovery by Both Sides.

The Court's July 9, 2015 Order states that "[t]he *parties* may take limited jurisdictional discovery regarding (a) sales of LS1 in Massachusetts or other allegedly LS1 infringing activity in Massachusetts and (b) the relationship between ASML US and ASML BV for purposes of determining whether any Massachusetts activity of ASML US would support personal jurisdiction over ASML BV." (July 9, 2015 Order at 14 (Dkt. No. 120) (emphasis added).) The Order further states that "[t]he *parties*" may take "focused discovery regarding what has transpired (or is transpiring) regarding LS2 in the United States." (*Id*. at 15.) The Court's approach is consistent with cases holding that "[w]hen a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion." *See, e.g., Sizova v. Nat'l Inst. of Stds. & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002) (quoting *Budde v. Ling-Temco Vought, Inc.*, 511 F.2d 1033, 1035 (10th Cir. 1975)) (internal quotation marks omitted); *see also Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 n.13 (1978) ("[W]here issues arise as to jurisdiction ... discovery is available to ascertain the facts bearing on such issues.").

Defendants' July 31 discovery requests seek documents and testimony narrowly tailored to the specific topics authorized in the Court's Phase I discovery order. For example, the document requests seek the following discovery:

1. All Documents and Things relating to sales of the LS1 in Massachusetts or other allegedly infringing activity in Massachusetts relating to the LS1 upon which Energetiq based its allegations in the First Amended Complaint.

2. All Documents and Things relating to the relationship between ASML US and ASML BV upon which Energetiq based its allegations in the First Amended Complaint.

      3.      All Documents and Things relating to what has transpired regarding the LS2 in the United States upon which Energetiq based its allegations in the First Amended Complaint.

(Ex. 1 (Defendants' First Set of Requests for Production); *see also* Ex. 2 (Defendants' First Notice of 30(b)(6) Deposition).)

Despite Federal Rules 30 and 34, Plaintiff have served **no objections** or responses to any of Defendants' discovery. Instead, Plaintiff waited until August 31, 2015 to first inform Defendants by letter that it refuses to provide any discovery whatsoever. (Ex. 3 (Letter from Boumil to Cox dated August 31, 2015).) Between July 31 and August 31, 2015, the parties have met-and-conferred on discovery issues no fewer than five separate times. During this same period, Plaintiffs' counsel also personally visited the office of Defendants' counsel for the purpose of discovery review no fewer than seven separate times. Yet, in all of this discovery communication, Plaintiff never once so much as hinted that Defendants' discovery requests were unauthorized or that Plaintiff would flatly refuse to produce anything in response.

Plaintiff attempts to defend its refusal to participate in Phase I discovery by citing the Court's August 7 order (Ex. 3 (quoting Dkt. 135 at 1)), apparently contending that it countermands the Court's earlier clear order authorizing discovery by "the parties." (Dkt. No. 120 at 14, 15.) Although the Court is certainly in the best position to answer that question, Defendants respectfully submit that Plaintiff's argument is incorrect for at least two reasons. *First*, the Court's August 7 order was not directed to the question of whether both sides may take Phase I discovery. Instead, this order resolved scheduling differences between the parties with respect to Phase I discovery deadlines. (*See* Dkt. No. 129 (Corrected Joint Report).) Defendants' discovery requests (served after the July 27 Joint Report) were simply not before the Court at the time of the August 7 order. Thus, it is unsurprising that the Court did not discuss Defendants' discovery requests in that order. *Second*, and as importantly, the Court's August 7

- 3 -

order specifically incorporates its earlier July 9 order by reference. (Dkt. 135 at 1.) Thus, Plaintiff's suggestion that the Court countermanded its July 9 order authorizing discovery by "the parties" is inconsistent with the August 7 order itself. In short, Plaintiff has identified no valid reason for refusing to comply with the Court's July 9 order and Federal Rules of Civil Procedure 30 and 34.

Nor has Plaintiff offered any excuse for its failure to serve objections and responses to Defendants' discovery. Failure to provide specific written responses to discovery requests within the time period established by the Federal and Local Rules generally results in the waiver of objections to the requests. *See Marx v. Kelly, Hart & Hallman, P.C.*, 929 F.2d 8, 20, 12 (1st Cir. 1991) ("Fed. R. Civ. P. 34(b) requires that a party upon whom a request for discovery is served respond within thirty days, either stating its willingness to comply or registering its objections. If the responding party fails to make a timely objection, or fails to state the reason for an objection, he may be held to have waived any or all of his objections."); *In re Papst Licensing GMBH & Co. KG Litig.*, 550 F. Supp. 2d 17, 22 (D.D.C. 2008).

**B.     One-Sided Phase I Discovery Would Prejudice Defendants.**

Plaintiff's flat refusal to produce any Phase I discovery is also clearly prejudicial to Defendants. Plaintiff has represented that it intends to press for LS1 jurisdiction, and continues to threaten a renewed motion for preliminary injunction against United States LS2 activity. As discussed further below, Plaintiff has served massively burdensome discovery on Defendants in pursuit of these objectives. It would be prejudicial to Defendants in the extreme if Defendants were permitted no discovery whatsoever from Plaintiff on these issues.

