# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ENERGETIQ TECHNOLOGY, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ASML NETHERLANDS B.V., )<br>EXCELITAS TECHNOLOGIES CORP., and )<br>QIOPTIQ PHOTONICS GMBH & CO. KG, )<br>)<br>Defendants. )<br>) | Civil Action No. 1:15-cv-10240-LTS |

**DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Court's July 10, 2015 Memorandum and Order, Defendants ASML Netherlands B.V., Excelitas Technologies Corp., and Qioptiq Photonics GmbH & Co. KG (collectively, "Defendants") request that Plaintiff Energetiq Technology, Inc. ("Energetiq") produce, within 30 days, the documents and things requested below at the offices of Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, MA 02109, or at such other place as may be mutually agreeable to counsel.

**INSTRUCTIONS**

The following instructions apply to the requests below and should be considered part of each such request.

1. These Requests require you to produce all responsive documents that are in your actual or constructive possession, custody, or control.

2. These Requests are continuing and require supplemental responses under Fed. R. Civ. P. 26(e).

3. If you object to any request or part of any request, produce all responsive documents to which your objection does not apply.

4. If you maintain that any requested document or thing is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege or protection, in your response to these Requests you must (a) identify the document including its title, general subject matter, type of document (*e.g.*, letter, memorandum, note, report) date, author(s), recipient(s), and all persons who, to your knowledge, have seen it; and (b) specify the nature of the privilege or doctrine you claim and the grounds for claiming it.

5. If, for reasons other than privilege, you refuse to produce documents or withhold documents sought in any request, state the grounds upon which the refusal is based with sufficient specificity to permit a determination of the propriety of such refusal.

6. If you object to any request or part of any request, produce all documents to which your objection does not apply.

7. If in answering these Requests you claim any ambiguity in either the Request or an applicable definition or instruction, identify in your response the language you consider ambiguous and state the interpretation you are using in responding.

8. In the event that you object to any request on the ground that it is overbroad and/or unduly burdensome for any reason, respond to that request as narrowed to the least extent necessary, in your judgment, to render it not overbroad/unduly burdensome and state specifically the extent to which you have narrowed that request for purposes of your response and the factual basis for your conclusion.

9. In the event that multiple copies of a document exist, produce every copy on which appear any notations or markings of any sort not appearing on any other copy.

10. If an English translation of any requested document exists, produce the English translation.

11. The documents produced in response to these Requests shall be (i) organized and designated to correspond to the categories in this Request or (ii) produced as they are maintained in the normal course of business, and in either case:

    a. all associated file labels, file headings, and file folders shall be produced together with the responsive documents from each file, and each file shall be identified as to its owner or custodian;

    b. all documents that cannot be legibly copied shall be produced in their original form; otherwise, you may produce photocopies; and

    c. each page shall be given a discrete production number.

12. Nothing in these Requests, or the Definitions set forth below shall be construed as an admission relating to the existence of any evidence, to the relevance or admissibility of any evidence, or to the truth or accuracy of any statement or characterization in the definition or request.

13. These Requests shall apply to all documents in your possession, custody, or control at the present time or coming into your possession, custody, or control prior to the date of the production. If you know of the existence, past or present, of any documents or things requested below, but are unable to produce such documents or things because they are not presently in your possession, custody, or control, you shall so state and shall identify such documents or things, and the person who has possession, custody, or control of the documents or things.

14. If no documents are responsive to a particular request, you are to state that no responsive documents exist.

15. For any responsive documents or tangible things that have been lost, destroyed, or withheld from production based on any ground, you shall provide a written statement setting forth:

    a. the identity of the document;

    b. the nature of the document (*e.g.*, letter, memorandum, chart);

    c. the identity of the person(s) who received copies of the document;

    d. the date of the document;

    e. a brief description of the subject matter of the document; and,

    f. the circumstances of the loss and any fact, statute, rule, or decision upon which you rely in withholding the document.

## DEFINITIONS

1. "Plaintiff," "Energetiq," "You" and "Your" mean Plaintiff Energetiq Technology, Inc. and any and all predecessors, successors, divisions, subsidiaries, or joint ventures thereof, together with any and all parent or affiliated companies or corporations, and all past or present officers, directors, employees, agents, attorneys, representatives, and all other persons acting or purporting to act or that have acted or purported to have acted on behalf of any of the foregoing.

2. "ASML BV" means ASML Netherlands B.V., and any and all predecessors, successors, divisions, subsidiaries, or joint ventures thereof, together with any and all parent or affiliated companies or corporations, and all past or present officers, directors, employees, agents, attorneys, representatives, and all other persons acting or purporting to act or that have acted or purported to have acted on behalf of any of the foregoing.

3.      "ASML US" means ASML US, Inc., and any and all predecessors, successors, divisions, subsidiaries, or joint ventures thereof, together with any and all parent or affiliated companies or corporations, and all past or present officers, directors, employees, agents, attorneys, representatives, and all other persons acting or purporting to act or that have acted or purported to have acted on behalf of any of the foregoing.

4.      "Qioptiq" means Qioptiq Photonics GmbH & Co. KG, and any and all predecessors, successors, divisions, subsidiaries, or joint ventures thereof, together with any and all parent or affiliated companies or corporations, and all past or present officers, directors, employees, agents, attorneys, representatives, and all other persons acting or purporting to act or that have acted or purported to have acted on behalf of any of the foregoing.

