# Exhibit 2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ENERGETIQ TECHNOLOGY, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ASML NETHERLANDS B.V., ) <br> EXCELITAS TECHNOLOGIES CORP., and ) <br> QIOPTIQ PHOTONICS GMBH & CO. KG, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 1:15-cv-10240-LTS |

## DEFENDANTS' FIRST NOTICE OF 30(b)(6) DEPOSITION

**PLEASE TAKE NOTICE THAT**, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure and the Court's July 10, 2015 Memorandum and Order, Defendants ASML Netherlands B.V., Excelitas Technologies Corp., and Qioptiq Photonics GmbH & Co. KG (collectively, "Defendants") will take the deposition upon oral examination of Plaintiff Energetiq Technology, Inc. ("Energetiq") through one or more officers, directors, managing agents or persons who consent to testify on its behalf with respect to the topics listed in Schedule A, attached hereto. The deposition will take place at the offices of Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, MA 02109, or at such other place as may be mutually agreeable to counsel, at a date to be agreed upon by the parties. The deposition may be recorded by any means permitted under the Federal Rules of Civil Procedure, including audiovisual means and/or stenographic means.

Pursuant to Fed. R. Civ. P. 30(b)(6), Energetiq is required to designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf concerning the subject matter described in Schedule A. The person(s) so designated shall be the

person(s) in Energetiq's control most knowledgeable regarding the subject matter described in Schedule A.  It is requested that Energetiq provide Defendants with written notice, no later than seven (7) business days in advance of the date upon which the deposition is scheduled of:  (1) the name and employment position of each designee; and (2) the topics in Schedule A as to which each such designee will testify.  The deposition will proceed in accordance with the Federal Rules of Civil Procedure and will continue from day-to-day (excluding weekends and holidays) until completed, unless otherwise agreed.  Defendants reserve the right to continue this deposition as necessary in light of any subsequent responses or document productions by Energetiq.

You are invited to attend and cross-examine.

Respectfully Submitted,

ASML NETHERLANDS B.V.
EXCELITAS TECHNOLOGIES CORP.
QIOPTIQ PHOTONICS GMBH & CO. KG

By their Attorneys,

/s/   *Kevin S. Prussia*

Kevin S. Prussia (BBO # 666813)
Shirley X. Li Cantin (BBO # 675377)
Dana O. Burwell (BBO # 682413)
Elisabeth M. Oppenheimer (BBO # 686312)
Jonathan A. Cox (BBO # 687810)
WILMER CUTLER PICKERING
 HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6000
Fax: (617) 526-5000
kevin.prussia@wilmerhale.com
shirley.cantin@wilmerhale.com
dana.burwell@wilmerhale.com
elisabeth.oppenheimer@wilmerhale.com
jonathan.cox@wilmerhale.com

- 3 -

                                                      James M. Dowd (Ca. Bar No. 259578) (pro hac vice)  
                                                      WILMER CUTLER PICKERING  
                                                        HALE AND DORR LLP  
                                                      350 South Grand Avenue, Suite 2100  
                                                      Los Angeles, CA 90071  
                                                      Tel: (213) 443-5300  
                                                      Fax: (213) 443-5400  
                                                      james.dowd@wilmerhale.com

Dated:  July 31, 2015

## SCHEDULE A

### Definitions

The following definitions shall apply, regardless of whether upper or lower case letters are used:

1. "Plaintiff," "Energetiq," "You" and "Your" mean Plaintiff Energetiq Technology, Inc. and any and all predecessors, successors, divisions, subsidiaries, or joint ventures thereof, together with any and all parent or affiliated companies or corporations, and all past or present officers, directors, employees, agents, attorneys, representatives, and all other persons acting or purporting to act or that have acted or purported to have acted on behalf of any of the foregoing.

2. "ASML BV" means ASML Netherlands B.V., and any and all predecessors, successors, divisions, subsidiaries, or joint ventures thereof, together with any and all parent or affiliated companies or corporations, and all past or present officers, directors, employees, agents, attorneys, representatives, and all other persons acting or purporting to act or that have acted or purported to have acted on behalf of any of the foregoing.

3. "ASML US" means ASML US, Inc., and any and all predecessors, successors, divisions, subsidiaries, or joint ventures thereof, together with any and all parent or affiliated companies or corporations, and all past or present officers, directors, employees, agents, attorneys, representatives, and all other persons acting or purporting to act or that have acted or purported to have acted on behalf of any of the foregoing.

4. "Qioptiq" means Qioptiq Photonics GmbH & Co. KG, and any and all predecessors, successors, divisions, subsidiaries, or joint ventures thereof, together with any and all parent or affiliated companies or corporations, and all past or present officers, directors,

employees, agents, attorneys, representatives, and all other persons acting or purporting to act or that have acted or purported to have acted on behalf of any of the foregoing.

5. "Complaint" means the Complaint and Demand for Jury Trial that Energetiq filed in this action on January 30, 2015 (Dkt. No. 87).

6. "First Amended Complaint" means the First Amended Complaint and Demand for Jury Trial that Energetiq filed in this action on May 11, 2015 (Dkt. No. 87).

7. "LS1" means at least the Qioptiq LS1 light source identified and described in the Complaint (Dkt. No. 1) and/or in the First Amended Complaint (Dkt. No. 87) in this Action.

8. "LS2" means at least the Qioptiq LS2 light source identified and described in the Complaint (Dkt. No. 1) and/or in the First Amended Complaint (Dkt. No. 87) in this Action, and/or the light source identified and described in the Michael Ersoni Declaration (Doc. No. 51, ¶ 7).

9. The term "person" means any natural person or any business, legal, or governmental entity or association and the officers, directors, employees, agents, and attorneys thereof.

**Topics**

1. All facts known to Energetiq relating to sales of the LS1 in Massachusetts or other allegedly infringing activity in Massachusetts relating to the LS1 upon which Energetiq based its allegations in the First Amended Complaint.

2. All facts known to Energetiq relating to the relationship between ASML US and ASML BV upon which Energetiq based its allegations in the First Amended Complaint.

3. All facts known to Energetiq relating to what has transpired relating to the LS2 in the United States upon which Energetiq based its allegations in the First Amended Complaint.

- 6 -

## CERTIFICATE OF SERVICE

      I, Jonathan A. Cox, hereby certify that on July 31, 2015, I caused the foregoing document to be served upon the below individuals, as follows:

*Via Hand Delivery*

S. James Boumil III
Proskauer Rose LLP
One International Place
Boston, MA 02110-2600

*Attorney for Plaintiff*

                                        */s/ Jonathan A. Cox*
                                        Jonathan A. Cox (BBO # 687810)