# Exhibit 4

**WILMERHALE**

September 1, 2015

**By E-mail**

Jonathan A. Cox

+1 617 526 6609 (t)
+1 617 526 5000 (f)
jonathan.cox@wilmerhale.com

S. James Boumil III
Proskauer Rose LLP
One International Place
Boston, MA 02110-2600

Re:  *Energetiq Technology Inc. v. ASML Netherlands BV et al.*, No. 15-cv-10240-LTS (D. Mass)

Dear James:

I write in response to your August 31 letter regarding Defendants' First Set of Requests for Production and First Notice of 30(b)(6) Deposition, which were served on July 31, 2015.

You are incorrect that "[b]oth documents are outside the scope of any Court-authorized discovery and are untimely served."  The July 9 order that authorized Phase I discovery did not contemplate that such discovery would proceed in only one direction.  Instead, the order stated that "[t]he ***parties*** may take limited jurisdictional discovery regarding (a) sales of LS1 in Massachusetts or other allegedly LS1 infringing activity in Massachusetts and (b) the relationship between ASML US and ASML BV for purposes of determining whether any Massachusetts activity of ASML US would support personal jurisdiction over ASML BV."  (July 9, 2015 Order at 14 (Dkt. No. 120) (emphasis added).)  The order further states that "[t]he ***parties***" may take "focused discovery regarding what has transpired (or is transpiring) regarding LS2 in the United States."  (*Id*. at 15.)  Defendants' July 31 discovery requests are relevant to these issues and are therefore permissible under the Court's July 9 order.

Your citation to the Court's subsequent August 7 order is misleading.  Although that order states that one purpose of Phase I discovery is "to permit Plaintiff to take jurisdictional discovery regarding LS1" (Aug. 7, 2015 Order at 1 (Dkt. No. 135)), the order was written in the context of the parties' dispute concerning Defendants' responses to Energetiq's document requests.  The Court was not presented with any information about Defendants' own discovery requests, which were in fact served *after* the parties filed their Joint Report on July 27, and the Court otherwise presumably had no knowledge that such requests had been served.  The lack of discussion of any discovery requests from Defendants in the August 7 order is therefore unsurprising.  Moreover, the August 7 order incorporates the July 9 order by reference.  (*Id.* ("…as described in the Court's Memorandum and Order on the Motion to Dismiss…").)  This reference indicates that the August 7 order was not intended to supersede the July 9 order.  The Court's comment, made without the benefit of information about Defendants' own discovery requests and clearly not intended to modify the scope of Phase I discovery previously authorized, does not excuse Energetiq from its compliance with the plain language of the Court's July 9 order.

Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, Massachusetts 02109

Beijing    Berlin    Boston    Brussels    Denver    Frankfurt    London    Los Angeles    New York    Oxford    Palo Alto    Washington

WILMERHALE

S. James Boumil III
September 1, 2015
Page 2

Furthermore, beyond your tendentious reading of the Court's orders, you have articulated no reason why Defendants should be denied the ability to conduct limited, targeted discovery with respect to the factual basis for Energetiq's claims that ASML BV is subject to personal jurisdiction. This refusal is particularly odd in light of the general rule that "[w]hen a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion." *Sizova v. Nat'l Inst. of Stds. & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002) (quoting *Budde v. Ling-Temco Vought, Inc.*, 511 F.2d 1033, 1035 (10th Cir. 1975)) (internal quotation marks omitted).

Finally, "failure to provide specific written responses to Defendants' requests for production within the time period established by Fed. R. Civ. P. 34(b)(2)(A) generally results in the waiver of objections to the requests." *Schooler v. Wal-Mart Stores, Inc.*, 2015 WL 4879434, at *1 (E.D. La. Aug. 14, 2015) (citing, *inter alia*, *Marx v. Kelly, Hart & Hallman, P.C.*, 929 F.2d 8, 20, 12-13 (1st Cir. 1991)). Therefore, by presenting only its general disagreement with the validity of these discovery requests, and by failing to offer specific written objections to each of Defendant's requests, Energetiq has waived any such objections and must respond promptly.

Please let us know your availability to meet and confer tomorrow at 11 a.m. regarding these issues. If you maintain your position, we intend to seek relief from the Court.

Best regards,

*/s/ Jonathan Cox*

Jonathan A. Cox