

Proskauer Rose LLP   One International Place   Boston, MA 02110-2600

August 14, 2015

S. James Boumil III
Attorney at Law
d 617.526.9618
f 617.526.9899
jboumil@proskauer.com
www.proskauer.com

**Via Email**

Elisabeth M. Oppenheimer, Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6000

      RE:   *Energetiq Technology, Inc. v. ASML Netherlands, B.V., et al*
              Case No. 1:15-cv-10240-LTS (D. Mass.)

Dear Elisabeth:

      This letter is to follow up on our meet-and-confer of August 6, 2015 concerning the subpoena for documents dated July 21, 2015 (the "Subpoena") from Energetiq Technology, Inc. ("Energetiq") to ASML US, Inc. ("ASML US") in the above-captioned case.

      During the meet and confer, you indicated that you would confer internally with your team "quickly" to confirm your revised stances on the Subpoena. It has now been eight days since we last spoke, and we have not heard back from you. We therefore ask that you provide your final positions on the below matters by no later than Monday, August 17, so that we can resolve any remaining disputes in an efficient manner.

      *Document Request Nos. 1, 2, 7, 8.* ASML US has refused to produce any documents responsive to Energetiq's Requests Nos. 1, 2, 7 and 8. As we discussed on the phone, ASML US's position appears to be that Court's Order of July 10, 2015, does not permit discovery of documents from ASML US regarding the LS2. However, as we noted, that order does not put any such limitation on discovery from ASML US.

      Indeed, the Court's August 7, 2015 order further clarified that Phase I discovery serves a purpose of "permit[ing] Plaintiff to take discovery regarding what, if any, allegedly LS2 infringing activity has transpired (or is transpiring)," and that "[t]hird party discovery, for the purposes of this targeted discovery, is permitted." As such, it is clear that Energetiq is allowed to take discovery from ASML US regarding the LS2.

      Please let us know whether ASML is still refusing to produce documents responsive to these requests, even in view of the August 7 order.

      *Document Request No. 3.* During our phone call we proposed narrowing this request as follows:

      All documents concerning the research and/or development in ~~the United States~~ <u>Massachusetts</u> of ~~any laser-pumped light source, including but not limited to~~ the LS1, ~~the~~

~~LS2, or a light source developed for any ASML YieldStar product~~, and <u>all documents concerning the research and/or development in the United States of the LS2.</u>

As discussed above, the August 7 order makes clear that the Energetiq may take limited LS2 discovery from third parties such as ASML US. Moreover, on the phone, you appeared to agree that Energetiq can take discovery concerning the LS1 activities in Massachusetts. Please let us know whether ASML US will agree to produce documents responsive to the above-narrowed Request No. 3.

*<u>Document Request No. 4</u>*. During our phone call, we proposed narrowing this request as follows:

All communications into, within, or out of Massachusetts, having any content relating to the LS1 ~~or LS2~~, including but not limited to electronic messages, written messages, phone calls, and/or internal memoranda.

As stated above, you appeared to agree that Energetiq can take discovery regarding LS1 activities in Massachusetts. Moreover, the Court's Order of July 10 authorizes jurisdictional discovery into "the relationship between ASML US and ASML BV for purposes of determining whether <u>any Massachusetts activity of ASML US</u> would support personal jurisdiction over ASML BV." As such, this Request, as narrowed above, comports with the explicit purpose of Phase I discovery as stated by the Court.

Please let us know whether ASML US will agree to produce documents responsive to the above-narrowed Request No. 4.

*<u>Document Request No. 5</u>*. During our phone call, you stated that you would follow up to suggest potential narrowing language for this request. To date, you have made no proposal.

The Court's July 10 Order authorizes discovery into "allegedly infringing activity [that] has occurred or is occurring in the United States in the course of the development of LS2." As you are aware, laser-pumped light source modules, including Cermax-type lamps or other specially-adapted modules, may evidence such infringement and may in fact constitute such infringement.

Please let us know whether ASML US will produce documents responsive to Request No. 5.

*<u>Document Request No. 6</u>*. During our phone call, you stated that ASML US's position is that this request is unduly broad. The request reads as follows:

All documents sufficient to describe the "laser plasma pumped light source for [the] YieldStar 350 product" that ASML Netherlands asked Excelitas and Qioptiq to develop in late 2014. (See Second Declaration of Michael Ersoni, Doc. No. 51, ¶ 7.)

The Court's July 10 Order authorizes discovery into "allegedly infringing activity [that] has occurred or is occurring in the United States <u>in the course of the development of LS2</u>." As such, this request falls squarely in line with the scope of discovery authorized by the Court.

You further indicated that you would confer internally and follow up to suggest potential narrowing language. However, to date, you have made no proposal. Please let us know whether ASML US still refuses to produce any documents responsive to this request.

