# WILMERHALE

August 21, 2015

**Via email**

S. James Boumil III
Proskauer Rose LLP
One International Place
Boston, MA 02110-2600
jboumil@proskauer.com

Elisabeth M. Oppenheimer

+1 617 526 6757 (t)
+1 617 526 5000 (f)
elisabeth.oppenheimer@wilmerhale.com

RE:   *Energetiq Technology, Inc. v. ASML Netherlands, B.V., et al*
      <u>Case No. 1:15-cv-10240-LTS (D. Mass.)</u>

Dear James:

      This letter is to follow up on our meet-and-confers of August 6, 17, and 19, 2015 regarding the subpoena for documents dated July 21, 2015 (the "Subpoena") from Energetiq Technology, Inc. ("Energetiq") to ASML US, Inc. ("ASML US") in the above-captioned case.

      ASML US incorporates by reference all general and specific objections set forth in its August 5, 2015 Responses & Objections to Energetiq's Subpoena. In particular, Energetiq must "avoid[] undue burden or expense" to ASML, a third party, under Federal Rule of Civil Procedure 45. Energetiq's numerous, overbroad requests, which go far beyond the limited discovery ordered by the Court, impose undue burden and expense on ASML US.

      **Document Request No. 1.** This request calls for:

> All documents describing the structure, function, and/or operation of the LS2, including but not limited to photographs of any prototype devices, blueprints, engineering designs, and/or data files, currently or previously located in the United States, including documents stored or previously stored on any file server located in the United States.

      For the reasons explained during our previous meet and confers, this request goes beyond the "limited discovery regarding what, if any, allegedly infringing activity has occurred or is occurring in the United States in the course of the development of the LS2." Scheduling Order dated July 9, 2015 (Dkt. No. 120) (the "Scheduling Order") at 15.

      Therefore, subject to and without waiving the general and specific objections set forth in its August 5, 2015 Responses & Objections to Energetiq's Subpoena, ASML US will undertake a reasonable search for documents sufficient to show any purported sales, offers for sale, making, use, and/or importation within the United States of the LS2, and

**WILMERHALE**

James Boumil
August 21, 2015
Page 2

will produce non-privileged documents to the extent any are found to exist within its possession, custody, or control.

You have failed to explain why what we have agreed to produce is not sufficient. Nor have you explained the basis for your apparent position that documents beyond what we have agreed to produce are required under the Court's limited order. Nor have you explained how the requested information is proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

**Document Request No. 2.** This request calls for:

> Documents sufficient to evidence the internal code name, version, model, and other identifying information for the LS2.

For the reasons explained during our previous meet and confers, this request goes beyond the "limited discovery regarding what, if any, allegedly infringing activity has occurred or is occurring in the United States in the course of the development of the LS2." Scheduling Order at 15.

Therefore, subject to and without waiving the general and specific objections set forth in its August 5, 2015 Responses & Objections to Energetiq's Subpoena, ASML US will undertake a reasonable search for documents sufficient to show any purported sales, offers for sale, making, use, and/or importation within the United States of the LS2, and will produce non-privileged documents to the extent any are found to exist within its possession, custody, or control.

**Document Request No. 3**. The amended request calls for:

> All documents concerning the research and/or development in ~~the United States~~ <u>Massachusetts</u> of ~~any laser-pumped light source, including but not limited to~~ the LS1~~, the LS2, or a light source developed for any ASML YieldStar product~~, and <u>all documents</u> <u>concerning the research and/or development in the United States of the LS2.</u>

Subject to and without waiving the general and specific objections set forth in its August 5, 2015 Responses & Objections to Energetiq's Subpoena, ASML US will undertake a reasonable search for documents sufficient to show any purported sales, offers for sale, making, use, and/or importation of the LS1 within Massachusetts, and the

WILMERHALE

James Boumil
August 21, 2015
Page 3


LS2 within the United States, and will produce non-privileged documents to the extent any are found to exist within its possession, custody, or control.

