**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| ENERGETIQ TECHNOLOGY, INC.,   ) <br> ) <br> Plaintiff,   ) <br> ) <br> v.   ) <br> ) <br> ASML NETHERLANDS B.V.,   ) <br> EXCELITAS TECHNOLOGIES CORP., and   ) <br> QIOPTIQ PHOTONICS GMBH & CO. KG,   ) <br> ) <br> Defendants.   ) <br> ) | Civil Action No. 1:15-cv-10240-LTS |

**JOINT STATEMENT RE: PROTECTIVE ORDER**

Pursuant to the Court's September 2, 2015 order (Doc. No. 146), Plaintiff Energetiq Technology, Inc. ("Energetiq") and Defendants ASML Netherlands B.V., Excelitas Technologies Corp., and Qioptiq Photonics GmbH & Co. KG (collectively, "Defendants") hereby jointly submit the proposed Protective Order, attached as Exhibit A. The parties submit below their respective statements regarding the proposed Protective Order.

**I.    ENERGETIQ'S STATEMENT:**

We are pleased to report that per the Court's order, the parties conferred and reached complete agreement on the, "procedures for handling documents shielded by the varying levels of protections." (Doc. No. 146.) Yet, we cannot submit a final protective order for the Court's entry, because, contrary to the Court's order permitting briefing only to the extent it concerns such procedures, the Defendants now insist on rearguing one of the issues on which they lost – the scope of the patent prosecution bar with respect to IPRs.

Having now filed eight IPR petitions with the Patent Office, Defendants now ask the Court to provide them with an unfair advantage of allowing their primary counsel, WilmerHale, to fully participate in those proceedings, while putting handcuffs on Energetiq's counsel's ability to defend those actions.[1]  This issue was argued before this Court in the parties' motion for protective order (Doc. No. 141), and the Court adopted Energetiq's proposal  allowing its litigation counsel to participate fully in the IPR proceedings.  (Doc. No. 146.)   Defendants' argument  here  is really a motion for reconsideration, and should be treated as such.[2]  As such, their motion fails at the outset.  *See United States v. Allen*, 573 F.3d 42, 53 (1st Cir. 2009) (motion for reconsideration inappropriate where there was no new evidence and no new law).

On the merits, the IPRs are part and parcel of the litigation, instituted here by the Defendants same litigation counsel, and seeking invalidation of the same patents that Energetiq is asserting in the litigation.  It is merely in a different forum, apparently one that the Defendants hope will give them a second bite of the apple, if they lose here.  While we are flattered that the Defendants are doing so much to restrict Proskauer's role in the IPRs, there is no good reason for Defendants to bar Energetiq's litigation counsel from fully participating  in the IPRs.  *See Mirror Worlds, LLC v. Apple, Inc.*, No. 6:08-cv-88, 2009 WL 2461808, at *2 (E.D. Tex. Aug. 11, 2009) ("While it is within defendant's right to seek reexamination, the Court has serious concerns

---

[1]     As discussed in the motion for protective order, any claim amendments in IPR proceedings are limited to narrowing amendments; as such counsel cannot broaden the claims in IPRs to improperly cover new products or new product developments.  *See* 37 C.F.R. § 42.121.

[2]     We also note that even though this is a re-argument, Defendants have refused to provide Energetiq with a copy of their statement before the joint filing, insisting that there be simultaneous exchange of each sides' argument, expressly so that Energetiq cannot respond thereto.  As a result, Energetiq is left with having to argue against a motion for reconsideration, without knowing what new arguments the Defendants intend to make.  To the extent that Defendants raise new arguments that they did not previously raise, "[l]itigation is not a game of hopscotch," and, "a party may not, on a motion for reconsideration, advance a new argument that could (and should) have been presented prior to the district court's original ruling." *Cochran v. Quest Software Inc.*, 328 F.3d 1, 11 (1st Cir. 2003).

about a policy that would encourage defendants to file for reexamination while excluding plaintiff's counsel from participating in the reexamination, thereby forcing a plaintiff to defend a patent in two separate venues with two teams of attorneys").

In particular, Defendants say Proskauer can participate mostly in the IPRs, but want to bar them from narrowing claims in the IPRs to preserve their validity, if it turns out they are too broad in view of the prior art (only narrowing amendments are allowed). But their concern is all hypothetical at the moment, because Energetiq has not sought to amend any claims and has expressed no intention to do so.  If there are in fact claim amendments made later in the IPRs (which are rare and can only be narrowing and which could only claim subject matter already disclosed in its patent specification), Defendants can then oppose if they believe Energetiq has acted inappropriately in making the amendments.

