# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ENERGETIQ TECHNOLOGY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:15-cv-10240-LTS |
| | ) | |
| ASML NETHERLANDS B.V., | ) | |
| EXCELITAS TECHNOLOGIES CORP., and | ) | |
| QIOPTIQ PHOTONICS GMBH & CO. KG, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PROTECTIVE ORDER

This action is brought by Plaintiff Energetiq Technology, Inc. ("Energetiq") against

Defendants ASML Netherlands B.V. ("ASML"), Excelitas Technologies Corp. ("Excelitas"),

and Qioptiq Photonics GmbH & Co. KG ("Qioptiq") (collectively, "Defendants").  The litigation

of this action may require the Parties or nonparties to disclose information that contains

proprietary, confidential, commercially sensitive, or otherwise nonpublic information.  If such

information is disclosed or disseminated in an unprotected manner, it may cause substantial harm

to Plaintiff, Defendants, and/or nonparties, including loss of competitive advantage, loss of

existing business, and loss of business opportunities.

The following Protective Order (the "Order") shall govern the handling of Disclosure or

Discovery Material in the above-styled action (the "Present Litigation").

## 1.    DEFINITIONS

1.1.   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of

information or items under this Order.

1.2.   <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), including material which reflects or contains any of the following: (i) confidential, proprietary, or commercially sensitive information; (ii) any information which is not generally known and which the Producing Party would not normally reveal to third parties or would cause third parties to maintain in confidence; or (iii) confidential information of a nonparty that the Producing Party is bound by a separate confidentiality agreement or court order to maintain in confidence and that the Producing Party is permitted to produce in the Present Litigation.

1.3.   <u>Counsel</u>: Outside Counsel of Record and In-House Counsel.

1.4.   <u>Designating Party</u>: a Party or Non-Party that designates Disclosure or Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – PATENT SENSITIVE."

1.5.   <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained, that are given or exchanged by and among the Parties and any Non-Parties in disclosures or responses to discovery in the Present Litigation.  Disclosure or Discovery Material may consist of, among other things, any document, electronically stored information, deposition, deposition exhibit, transcript, interrogatory response, admission, tangible thing, or any other information produced.

1.6.   <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the Present Litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in the Present Litigation, (2) is not a current or past employee of a Party, (3) is not a current employee of a Party's competitor, and (4) at the time of retention,

is not anticipated to become an employee of a Party or of a Party's competitor.

1.7.    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "'CONFIDENTIAL' Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.  Such information may include, for example:

(a)    information concerning proposed or actual research and development, whether or not such research and development has resulted in a commercial product that has been disclosed to the public;

(b)    business, marketing, or strategic proposals or plans;

(c)    customer, vendor and employee lists, whether targeted or actual; and

(d)    financial information, such as that related to expenses, costs, pricing, sales, or profits.

1.8.    "HIGHLY CONFIDENTIAL – PATENT SENSITIVE" Information or Items: extremely sensitive "'CONFIDENTIAL' Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means, such that it should not be available to persons involved in prosecuting patents relating to the subject matter of the disclosed information or items.  Such information or items may include information or items described in Section 1.7 above in addition to highly sensitive design, development, technical, or manufacturing information, and licensing agreements and communications.

1.9.    In-House Counsel: attorneys who are employees of a party to the Present Litigation.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

1.10.   <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a party to the Present Litigation.

1.11.   <u>Outside Counsel of Record</u>: law firms and/or attorneys that have been retained by a Party to provide advice in connection with the Present Litigation, have appeared in the Present Litigation on behalf of that Party, and are not employees of that Party.  Outside Counsel of Record includes attorneys, patent agents, paralegals, assistants, and stenographic, clerical, and support employees and vendors of the respective law firms and/or attorneys.

1.12.   <u>Party</u>: any party to the Present Litigation, including all of its officers, directors, employees, consultants, retained Experts, and Outside Counsel of Record.

1.13.   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in the Present Litigation.

1.14.   <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

1.15.   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – PATENT SENSITIVE."

1.16.   <u>Receiving Party</u>: a Party to whom Disclosure or Discovery Material is produced, disclosed, or made available for inspection from a Producing Party.

