# Exhibit 8

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **ZECOTEK IMAGING SYSTEMS PTE. LTD.**, *et al.* ) | |
| ) | CASE NO. 5:12-cv-01533 |
| Plaintiffs, ) | |
| ) | JUDGE SARA LIOI |
| v. ) | |
| ) | |
| **SAINT-GOBAIN CERAMICS & PLASTICS, INC.**, *et. al.*, ) | |
| ) | **DEFENDANTS' REPLY IN SUPPORT** |
| Defendants. ) | **OF MOTION FOR LEAVE TO AMEND** |
| ) | **ANSWERS, AFFIRMATIVE DEFENSES** |
| ) | **AND COUNTERCLAIMS** |

**TABLE OF CONTENTS**

|     |     | Page |
| --- | --- | ---: |
| I.  | INTRODUCTION | 1 |
| II. | ARGUMENT | 1 |
| A.  | Defendants' Proposed Amendments Are Well Pled and Not Futile. | 2 |
| 1.  | Defendants Have Properly Pled Spoliation Both as an Affirmative Defense and as an Independent Cause of Action. | 3 |
| a.  | Defendants May Assert Spoliation as an Independent Cause of Action. | 3 |
| b.  | Defendants Have Properly Alleged Spoliation. | 5 |
| 2.  | Defendants Have Properly Pled Inequitable Conduct. | 6 |
| 3.  | Saint-Gobain Has Sufficiently Pled a Claim for Defamation. | 9 |
| B.  | If Needed, Defendants Should Be Granted Leave to Further Amend. | 10 |
| III. | CONCLUSION | 11 |

**TABLE OF AUTHORITIES**

Page

**Cases**

*Akron-Canton Waste Oil, Inc. v. Safety-Kleen Oil Serv., Inc.*,
611 N.E.2d 955 (Ohio 1992) .......................................................................................... 9

*Boggs v. Scotts Co.*,
No. 04-425, 2005 WL 647560 (Ohio Ct. App. 2005) ................................................... 6

*Bridge v. Ocwen Federal Bank FSB*,
No. 1:07-CV-02739, 2013 WL 331095 (N.D. Ohio Jan. 29, 2013) .......................... 4

*Cincinnati Ins. Co. v. Gen. Motors Corp.*,
6th Dist. No. 94–OT–017, 1994 WL 590566 ............................................................. 3

*Davis v. Spriggs*,
No. 09CAE090082, 2010 WL 4881491 (Ohio Ct. App. Nov. 24, 2010) ................. 4

*Delano Farms Co. v. California Table Grape Commission*,
655 F.3d 1337 (Fed. Cir. 2011) ............................................................................. 7, 8

*Elevators Mut. Ins. Co. v. J. Patrick O'Flaherty's, Inc.*,
928 N.E.2d 685 (Ohio 2010) ..................................................................................... 4

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
575 F.3d 1312 (Fed. Cir. 2009) ................................................................................ 7

*Francis v. Altiere*,
No. 4:08CV55, 2013 WL 5719444 (N.D. Ohio Oct. 21, 2013) ............................... 2

*Fred Martin Motor Co. v. Crain Comm., Inc.*,
No. 5:12CV1479, 2013 WL 626499 (N.D. Ohio Feb. 20, 2013) ............................ 2

*Hess v. Norfolk Southern Railway Co.*,
795 N.E.2d 91 (Ohio App. 2003) ......................................................................... 3, 4

*JPMorgan Chase Bank, N.A. v. Winget*,
510 F.3d 577 (6th Cir. 2007) .................................................................................... 2

*Kelley v. Buckley*,
950 N.E.2d 997 (Ohio Ct. App. 2011) ..................................................................... 4

*Mehta v. Ohio Univ.*,
958 N.E.2d 598 (Ohio Ct. App. 2011) ................................................................. 9, 10

*Mezibov v. Allen*,
411 F.3d 712 (6th Cir. 2005) .................................................................................... 2

*Outside the Box Innovations, LLC v. Travel Caddy, Inc.*,
695 F.3d 1285 (Fed. Cir. 2012) ................................................................................ 8

*Smith v. Howard Johnson Co., Inc.*,
615 N.E.2d 1037 (Ohio 1993) .............................................................................. 3, 5

