UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ENERGETIQ TECHNOLOGY, INC., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 15-10240-LTS ) |
| ASML NETHERLANDS B.V., EXCELITAS TECHNOLOGIES CORP., and QIOPTIQ PHOTONICS GMBH & CO. KG, | ) ) ) ) ) ) |
| Defendants. | ) ) |

ORDER ON MOTION TO DISMISS COUNTERCLAIMS

September 17, 2015

SOROKIN, J.

Plaintiff moves to dismiss the various counterclaims asserted by Defendants arising from alleged inequitable conduct by Dr. Smith, specifically that he, allegedly, deliberately misled the Patent Office when he claimed small entity status in certain patent filings. Doc. No. 136. To survive the motion, the claims must state plausible claims for relief, <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009), and, given the nature of these claims, comply with the requirements of Federal Rule of Civil Procedure 9(b).

Defendants' pleading sufficiently and specifically identifies the challenged statements and the plausible factual basis for their assertion of deliberate misrepresentation. The dispute presented by the motion concerns whether the misrepresentation alleged can support an inequitable conduct defense.

Defendants make no argument, nor could they, that the amount of the fees paid bore on the merits of the patent applications. Rather, they point out that the Federal Circuit "recognizes an exception [to the requirement of but-for materiality] in cases of affirmative egregious misconduct," Therasense, Inc. v. Becton, Dickinson & Co., 649 F.3d 1276, 1292 (Fed. Cir. 2011), which aims at "patentee['s] . . . engag[ing] in affirmative acts of egregious misconduct, such as the filing of an unmistakably false affidavit." Id. The Patent Office regulations define as a "fraud practiced or attempted on the Office" the payment of small entity fees coupled with an "intent to deceive." 37 C.F.R. § 1.27(h)(2). Of course, "[a]s an equitable doctrine, inequitable conduct hinges on basic fairness," Therasense, 649 F.3d at 1292, and there might be reason to question whether equity would warrant denying an inventor enforcement of an otherwise viable patent against an infringing party solely because the inventor deliberately deceived the Patent Office as to the proper fee. See Exergen Corp. v. Kaz USA, Inc., No. 13-10628, 2015 WL 4750843, at *1 (D. Mass. Aug. 10, 2015) (noting the power of the inequitable conduct defense and the Federal Circuit's decision in Therasense to trim the doctrine's reach). That said, the Federal Circuit has noted specifically, without deciding, that "it appears that a false declaration of small entity status would fall within the definition of an 'unmistakably false affidavit,' particularly since a party that claims entitlement to small entity status does so in a sworn written declaration." Outside the Box Innovations, LLC v. Travel Caddy, Inc., 695 F.3d 1285, 1294 (Fed. Cir. 2012). See Seaboard Int'l, Inc. v. Cameron Int'l Corp., No. 00281-MLH-SKO, 2013 WL 3936889, at *10 (E.D. Cal. July 30, 2013) ("The misrepresentation of one's status to justify small entity fees can constitute inequitable conduct"). Cf. Zecotek Imaging Sys. PTE LTD. v. Saint-Gobain Ceramics & Plastics, Inc., No. 5:12-cv-1533, 2014 WL 809183, at *3 (N.D. Ohio Feb. 28, 2014) (finding inequitable conduct claim to be not futile where facts alleged indicated

that a "specific individual" was aware of "invalidating information" and "withheld that information from the PTO in claiming small entity status . . . with the intent to deceive the PTO"). The weighing and evaluation of the equitable considerations requires the fuller factual record developed after discovery.

      Accordingly, the Motion to Dismiss is DENIED WITHOUT PREJUDICE to its renewal at summary judgment.

                                      SO ORDERED.

                                      /s/ Leo T. Sorokin
                                      Leo T. Sorokin
                                      United States District Judge