## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

ENERGETIQ TECHNOLOGY, INC.,

        Plaintiff,

v.

ASML NETHERLANDS B.V.,
EXCELITAS TECHNOLOGIES CORP., and
QIOPTIQ PHOTONICS GMBH & CO. KG,

        Defendants.

Civil Action No. 1:15-cv-10240-LTS

## ENERGETIQ'S RESPONSE TO DEFENDANT ASML NETHERLANDS B.V.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Plaintiff Energetiq Technology, Inc. ("Energetiq") hereby answers the counterclaims asserted by Defendant ASML Netherlands B.V. ("ASML") in its Answer, Affirmative Defenses, and Counterclaims In Response To Plaintiff Energetiq Technology, Inc.'s First Amended Complaint (Doc. No. 133) as follows.

## RESPONSE TO AFFIRMATIVE DEFENSES

Energetiq denies that ASML has set forth any valid affirmative defenses. Energetiq states as follows with respect to the numbered paragraphs in ASML's Affirmative Defenses. ASML's headings from its Affirmative Defenses have been reproduced below for the sake of clarity only, and to the extent that any such heading in the Affirmative Defenses is intended to set forth an allegation, it is denied. The numbered responses below are responses to the corresponding numbered paragraphs in ASML's Affirmative Defenses.

**FIRST DEFENSE**
**(Failure to State a Claim for Relief)**

1.  No response is required to the allegations contained in paragraph 1.  To the extent that a response is required, the allegations of paragraph 1 are denied.

**SECOND DEFENSE**
**(Non-infringement)**

2.  No response is required to the allegations contained in paragraph 2.  To the extent that a response is required, the allegations of paragraph 2 are denied.

3.  No response is required to the allegations contained in paragraph 3.  To the extent that a response is required, the allegations of paragraph 3 are denied.

4.  No response is required to the allegations contained in paragraph 4.  To the extent that a response is required, the allegations of paragraph 4 are denied.

5.  No response is required to the allegations contained in paragraph 5.  To the extent that a response is required, the allegations of paragraph 5 are denied.

6.  No response is required to the allegations contained in paragraph 6.  To the extent that a response is required, the allegations of paragraph 6 are denied.

7.  No response is required to the allegations contained in paragraph 7.  To the extent that a response is required, the allegations of paragraph 7 are denied.

**THIRD DEFENSE**
**(Invalidity)**

8.  No response is required to the allegations contained in paragraph 8.  To the extent that a response is required, the allegations of paragraph 8 are denied.

9.  No response is required to the allegations contained in paragraph 9.  To the extent that a response is required, the allegations of paragraph 9 are denied.

10.      No response is required to the allegations contained in paragraph 10.  To the extent that a response is required, the allegations of paragraph 10 are denied.

11.      No response is required to the allegations contained in paragraph 11.  To the extent that a response is required, the allegations of paragraph 11 are denied.

12.      No response is required to the allegations contained in paragraph 12.  To the extent that a response is required, the allegations of paragraph 12 are denied.

13.      No response is required to the allegations contained in paragraph 13.  To the extent that a response is required, the allegations of paragraph 13 are denied.

**FOURTH DEFENSE**
**(Prosecution history estoppel and/or prosecution disclaimer)**

14.      No response is required to the allegations contained in paragraph 14.  To the extent that a response is required, the allegations of paragraph 14 are denied.

**FIFTH DEFENSE**
**(Lack of Personal Jurisdiction)**

15.      No response is required to the allegations contained in paragraph 15.  To the extent that a response is required, the allegations of paragraph 15 are denied.

**SIXTH DEFENSE**
**(Inequitable Conduct)**

16.      No response is required to the allegations contained in paragraph 16.  To the extent that a response is required, the allegations of paragraph 16 are denied.

17.      No response is required to the allegations contained in paragraph 17.  To the extent that a response is required, the allegations of paragraph 17 are denied.  To the extent that a response is required, Energetiq admits that Donald K. Smith is a named inventor on the asserted patents.  The remaining allegations of paragraph 17 are denied.

