**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ENERGETIQ TECHNOLOGY, INC., <br><br> Plaintiff, <br><br> v. <br><br> ASML NETHERLANDS B.V., <br> EXCELITAS TECHNOLOGIES CORP., and <br> QIOPTIQ PHOTONICS GMBH & CO. KG, <br><br> Defendants. | Civil Action No. 1:15-cv-10240-LTS |

## ENERGETIQ'S MOTION FOR TEMPORARY RESTRAINING ORDER

At the April 30, 2015 status hearing, and again in Defendants' Opposition to Energetiq's Emergency Motion to Compel (Doc. No. 153), Defendants' counsel represented to the Court that there was no need for this case to proceed expeditiously, as there was no ongoing activity in the United States relating to the YieldStar 350 project. (Doc. No. 85, 04/30/2015 Hearing Tr. 92:7-17.) Of course, the Court and Energetiq had no reason to disbelieve a representation of such broad and clear scope made by a partner at WilmerHale.

During Phase I discovery, however, Energetiq learned that the representation was wrong. Defendant ASML (both directly, and through its agent, ASML US) was—when the representation was made—and has since continued to actively offer for sale the YieldStar 350. In fact, as an ASML witness testified, *less than two weeks* before counsel's representation to the Court, ASML had signed an agreement with a large customer in the United States which it offered the YieldStar 350S for sale at specific list prices set forth in the agreement.

Counsel for the Defendants represented to the Court that there would be no ongoing sales efforts of the accused product in the United States. When called to task on this, Defendants counsel defended the misrepresentation with the following response:

> [After making the above representations,] Defendants' counsel learned that employees of ASML US, *as well as employees of ASML BV* (but not Excelitas or Qioptiq) had discussions with other companies relating to the planned YieldStar 350 in mid-2015 [after he had made the representations].

(Doc. No. 153, page 7). Now, counsel contends that his representation was really meant to be quite limited, and were not meant to include the YieldStar 350, although he had said it did to the Court):

> These discussions [with customers] were not specific to the LS2, which, as explained above, is the only accused component of the YieldStar 350 and has no finalized design. The discussions also did not necessarily constitute "offers for sale," including because the YieldStar 350 is not yet ready for manufacture.

(*Id.*)

Certainly, if counsel intended his representation to be so narrowly confined as to not cover the accused product, it was his obligation to make that clear. Because it seems clear now that the Defendants' representation needs the force of a Court order to enforce it, Energetiq submits this motion for a temporary restraining order requiring ASML Netherlands B.V. ("ASML"), and any other persons who are in active concert or participation with it, from complying with the representation of their counsel, and from offering for sale the YieldStar 350 and/or any product incorporating the accused Excelitas light source in the United States, until after a hearing on Energetiq's motion for preliminary injunction is heard. Given that the Defendants have already agreed to this to avoid a more urgent preliminary injunction hearing, and in view of their other representations that the product is "still in development" and will not imminently ship,


there can be *no harm* to the defendants imposing on them the obligation to comply with their representations.

Energetiq asks that the Court hear this motion for TRO at the November 4, 2015, status conference, and thereafter enter an order setting a hearing, at the earliest possible date, on Energetiq's renewed Motion for Preliminary Injunction.

### REQUEST FOR ORAL ARGUMENT

Pursuant to Rule 7.1(d), Energetiq Technology, Inc. respectfully requests an oral argument on this Motion for TRO, at the hearing on November 4, 2015.

Dated: October 21, 2015

Respectfully submitted,

/s/ *Steven M. Bauer*

Steven M. Bauer (BBO #542531)
Safraz W. Ishmael (BBO #657881)
S. James Boumil III (BBO #684361)
**PROSKAUER ROSE LLP**
One International Place
Boston, MA  02110-2600
Telephone: (617) 526-9600
Facsimile: (617) 526-9899
sbauer@proskauer.com
sishmael@proskauer.com
jboumil@proskauer.com

**ATTORNEYS FOR
ENERGETIQ TECHNOLOGY, INC.**

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule 7.1(a)(2), I hereby certify that counsel for Plaintiff conferred with counsel for Defendants in an attempt to resolve or narrow the issues and was unable to reach resolution.

*/s/ Steven M. Bauer*
Steven M. Bauer

**CERTIFICATE OF SERVICE**

I hereby certify that, on October 21, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. A copy of the document will be served upon Defendants' counsel electronically via the CM/ECF system.

*/s/ Steven M. Bauer*
Steven M. Bauer