IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ENERGETIQ TECHNOLOGY, INC.,
        Plaintiff,

v.

ASML NETHERLANDS B.V.,
EXCELITAS TECHNOLOGIES CORP., and
QIOPTIQ PHOTONICS GMBH & CO. KG,

        Defendants.

Civil Action No. 1:15-cv-10240-LTS

**ENERGETIQ'S MOTION TO COMPEL EXCELITAS
TO PRODUCE DOCUMENTS WRONGLY WITHHELD AS PRIVILEGED**

Energetiq hereby moves for an order requiring:

1. Excelitas to produce a number of documents wrongly withheld as privileged (identified in detail in the accompanying memorandum); and

2. All defendants to provide a privilege log of all documents withheld as privileged in this case, whether dated before or after the Complaint was filed, which log must separately identify the "to, from and other recipient fields" and where, if no attorney is identified therein, must explain in detail what about the document renders it privileged."

During Phase I discovery, defendant Excelitas *produced* scores of documents, including emails between engineers and PowerPoint sales presentations made to sales teams, discussing the

Energetiq patents and showing their knowledge of the risks they faced as they defrauded Energetiq and chose to willfully infringe its patents.

The documents were produced continuously, starting on August 24, 2015, and continuing until September 1, 2015. The great majority of the documents were written *by* engineers and sales people, *to* engineers and sales people, discussing Energetiq's technology and their risks related thereto. No lawyer appears involved on the face of the documents – they were not written to a lawyer, received from a lawyer, or even cc'ing a lawyer. While *some* documents indicated that they had portions redacted as "privileged," Excelitas also provided no privilege log identifying *any* withheld documents or information, despite requests for privilege logs before the deposition began.

Then, a day-and-a-half before the Rule 30(b)(6) deposition of Excelitas, its counsel began "clawing back" these documents, in piecemeal form, apparently as they prepared the witnesses and realized just how damning the evidence was. Forty-two documents were clawed-back in a first letter two nights before the deposition, and an additional 63 were clawed back the night before the deposition. Then, *during* the deposition, as **un**clawed back documents were marked and shown to the witness showing their knowledge and intentional infringement, defendants' counsel decided to assert the "clawback" provision of the protective order to any document that contained any discussion about Energetiq or its patented technology, asserting that all such discussions were "privileged and work product," regardless of who was involved in creating the documents.

Initially, Excelitas provided no justification for its claw back of the documents, stating that simply providing a letter identifying bates numbers and a bald privilege assertion was sufficient to effect notice under Rule 26(b)(5)(B). In the course of endless "meet and confers"

leading up to this motion, on September 30, it provided a revised privilege log, naming "counsel involved," but not explaining how the attorneys were involved in any of the withheld documents. Excelitas has since given Energetiq's counsel information about the role of the attorney, but no information on how any of that was reflected in any withheld document. Of course, simply because counsel is involved generally, doesn't make every document on the issue "privileged". From the privilege log, it appears that Excelitas is taking the position that any document that mentions or relates to Energetiq's patents, whether written before or after the lawsuit, and whether seeking legal advice or mere discussion between engineers, is "privileged." Of course, that is wrong.

    Energetiq therefore now must move this Court under Rule 26(b)(5)(B), for an order compelling Excelitas to produce these documents. The grounds for this motion are set forth in the accompanying memorandum of law.

DATED: October 21, 2015.

Respectfully submitted,

**PROSKAUER ROSE LLP**

By /s/   Steven M. Bauer                                        .
Steven M. Bauer, BBO #542531
Safraz W. Ishmael, BBO #657881
S. James Boumil, III, BBO #684361
**PROSKAUER ROSE LLP**
One International Place
Boston, MA 02110-2600
(617) 526-9600 *telephone*
(617) 526-9899 *facsimile*
sbauer@proskauer.com
sishmael@proskauer.com
jboumil@proskauer.com

**Attorneys for Energetiq Technology, Inc.**

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(a)(2), I hereby certify that counsel for Plaintiff conferred with counsel for Defendants in an attempt to resolve or narrow the issues and was unable to reach resolution.

*/s/ Steven M. Bauer*
Steven M. Bauer

## CERTIFICATE OF SERVICE

I hereby certify that, on October 21, 2015, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. A copy of the document will be served upon Defendants' counsel electronically via the CM/ECF system.

*/s/ Steven M. Bauer*
Steven M. Bauer