UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

)
ENERGETIQ TECHNOLOGY, INC.,        )
                                   )
         Plaintiff,                )
                                   )
v.                                 )        Civil No. 15-10240-LTS
                                   )
ASML NETHERLANDS B.V.,             )
EXCELITAS TECHNOLOGIES CORP.,      )
And QIOPTIQ PHOTONICS GMBH &       )
CO. KG,                            )
                                   )
         Defendants.               )
_____)

ORDER ON MOTIONS FOR RESTRAINING ORDERS

October 29, 2015

SOROKIN, J.

Several motions are pending, and the Court addresses each in turn.

1.  Plaintiff filed a Renewed Motion for Preliminary Injunction.  Doc. No. 179.  To succeed, Plaintiff bears the burden of showing, among other things, a likelihood of success on the merits with regard to infringement.  Nutrition 21 v. United States, 930 F.2d 867, 869 (Fed. Cir. 1991).  Thus, Plaintiff must establish that it is likely to prove that Defendants have made, used, offered to sell, or sold an infringing product in the United States.  See 35 U.S.C. § 271(a).

The Court denied Plaintiff's prior motion for a preliminary injunction in light of Plaintiff's failure to show by a preponderance of the evidence any infringing activity in the United States; in particular, the Court was unpersuaded that Plaintiff had met its burden to show that Defendants were infringing in the United States either by their development activities or by selling (or offering to sell) a YieldStar 350 which included an infringing light source.  The

unrebutted evidence then showed that Defendants had not settled upon a specific design for the

light source for the YieldStar 350.  In addition, Plaintiff all but conceded that it was not then

entitled to preliminary relief.  See Doc. No. 120.

In an effort to focus the litigation, the Court permitted Phase I discovery regarding

Defendants' activities in the United States.  Id. at 15.  With that discovery complete, Plaintiff has

filed a renewed Motion.  It points to two infringing acts.  First, Plaintiff asserts that Defendant

Excelitas' development in the United States of a light source infringed the Plaintiff's patents, and

supports this argument with the declaration of an expert.  Doc. No. 196 at 8-9.  Accepting for

present purposes (only) that this development activity infringed, this activity is nonetheless

insufficient to support the prospective relief sought by the Motion.  The unrebutted evidence

shows both that the Defendants rejected the bulbs tested in the United States from use as part of a

light source and that Excelitas has moved this development activity outside the United States.

Exhibit B to Eimerl Declaration at 187-188, 343.  Second, Plaintiff describes what, at most,

amounts to two offers by Defendant ASML Netherlands B.V. to sell the YieldStar 350 to

customers in the United States.  Doc. No. 196 at 5-8, 12.  Plaintiff's submission shows that

product to be a complex expensive piece of equipment which does include a light source.  Id. at

7, 11-12.  Nothing in the submission, however, shows the nature or design of the particular light

source let alone whether the light source infringes Plaintiff's patents.[1]  See 35 U.S.C. § 271(a)

("whoever without authority makes, uses, offers to sell, or sells any patented invention, within

the United States or imports into the United States any patented invention during the term of the

---

[1] There is some evidence before the Court that "[p]roductization for a laser-driven lamp would likely take about six months," (Doc. No. 197, Eimerl Declaration at ¶ 54), suggesting, therefore, that Defendants have (or shortly will have) settled upon a particular light source.  That alone is not enough to establish the nature of the light source.

patent therefor, infringes the patent") (emphasis added); <u>Isis Pharms., Inc. v. Santaris Pharma A/S Corp.</u>, No. 3:11-cv-2214-GPC-KSC, 2014 WL 2531973, at *4 (S.D. Cal. June 4, 2014) ("in order for a 'patented invention' to be infringed through the 'sales' or 'offers to sale' prongs of § 271(a), whatever is sold or offered for sale must 'possess[] every limitation of the asserted claims'") (quoting <u>Transocean Offshore Deepwater Drilling v. Maersk Drilling USA, Inc.</u>, 699 F.3d 1340, 1357 (Fed. Cir. 2012)).  In short, Plaintiff's renewed motion suffers from the same problems that led to the denial of the original motion.

Two more points bear mention.  First, pleading a plausible claim of patent infringement, which Plaintiff has done, does not automatically translate into a sufficient showing to warrant a preliminary injunction.  Second, the record certainly suggests, rather strongly, that Defendants intend to offer to sell (and sell) the YieldStar 350 in the United States.  Ex. B to Plaintiff's Memorandum at 66.  At some point that activity will, presumably, ripen to the point of including a particularly defined light source.  The Court anticipates importing or offering to sell that light source will likely form a topic of discovery in this case.  In the event Plaintiff reasonably believes that the actual identified light source infringes its patents, it will, undoubtedly, file a renewed motion for a preliminary injunction.  At that point, after appropriate briefing and hearing, the Court will address the merits of the motion.  For all these reasons, the Renewed Motion for Preliminary Injunction (Doc. No. 179) is DENIED.

2.  Plaintiff filed a Motion for Temporary Restraining Order.  Doc. No. 180.  This Motion is DENIED.  The Court has reviewed the transcript cited by Plaintiff in support of the Motion. Accepting for present purposes that one or more ASML entities have made an offer to sell the YieldStar 350 within the United States, the Court does not find that contrary to the specific representation of counsel.  The discussion in Court concerned different entities and different

3

activities.  Plaintiff advances no other specific ground to support the Motion.  Moreover, in light of the Court's ruling on the Motion for Preliminary Injunction, the Court discerns no basis in law to enter the coercive order sought by the Plaintiff.

    3.  Plaintiff filed a Motion to Compel Excelitas to Produce Documents Wrongly Withheld as Privileged.  Doc. No. 181.  Defendants shall respond to that motion within fourteen days of its filing.

    The Court will hear from the parties on November 4, 2015, regarding their respective competing proposed schedules to govern this case including any subsequently filed motions for preliminary relief.

SO ORDERED.

  /s/ Leo T. Sorokin                
Leo T. Sorokin
United States District Judge