The discovery Defendants served is narrowly tailored. Defendants seek to understand what evidence Plaintiff has relating to the specific topics the Court authorized in its July 9 order: (1) sales or other allegedly infringing activity in Massachusetts relating to the LS1; (2) the

relationship between ASML US and ASML BV; and (3) what has transpired regarding the LS2 in the United States.  There is little burden to Plaintiff in complying with these limited requests.

Plaintiff's refusal to produce any documents or testimony relevant to Phase I discovery stands in stark contrast to the extensive demands that it has placed on Defendants.  On July 13, Plaintiff served a total of 113 discovery requests – including 30 on each Defendant, and an additional 23 by subpoena to third-party ASML U.S., Inc. – that go far beyond the topics authorized in the Court's July 9 order.[2]  In responding to this discovery, Defendants have conducted a comprehensive investigation, including conducting dozens of custodian interviews in Europe and the United States with employees of three different companies.  Defendants have collected, reviewed, and produced more than 16,000 documents (comprising over 175,000 pages) which, in the case of Excelitas, required compliance with the International Traffic in Arms Regulations, 22 C.F.R. §§ 120 *et seq* ("ITAR").[3]  And Defendants have completed all this work, bearing the substantial disruption and cost that it entails, on an exceedingly fast pace in approximately six weeks.  Plaintiff's imposing these burdens and costs on Defendants, while flatly refusing to produce any discovery whatsoever itself, is not only prejudicial—it is inequitable.

The point of Phase I discovery was made plain in the Court's July Order:  to allow for jurisdictional discovery on LS1 and to figure out what, if any, supposed "infringing activity" regarding LS2 was still occurring in the United States. (Dkt. 120 at 14-15.)  To build the factual record on these two topics and to support their own defenses, Defendants require discovery from

---

[2] Furthermore, Plaintiff has now served six deposition notices on the Defendants and ASML U.S., and has indicated that it will serve at least one more—70% of what Rule 30 permits.  This is not limited discovery.

[3] ITAR controls the export and import of defense-related articles and services.  22 C.F.R. § 120.1.  Under ITAR, the processing of data may be subject to the export authority of the United States Department of State.

Plaintiff.  Both Qioptiq and ASML contest that they are subject to jurisdiction in Massachusetts with respect to the LS1, and should be permitted discovery into Plaintiff's basis for asserting jurisdiction.  Defendants should also be permitted discovery into Plaintiff's allegation that the LS2 infringes its patents.  And to the extent that Plaintiff intends to use Phase I discovery to seek to renew its already denied motion for preliminary injunction on the LS2, Defendants should be permitted discovery on these same issues.  *See, e.g., MedTech Prods. v. Ranir, LLC*, 596 F. Supp. 2d 778, 820 (S.D.N.Y. 2008) (granting defendants limited discovery so that they may adequately oppose preliminary injunction motions); *Wheeler v. HXI, LLC*, 2010 WL 3023518, at *1 (D.N.H. July 28, 2010) (same).

It would be manifestly unfair to permit Plaintiff to inflict such heavy burdens on Defendants, without allowing Defendants any discovery on the allegations in Plaintiff's Complaint.  Defendants' narrow discovery requests are appropriate and necessary to build their own defenses.

### III.   CONCLUSION

For the reasons stated above, the Court should grant Defendants' motion to compel, and any further relief that it may deem just.

Respectfully submitted,

        ASML NETHERLANDS B.V.,
        EXCELITAS TECHNOLOGIES CORP.
        QIOPTIQ PHOTONICS GMBH & CO. KG

        By their Attorneys,

        /s/  *Kevin S. Prussia*

        Kevin S. Prussia (BBO # 666813)
        Shirley X. Li Cantin (BBO # 675377)
        Elisabeth M. Oppenheimer (BBO # 686312)
        Dana O. Burwell (BBO # 682413)
        Jonathan A. Cox (BBO #687810)
        WILMER CUTLER PICKERING
          HALE AND DORR LLP
        60 State Street
        Boston, MA 02109
        Tel: (617) 526-6000
        Fax: (617) 526-5000
        kevin.prussia@wilmerhale.com
        shirley.cantin@wilmerhale.com
        elisabeth.oppenheimer@wilmerhale.com
        dana.burwell@wilmerhale.com
        jonathan.cox@wilmerhale.com

        James M. Dowd (Ca. Bar No. 259578) (*pro hac vice*)
        WILMER CUTLER PICKERING
          HALE AND DORR LLP
        350 South Grand Avenue, Suite 2100
        Los Angeles, CA 90071
        Tel: (213) 443-5300
        Fax: (213) 443-5400
        james.dowd@wilmerhale.com

Dated:  September 4, 2015

## CERTIFICATE OF SERVICE

  I, Dana O. Burwell, hereby certify that a true copy of this document was served upon counsel of record for the plaintiff through the Court's electronic court filing (ECF) system, this 4th day of September, 2015.

              /s/ *Dana O. Burwell*
              Dana O. Burwell (BBO # 682413)