5.      "Complaint" means the Complaint and Demand for Jury Trial that Energetiq filed in this action on January 30, 2015 (Dkt. No. 87).

6.      "First Amended Complaint" means the First Amended Complaint and Demand for Jury Trial that Energetiq filed in this action on May 11, 2015 (Dkt. No. 87).

7.      "LS1" means at least the Qioptiq LS1 light source identified and described in the Complaint (Dkt. No. 1) and/or in the First Amended Complaint (Dkt. No. 87) in this Action.

8.      "LS2" means at least the Qioptiq LS2 light source identified and described in the Complaint (Dkt. No. 1) and/or in the First Amended Complaint (Dkt. No. 87) in this Action, and/or the light source identified and described in the Michael Ersoni Declaration (Doc. No. 51, ¶ 7).

9.      The terms "related to," "relating to," and "regarding" mean related to, relating to, regarding, referring to, summarizing, reflecting, commenting on, constituting, containing, embodying, mentioning, showing, comprising, evidencing, discussing, or describing.

10. "All" means any and all, and shall be construed to include the term "each," and "each" shall be construed to include the term "all."

11. The term "person" means any natural person or any business, legal, or governmental entity or association and the officers, directors, employees, agents, and attorneys thereof.

12. "Communication" means any transmission, transfer, or exchange of information (in the form of facts, ideas, inquiries, or otherwise) by any means, including, without limitation, any written, printed, typed, electronic, photostated, photographed, recorded, or otherwise reproduced communication or representation.

13. "Document" has the broadest meaning authorized under the Federal or Local Rules of Civil Procedure and any Electronically Stored Information Order entered by the Court in this matter and includes without limitation any written, printed, recorded, electronic, or graphic matter that is or has been in Energetiq's actual or constructive possession or control, regardless of the medium on which it is produced, reproduced, or stored, including, without limitation, correspondence, records, reports, memoranda, notes, letters, telegrams, telexes, messages (including, without limitation, reports of telephone conversations and conferences), emails, studies, analyses, books, magazines, newspapers, publications, booklets, pamphlets, circulars, bulletins, instructions, minutes, or other communications (including, without limitation, inter-office and intra-office communications), questionnaires, surveys, contracts, memoranda of agreement, memoranda of understanding, assignments, books of account, orders, working papers, records or summaries of negotiations, voice recordings, records or summaries of personal interviews or conversations, appointment calendars, diaries, schedules, printouts, drawings, specifications, patents, patent applications, certificates of registration, applications for

registration, graphs, charts, studies, plans and planning materials, statistical statements, notebooks, data sheets, microfilm, microfiche, photographic negatives, bread-boards, architectural diagrams, blueprints, schematics, logic diagrams, timing diagrams, pictures, photographs, microscopically-obtained photographs, test results, belts, tapes, magnetic tapes, paper tapes, plotter output recordings, discs, data cards, films, data processing film and other computer readable records or programs, object codes, source codes, and all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, and all originals (or, if originals are not available, identical copies thereof), drafts, and non-identical copies thereof.  If the original of a document is not available or was not reviewed or received by a particular person, "document" includes any identical copy of the original.  Any document bearing any marks, including, without limitation, initials, stamped indicia, comments, or notations not part of the original text or photographic reproduction thereof, is a separate document.  A draft or non-identical copy is a separate document within the meaning of this term.

14. "Thing" shall be given the broadest possible construction under the Federal Rules of Civil Procedure.

15. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a request all documents and/or things that might otherwise be construed to be outside of its scope.

16. The use of the singular form of any word includes the plural and vice versa.

## REQUESTS FOR PRODUCTION

1. All Documents and Things relating to sales of the LS1 in Massachusetts or other allegedly infringing activity in Massachusetts relating to the LS1 upon which Energetiq based its allegations in the First Amended Complaint.

2. All Documents and Things relating to the relationship between ASML US and ASML BV upon which Energetiq based its allegations in the First Amended Complaint.

3. All Documents and Things relating to what has transpired regarding the LS2 in the United States upon which Energetiq based its allegations in the First Amended Complaint.

Respectfully Submitted,

ASML NETHERLANDS B.V.
EXCELITAS TECHNOLOGIES CORP.
QIOPTIQ PHOTONICS GMBH & CO. KG

By their Attorneys,

/s/   *Kevin S. Prussia*

Kevin S. Prussia (BBO # 666813)
Shirley X. Li Cantin (BBO # 675377)
Dana O. Burwell (BBO # 682413)
Elisabeth M. Oppenheimer (BBO # 686312)
Jonathan A. Cox (BBO # 687810)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6000
Fax: (617) 526-5000
kevin.prussia@wilmerhale.com
shirley.cantin@wilmerhale.com
dana.burwell@wilmerhale.com
elisabeth.oppenheimer@wilmerhale.com
jonathan.cox@wilmerhale.com

James M. Dowd (Ca. Bar No. 259578) (pro hac vice)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Tel: (213) 443-5300
Fax: (213) 443-5400
james.dowd@wilmerhale.com

Dated:  July 31, 2015

## CERTIFICATE OF SERVICE

    I, Jonathan A. Cox, hereby certify that on July 31, 2015, I caused the foregoing document to be served upon the below individuals, as follows:

*Via Hand Delivery*

S. James Boumil III
Proskauer Rose LLP
One International Place
Boston, MA 02110-2600

*Attorney for Plaintiff*

                              */s/ Jonathan A. Cox*
                              Jonathan A. Cox (BBO # 687810)