*Document Request Nos. 7, 10*. These requests read as follows:

> 7. All documents relating to any making, using, selling, offering for sale, importing into the United States, researching, developing, manufacturing, marketing, and/or discussing current or potential business partnerships or customer relationships concerning a laser-pumped plasma light source for the ASML YieldStar 350 in the United States.

> 10. All documents concerning any making, using, selling, offering for sale (including any discussions with potential or current customers or business partners), importing into the United States, researching, developing, manufacturing, and/or marketing of Cermax-type lamps for the ASML YieldStar 350.

During our phone call, you stated that, in addition to the objections noted above, ASML US's position is that the terms "potential business partnerships" and "potential or current customers or business partners" are unduly broad, as they potentially encompass documents beyond "offers for sale." However, as you understand, Energetiq needs to ensure that the terms "offer for sale or sale" are not construed unduly narrowly.

Energetiq believes that the current language is narrowly tailored to discover relevant evidence of all "allegedly infringing activity [that] has occurred or is occurring in the United States in the course of the development of LS2," as expressly authorized by the Court.

Moreover, you indicated that you would confer internally and propose narrowing language for these requests. However, to date, you have not made any such proposal, nor have you indicated that ASML US will produce any documents responsive to these requests.

Please let us know whether ASML US intends to suggest narrowing language for these requests.

*Document Request No. 9*. This requests reads as follows:

> All documents showing intra-company transfers and allocations of resources, including but not limited to internal overhead allocations for workers, for any light source developed for the ASML YieldStar 350, including but not limited to the LS2.

During our phone call, you stated that ASML US's position that this request is not relevant to any party in the case, because ASML US is not an alter ego or agent of ASML BV. Of course, ASML US cannot be allowed to unilaterally make this determination, and must produce the evidence requested to allow a fair evaluation.

However, the Court's July 10 ruling expressly states that limited jurisdictional discovery can be taken regarding "what has transpired (or is transpiring) regarding LS2 in the United States." As such, this request falls squarely within the scope of the Court's authorized discovery.

Please let us know whether ASML US still refuses to produce documents responsive to this request.

*Document Request No. 11*.  This requests states:

All documents originated from, copied or provided to, or now located in Massachusetts, concerning the YieldStar 250, YieldStar 200 Upgrade Kit and/or LS1.

During our phone call, you stated that ASML US believes that this request exceeds the scope of the Court's July 10 Order.  However, the Court's July 10 Order states that limited jurisdictional discovery can be taken on "the relationship between ASML US and ASML BV for purposes of determining whether <u>any Massachusetts activity of ASML US would support personal jurisdiction over ASML BV</u>."

In addition, to date you have suggested no amendment to narrow the requests.  Please let us know whether ASML US still intends to produce no documents responsive to this request.

*Document Request No. 12*.  This request states:

All documents concerning any making, using, selling, offering for sale (including any discussions with potential or current customers or business partners), researching, developing, manufacturing, marketing and/or importing into Massachusetts, the YieldStar 250, YieldStar 200 Upgrade Kit, and/or the LS1.

During our phone call, you stated that ASML US believes that this request exceeds the scope of the Court's Order.  However, the Court's August 7 Order is clear that "Plaintiff may take jurisdictional discovery regarding sales, offers for sale, use or importation of LS1 that occurred within Massachusetts."  Research, development and manufacturing fall within the "use" discovery authorized by the Court, and "marketing" is reasonably calculated to discover evidence pertaining to "offers for sale" authorized by the Court.

Please let us know whether ASML US still intends to produce only documents sufficient to show any sales, offers for sale, use, and/or importation within Massachusetts of the YieldStar 250, YieldStar 200 Upgrade Kit, and/or the LS1.

*Document Request No. 13*.

During our phone call, you stated that ASML US believes that this request exceeds the scope of the Court's July 10 Order.  However, as discussed above, the Court's July 10 Order expressly authorizes that limited jurisdictional discovery can be taken on "the relationship between ASML US and ASML BV for purposes of determining whether <u>any Massachusetts activity of ASML US</u> would support personal jurisdiction over ASML BV."

You further indicated that ASML US tentatively agrees to produce documents showing allegedly infringing activity only.

Please let us know whether ASML US agrees to produce documents responsive to Request No. 13.

*Document Request No. 14*.  This request states:

All documents concerning any phone calls, emails, or other communications, by ASML US or Qioptiq, into, within or out of Massachusetts, in which the YieldStar 250, YieldStar 200 Upgrade Kit, and/or LS1 was discussed.

During our phone call, you stated that ASML US believes that this request exceeds the scope of the Court's July 10 Order. You further indicated that ASML US tentatively agrees to produce documents showing allegedly infringing activity only.

However, as discussed above, the Court's July 10 Order expressly authorizes that limited jurisdictional discovery can be taken on "the relationship between ASML US and ASML BV for purposes of determining whether <u>any Massachusetts activity of ASML US</u> would support personal jurisdiction over ASML BV." As such, this Request falls within the scope of permitted discovery.