You have failed to explain why what we have agreed to produce is not sufficient. Nor have you explained the basis for your apparent position that documents beyond what we have agreed to produce are required under the Court's limited order. Nor have you explained how the requested information is proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

> **Document Request No. 4.**  The amended request calls for:
>
> All communications into, within, or out of Massachusetts, having any content relating to the LS1 ~~or LS2~~, including but not limited to electronic messages, written messages, phone calls, and/or internal memoranda.

For the reasons explained during our previous meet and confers, this request goes beyond the "limited jurisdictional discovery regarding . . . sales of LS1 in Massachusetts or other allegedly LS1 infringing activity in Massachusetts."  Scheduling Order at 14.

ASML US had previously suggested that it could be amenable to producing documents sufficient to show communications with Massachusetts-based customers regarding the LS1. However, you indicated during our August 19, 2015 meet and confer that Energetiq was unwilling to accept such a compromise.  Accordingly, subject to and without waiving the general and specific objections set forth in its August 5, 2015 Responses & Objections to Energetiq's Subpoena, ASML US will undertake a reasonable search for documents sufficient to show any purported sales, offers for sale, making, use, and/or importation within Massachusetts of the YieldStar 250, YieldStar 200 Upgrade Kit and/or LS1, and will produce non-privileged documents to the extent any are found to exist within its possession, custody, or control.

You have failed to explain why what we have agreed to produce, or suggested producing, is not sufficient.  Nor have you explained the basis for your apparent position that documents beyond what we have agreed to produce are required under the Court's limited order.  Nor have you explained how the requested information is proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

WILMERHALE

James Boumil
August 21, 2015
Page 4

**Document Request No. 5.** This request calls for:

> All documents relating to any discussions pertaining to any laser-pumped light source or laser-pumped light source module (including any Cermax-type lamps), including but not limited to any discussions with current or potential business partners, or sales or offers for sale made by Qioptiq, Excelitas and/or ASML Netherlands to ASML US.

For the reasons explained during our previous meet and confers, this request goes beyond the "limited discovery regarding what, if any, allegedly infringing activity has occurred or is occurring in the United States in the course of the development of the LS2." Scheduling Order at 15.

Therefore, subject to and without waiving the general and specific objections set forth in its August 5, 2015 Responses & Objections to Energetiq's Subpoena, ASML US will undertake a reasonable search for documents sufficient to show any purported sales, offers for sale, making, use, and/or importation within the United States of the LS2, and will produce non-privileged documents to the extent any are found to exist within its possession, custody, or control.

You have failed to explain why what we have agreed to produce is not sufficient. Nor have you explained the basis for your apparent position that documents beyond what we have agreed to produce are required under the Court's limited order. Nor have you explained how the requested information is proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

**Document Request No. 6.** The request calls for:

> All documents sufficient to describe the "laser plasma pumped light source for [the] YieldStar 350 product" that ASML Netherlands asked Excelitas and Qioptiq to develop in late 2014. (See Second Declaration of Michael Ersoni, Doc. No. 51, ¶ 7.)

For the reasons explained during our previous meet and confers, this request goes beyond the "limited discovery regarding what, if any, allegedly infringing activity has occurred or is occurring in the United States in the course of the development of the LS2." Scheduling Order at 15.

WILMERHALE

James Boumil
August 21, 2015
Page 5

      Therefore, subject to and without waiving the general and specific objections set forth in its August 5, 2015 Responses & Objections to Energetiq's Subpoena, ASML US will undertake a reasonable search for documents sufficient to show any purported sales, offers for sale, making, use, and/or importation within the United States of the LS2, and will produce non-privileged documents to the extent any are found to exist within its possession, custody, or control.

      You have failed to explain why what we have agreed to produce is not sufficient. Nor have you explained the basis for your apparent position that documents beyond what we have agreed to produce are required under the Court's limited order. Nor have you explained how the requested information is proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

      **Document Request No. 7.** The request calls for:

> All documents relating to any making, using, selling, offering for sale, importing into the United States, researching, developing, manufacturing, marketing, and/or discussing current or potential business partnerships or customer relationships concerning a laser- pumped plasma light source for the ASML YieldStar 350 in the United States.