For at least these reasons, district courts around the country routinely recognize that litigation counsel should be allowed to participate fully in IPRs.  For example, in Delaware, one of the most active patent courts in the country, former Chief Judge Robinson refused to bar litigation counsel from making claim amendments in an *inter partes* reexamination, noting, "the reexamination is 'part and parcel' of the instant case . . ." and, "[t]he scope of the claims cannot be enlarged by amendment," and so, "[b]ecause reexamination involves only the patent and the prior art, defendant's confidential information is basically irrelevant to the reexamination." *Kenexa Brassring Inc. v. Taleo Corp.*, C.A. No 07-521-SLR, 2009 WL 393782, at * 2 (D. Del. Feb. 18, 2009).

Similarly, the Model Protective Order from the Northern District of California (another very patent-busy court) allows litigation counsel to participate fully in post-grant

patent proceedings, with no bar on making claim amendments in such proceedings. (Doc. No. 141.2 (noting that the prosecution bar does not apply to lawyers, "representing a party challenging a patent before a domestic or foreign agency (including but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination)").)

Indeed, this is such standard practice, Defendants' law firm here (WilmerHale) recently moved a district court to enter a protective order with a prosecution bar that expressly excluded post-grant proceedings such as IPRs.  *See Ericsson Inc. et al. v. Apple Inc.*, C.A. No. 2:15-cv-00017-JRG-RSP, Doc. No. 85 at 26 ("Qualcomm Supplemental Protective Order") (E.D. Tex. Jul. 15, 2015) ("This provision shall not apply to post-grant proceedings, including without limitation reexamination or opposition proceedings filed in relation to the patents-in-suit or foreign counterparts.")  (attached as Exhibit B).  Certainly there is no reason that a provision good enough for Apple, Qualcomm, and Ericsson, shouldn't be good enough here.

## II.  DEFENDANTS' STATEMENT:

Defendants respectfully ask the Court to reconsider the scope of the prosecution bar contained in paragraph seven.  The relevant paragraph of the prosecution bar reads (with Defendants' proposed language underlined):

> Notwithstanding the above, and to avoid any doubt, this Prosecution Bar does not preclude an Affected Individual from participating in proceedings on behalf of a Party challenging or defending an issued patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination, *inter partes* reexamination, or *inter partes* review) (a "Patent Adversarial Proceeding"), except to the extent that the Affected Individual participates directly or indirectly in drafting or amending claims during any such Patent Adversarial Proceeding on behalf of a patentee: provided, however, no such Affected Individual may use or rely upon "HIGHLY CONFIDENTIAL – PATENT SENSITIVE" Information or Items or its knowledge thereof in connection with any such proceedings.

Protective Order ¶ 7.

The underlined language is designed to prohibit litigation counsel that receives Patent Sensitive information from participating in claim drafting during a post-grant review proceeding. As the Court knows, several petitions are pending before the patent office seeking *inter partes* review ("IPR") of all of the patents-in-suit.  During an IPR, the patent owner may seek to amend the claims.  35 U.S.C. § 316(d).  While the patent owner is not permitted to expand the scope of the claims, the patent owner may seek to narrow the claims such as to avoid invalidating prior art.  When there is parallel litigation, such as here, there is a risk that the patent owner may seek to use the IPR claim amendment process to draft claims that read directly on the accused product in the litigation (adding limitations that recite unique features of the accused product), while at the same time avoid invalidating prior art.  *See, e.g.*, *Software Rights Archive, LLC v. Facebook, Inc.*, 2014 U.S. Dist. LEXIS 4673, *10 (N.D. Cal. Jan. 13, 2014).  This provides the patent owner with an opportunity to improve its position on the strength of protected information that it otherwise would not have had access to but for the litigation it initiated.  *See, e.g.*, *Voice Domain Techs., LLC v. Apple, Inc.*, 2014 U.S. Dist. LEXIS 143903, *23–24, 27 (D. Mass. Oct. 8, 2014) ("[E]ven in a reexamination proceeding, a patent owner can use confidential information to restructure or amend its claims so as to improve its litigation position against alleged infringers.").  Allowing persons with access to Patent Sensitive discovery from this litigation to participate in amending claims in the IPR process would be highly unfair and prejudicial to Defendants.

For this reason, courts across the country have approved protective orders that would prohibit litigation counsel from participating in claim drafting during an IPR.  *See, e.g.*, *id.* (prohibiting drafting or amending claims in post-grant proceeding); *Endo Pharms. Inc. v. Actavis Inc.*, 2014 U.S. Dist. LEXIS 112642, *18, 26 (S.D.N.Y. Aug. 13, 2014) (same); *Prolitec Inc. v.*