**2.    SCOPE**

The protections conferred by this Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts,

summaries, or compilations of Protected Material; and (3) any testimony, conversations, or

presentations by Parties or their Counsel that might reveal Protected Material.  However, the

protections conferred by this Order do not cover the following information: (a) any information

that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the

public domain after its disclosure to a Receiving Party as a result of publication not involving a

violation of this Order, including becoming part of the public record through a public trial or

otherwise; and (b) any information known to the Receiving Party prior to the disclosure or

obtained by the Receiving Party after the disclosure from a source who obtained the

information lawfully and under no obligation of confidentiality to the Designating Party.  Any

use of Protected Material at trial shall require a separate agreement or order.

**3.      DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by

this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all

claims and defenses in the Present Litigation, with or without prejudice; and (2) final judgment

after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of the

Present Litigation, including the time limits for filing any motions or applications for extension

of time pursuant to applicable law.

**4.      DESIGNATING PROTECTED MATERIAL**

A Party or Non-Party may designate Disclosure or Discovery Material, in whole or in

part, for protection under the provisions of this Order with one of the following designations:

"CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

"HIGHLY CONFIDENTIAL – PATENT SENSITIVE."

4.1.   <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each

Party or Non-Party that designates Disclosure or Discovery Material for protection under this

Order must take care to limit any such designation to specific material that qualifies under the

appropriate standards.  If it comes to a Designating Party's attention that material it designated

for protection do not qualify for protection or do not qualify for the level of protection initially

asserted, that Designating Party must promptly notify all other parties that it is withdrawing the

mistaken designation.

4.2.   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this

Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for

protection under this Order must be clearly so designated before the material is disclosed or

produced.  Disclosure or Discovery Material designated as "HIGHLY CONFIDENTIAL –

PATENT SENSITIVE" as set forth herein shall be further subject to the additional restrictions

and provisions of Sections 4.3 ("Inspection of 'HIGHLY CONFIDENTIAL – PATENT

SENSITIVE' Information or Items").

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents,

but excluding transcripts of depositions or other pretrial or trial proceedings), that the

Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – PATENT SENSITIVE" to

each page that contains protected material.

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that

the Designating Party identify on the record, before the close of the deposition, hearing, or

other proceeding, or within seven (7) business days after receipt of an official transcript of such

testimony, the specific portions of the testimony as to which protection is sought and specify the level of protection being asserted.  Unless otherwise agreed-upon between counsel for all Parties, all testimony shall be treated as "HIGHLY CONFIDENTIAL – PATENT SENSITIVE" in its entirety until the expiration of seven (7) business days after receipt of the official transcript by counsel.  After the expiration of that period, the transcript shall be treated only as actually designated.

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – PATENT SENSITIVE."

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored, or on a tag attached to the item to be designated, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – PATENT SENSITIVE."

4.3.    Access to and review of "HIGHLY CONFIDENTIAL – PATENT SENSITIVE" Information shall be strictly for the purpose of investigating claims and defenses at issue in the Present Litigation.  "HIGHLY CONFIDENTIAL – PATENT SENSITIVE" Information shall be kept in password protected databases that may only be accessed by persons that are permitted to view "HIGHLY CONFIDENTIAL – PATENT SENSITIVE" Information under

this Order.   Any hard copies of materials designated as "HIGHLY CONFIDENTIAL –

PATENT SENSITIVE" shall be kept in binders that are clearly marked, "HIGHLY

CONFIDENTIAL – PATENT  SENSITIVE:  SUBJECT TO COURT PROTECTIVE

ORDER," and only persons permitted to view such "HIGHLY CONFIDENTIAL – PATENT

SENSITIVE" Information under this Order may review such binders.  The Receiving Party

shall disclose to the Designating Party the names of attorneys and paralegals reviewing such

printed hard copies.  The Receiving Party shall also make good faith and reasonable efforts to

keep a log of the Designating Party's document production numbers that are printed into hard

copy, but any failure to log a document shall not be deemed a violation of this Order.

     4.4.   <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to

designate qualified information or items does not, standing alone, waive the Designating

Party's right to secure protection under this Order for such material.  Upon timely correction of

a designation, the Receiving Party must make reasonable efforts to assure that the material is

treated in accordance with the provisions of this Order.