*Therasense, Inc. v. Becton, Dickinson & Co.*,
 649 F.3d 1276 (Fed. Cir. 2011) ........................................................................................... 7
*Vail v. Plain Dealer Publishing Co.*,
 649 N.E.2d 182 (Ohio 1995) ............................................................................................. 10
*White v. Equity, Inc.*,
 945 N.E.2d 536 (Ohio Ct. App. 2010) ................................................................................ 6

**Regulations**

37 C.F.R. § 1.27(h) ...................................................................................................................... 8

## I. INTRODUCTION

Defendants Saint-Gobain Ceramics & Plastics, Inc. ("Saint-Gobain"), Philips Healthcare Informatics, Inc. d/b/a Philips Healthcare and Philips Medical Systems (Cleveland), Inc. (together, "Philips") have timely moved to amend their affirmative defenses and counterclaims to add counts of spoliation, defamation and inequitable conduct based on information that has come to light in the course of discovery. Although they complain of some delay, Plaintiffs do not, and cannot, contend that Defendants have delayed unduly in seeking leave to add the new allegations, nor do Plaintiffs allege that they would be prejudiced in any way by the proposed amendments. Instead, they argue only that the proposed amendments are futile because they would not survive a motion to dismiss.

Plaintiffs misstate applicable law and wrongly urge this Court to decide whether, on the facts alleged, Defendants will ultimately prevail on the merits of their proposed new claims. Each of Defendants' proposed new affirmative defenses and counterclaims is viable under applicable law has been adequately pled. Defendants should therefore be granted leave to amend their pleadings in the forms appended to Defendants' motion as Exhibits A and B.

## II. ARGUMENT

Plaintiffs' sole basis for opposing Defendants' motion is that amendment would be futile.[1] In evaluating whether a proposed amendment would be futile, a court need consider the merits of the proposed new claims only to the degree needed to decide whether they are "clearly futile" due to a facial lack of merit, frivolousness, lack of jurisdiction or other obvious legal

---

[1] At times Plaintiffs suggest that Defendants delayed in seeking leave to amend, but they do not claim that any purported delay was undue, nor do they allege that they have been prejudiced by the timing of Defendants' motion. Defendants will accordingly not respond further on this issue.

defect. *Fred Martin Motor Co. v. Crain Comm., Inc.*, No. 5:12CV1479, 2013 WL 626499, *2 (N.D. Ohio Feb. 20, 2013) (Lioi, J.) (citations omitted).

In assessing the sufficiency of a pleading under Rule 12(b)(6), all well-pleaded material allegations of the pleadings of the opposing party (here, Defendants) must be taken as true. *Francis v. Altiere*, No. 4:08CV55, 2013 WL 5719444, *3 (N.D. Ohio Oct. 21, 2013) (Lioi, J.) (citing *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007)). A party may plead either direct or inferential allegations containing the material elements to sustain a recovery under some viable legal theory. *See Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Defendants in this case have pled sufficient facts to establish each of their defenses and counterclaims, and their motion to amend should accordingly be granted.

**A.      Defendants' Proposed Amendments Are Well Pled and Not Futile.**

None of Plaintiffs' challenges to Defendants' proposed amendments is well founded.

First, Plaintiffs wrongly assert that only a plaintiff, and not a defendant, can assert a claim for spoliation under Ohio law. To the contrary, spoliation counterclaims have been litigated repeatedly in both state and federal Ohio courts. Defendants have properly alleged all elements of their spoliation claim and should be permitted to amend their pleadings to assert it, both as an affirmative defense and as an independent cause of action.

Second, Defendants have properly pled inequitable conduct. Plaintiffs simply ignore the pertinent allegations in Defendants' proposed amendment to make a half-hearted challenge to the sufficiency of that pleading. Plaintiffs' true challenge to Defendants' inequitable conduct charge is on the ultimate merits of the claim, which is an issue to be joined at a later time. For now, Defendants have properly pled inequitable conduct and should be allowed to pursue that claim.

Third, Saint-Gobain has adequately alleged the elements of its defamation counterclaim against Zecotek. Plaintiffs fail to recognize that a cause of action for defamation is available against any party who causes a defamatory statement to be published, in this case Zecotek, through its Chief Financial Officer Michael Minder. Saint-Gobain has alleged specific publications of defamatory statements that are expressly attributed to Mr. Minder. Those allegations adequately plead defamation and Saint-Gobain should be permitted to pursue them.