18.     No response is required to the allegations contained in paragraph 18.  To the extent that a response is required, the language of 37 C.F.R. § 1.27 speaks for itself.

19.     No response is required to the allegations contained in paragraph 19.  To the extent that a response is required, the testimony before Congress by Energetiq's CEO speaks for itself, and the remaining allegations are denied.

20.     No response is required to the allegations contained in paragraph 20.  To the extent that a response is required, Energetiq lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20, and on this basis, denies the allegations.

21.     No response is required to the allegations contained in paragraph 21.  To the extent that a response is required, the allegations of paragraph 21 are denied.

22.     No response is required to the allegations contained in paragraph 22.  To the extent that a response is required, the allegations of paragraph 22 are denied.

23.     No response is required to the allegations contained in paragraph 23.  To the extent that a response is required, Energetiq admits that Dr. Smith referred to and attached a July 22, 2014 document to his Declaration in Support of Energetiq's Motion for a Preliminary Injunction, and the declaration and attached document speak for themselves.  To the extent that a response is required, Energetiq also admits that Dr. Smith signed a declaration submitted to the Patent Office on January 9, 2014, and the declaration speaks for itself; Energetiq otherwise denies the allegations in paragraph 23.

24.     No response is required to the allegations contained in paragraph 24.  To the extent that a response is required, the allegations of paragraph 24 are denied.

25.     No response is required to the allegations contained in paragraph 25.  To the extent that a response is required, the allegations of paragraph 25 are denied.

26.     No response is required to the allegations contained in paragraph 26.  To the extent that a response is required, the allegations of paragraph 26 are denied.

## ASML'S COUNTERCLAIMS

Energetiq denies that ASML has set forth any valid counterclaims.  Energetiq states as follows with respect to the numbered paragraphs in ASML's Counterclaims.  ASML's headings from its Counterclaims have been reproduced below for the sake of clarity only, and to the extent that any such heading in the Counterclaims is intended to set forth an allegation, it is denied. The numbered paragraphs below are responses to the corresponding numbered paragraphs in ASML's Counterclaims.

## THE PARTIES

1.     Admitted.

2.     Admitted.

## JURISDICTION AND VENUE

3.     Energetiq admits that ASML purports to bring its counterclaims under the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq., and otherwise denies the allegations in paragraph 3.

4.     Admitted.

5.     Admitted.

6.     Admitted.

## FACTUAL BACKGROUND

7.     Admitted.

8.      Denied.

9.      Energetiq denies the allegations in paragraph 9 to the extent that they imply any invalidity, unenforceablility, and/or noninfringement of the '982 patent.  To the extent ASML validly raises these allegations against Energetiq, Energetiq admits the existence of an actual case or controversy.

10.     Admitted.

11.     Denied.

12.     Energetiq denies the allegations in paragraph 12 to the extent that they imply any invalidity, unenforceablility, and/or noninfringement of the '455 patent.  To the extent ASML validly raises these allegations against Energetiq, Energetiq admits the existence of an actual case or controversy.

13.     Admitted.

14.     Denied.

15.     Energetiq denies the allegations in paragraph 15 to the extent that they imply any invalidity, unenforceablility, and/or noninfringement of the '943 patent.  To the extent ASML validly raises these allegations against Energetiq, Energetiq admits the existence of an actual case or controversy.

16.     Admitted.

17.     Denied.

18.     Energetiq denies the allegations in paragraph 18 to the extent that they imply any invalidity, unenforceablility, and/or noninfringement of the '138 patent.  To the extent ASML validly raises these allegations against Energetiq, Energetiq admits the existence of an actual case or controversy.

19.     Admitted.

20.     Denied.

21.     Energetiq denies the allegations in paragraph 21 to the extent that they imply any invalidity, unenforceablility, and/or noninfringement of the '841 patent.  To the extent ASML validly raises these allegations against Energetiq, Energetiq admits the existence of an actual case or controversy.