Please let us know whether ASML US still intends to provide only documents relating only to allegedly infringing activity.

***Document Request No. 15***. During our phone call, you stated that ASML US believes that this request is cumulative of others, but appeared to agree to produce documents if this request is amended as follows:

> All documents sufficient to identify the ~~United States~~ Massachusetts ports of entry for the YieldStar 250, YieldStar 200 Upgrade Kit, and/or LS1.

Please confirm that ASML US will produce documents responsive to Request No. 15 as amended above.

***Document Request No. 16***. During our phone call, you stated that ASML US tentatively agrees to produce documents in accordance with this request, provided that it is amended as follows:

> All documents concerning any discussion regarding ~~any current, potential or future business partnership, or~~ any offer for sale or sale in Massachusetts, of the YieldStar 250, YieldStar 200 Upgrade Kit, or LS1, to Analog Devices, Intel, and/or MIT Lincoln Labs.

This request is in line with the Court's August 7 Order permitting "jurisdictional discovery regarding sales, offers for sale, use or importation of LS1 that occurred within Massachusetts." Please let us know whether ASML US agrees to produce documents in accordance with Request No. 16 as amended above.

***Document Request Nos. 17-18***. This request states:

> 17. All documents sufficient to describe any corporate relationship between ASML US and ASML Netherlands, including but not limited to (i) all agreements between ASML US and ASML Netherlands, and (ii) all communications, including email correspondence, between employees of ASML US and ASML Netherlands concerning the YieldStar 250, YieldStar 200 Upgrade Kit, and/or LS1.

> 18. All documents relating to any and all activities in Massachusetts by ASML US or any of its employees.

During our phone call, you stated that ASML US agrees to reconsider these requests internally and follow up to propose potential amendments. To date, you have proposed no narrowing language.

As discussed above, the Court's July 10 order expressly authorizes discovery into "the relationship between ASML US and ASML BV for <u>purposes of determining whether any Massachusetts activity of ASML US would support personal jurisdiction over ASML BV</u>." Thus, these requests are tailored to serve the Court's expressly stated purpose for this discovery.

Please let us know whether ASML US intends to maintain its current position or to suggest narrowing language to original Request Nos. 17-18.

***Document Request No. 19***.  During our phone call, you stated that ASML US tentatively agrees to produce documents in accordance with this request, provided that it is amended as follows:

> ~~All employee records of~~ <u>Documents sufficient to evidence all</u> ASML US employees that reside in Massachusetts, or that perform any work in Massachusetts.

Please confirm whether ASML US intends to produce such documents.

***Document Request No. 20***.  This request states:

> All documents relating to ASML US's meetings or other communications in Massachusetts in which the YieldStar 250, YieldStar 200 Upgrade Kit and/or LS1 was discussed.

During our phone call, you stated that ASML US tentatively agrees to produce documents in accordance with this request.  Please confirm whether ASML US intends to produce such documents.

***Document Request No. 21***.  During our phone call, you stated that ASML US tentatively agrees to produce documents in accordance with this request, provided that it is amended as follows:

> All documents relating to software development work concerning ~~any ASML YieldStar product~~ <u>the YieldStar 250, the YieldStar 200, or the YieldStar 200 Upgrade Kit</u> that took place in or that is taking place in Massachusetts.

Please confirm whether ASML US intends to produce documents responsive to Request No. 21 as amended above.  As we mentioned during our call, this request is reasonably calculated to discover evidence relating to the making of the LS1 related products in Massachusetts.

***Document Request Nos. 22-23***.  These requests state:

> 22. All documents relating to any of the following activities by or between ASML Netherlands and ASML US: commingling of funds and assets; diversion of funds or assets from one entity to the other; treatment by shareholder of corporate assets of one entity as belonging to the other; failure to maintain minutes; common equitable ownership.

> 23. All documents relating to any of the following by or between ASML Netherlands and ASML US: the existence of similar officers and/or directors between the two entities; use of the same office or business location; employment of same employees; corporate

relationship between the two entities; the diversion of assets from one entity by or to a stockholder or other person or entity to the detriment of creditors; moving corporate assets and/or liabilities in entities so as to concentrate the assets in one and the liabilities in another.

During our phone call, you stated that ASML US tentatively agrees to produce documents responsive to this request.  Please confirm whether ASML US intends to produce such documents.

*   *   *   *   *

In your email sent August 13 at 10:53PM, you indicated that "ASML US plans to produce documents by September 1."  We remind you that the Court explicitly stated that it "makes this schedule, based, in part, on the representation of the Defendants that they will be producing documents on a rolling basis rather than all, or substantially all, at the end of the permitted time period."  As such, it would be a violation of the Court's order to deliver all or substantially all documents on September 1.  Given that you have had the Subpoena since July 21, we expect production by ASML US to commence immediately.

We look forward to receiving your supplemental responses and documents.  Please let me know if you have any questions.

Regards,

S. James Boumil III