      For the reasons explained during our previous meet and confers, this request goes beyond the "limited discovery regarding what, if any, allegedly infringing activity has occurred or is occurring in the United States in the course of the development of the LS2." Scheduling Order at 15.

      Therefore, subject to and without waiving the general and specific objections set forth in its August 5, 2015 Responses & Objections to Energetiq's Subpoena, ASML US will undertake a reasonable search for documents sufficient to show any purported sales, offers for sale, making, use, and/or importation within the United States of the LS2, and will produce non-privileged documents to the extent any are found to exist within its possession, custody, or control.

      You have failed to explain why what we have agreed to produce is not sufficient. Nor have you explained the basis for your apparent position that documents beyond what we have agreed to produce are required under the Court's limited order. Nor have you explained how the requested information is proportional to the needs of the case,

WILMERHALE

James Boumil
August 21, 2015
Page 6

considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

**Document Request No. 8.**  The request calls for:

> All documents sufficient to describe the structure, function, and/or operation of any light source for which any development or other activity occurred in the United Sates for the ASML YieldStar 350.

For the reasons explained during our previous meet and confers, this request goes beyond the "limited discovery regarding what, if any, allegedly infringing activity has occurred or is occurring in the United States in the course of the development of the LS2." Scheduling Order at 15.

Therefore, subject to and without waiving the general and specific objections set forth in its August 5, 2015 Responses & Objections to Energetiq's Subpoena, ASML US will undertake a reasonable search for documents sufficient to show any purported sales, offers for sale, making, use, and/or importation within the United States of the LS2, and will produce non-privileged documents to the extent any are found to exist within its possession, custody, or control.

**Document Request No. 9.**  This requests calls for:

> All documents showing intra-company transfers and allocations of resources, including but not limited to internal overhead allocations for workers, for any light source developed for the ASML YieldStar 350, including but not limited to the LS2.

ASML US repeats the objections set forth in its August 5, 2015 Responses and Objections to Energetiq's First Set of Requests for Production.

You have not explained the basis for your apparent position that such documents are required under the Court's limited order. Nor have you explained how the requested information is proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

WILMERHALE

James Boumil
August 21, 2015
Page 7

**Document Request No. 10.**  The request calls for:

> All documents concerning any making, using, selling, offering for sale (including any discussions with potential or current customers or business partners), importing into the United States, researching, developing, manufacturing, and/or marketing of Cermax- type lamps for the ASML YieldStar 350.

For the reasons explained during our previous meet and confers, this request goes beyond the "limited discovery regarding what, if any, allegedly infringing activity has occurred or is occurring in the United States in the course of the development of the LS2." Scheduling Order at 15.

Therefore, subject to and without waiving the general and specific objections set forth in its August 5, 2015 Responses & Objections to Energetiq's Subpoena, ASML US will undertake a reasonable search for documents sufficient to show any purported sales, offers for sale, making, use, and/or importation within the United States of the LS2, and will produce non-privileged documents to the extent any are found to exist within its possession, custody, or control.

You have failed to explain why what we have agreed to produce is not sufficient. Nor have you explained the basis for your apparent position that documents beyond what we have agreed to produce are required under the Court's limited order.  Nor have you explained how the requested information is proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

**Document Request No. 11.**  This requests calls for:

> All documents originated from, copied or provided to, or now located in Massachusetts, concerning the YieldStar 250, YieldStar 200 Upgrade Kit and/or LS1.

For the reasons explained during our previous meet and confers, this request goes beyond the "limited jurisdictional discovery regarding . . . sales of LS1 in Massachusetts or other allegedly LS1 infringing activity in Massachusetts." Scheduling Order at 14.