*ScentAir Techs., Inc.*, 945 F. Supp. 2d 1007, 1012 (E.D. Wis. 2013) (same); *Grobler v. Apple Inc.*, 2013 U.S. Dist. LEXIS 65048, *6–8 (N.D. Cal. May 7, 2013) (same); *see also Telebuyer, LLC v. Amazon.com, Inc.*, 2014 U.S. Dist. LEXIS 147049, *19 (W.D. Wash. July 7, 2014). Indeed, the model patent prosecution bar adopted by the U.S. District Court for the Northern District of California that Energetiq submitted to the Court on August 25 **includes a prosecution bar that extends to IPR proceedings**. *See* Dkt. No. 141-2 ¶ 8; *Software Rights Archive, LLC v. Facebook, Inc.*, 2014 U.S. Dist. LEXIS 4673, *10 (N.D. Cal. Jan. 13, 2014) ("[T)he court confirms that the model order's prosecution bar covers IPR proceedings."). Energetiq represented to the Court that the N.D. Cal. patent prosecution bar is a "good example." Dkt. No. 141 at 6 n.5. Defendants agree.

Absent Defendant's underlined language, however, the prosecution bar here exposes Defendants to a risk of inadvertent disclosure during IPRs. The prosecution bar provides only that "no such Affected Individual may use or rely upon 'HIGHLY CONFIDENTIAL – PATENT SENSITIVE' Information or Items or its knowledge thereof in connection with any such proceedings." In *In re Deutsche Bank Trust Co. Ams.*, 605 F.3d 1373 (Fed. Cir. 2010), however, the Federal Circuit recognized that such a provision may not offer adequate protection:

> Typically, protective orders include provisions specifying that designated confidential information may be used only for purposes of the current litigation. . . . Courts have recognized, however, that there may be circumstances in which even the most rigorous efforts of the recipient of [sensitive] information to preserve confidentiality in compliance with the provisions of such a protective order may not prevent inadvertent compromise. . . . "[I]t is very difficult for the human mind to compartmentalize and selectively suppress information once learned, no matter how well-intentioned the effort may be to do so."

*Id.* at 1378. Specifically, the court identified "strategically amending or surrendering claim scope during prosecution" as one circumstance in which such a provision may adequately not

protect against inadvertent disclosure.  *See id.* at 1380.  Thus, a risk of inadvertent disclosure exists notwithstanding the order's proscription against the use of Patent Sensitive information.

This risk to Defendants outweighs any potential burden to Energetiq.  Defendants' proposal would allow counsel to participate in a post-grant proceeding, while restricting counsel's ability to draft or amend claims in such a proceeding.  *See Voice Domain Techs.*, 2014 U.S. Dist. LEXIS 143903 at *26–27 (finding that such restriction "address[ed] this real concern while placing the least burden possible on [defendant]").  In IPRs, for example, motions to amend are separate filings, distinct from the patent owner's response to the petition addressing grounds for unpatentability.  Thus, Energetiq could easily create a wall between Proskauer attorneys that work on one or the other.  Nothing indicates that any other Proskauer attorney (who has not received Patent Sensitive information) is unable to draft or amend claims on behalf of Energetiq, or that Energetiq is alternatively unable to retain other outside counsel.  Accordingly, the risk of harm to Defendants outweighs any potential burden to Energetiq, and the Court should adopt Defendants' proposal.

| | |
|---|---|
| Dated: September 4, 2015 | Respectfully submitted, |

| | |
|---|---|
| */s/ Safraz W. Ishmael* | */s/ Kevin S. Prussia (with permission)* |
| Steven M. Bauer (BBO #542531)<br>Safraz W. Ishmael (BBO #657881)<br>S. James Boumil III (BBO #684361)<br>PROSKAUER ROSE LLP<br>One International Place<br>Boston, MA 02110-2600<br>Telephone: (617) 526-9600<br>Facsimile: (617) 526-9899<br>sbauer@proskauer.com<br>sishmael@proskauer.com<br>jboumil@proskauer.com<br><br>**ATTORNEYS FOR**<br>**ENERGETIQ TECHNOLOGY, INC.** | Kevin S. Prussia (BBO # 666813)<br>Shirley X. Li Cantin (BBO # 675377)<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>60 State Street<br>Boston, Massachusetts 02109<br>Tel: (617) 526-6000<br>Fax: (617) 526-5000<br>shirley.cantin@wilmerhale.com<br><br>James M. Dowd (Ca. Bar # 259578) (*pro hac vice*)<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>350 South Grand Avenue, Suite 2100<br>Los Angeles, CA 90071<br>Tel: (213) 443-5300<br>Fax: (213) 443-5400<br>james.dowd@wilmerhale.com<br><br>**ATTORNEYS FOR ASML**<br>**NETHERLANDS B.V., EXCELITAS**<br>**TECHNOLOGIES CORP., and QIOPTIQ**<br>**PHOTONICS GMBH & CO. KG,** |

## CERTIFICATE OF SERVICE

I hereby certify that, on September 4, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. A copy of the document will be served upon Plaintiff's counsel electronically via the CM/ECF system.

*/s/ Safraz W. Ishmael*
Safraz W. Ishmael