**5.**	**CHALLENGING CONFIDENTIALITY DESIGNATIONS**

     5.1.   <u>Timing of Challenges</u>.  Any Party may challenge a designation of confidentiality

at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is

necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a

significant disruption or delay of the Present Litigation, a Party does not waive its right to

challenge a confidentiality designation by electing not to mount a challenge promptly after the

original designation is disclosed.

     5.2.   <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution

process by providing written notice of each designation it is challenging and describing the

basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the

written notice must recite that the challenge to confidentiality is being made in accordance with

this specific paragraph of the Order.  The parties shall attempt to resolve each challenge in good

faith and must begin the process by conferring within  seven (7) business days of the date of

service of notice.  In conferring, the Challenging Party must explain the basis for its belief that

the confidentiality designation was not proper and must give the Designating Party an

opportunity to review the designated material, to reconsider the circumstances, and, if no

change in designation is offered, to explain the basis for the chosen designation.  A Challenging

Party may proceed to the next stage of the challenge process only if it has engaged in this meet

and confer process first or establishes that the Designating Party is unwilling to participate in

the meet and confer process in a timely manner.

   5.3. <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court

intervention, the Challenging Party may file and serve a motion challenging a confidentiality

designation within twenty-one (21) days of the initial notice of challenge or within fourteen

(14) days of the parties agreeing that the meet and confer process will not resolve their dispute,

whichever is later.  Each such motion must be accompanied by a competent declaration

affirming that the movant has complied with the meet and confer requirements imposed by the

preceding paragraph.  Failure by the Challenging Party to timely make such a motion, including

the required declaration, shall automatically waive any challenge to the confidentiality

designation for each challenged designation.

   The burden of persuasion in any such challenge proceeding shall be on the Challenging

Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose

unnecessary expenses and burdens on other parties) may expose the Challenging Party to

sanctions.  All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 6.    ACCESS TO AND USE OF PROTECTED MATERIAL

6.1.    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with the Present Litigation, only for the purpose of prosecuting or defending the Present Litigation and any related appellate proceeding, and for no other purpose, including, without limitation, any commercial or business purpose, absent the prior written consent of the Producing Party or leave of the Court.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below ("FINAL DISPOSITION").

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

6.2.    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in the Present Litigation, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) a mutually agreed upon number of officers, directors, and employees (including In-House Counsel) for each Receiving Party to whom disclosure is reasonably

necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(c) Experts of the Receiving Party, as well as employees of said Expert, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(d) the Court, including the United States District Court for the District of Massachusetts, any appellate court with jurisdiction over any appeal from the Present Litigation, and their personnel assisting in adjudicative functions;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

6.3.    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – PATENT SENSITIVE" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – PATENT SENSITIVE" only to:

(a) the Receiving Party's Outside Counsel of Record in the Present Litigation, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and

Agreement to Be Bound," that is attached hereto as Exhibit A;

(b) Experts of the Receiving Party, as well as employees of said Expert, (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A, and (3) as to whom the procedures set forth in Section 6.4, below, have been followed;

(c) the Court, including the United States District Court for the District of Massachusetts, any appellate court with jurisdiction over any appeal from the Present Litigation, and their personnel assisting in adjudicative functions;

(d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A; and

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

6.4.   Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – PATENT SENSITIVE" Information or Items to Experts.

(a) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – PATENT SENSITIVE" first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –

PATENT SENSITIVE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within seven (7) days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party to try to resolve the matter by agreement within seven (7) days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion seeking permission from the Court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer

discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

## 7.    PROSECUTION BAR

Absent written consent from the Designating Party, any individual who receives "HIGHLY CONFIDENTIAL – PATENT SENSITIVE" Information or Items (the "Affected Individual") shall not be involved in the prosecution of patents or patent applications relating to laser-driven light sources or otherwise concerning the subject matter of  any patent or application asserted in the Present Litigation, before any foreign or domestic agency, including the United States Patent and Trademark Office.  For purposes of this Section 7 ("PROSECUTION BAR"), "prosecution" includes directly or indirectly advising on, consulting on, supervising on, preparing, prosecuting, drafting, editing, amending, and/or otherwise affecting patent applications, patent specifications, patent claims, and/or responses to office actions.