### 1. Defendants Have Properly Pled Spoliation Both as an Affirmative Defense and as an Independent Cause of Action.

#### a. Defendants May Assert Spoliation as an Independent Cause of Action.

In arguing that spoliation is not available as a counterclaim under Ohio law, Plaintiffs seriously mischaracterize *Hess v. Norfolk Southern Railway Co.*, 795 N.E.2d 91 (Ohio App. 2003). Plaintiffs cite *Hess* for the proposition that the seminal Ohio case which recognized spoliation as an independent tort, *Smith v. Howard Johnson Co., Inc.*, 615 N.E.2d 1037 (Ohio 1993), "is confined to spoliation of evidence caused by the defendant injuring the plaintiff's case." Plaintiffs' Opposition to Motion to Amend ("Pl. Opp."), at 4 (quoting *Hess*, 795 N.E.2d at 99). But here is what the *Hess* court actually said:

> Spoliation of evidence was recognized in Ohio as an independent tort in *Smith v. Howard Johnson Co.* (1993), 67 Ohio St.3d 28, 615 N.E.2d 1037. In *Smith,* the court delineated the elements for evidence spoliation: (1) pending or probable litigation involving the plaintiff, (2) knowledge on the part of the defendant that litigation exists or is probable, (3) willful destruction of evidence by the defendant designed to disrupt plaintiff's case, and (4) damages proximately caused by the defendant's acts.
>
> While *Smith* is confined to spoliation of evidence caused by the defendant injuring the plaintiff's case, *Cincinnati Ins. Co. v. Gen. Motors Corp.* (Oct. 28, 1994), 6th Dist. No. 94–OT–017, 1994 WL 590566, ***equally applies similar preservation duties to a plaintiff.***

3

*Hess*, 795 N.E.2d at 99 (emphasis added).

The plaintiffs in *Hess* were railroad employees who sued their employer claiming that they suffered from lung cancer due to asbestos in the workplace. Several of them died before trial. At trial, the employer moved to preclude the plaintiffs from offering evidence of the decedents' cause of death, arguing that the plaintiffs had prevented it from obtaining a full autopsy of the decedents and thus spoliated potentially relevant evidence. The trial court denied that motion. The appellate court affirmed, finding that the employer had failed to establish all the elements of spoliation (including, *e.g.*, the deliberate destruction or alteration of evidence), and thus was not entitled to the evidentiary sanction it had sought, *i.e.*, a rebuttable presumption of prejudice caused by the purported destruction of relevant evidence. *See id.*

The *Hess* court never addressed the question of whether defendants may assert counterclaims for the independent tort of spoliation, and nothing in that decision can be construed to suggest that defendants are barred from doing so. To the contrary, numerous defendants have pursued spoliation counterclaims in both state and federal Ohio courts. *See, e.g., Kelley v. Buckley*, 950 N.E.2d 997, 1004 (Ohio Ct. App. 2011); *Davis v. Spriggs*, No. 09CAE090082, 2010 WL 4881491 (Ohio Ct. App. Nov. 24, 2010); *Elevators Mut. Ins. Co. v. J. Patrick O'Flaherty's, Inc.*, 928 N.E.2d 685 (Ohio 2010); *Bridge v. Ocwen Federal Bank FSB*, No. 1:07-CV-02739, 2013 WL 331095 (N.D. Ohio Jan. 29, 2013).

Plaintiffs may attribute their misreading of *Hess* to the unreported decision in *Reliance Ins. Co. v. Keybank U.S.A.*, Case No. 1:01 CV 62 (N.D. Ohio Aug. 25, 2005) upon which they rely. *See Reliance*, slip op., at 5 (appended to Pl. Opp.) (citing *Hess* for the proposition that "at least one Ohio court of appeals has interpreted *Smith* as precluding a defendant from asserting a claim for spoliation"). To the extent that *Reliance* miscites *Hess*, it is in error. The *Reliance*

court's refusal to allow a defendant to pursue a spoliation counterclaim is also at odds with the state and federal Ohio courts that have allowed such claims. *See supra.* Notably, however, even the *Reliance* court acknowledged that defendants who are pursuing counterclaims of their own – as Defendants are here – may allege a spoliation counterclaim relating to the destruction of evidence relevant to those claims. *See Reliance*, slip op., at 6 (citing treatise for the proposition that "the plaintiff in the spoliation case is almost always the plaintiff in the underlying case unless, possibly, [the] defendant in the underlying case is a counterclaimant…").