22.     Admitted.

23.     Denied.

24.     Energetiq denies the allegations in paragraph 24 to the extent that they imply any invalidity, unenforceablility, and/or noninfringement of the '000 patent.  To the extent ASML validly raises these allegations against Energetiq, Energetiq admits the existence of an actual case or controversy.

25.     Energetiq admits that Donald K. Smith is a named inventor on the asserted patents; the remaining allegations of paragraph 25 are denied.

26.     The language of 37 C.F.R. § 1.27 speaks for itself.

27.     The testimony before Congress by Energetiq's CEO speaks for itself, and the remaining allegations are denied.

28.     Energetiq lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28, and on this basis, denies the allegations.

29.     Denied.

30.     Denied.

31.     Energetiq admits that Dr. Smith referred to and attached a July 22, 2014 document to his Declaration in Support of Energetiq's Motion for a Preliminary Injunction, and

the declaration and attached document speak for themselves.  Energetiq also admits that Dr.

Smith signed a declaration submitted to the Patent Office on January 9, 2014, and the declaration

speaks for itself.  Energetiq otherwise denies the allegations in paragraph 31.

32.    Denied.

33.    Denied.

34.    Denied.


## COUNT ONE
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,435,982)

35.    Energetiq repeats and incorporates its responses in the preceding paragraphs as
though fully set forth herein.

36.    Energetiq denies the allegations in paragraph 36 to the extent that they imply any
noninfringement of the '982 patent.  To the extent ASML validly raises these allegations against
Energetiq, Energetiq admits the existence of an actual case or controversy.

37.    Denied.

38.    Denied.


## COUNT TWO
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,786,455)

39.    Energetiq repeats and incorporates its responses in the preceding paragraphs as
though fully set forth herein.

40.    Energetiq denies the allegations in paragraph 40 to the extent that they imply any
noninfringement of the '455 patent.  To the extent ASML validly raises these allegations against
Energetiq, Energetiq admits the existence of an actual case or controversy.

41.    Denied.

42.     Denied.

## COUNT THREE
**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,309,943)**

43.     Energetiq repeats and incorporates its responses in the preceding paragraphs as though fully set forth herein.

44.     Energetiq denies the allegations in paragraph 44 to the extent that they imply any noninfringement of the '943 patent.  To the extent A validly raises these allegations against Energetiq, Energetiq admits the existence of an actual case or controversy.

45.     Denied.

46.     Denied.

## COUNT FOUR
**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,525,138)**

47.     Energetiq repeats and incorporates its responses in the preceding paragraphs as though fully set forth herein.

48.     Energetiq denies the allegations in paragraph 48 to the extent that they imply any noninfringement of the '138 patent.  To the extent ASML validly raises these allegations against Energetiq, Energetiq admits the existence of an actual case or controversy.

49.     Denied.

50.     Denied.

## COUNT FIVE
**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,969,841)**

51.     Energetiq repeats and incorporates its responses in the preceding paragraphs as though fully set forth herein.

52.     Energetiq denies the allegations in paragraph 52 to the extent that they imply any noninfringement of the '841 patent.  To the extent ASML validly raises these allegations against Energetiq, Energetiq admits the existence of an actual case or controversy.

53.     Denied.

54.     Denied.

## COUNT SIX
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 9,048,000)

55.     Energetiq repeats and incorporates its responses in the preceding paragraphs as though fully set forth herein.

56.     Energetiq denies the allegations in paragraph 56 to the extent that they imply any noninfringement of the '000 patent.  To the extent ASML validly raises these allegations against Energetiq, Energetiq admits the existence of an actual case or controversy.

57.     Denied.

58.     Denied.

## COUNT SEVEN
### (Declaratory Judgment of Invalidity of U.S. Patent No. 7,435,982)

59.     Energetiq repeats and incorporates its responses in the preceding paragraphs as though fully set forth herein.

60.     Energetiq denies the allegations in paragraph 60 to the extent that they imply any invalidity of the '982 patent.  To the extent ASML validly raises these allegations against Energetiq, Energetiq admits the existence of an actual case or controversy.