ASML US had previously suggested that it could be amenable to producing documents sufficient to show communications with Massachusetts-based customers regarding the LS1. However, you indicated during our August 19, 2015 meet and confer that Energetiq was unwilling

**WilmerHale**

James Boumil
August 21, 2015
Page 8

to accept such a compromise. Accordingly, subject to and without waiving the general and specific objections set forth in its August 5, 2015 Responses & Objections to Energetiq's Subpoena, ASML US will undertake a reasonable search for documents sufficient to show any purported sales, offers for sale, making, use, and/or importation within Massachusetts of the YieldStar 250, YieldStar 200 Upgrade Kit and/or LS1, and will produce non-privileged documents to the extent any are found to exist within its possession, custody, or control.

You have failed to explain why what we have agreed to produce, or suggested producing, is not sufficient. Nor have you explained the basis for your apparent position that documents beyond what we have agreed to produce are required under the Court's limited order. Nor have you explained how the requested information is proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

> **Document Request No. 12.** This request calls for:
>
> All documents concerning any making, using, selling, offering for sale (including any discussions with potential or current customers or business partners), researching, developing, manufacturing, marketing and/or importing into Massachusetts, the YieldStar 250, YieldStar 200 Upgrade Kit, and/or the LS1.

For the reasons explained during our previous meet and confers, this request goes beyond the "limited jurisdictional discovery regarding . . . sales of LS1 in Massachusetts or other allegedly LS1 infringing activity in Massachusetts." Scheduling Order at 14. Therefore, subject to and without waiving the general and specific objections set forth in its August 5, 2015 Responses & Objections to Energetiq's Subpoena, ASML US will undertake a reasonable search for documents sufficient to show any purported sales, offers for sale, making, use, and/or importation within Massachusetts of the YieldStar 250, YieldStar 200 Upgrade Kit and/or LS1, and will produce non-privileged documents to the extent any are found to exist within its possession, custody, or control.

You have failed to explain why what we have agreed to produce is not sufficient. Nor have you explained the basis for your apparent position that documents beyond what we have agreed to produce are required under the Court's limited order. Nor have you explained how the requested information is proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

WILMERHALE

James Boumil
August 21, 2015
Page 9

**Document Request No. 13.**  This request calls for:

> All documents concerning any meetings by employees of Excelitas, ASML US, ASML Netherlands, B.V., ASML Netherlands, N.V., ASML Holdings, or Qioptiq, in Massachusetts in which the YieldStar 250, YieldStar 200 Upgrade Kit and/or LS1 was discussed.

For the reasons explained during our previous meet and confers, this request goes beyond the "limited jurisdictional discovery regarding . . . sales of LS1 in Massachusetts or other allegedly LS1 infringing activity in Massachusetts."  Scheduling Order at 14.  Therefore, subject to and without waiving the general and specific objections set forth in its August 5, 2015 Responses & Objections to Energetiq's Subpoena, ASML US will undertake a reasonable search for documents sufficient to show any purported sales, offers for sale, making, use, and/or importation within Massachusetts of the YieldStar 250, YieldStar 200 Upgrade Kit and/or LS1, and will produce non-privileged documents to the extent any are found to exist within its possession, custody, or control.

You have failed to explain why what we have agreed to produce is not sufficient.  Nor have you explained the basis for your apparent position that documents beyond what we have agreed to produce are required under the Court's limited order.  Nor have you explained how the requested information is proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

**Document Request No. 14.**  This request calls for:

> All documents concerning any phone calls, emails, or other communications, by ASML US or Qioptiq, into, within or out of Massachusetts, in which the YieldStar 250, YieldStar 200 Upgrade Kit, and/or LS1 was discussed.

For the reasons explained during our previous meet and confers, this request goes beyond the "limited jurisdictional discovery regarding . . . sales of LS1 in Massachusetts or other allegedly LS1 infringing activity in Massachusetts."  Scheduling Order at 14.