Notwithstanding the above, and to avoid any doubt, this Prosecution Bar does not preclude an Affected Individual from participating in proceedings on behalf of a Party challenging or defending an issued patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination, *inter partes* reexamination, or *inter partes* review) (a "Patent Adversarial Proceeding"), except to the extent that the Affected Individual participates directly or indirectly in drafting or amending claims during any such Patent Adversarial Proceeding on behalf of a patentee: provided, however, no such Affected

Individual may use or rely upon "HIGHLY CONFIDENTIAL – PATENT SENSITIVE" Information or Items or its knowledge thereof in connection with any such proceedings.

This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – PATENT SENSITIVE" Information or Item is first received by the Affected Individual and shall end two (2) years after the receipt of the information or one (1) year after final disposition as set forth in Section 3 ("DURATION"), whichever is later.  To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between persons who have reviewed "HIGHLY CONFIDENTIAL – PATENT SENSITIVE" Information and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application relating to laser-driven light sources or otherwise concerning the subject matter of any patent or application asserted in the Present Litigation ("Prosecuting Individuals").  An "Ethical Wall" may be created by prohibiting any Prosecuting Individuals from accessing HIGHLY CONFIDENTIAL – PATENT SENSITIVE Information or Items, and prohibiting any Prosecuting Individuals from partaking in discussions of or reviewing HIGHLY CONFIDENTIAL – PATENT SENSITIVE Information or Items.

## 8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in the Present Litigation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – PATENT SENSITIVE" that Party must:

(a) promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order.  Such notification shall include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in the Present Litigation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – PATENT SENSITIVE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material.  Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in the Present Litigation to disobey a lawful directive from another court.

9.    **NON-PARTY PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THE PRESENT LITIGATION**

The terms of this Order are applicable to information produced by a Non-Party in the Present Litigation and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – PATENT SENSITIVE." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

10.    **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures and all pertinent facts relating to such disclosures, (b) work in good faith with the Designating Party to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  The inadvertent or mistaken production of any Disclosure or Discovery Material by a Producing Party, without the designation required under Section 4 ("DESIGNATING PROTECTED MATERIAL"), above, shall not constitute a waiver of any claim that the inadvertently produced material is entitled to protection under this Order, if such inadvertent or mistaken production is brought to the attention of the Receiving Party promptly after the Producing Party's discovery of such disclosure.  Along with notice of inadvertent or mistaken production, the Producing Party shall provide properly marked Disclosure or Discovery Material to each party to whom Disclosure or Discovery Material was produced without proper designation.

## 12.     MISCELLANEOUS

12.1.    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2.    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Order no

Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

 12.3. <u>Filing Protected Material with the Court</u>.  All Protected Material which are filed with the Court shall be filed under seal in accordance with the Court' rules governing filing of such material.  All such materials so filed shall be released from confidential treatment only by order of the Court.

 12.4. <u>Use in Court Proceeding</u>.  In the event that any Protected Material is to be used in any court proceeding in connection with the Present Litigation, the Party that intends to use the material shall take all steps reasonably required to protect the confidentiality of the material during such use.

 12.5. <u>Discovery Subject to Foreign Law</u>.  The processing of data may be subject to the laws of the foreign country (e.g., the Netherlands and Germany) where the data resides, where the data controller resides, and/or where the data processing equipment resides.  This may include, without limitation, privacy and other laws that may restrict processing and disclosure of data in this case.  Any such application of foreign laws affecting the processing or disclosure of data shall be done in good faith and a party's belief that such rules apply to any discoverable material shall be disclosed and explained to the opposing Party no fewer than seven (7) days before the time the documents are due to be produced pursuant to a request for documents.