Here, Defendants have already asserted counterclaims seeking declaratory judgments of invalidity, non-infringement and unenforceability. Because Plaintiffs have destroyed evidence bearing on those counterclaims, Defendants are entitled to seek relief for that spoliation both as an independent cause of action and as an affirmative defense. In their amended pleadings, Defendants properly plead both. *See, e.g.,* Defendants' Motion to Amend ("Motion"), at Ex. A (Saint-Gobain's Seventh Affirmative Defense and Counterclaim Count IV).[2]

### b. Defendants Have Properly Alleged Spoliation.

To recover on a claim for spoliation of evidence, a party must show: (1) pending or probable litigation involving the parties; (2) knowledge on the part of the other party that litigation exists or is probable; (3) willful destruction of evidence by the other party designed to disrupt the claimant's case; (4) disruption of the claimant's case; and (5) damages proximately caused by the defendant's acts. *Smith*, 615 N.E.2d at 1038. Of these elements, Plaintiffs dispute only the sufficiency of Defendants' allegations regarding "willful destruction." In doing so, however, they cherry pick language to support their arguments, while ignoring Defendants' allegations specifically directed to Plaintiffs' willful destruction of evidence.

---

[2] If this Court should deny Defendants leave to pursue an independent cause of action for spoliation, Defendants nevertheless request leave to amend their pleadings to assert spoliation as an affirmative defense.

5

To state a claim for spoliation, Defendants need only allege that Plaintiffs' destruction of evidence was willful and the basis for that belief. *See White v. Equity, Inc.*, 945 N.E.2d 536, 543 (Ohio Ct. App. 2010) (post-*Twombly* case reversing lower court and finding party stated claim for spoliation after alleging willful destruction "on information and belief"). Defendants' proposed pleadings do just that. In particular, Defendants allege that: (a) Plaintiffs destroyed and/or failed to preserve critical information (and, indeed, have admitted to doing so); (b) Plaintiffs were represented by their counsel of record in this case throughout the period of that destruction; (c) throughout the period of destruction Plaintiffs and their counsel were engaged in pre-suit testing and other activity in anticipation of this litigation that they intended to shield, and took affirmative steps to shield, from discovery; (d) in view of these facts, on information and belief Plaintiffs' destruction of clearly relevant evidence was willful; and (e) Plaintiffs' spoliation resulted in damage to Defendants. *See, e.g.,* Motion, at Ex. A, Count IV, at ¶¶ 26-28. These allegations are sufficient to plead spoliation. *See White*, 945 N.E.2d at 543.[3]

To the extent Plaintiffs dispute Defendants' allegation of willful destruction, they are free to defend against the claim on its merits. At this stage, however, Defendants have sufficiently pled a claim for spoliation and should be permitted to amend their pleadings accordingly.

### 2. Defendants Have Properly Pled Inequitable Conduct.

Plaintiffs challenge Defendants' proposed inequitable conduct claim for two reasons: (1) Plaintiffs claim that Defendants do not allege a specific intent to deceive the U.S. Patent Office ("USPTO" or "PTO"); and (2) they argue that Defendants have not alleged that Plaintiffs'

---

[3] Plaintiffs cite *Boggs v. Scotts Co.*, No. 04-425, 2005 WL 647560 (Ohio Ct. App. 2005) for the proposition that Defendants' allegations of willful destruction are not adequately supported by factual assertions. *See* Pl. Opp., at 5-6. *Boggs* does not support Plaintiffs' argument, but rather states only that to be actionable under Ohio law, spoliation must be willful rather than merely negligent. *See Boggs*, 2005 WL 647560, at *9. Here, Defendants have expressly alleged willful spoliation.

6

misrepresentation to the PTO was material. Here too, Plaintiffs misapprehend applicable case law and ignore key portions of Defendants' proposed pleadings.

A charge of inequitable conduct based on a failure to disclose will survive a motion to dismiss if the pleading recites facts from which a factfinder may reasonably infer that a party made a material misrepresentation to the PTO and did so with the intent of deceiving the PTO. *See, e.g., Delano Farms Co. v. California Table Grape Commission,* 655 F.3d 1337, 1350 (Fed. Cir. 2011); *Exergen Corp. v. Wal-Mart Stores, Inc.,* 575 F.3d 1312, 1327 n.3 (Fed. Cir. 2009). Defendants are **not** required to prove at the pleading stage that the inference of deceptive intent is the only reasonable inference to be drawn from all facts. *See, e.g., Delano Farms*, 655 F.3d at 1350 (reversing Rule 12(b)(6) dismissal of plaintiff's inequitable conduct claim because plaintiff had alleged sufficient facts that "a reasonable jury could infer" that inequitable conduct had occurred). Although the Federal Circuit in *Therasense, Inc. v. Becton, Dickinson & Co.,* 649 F.3d 1276 (Fed. Cir. 2011), may have created a heightened standard for **proving** inequitable conduct, it did not raise the bar for **pleading** inequitable conduct. *Cf. Delano Farms*, 655 F.3d at 1350 (post-*Therasense* case).