61.     Denied.

62.     Denied.

**COUNT EIGHT**
**(Declaratory Judgment of Invalidity of U.S. Patent No. 7,786,455)**

63.     Energetiq repeats and incorporates its responses in the preceding paragraphs as though fully set forth herein.

64.     Energetiq denies the allegations in paragraph 64 to the extent that they imply any invalidity of the '455 patent.  To the extent ASML validly raises these allegations against Energetiq, Energetiq admits the existence of an actual case or controversy.

65.     Denied.

66.     Denied.

**COUNT NINE**
**(Declaratory Judgment of Invalidity of U.S. Patent No. 8,309,943)**

67.     Energetiq repeats and incorporates its responses in the preceding paragraphs as though fully set forth herein.

68.     Energetiq denies the allegations in paragraph 68 to the extent that they imply any invalidity of the '943 patent.  To the extent ASML validly raises these allegations against Energetiq, Energetiq admits the existence of an actual case or controversy.

69.     Denied.

70.     Denied.

**COUNT TEN**
**(Declaratory Judgment of Invalidity of U.S. Patent No. 8,525,138)**

71.     Energetiq repeats and incorporates its responses in the preceding paragraphs as though fully set forth herein.

72.     Energetiq denies the allegations in paragraph 72 to the extent that they imply any invalidity of the '138 patent.  To the extent ASML validly raises these allegations against Energetiq, Energetiq admits the existence of an actual case or controversy.

73.     Denied.

74.     Denied.

## COUNT ELEVEN
### (Declaratory Judgment of Invalidity of U.S. Patent No. 8,969,841)

75.     Energetiq repeats and incorporates its responses in the preceding paragraphs as though fully set forth herein.

76.     Energetiq denies the allegations in paragraph 76 to the extent that they imply any invalidity of the '841 patent.  To the extent ASML validly raises these allegations against Energetiq, Energetiq admits the existence of an actual case or controversy.

77.     Denied.

78.     Denied.

## COUNT TWELVE
### (Declaratory Judgment of Invalidity of U.S. Patent No. 9,048,000)

79.     Energetiq repeats and incorporates its responses in the preceding paragraphs as though fully set forth herein.

80.     Energetiq denies the allegations in paragraph 80 to the extent that they imply any invalidity of the '000 patent.  To the extent ASML validly raises these allegations against Energetiq, Energetiq admits the existence of an actual case or controversy.

81.     Denied.

82.     Denied.

**COUNT THIRTEEN**
**(Declaratory Judgment of Unenforceability of U.S. Patent Nos. 7,435,982)**

83.     Energetiq repeats and incorporates its responses in the preceding paragraphs as though fully set forth herein.

84.     Energetiq denies the allegations in paragraph 84 to the extent that they imply any unenforceablility of the '982 patent.  To the extent ASML validly raises these allegations against Energetiq, Energetiq admits the existence of an actual case or controversy.

85.     Denied.

86.     Denied.

**COUNT FOURTEEN**
**(Declaratory Judgment of Unenforceability of U.S. Patent Nos. 7,786,455)**

87.     Energetiq repeats and incorporates its responses in the preceding paragraphs as though fully set forth herein.

88.     Energetiq denies the allegations in paragraph 88 to the extent that they imply any unenforceablility of the '455 patent.  To the extent ASML validly raises these allegations against Energetiq, Energetiq admits the existence of an actual case or controversy.

89.     Denied.

90.     Denied.

**COUNT FIFTEEN**
**(Declaratory Judgment of Unenforceability of U.S. Patent Nos. 8,309,943)**

91.     Energetiq repeats and incorporates its responses in the preceding paragraphs as though fully set forth herein.

92.     Energetiq denies the allegations in paragraph 92 to the extent that they imply any unenforceablility of the '943 patent.  To the extent ASML validly raises these allegations against Energetiq, Energetiq admits the existence of an actual case or controversy.