ASML US had previously suggested that it could be amenable to producing all communications with Massachusetts-based customers regarding the LS1.  However, you indicated during our August 19, 2015 call that Energetiq was unwilling to accept such a compromise.  Accordingly, subject to and without waiving the general and specific objections set forth in its

**WILMERHALE**

James Boumil
August 21, 2015
Page 10

August 5, 2015 Responses & Objections to Energetiq's Subpoena, ASML US will undertake a reasonable search for documents sufficient to show any purported sales, offers for sale, making, use, and/or importation within Massachusetts of the YieldStar 250, YieldStar 200 Upgrade Kit and/or LS1, and will produce non-privileged documents to the extent any are found to exist within its possession, custody, or control.

You have failed to explain why what we have agreed to produce, or suggested producing, is not sufficient. Nor have you explained the basis for your apparent position that documents beyond what we have agreed to produce are required under the Court's limited order. Nor have you explained how the requested information is proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

**Document Request No. 15.** The amended request calls for:

All documents sufficient to identify the ~~United States~~ Massachusetts ports of entry for the YieldStar 250, YieldStar 200 Upgrade Kit, and/or LS1.

Subject to and without waiving the general and specific objections set forth in its August 5, 2015 Responses & Objections to Energetiq's Subpoena, ASML US confirms that after a reasonable search, it has located no responsive documents in its possession, custody or control.

**Document Request No. 16.** The amended request calls for:

All documents concerning any discussion regarding ~~any current, potential or future business partnership, or~~ any offer for sale or sale in Massachusetts, of the YieldStar 250, YieldStar 200 Upgrade Kit, or LS1, to Analog Devices, Intel, and/or MIT Lincoln Labs.

Subject to and without waiving the general and specific objections set forth in its August 5, 2015 Responses & Objections to Energetiq's Subpoena, ASML US confirms that after a reasonable search, it has located no responsive documents in its possession, custody or control.

**Document Request No. 17.** This request calls for:

**WILMERHALE**

James Boumil
August 21, 2015
Page 11


    All documents sufficient to describe any corporate relationship between ASML US and ASML Netherlands, including but not limited to (i) all agreements between ASML US and ASML Netherlands, and (ii) all communications, including email correspondence, between employees of ASML US and ASML Netherlands concerning the YieldStar 250, YieldStar 200 Upgrade Kit, and/or LS1.

ASML US agrees to undertake a reasonable search and produce non-privileged documents sufficient to show the corporate relationship between ASML US and ASML Netherlands B.V. to the extent any are found to exist within its possession, custody, or control.

For the reasons explained during our meet-and-confers, the remainder of the request goes beyond the "limited jurisdictional discovery regarding . . . the relationship between ASML US and ASML BV" ordered by the Court. Scheduling Order at 14. Therefore, ASML US repeats the objections set forth in its August 5, 2015 Responses and Objections to Energetiq's First Set of Requests for Production.

You have failed to explain why what we have agreed to produce is not sufficient. Nor have you explained the basis for your apparent position that documents beyond what we have agreed to produce are required under the Court's limited order. Nor have you explained how the requested information is proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

    **Document Request Nos. 18.**  This request calls for:

    All documents relating to any and all activities in Massachusetts by ASML US or any of its employees.

For the reasons explained during our meet-and-confers, this request goes beyond the "limited jurisdictional discovery regarding . . . the relationship between ASML US and ASML BV" ordered by the Court. Scheduling Order at 14. Therefore, ASML US repeats the objections set forth in its August 5, 2015 Responses and Objections to Energetiq's First Set of Requests for Production.

You have failed to explain the basis for your apparent position that such documents are required under the Court's limited order. Nor have you explained how the requested information is proportional to the needs of the case, considering the importance of the

WILMERHALE

James Boumil
August 21, 2015
Page 12

issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

> **Document Request No. 19.** The amended request calls for:
>
> ~~All employee records of~~ Documents sufficient to evidence all ASML US employees that reside in Massachusetts, or that perform any work in Massachusetts.