 12.6. <u>Discovery Subject to United States Regulations</u>.  The processing of data may be subject to the export authority of the United States State Department under the International Traffic in Arms Regulations, 22 C.F.R. §§ 120 et seq. ("ITAR").  Accordingly, the processing of data in this case shall be subject to and in compliance with ITAR.  This includes, without

limit, the requirement that data subject to ITAR may only be disclosed to a "U.S. person" as

defined by 22 C.F.R. § 120.15.  Such data may not be disclosed to any "foreign person" as

defined by 22 C.F.R. § 120.16, or otherwise exported as defined by 22 C.F.R. § 120.17, unless

and until appropriate export authority has been obtained and a party's belief that such rules

apply to any discoverable material shall be disclosed and explained to the opposing Party no

fewer than seven (7) days before the time the documents are due to be produced pursuant to a

request for documents.

**13.    FINAL DISPOSITION**

Within sixty (60) days after the final disposition of the Present Litigation, as defined in

Section 3 ("DURATION"), each Receiving Party must return all Protected Material to the

Producing Party or destroy such material.  As used in this subdivision, "all Protected Material"

includes all copies, abstracts, compilations, summaries, and any other format reproducing or

capturing any of the Protected Material.  Whether the Protected Material is returned or

destroyed, the Receiving Party must submit a written certification to the Producing Party (and,

if not the same person or entity, to the Designating Party) by the 60-day deadline that (1)

identifies (by category, where appropriate) all the Protected Material that was returned or

destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts,

compilations, summaries or any other format reproducing or capturing any of the Protected

Material.  Notwithstanding this provision, Counsel are entitled to retain one archival copy of all

pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

correspondence, deposition and trial exhibits, expert reports, attorney work product, and

consultant and expert work product, even if such materials contain Protected Material.  Any

such archival copies that contain or constitute Protected Material remain subject to this Order as

set forth in Section 3 ("DURATION").


SO ORDERED this _____ day of _____, 2015.


_____
UNITED STATES DISTRICT JUDGE



Dated:  September 14, 2015                    Respectfully submitted,




/s/ Safraz W. Ishmael                         /s/ Kevin S. Prussia (with permission)

Steven M. Bauer (BBO #542531)          Kevin S. Prussia (BBO #666813)
Safraz W. Ishmael  (BBO #657881)       Shirley X. Li Cantin (BBO # 675377)
S. James Boumil III (BBO #684361)       Wilmer Cutler Pickering Hale and Dorr LLP
PROSKAUER ROSE LLP                      60 State Street
One International Place                        Boston, Massachusetts 02109
Boston, MA  02110-2600                     Tel:  (617) 526-6000
Telephone: (617) 526-9600                   Fax:  (617) 526-5000
Facsimile: (617) 526-9899                    kevin.prussia@wilmerhale.com
sbauer@proskauer.com                        shirley.cantin@wilmerhale.com
sishmael@proskauer.com
jboumil@proskauer.com                       James M. Dowd (Ca. Bar # 259578) (*pro hac vice*)
                                             Wilmer Cutler Pickering Hale and Dorr LLP
**ATTORNEYS FOR**                           350 South Grand Avenue, Suite 2100
**ENERGETIQ TECHNOLOGY, INC.**              Los Angeles, CA 90071
                                             Tel:  (213) 443-5300
                                             Fax:  (213) 443-5400
                                             james.dowd@wilmerhale.com

                                             **ATTORNEYS FOR ASML**
                                             **NETHERLANDS B.V., EXCELITAS**
                                             **TECHNOLOGIES CORP., and QIOPTIQ**
                                             **PHOTONICS GMBH & CO. KG,**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| ENERGETIQ TECHNOLOGY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:15-cv-10240-LTS |
| | ) | |
| ASML NETHERLANDS B.V., | ) | |
| EXCELITAS TECHNOLOGIES CORP., and | ) | |
| QIOPTIQ PHOTONICS GMBH & CO. KG, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court for the District of

Massachusetts in the case of *Energetiq Technology, Inc. v. ASML Netherlands B.V., et al.*, Civil

Action No. 1:15-cv-10240-LTS.  I agree to comply with and to be bound by all the terms of this

Order and I understand and acknowledge that failure to so comply could expose me to sanctions

and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any

manner any information or item that is subject to this Order to any person or entity except in

strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

District of Massachusetts for the purpose of enforcing the terms of this Order, even if such

enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address

and telephone number] as my Massachusetts agent for service of process in connection with

this action or any proceedings related to enforcement of this Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____