Plaintiffs first wrongly assert that Defendants have failed to allege that Zecotek intended to deceive the USPTO when it falsely claimed small entity status. On the contrary, Defendants specifically allege that: (a) Zecotek, through its counsel, falsely claimed small entity status to take advantage of the reduced filing fees associated with that status; (b) Zecotek's prosecution counsel knew full well that Zecotek had licensed its invention to a large defense contractor, which as a matter of law prohibited Zecotek from claiming small entity status; and (c) Zecotek's false claim of small entity status notwithstanding that disqualifying license was not inadvertent, given Zecotek's simultaneous attempts to exploit the license to secure accelerated consideration

7

of its patent application. *See* Motion, Ex. A, Tenth Affirmative Defense, at ¶¶ 37-41. Defendants then **expressly allege** an intent to deceive the PTO in view of these facts – an allegation that Plaintiffs simply ignore. *See id.*, Counterclaim Count III, ¶ 18 ("Moreover, Zecotek…committed inequitable conduct before the USPTO by falsely claiming small entity status and paying reduced small entity fees for the issue fee and first annuity fee to which Zecotek was not entitled, ***with an intent to deceive the USPTO***.") (emphasis added).

Plaintiffs also challenge Defendants' allegations regarding the materiality of Zecotek's false claim of small entity status. That misrepresentation is material as a matter of law, as reflected both in the regulation cited in Defendants' amended pleadings and case law cited by Plaintiffs themselves. *See id.,* Counterclaim Count III, at ¶ 19 (citing 37 C.F.R. § 1.27(h)), which states that if a party "improperly and with intent to deceive" establishes status as a small entity or pays small entity fees, that party has engaged in fraud on the PTO); *see also Outside the Box Innovations, LLC v. Travel Caddy, Inc.*, 695 F.3d 1285, 1294 (Fed. Cir. 2012) (noting that a false claim of small entity status may be *per se* material). Defendants have thus clearly alleged both a material misrepresentation by Zecotek and its counsel to the PTO (with appropriate specificity as to the "who, what, when, where and how") and a corresponding intent to deceive the PTO, which fully satisfies the requirements for pleading a claim of inequitable conduct.[4]

---

[4] Plaintiffs are of course free to defend against the charge of inequitable conduct on its merits at a later stage in the proceedings. In doing so, however, the Federal Circuit's decision in *Outside the Box* is not likely to help them. In that case, the Federal Circuit noted that "there was no evidence that anyone involved in the patent prosecution knew that a patent license had been granted to a larger entity and deliberately withheld that information in order to pay small entity fees." *Outside the Box*, 695 F.3d at 1294. In this case, by contrast, Zecotek's prosecution counsel knew full well of the license that disqualified Zecotek from claiming small entity status.

8

### 3. Saint-Gobain Has Sufficiently Pled a Claim for Defamation.

Saint-Gobain's counterclaim for defamation has been adequately pled and would survive a motion to dismiss. Under Ohio law, the elements of defamation are: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault amounting at least to negligence on the part of the publisher; and (4) harm caused by the publication. *Akron-Canton Waste Oil, Inc. v. Safety-Kleen Oil Serv., Inc.*, 611 N.E.2d 955, 962 (Ohio 1992). Saint-Gobain has cited several examples of Zecotek's defamatory statements, all of which it discovered in the course of these proceedings. Although some of those statements may now be outside the statute of limitations, Plaintiffs do not dispute that at least one instance of defamation, from June 2013, is not. Instead, Plaintiffs challenge the sufficiency of Saint-Gobain's pleading as to that allegation on the grounds that the defamatory statements were published in an article authored by a third party.