93.     Denied.

94.     Denied.

## COUNT SIXTEEN
### (Declaratory Judgment of Unenforceability of U.S. Patent Nos. 8,525,138)

95.     Energetiq repeats and incorporates its responses in the preceding paragraphs as though fully set forth herein.

96.     Energetiq denies the allegations in paragraph 96 to the extent that they imply any unenforceablility of the '138 patent.  To the extent ASML validly raises these allegations against Energetiq, Energetiq admits the existence of an actual case or controversy.

97.     Denied.

98.     Denied.

## COUNT SEVENTEEN
### (Declaratory Judgment of Unenforceability of U.S. Patent Nos. 8,969,841)

99.     Energetiq repeats and incorporates its responses in the preceding paragraphs as though fully set forth herein.

100.    Energetiq denies the allegations in paragraph 100 to the extent that they imply any unenforceablility of the '841 patent.  To the extent ASML validly raises these allegations against Energetiq, Energetiq admits the existence of an actual case or controversy.

101.    Denied.

102.    Denied.

## COUNT EIGHTEEN
### (Declaratory Judgment of Unenforceability of U.S. Patent Nos. 9,048,000)

103.    Energetiq repeats and incorporates its responses in the preceding paragraphs as though fully set forth herein.

104.    Energetiq denies the allegations in paragraph 104 to the extent that they imply any unenforceablility of the '000 patent.  To the extent ASML validly raises these allegations against Energetiq, Energetiq admits the existence of an actual case or controversy.

105.    Denied.

106.    Denied.

## ASML'S PRAYER FOR RELIEF

Energetiq denies that ASML is entitled to any of the relief requested in its Prayer for Relief.

## ENERGETIQ'S AFFIRMATIVE DEFENSES TO COUNTERCLAIMS

In addition to the affirmative defenses described below, Energetiq specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

## FIRST DEFENSE
### (Failure to State a Claim for Relief)

1.    ASML's Counterclaims fail to state a claim upon which relief can be granted.

## SECOND DEFENSE
### (Unclean Hands)

2.     ASML has willfully infringed Energetiq's asserted patents, at least by continuing its acts of infringement after being on notice of the patents, in addition to ASML's acts of willful infringement set forth in Energetiq's First Amended Complaint.

3.     ASML has also acted in bad faith with respect to its relationship with Energetiq, at least by intentionally, knowingly, and in bad faith, withholding material information concerning ASML's relationship with Qioptiq to unfairly disadvantage Energetiq.

4.     ASML's willful infringement and bad faith render ASML's hands unclean and bar ASML's equitable defenses and counterclaims.


## PRAYER FOR RELIEF

WHEREFORE, Energetiq respectfully requests that this Court:

1.     Grant Energetiq the relief requested in its First Amended Complaint;

2.     Hold that ASML is barred from asserting equitable defenses and counterclaims because of ASML's own unclean hands;

3.     Deny each of ASML's requests for declaratory judgment and dismiss each of ASML's counterclaims in their entirety and with prejudice;

4.     Deny ASML's requests for the Court to declare this case exceptional pursuant to 35 U.S.C. § 285 and deny ASML's requests for its "reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees;"

5.     Grant ASML such further relief as is just and warranted under the circumstances.

Respectfully submitted,

Dated:  October 1, 2015

/s/ *Safraz W. Ishmael*
Steven M. Bauer (BBO #542531)
Safraz W. Ishmael  (BBO #657881)
S. James Boumil III (BBO #684361)
**PROSKAUER ROSE LLP**
One International Place
Boston, MA  02110-2600
Telephone: (617) 526-9600
Facsimile: (617) 526-9899
sbauer@proskauer.com
sishmael@proskauer.com
jboumil@proskauer.com

**ATTORNEYS FOR**
**ENERGETIQ TECHNOLOGY, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on October 1, 2015, I electronically filed the foregoing with the

Clerk of the Court by using the CM/ECF system.  A copy of the document will be served upon

Defendants' counsel electronically via the CM/ECF system.

*/s/ Safraz W. Ishmael*
Safraz W. Ishmael