For the reasons explained during our meet-and-confers, this request goes beyond the "limited jurisdictional discovery regarding . . . the relationship between ASML US and ASML BV" ordered by the Court. Scheduling Order at 14. Therefore, ASML US repeats the objections set forth in its August 5, 2015 Responses and Objections to Energetiq's First Set of Requests for Production.

You have failed to explain the basis for your apparent position that such documents are required under the Court's limited order. Nor have you explained how the requested information is proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

> **Document Request No. 20.** This request calls for:
>
> All documents relating to ASML US's meetings or other communications in Massachusetts in which the YieldStar 250, YieldStar 200 Upgrade Kit and/or LS1 was discussed.

For the reasons explained during our previous meet and confers, this request goes beyond the "limited jurisdictional discovery regarding . . . sales of LS1 in Massachusetts or other allegedly LS1 infringing activity in Massachusetts." Scheduling Order at 14.

ASML US had previously suggested that it could be amenable to producing documents sufficient to show communications with Massachusetts-based customers regarding the LS1. However, you indicated during our August 19, 2015 meet and confer that Energetiq was unwilling to accept such a compromise. Accordingly, subject to and without waiving the general and specific objections set forth in its August 5, 2015 Responses & Objections to Energetiq's Subpoena, ASML US will undertake a reasonable search for documents sufficient to show any purported sales, offers for sale, making, use, and/or importation within Massachusetts of the

WilmerHale

James Boumil
August 21, 2015
Page 13

YieldStar 250, YieldStar 200 Upgrade Kit and/or LS1, and will produce non-privileged documents to the extent any are found to exist within its possession, custody, or control.

You have failed to explain why what we have agreed to produce, or suggested producing, is not sufficient. Nor have you explained the basis for your apparent position that documents beyond what we have agreed to produce are required under the Court's limited order. Nor have you explained how the requested information is proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

**Document Request No. 21**. The amended request calls for:

All documents relating to software development work concerning ~~any ASML YieldStar product~~ the YieldStar 250, the YieldStar 200, or the YieldStar 200 Upgrade Kit that took place in or that is taking place in Massachusetts.

Subject to and without waiving the general and specific objections set forth in its August 5, 2015 Responses & Objections to Energetiq's Subpoena, ASML US confirms that after a reasonable search, it has located no responsive documents in its possession, custody or control.

**Document Request Nos. 22-23**. These requests call for:

22. All documents relating to any of the following activities by or between ASML Netherlands and ASML US: commingling of funds and assets; diversion of funds or assets from one entity to the other; treatment by shareholder of corporate assets of one entity as belonging to the other; failure to maintain minutes; common equitable ownership.

23. All documents relating to any of the following by or between ASML Netherlands and ASML US: the existence of similar officers and/or directors between the two entities; use of the same office or business location; employment of same employees; corporate relationship between the two entities; the diversion of assets from one entity by or to a stockholder or other person or entity to the detriment of creditors; moving corporate assets and/or liabilities in entities so as to concentrate the assets in one and the liabilities in another.

Subject to and without waiving the general and specific objections set forth in its August 5, 2015 Responses & Objections to Energetiq's Subpoena, ASML US confirms that after a

WILMERHALE

James Boumil
August 21, 2015
Page 14

reasonable search, it has not located any documents showing (1) commingling of funds or assets, (2) diversion of funds or assets from one entity to the other, (2) treatment by shareholder of corporate assets of one entity as belonging to the other, (3) failure to maintain minutes, (4) common equitable ownership, (5) employment of the same employees, (6) the diversion of assets from one entity by or to a stockholder or other person or entity to the detriment of creditors, or (7) moving corporate assets and/or liabilities in entities so as to concentrate the assets in one and the liabilities in another.

ASML US will undertake a reasonable search for documents sufficient to show (1) the corporate relationship between ASML US and ASML BV and (2) the existence of similar directors between ASML US and ASML BV, and produce non-privileged responsive documents to the extent any are found to exist within its possession, custody, or control.

Please do not hesitate to contact me if you have any questions.

Sincerely,

Elisabeth M. Oppenheimer