Ohio courts recognize a cause of action for defamation against an individual who makes defamatory statements to a third party who, in turn, publishes the information. *See Mehta v. Ohio Univ.*, 958 N.E.2d 598, 615 (Ohio Ct. App. 2011) (reversing lower court and finding that professor stated claim against university for defamatory statements made by dean that were published in a report regarding plagiarism at the school). Thus, the fact that Zecotek's Chief Financial Officer, Michael Minder, was able to persuade a third party author to repeat his defamatory statements does not insulate Zecotek from liability for those statements. The author of the article clearly attributes to Mr. Minder the "facts" that form the basis for his opinions expressed therein, *viz.*, Mr. Minder's allegation that Saint-Gobain was given access to – and then "willfully stole" – Zecotek's "secret sauce" of chemical formulas. Motion, Ex. A, Counterclaim Count V, at ¶ 33. As Saint-Gobain has alleged, these statements were false, published to a third

9

party with a complete disregard as to their truthfulness, and caused *per se* harm to Saint-Gobain's reputation and its business. *Id.* Saint-Gobain has thus properly alleged a claim for defamation.

Plaintiffs' contention that the defamatory statements attributed to Mr. Minder are opinion rather than fact is equally unavailing. The central factor in determining whether a statement is fact or opinion is whether the statement may be objectively proven or disproven. *Mehta*, 958 N.E.2d at 609. Mr. Minder's statement that Saint-Gobain was given access to, and then "willfully stole," Zecotek's confidential chemical formulas can be – and will be – disproven. The objectively verifiable nature of Mr. Minder's defamatory statement requires that it be considered an assertion of fact. Moreover, Mr. Minder's defamatory statements would be actionable even if they were viewed as an opinion. Under Ohio law, even where a statement can arguably be considered an opinion, when the speaker "implies that he has first-hand knowledge that substantiates the opinions he asserts… the expression of opinion becomes as damaging as an assertion of fact" and is equally actionable. *Id.* (citing *Vail v. Plain Dealer Publishing Co.*, 649 N.E.2d 182, 186 (Ohio 1995)). Mr. Minder represented his first-hand knowledge to the author of the article who then relied upon those statements to write his article. Any argument that Mr. Minder's statements were not defamatory is wholly without merit.

### B. If Needed, Defendants Should Be Granted Leave to Further Amend.

Defendants have provided a sufficient basis for amending their pleadings. As described above, there are adequate grounds to maintain all of the claims against Plaintiffs. To the extent the Court finds any deficiency in the proposed amended pleadings, Defendants request leave to provide supplemental amended pleadings to address those deficiencies.

### III.     CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant them leave to file the proposed amended pleadings appended as Exhibits A and B to their motion, together with such other and further relief, including costs and attorneys' fees to the extent permitted by law, that this Court may deem proper

<div style="margin-left: 40%;">

Respectfully submitted,

/s/  Tracy Zurzolo Quinn
Kip T. Bollin  (0065275)
Thompson Hine LLP
3900 Key Center, 127 Public Square
Cleveland, OH 44114
Tel: (216) 566-5500
Fax: (216) 566-5800
kip.bollin@thompsonhine.com

Kirsten R. Rydstrom (admitted *pro hac vice*)
Email: krydstrom@reedsmith.com
REED SMITH LLP
Reed Smith Centre, 225 Fifth Avenue
Pittsburgh, PA 15222-2716
Telephone: (412) 288-3131
Facsimile: (412) 288-3063

Tracy Zurzolo Quinn (admitted *pro hac vice*)
Email: tquinn@reedsmith.com
Matthew P. Frederick (admitted *pro hac vice*)
Email: mfrederick@reedsmith.com
REED SMITH LLP
2500 One Liberty Place
Philadelphia, PA 19103-7301
Phone: (215) 851-8100
Fax: (215) 851-1420

*Counsel for Defendant*
*Saint-Gobain Ceramics & Plastics, Inc.*

</div>

/s/ Brian A. Rosenthal
Brian A. Rosenthal
BRosenthal@mayerbrown.com
Robert E. McBride
RMcbride@mayerbrown.com
Mayer Brown LLP
1999 K Street, N.W.
Washington, DC 20006-1101
Phone: (202) 263-3446
Fax: (202) 263-5388

*Counsel for Defendants Philips Healthcare Informatics, Inc. and Philips Medical Systems (Cleveland), Inc.*

Case 5:15-cv-01023-SL Doc #: 186 Filed: 04/24/19 Page 17 of 18. PageID #: 2859
Case 1:15-cv-01524-GLT-SO Document 62-1 Filed 09/15/17. Page 17 of 18

12

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served via the Court's electronic notification system on all counsel of record on January 24, 2014.


/s/ Tracy Zurzolo Quinn
*Counsel for Defendant Saint-Gobain*