# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ENERGETIQ TECHNOLOGY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:15-cv-10240-LTS |
| | ) | **PUBLIC VERSION** |
| ASML NETHERLANDS B.V., | ) | |
| EXCELITAS TECHNOLOGIES CORP., and | ) | |
| QIOPTIQ PHOTONICS GMBH & CO. KG, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANTS'
## MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT OF
## U.S. PATENT NO. 9,048,000 AS TO THE "LS2"

## Table of Contents

Page

I.      INTRODUCTION ........................................................................................................... 1

II.     PROCEDURAL HISTORY............................................................................................. 2

III.    SUMMARY OF UNDISPUTED FACTS ....................................................................... 3

   A.   The Patent In Suit.................................................................................................... 3

   B.   The Accused "LS2" and YieldStar 350.................................................................. 4

   C.   ███████████████████████████████████████████████████ ........ 4

IV.     ARGUMENT.................................................................................................................... 6

   A.   Summary Judgment Legal Standard ....................................................................... 6

   B.   Energetiq Cannot Demonstrate Direct Infringement Of The '000 Patent By Excelitas Or
        Qioptiq .................................................................................................................... 8

   C.   Energetiq Cannot Demonstrate Infringement Of The '000 Patent Under § 271(f)........ 9

   D.   Because Excelitas and Qioptiq Have Not Directly Infringed, ASML B.V. and Qioptiq
        Cannot Be Liable For Inducing Direct Infringement.................................................... 10

   E.   Energetiq Has Not Pled Direct Infringement By ASML, Nor Can It ............................ 11

   F.   Defendants Are Entitled to Summary Judgment Now .................................................... 14

V.      CONCLUSION................................................................................................................ 16

## Table of Authorities

**Page(s)**

**Cases**

*Agawam Woolen Co. v. Jordan*,
  74 U.S. 583 (1868) ..............................................................................................6, 8, 10

*Amana Refrigeration, Inc. v. Quadlux, Inc.*,
  172 F.3d 852 (Fed. Cir. 1999) ......................................................................................15

*Barber v. Verizon New England Inc.*,
  2006 WL 3524465 (D.R.I. Dec. 6, 2006) .....................................................................11

*Classen Immunotherapies, Inc. v. Shionogi, Inc.*,
  2014 WL 323941 (D. Md. Jan. 29, 2014) .....................................................................14

*DePoutot v. Raffaelly*,
  424 F.3d 112 (1st Cir. 2005) ...........................................................................................7

*Durham v. Seymour*,
  161 U.S. 235 (1896) .........................................................................................................9

*Engate, Inc. v. Esquire Depo. Servs. LLC*,
  2003 WL 22117805 (N.D. Ill. Sept. 10, 2003), *aff'd*, 208 F. App'x 946 (Fed.
  Cir. 2006) .................................................................................................................12, 13

*Exigent Tech., Inc. v. Atrana Solutions, Inc.*,
  442 F.3d 1301 (Fed. Cir. 2006) ..................................................................................7, 11

*GAF Building Materials Corp. v. Elk Corp. of Dallas*,
  90 F.3d 479 (Fed. Cir. 1996) ...........................................................................................9

*Hoover Grp, Inc. v. Custom Metalcraft, Inc.*,
  66 F.3d 299 (Fed. Cir. 1995) ...........................................................................................9

*ISIS Pharm., Inc. v. Santaris Pharma A/S Corp.*,
  2014 WL 2531973 (S.D. Cal. June 4, 2014) ...........................................................12, 13

*Johns Hopkins Univ. v. CellPro, Inc.*,
  152 F.3d 1342 (Fed. Cir. 1998) .....................................................................................14

*Kearney v. County of Rockland*,
  373 F. Supp. 2d 434 (S.D.N.Y. 2005) ...........................................................................11

*Laitram Corp. v. Cambridge Wire Cloth Co.*,
  919 F.2d 1579 (Fed. Cir. 1990) .....................................................................................15

*Leachman Cattle of Colo., LLC v. American Simmental Ass'n*,
   2014 WL 4458893 (D. Colo. Aug. 29, 2014) ...........................................................................9

*Limelight Networks, Inc. v. Akamai Techs., Inc.*,
   134 S. Ct. 2111 (2014) ...............................................................................................2, 6, 10

*Marsh v. Nichols, Shepherd & Co.*,
   128 U.S. 605 (1888).............................................................................................1, 6, 8, 10

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
   475 U.S. 574 (1986).................................................................................................................7

*Medtrica Solutions Ltd. v. Cygnus Med. LLC*,
   2012 U.S. Dist. LEXIS 163599 (W.D. Wa. Nov. 15, 2012)....................................................8

*Mobileye, Inc. v. Picitup Corp.*,
   928 F. Supp. 2d 759 (S.D.N.Y. 2013).....................................................................................8

*Monsanto Co. v. Syngenta Seeds, Inc.*,
   503 F.3d 1352 (Fed. Cir. 2007)..............................................................................................14

*Novartis Pharms. Corp. v. Eon Labs. Mfg., Inc.*,
   363 F.3d 1306 (Fed. Cir. 2004)..............................................................................................11

*Pelligrini v. Analog Devices, Inc.*,
   375 F.3d 1113 (Fed. Cir. 2004)................................................................................................9

*Pina v. Children's Place*,
   740 F.3d 785 (1st Cir. 2014).....................................................................................................7

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*,
   711 F.3d 1348 (Fed. Cir. 2013)....................................................................................2, 6, 10

*Rotec Indus., Inc. v. Mitsubishi Corp.*,
   215 F.3d 1246 (Fed. Cir. 2000)........................................................................................11, 13

*State Indus., Inc. v. A.O. Smith Corp.*,
   751 F.2d 1226 (Fed. Cir. 1985)................................................................................................9

*T.M. Patents, L.P. v. Cisco Sys., Inc.*,
   982 F. Supp. 2d 93 (D. Mass. 2013) ........................................................................................7

*Telemac Cellular Corp. v. Topp Telecom, Inc.*,
   247 F.3d 1316 (Fed. Cir. 2001).................................................................................................7

*Welker Bearing Co. v. PHD, Inc.*,
   550 F.3d 1090 (Fed. Cir. 2008)................................................................................................8

**Federal Statutes**

35 U.S.C. § 271...................................................................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 56(a), (c) ...............................................................................................................6

## I.    <u>INTRODUCTION</u>

It is black-letter law that there can be no claim for patent infringement until a patent issues.  After all, there is no "patent" to infringe until that date.  Despite this principle, Energetiq filed this lawsuit alleging that Defendants "will" infringe claims 1 and 13 of U.S. Patent Application No. 13/964,938 by "making, using, offering for sale, and/or selling the Qioptiq LS2 in the United States," even though neither had yet issued as an enforceable patent claim.  Indeed, the asserted application did not issue as U.S. Patent No. 9,048,000 ("the '000 patent") until June 2, 2015.  Since that date, however, the undisputed evidence demonstrates there have been ***no*** activities that would support Energetiq's '000 patent infringement claims against any Defendant related to the accused Qioptiq LPPS350 (what Energetiq has called the "LS2").  Accordingly, summary judgement should be granted on those claims.[1]

***First***, Energetiq's direct infringement claims against Excelitas Technology Corp. ("Excelitas") and Qioptiq Photonics GmbH & Co. KG ("Qioptiq") (Dkt. 87 [First Amended Complaint ("FAC")] ¶¶ 142-46) fail as a matter of law because, as the Court has acknowledged, "unrebutted evidence" shows that ███████████████████████████████ ███████████████████████████████ (Oct. 29, 2015 Order at 2 (Dkt. No. 204).)  Because Excelitas and Qioptiq have not committed an act of infringement, they are entitled to summary judgment on Energetiq's '000 patent claims.  *Marsh v. Nichols, Shepherd & Co.*, 128 U.S. 605, 612 (1888) ("Until the patent is issued, there is no property right in it; that is no such right as the inventor can enforce.").

---

[1]  Energetiq does not accuse Excelitas or Qioptiq of patent infringement under the '000 Patent based on the LS1, and Energetiq's LS1 claims against ASML B.V. should be dismissed for the reasons explained in Defendants' Renewed Motion to Dismiss for Lack of Personal Jurisdiction, concurrently filed with this Motion.

*Second*, Energetiq's claim that ASML B.V. ("ASML") induced direct infringement by Excelitas and Qioptiq (Dkt. 87 [FAC] ¶¶ 141,147) – the only LPPS350-related claim made against ASML – fails as a matter of law for the same reason.  Because there has been no act of direct infringement by Excelitas or Qioptiq, there can be no induced infringement by ASML. *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 134 S. Ct. 2111, 2117 (2014) ("[O]ur case law leaves no doubt that inducement liability may arise 'if, but only if, [there is] ... direct infringement.'" (alterations in original)); *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 711 F.3d 1348, 1371 (Fed. Cir. 2013) ("[I]ndirect infringement ... requires underlying direct infringement in the United States." (citation omitted)).

In short, Phase I discovery has demonstrated that the '000 patent claims that Energetiq pled against the LPPS350 ("LS2") fail as a matter of law.  For these reasons, and those set forth more fully below, Defendants respectfully ask the Court to enter summary judgment for Defendants on those claims.

## II.    PROCEDURAL HISTORY

On May 11, 2015, Energetiq filed a First Amended Complaint ("FAC") alleging, *inter alia*, infringement of U.S. Patent Application No. 13/964,938 ("the '938 application").  (Dkt. 87 [FAC] ¶¶ 137-149.)  On June 2, 2015, Energetiq filed a "Correction to Count VI of the First Amended Complaint and Notice of Issuance of Patent" stating that the '938 application issued as the '000 patent on the same day.  (Dkt. No. 99.)

The FAC alleges that Excelitas and Qioptiq directly infringe claim 13 of the '938 application (which corresponds to claim 7 of the '000 patent) by making, using, offering for sale, and or selling within the United States the "Qioptiq LS2."  (FAC ¶ 142.)   The FAC alleges that ASML B.V. has induced Excelitas and Qioptiq's infringement of claims 1 and 13 of the '938

application (which correspond to claims 1 and 7 of the '000 patent).  (FAC ¶ 141.)[2]  The FAC

also alleges that Qioptiq has induced Excelitas' infringement of claim 13 of the '938 application

(FAC ¶ 146), and that Excelitas infringes under 35 U.S.C. § 271(f) by "supplying from the

United States" components of the invention of claim 13 of the '938 application to Qioptiq

outside the United States.  (FAC ¶¶ 143-145.)

## III.   SUMMARY OF UNDISPUTED FACTS

### A.   The Patent In Suit

The '000 patent is directed to a laser driven light source.  (Defendants' Statement of

Undisputed Material Facts ("SUMF") ¶ 1.)[3]  Asserted claim 1 recites:

> 1. A method for illuminating features of a semiconductor wafer, comprising:
>
> ionizing a gas within a sealed pressurized plasma chamber having an operating pressure of at least 10 atmospheres;
>
> providing substantially continuous laser energy having a wavelength range of up to about 2000 nm through a region of material of the sealed pressurized chamber that is transparent to the substantially continuous laser energy to the ionized gas to sustain a plasma within the sealed pressurized plasma chamber to produce plasma generated light having wavelengths greater than 50 nm; and
>
> illuminating the wafer with plasma-generated light having wavelengths greater than 50 nm that exits the sealed pressurized chamber.

(*Id.* ¶ 2.)  Asserted claim 7 recites:

> 7. A laser driven light source comprising:
>
> a sealed pressurized plasma chamber having an ignition source for ionizing a gas within the chamber and a sapphire window for maintaining a pressure therein;

---

[2]  It is unclear whether Energetiq in fact asserts induced infringement of claim 1, or whether this is a typographical error in the first sentence of paragraph 141.  For purposes of this motion, Defendants will assume that Energetiq intended to assert induced infringement of claim 1.

[3]  The published patent bears an issuance date of June 2, 2015.  Defendants contend that the patent is invalid under sections 100 *et seq.* of Title 35 of the United States Code, but that issue does not need to be addressed in order to grant this motion.

a laser for providing at least substantially continuous energy through the sapphire window to the ionized gas within the pressurized plasma chamber to sustain a plasma and produce plasma-generated light having wavelengths greater than 50 nm, the pressure of the plasma chamber during operation is greater than 10 atmospheres

wherein the sapphire window allows the plasma-generated light to exit the pressurized chamber.

(*Id.* ¶ 3.)

**B.     The Accused "LS2" and YieldStar 350**

███████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████

█████████████████████████████████████████████

██████████████████

**C.**     ████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████████

█████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████

██████████████████████████████████████

█████████████████████████████████████████████

[REDACTED]

[REDACTED]

During development of the YieldStar 350, ASML B.V. and a separate sister company, ASML U.S. Inc., presented high-level information to a limited number of companies in the United States.  (SUMF ¶ 15.) [REDACTED]

[REDACTED]

[REDACTED] None of the information provided to any of these companies about the YieldStar 350 contained a description of any *specific* light source component.  (*Id.* ¶ 17.) [REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

***

[REDACTED]

[REDACTED]

***

[REDACTED]

[REDACTED]

(*Id.* ¶ 18.)  In contrast, discussions regarding the YieldStar 350 have included detailed

descriptions regarding ***other*** aspects of the product.  (*Id.* ¶ 19 █████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████

## IV.   <u>ARGUMENT</u>

The Court ordered accelerated Phase I discovery on "what has transpired (or is

transpiring) regarding LS2 in the United States."  (July 10, 2015 Order at 15 (Dkt. No. 120).)

This discovery has confirmed that summary judgment should be granted for Defendants on

Energetiq's '000 patent claims against the LPPS350 for at least three reasons.

***First***, ███████████████████████████████████████████████

███████  Thus, as a matter of law, there can be no direct infringement by Excelitas or Qioptiq

under 35 U.S.C. § 271(a) and no indirect infringement by Excelitas under § 271(f).  35 U.S.C. §

271(a), (f); *Marsh*, 128 U.S. at 612; *Agawam Woolen Co. v. Jordan*, 74 U.S. 583, 592-93 (1868).

***Second***, because there has been no direct infringement by Excelitas or Qioptiq, there can

be no induced infringement by ASML or Qioptiq as a matter of law.  *Limelight Networks*, 134 S.

Ct. at 2117; *Power Integrations*, 711 F.3d at 1371.

***Third***, Energetiq has not pled direct infringement by ASML — ████████████████

████████████████████████████████████████  The FAC contains no

other infringement theory under the '000 patent.  Accordingly, Defendants are entitled to

summary judgment of non-infringement because there is no genuine dispute that Defendants'

accused LPPS350 activities have not infringed any asserted claim of the '000 patent.

### A.     **Summary Judgment Legal Standard**

Summary judgment is appropriate where there is no genuine issue of material fact and the

moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a), (c).  The moving

6

party bears the burden of demonstrating the absence of a genuine issue of material fact.  *See*

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585 n.10 (1986).  If the moving

party has met its burden, the non-movant must "come forward with specific facts showing that

there is a genuine issue for trial."  *Id.* at 587 (internal quotations and emphasis omitted).  A non-

movant "cannot successfully oppose a motion for summary judgment by resting 'upon mere

allegations or denials of his pleading.'"  *Pina v. Children's Place*, 740 F.3d 785, 795 (1st Cir.

2014) (quoting *LeBlanc v. Great Am. Ins. Co.*, 6 F.3d 836, 841 (1st Cir. 1993)).  Likewise, "a

conglomeration of 'conclusory allegations, improbable inferences, and unsupported speculation'

is insufficient to discharge the nonmovant's burden."  *DePoutot v. Raffaelly*, 424 F.3d 112, 117

(1st Cir. 2005) (quoting *Medina-Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir.

1990)); *see also Pina*, 740 F.3d at 795 ("Although we will draw all reasonable inferences in the

nonmovant's favor, we will not 'draw *unreasonable* inferences or credit bald assertions, empty

conclusions, rank conjecture, or vitriolic invective.'" (quoting *Cabán Hernández v. Phillip*

*Morris USA, Inc.*, 486 F.3d 1, 8 (1st Cir. 2007))).

Summary judgment may be granted where a defendant shows that "the patentee ha[s] no

evidence of infringement."  *Exigent Tech., Inc. v. Atrana Solutions, Inc.*, 442 F.3d 1301, 1308-09

(Fed. Cir. 2006); *see also Telemac Cellular Corp. v. Topp Telecom, Inc.*, 247 F.3d 1316, 1323

(Fed. Cir. 2001) ("Summary judgment of noninfringement is appropriate where the patent

owner's proof is deficient in meeting an essential part of the legal standard for infringement

. . .").  A plaintiff can prevail in a patent infringement suit only if "'every limitation set forth in a

claim [is] found in an accused product or process exactly or by a substantial equivalent.'"  *T.M.*

*Patents, L.P. v. Cisco Sys., Inc.*, 982 F. Supp. 2d 93, 98 (D. Mass. 2013) (alteration in original)

(citing *Becton Dickinson & Co. v. C.R. Bard, Inc.*, 922 F.2d 792, 796 (Fed. Cir. 1990)), *aff'd*,

568 F. App'x 896 (Fed. Cir. 2014).  In cases such as this, where the facts show that there can be

no infringement as a matter of law, summary judgment may be granted before claim

construction.  *See Mobileye, Inc. v. Picitup Corp.*, 928 F. Supp. 2d 759, 767 (S.D.N.Y. 2013)

(granting summary judgment without claim construction because undisputed facts show non-

infringement); *Medtrica Solutions Ltd. v. Cygnus Med. LLC*, 2012 U.S. Dist. LEXIS 163599, at

*3 (W.D. Wa. Nov. 15, 2012) (noting that a court "has discretion to enter summary judgment in

a patent case, even before a claim construction hearing takes place").  This is particularly

appropriate here, where Defendants' motion is based on a lack of any infringing activity in the

United States, and does not turn on any particular claim construction.

### B.  Energetiq Cannot Demonstrate Direct Infringement Of The '000 Patent By Excelitas Or Qioptiq

A patent is infringed when a person "without authority makes, uses, offers to sell, or sells

any patented invention, within the United States or imports into the United States any patented

invention ***during the term of the patent***[.]"  35 U.S.C. § 271(a) (emphasis added).[4]  Thus, there

can be no infringement of a patent ***before*** it issues.  This has been a well-settled principle since

the drafting of the Constitution, and is reflected in at least 150 years of jurisprudence.  *See*

*Marsh*, 128 U.S. at 612 ("Until the patent is issued, there is no property right in it; that is no such

right as the inventor can enforce."); *Agawam Woolen Co.*, 74 U.S. at 592-93 ("Patentees acquire,

by virtue of their letters patent, if properly granted and in due form, the full and exclusive right

and liberty of making, using, and vending to others to be used, their respective inventions for the

term of years allowed by law ***at the time when the letters patent are issued***." (emphasis added));

*Welker Bearing Co. v. PHD, Inc.*, 550 F.3d 1090, 1095 (Fed. Cir. 2008) (affirming summary

---

[4] In its FAC, Energetiq has not alleged that Defendants have ***imported*** an accused light source
for the YieldStar 350.

judgment where accused infringer ceased to sell the accused product before the asserted patent issued and rejecting argument that the accused infringer had to prove it did not make any post-issuance sales because it is the patentee's burden to prove infringement).[5]

The '000 patent issued on June 2, 2015. 

Because there has been no LPPS350-related activity in the United States since the '000 patent issued, Excelitas and Qioptiq are entitled to summary judgment on Energetiq's '000 patent claims as a matter of law.

## C.   Energetiq Cannot Demonstrate Infringement Of The '000 Patent Under § 271(f)

Energetiq's § 271(f) claim against Excelitas fails for the same reason – there has been no act of infringement by Excelitas.  Section 271(f) applies when a person "supplies or causes to be supplied in or from the United States all or a substantial portion of the components of a patented invention" or "any component of a patented invention that is especially made or especially adapted for use in the invention…."  35 U.S.C. § 271(f); *see also Pelligrini v. Analog Devices, Inc.,* 375 F.3d 1113, 1117-1118 (Fed. Cir. 2004) ("[Section 271(f)(1)] applies only where

---

[5]   *See also, e.g., Durham v. Seymour*, 161 U.S. 235, 240 (1896) ("[A] patent right does not exist while the proceeding to obtain it is pending . . . ."); *GAF Building Materials Corp. v. Elk Corp. of Dallas*, 90 F.3d 479, 483 (Fed. Cir. 1996) (affirming dismissal and holding that "[p]atent rights are created only upon the formal issuance of the patent"); *Hoover Grp, Inc. v. Custom Metalcraft, Inc.,* 66 F.3d 299, 303-304 (Fed. Cir. 1995) ("'A patent has no retroactive effect.' . . . [Plaintiff] may of course obtain damages only for acts of infringement after the issuance of the '284 patent . . . ."); *State Indus., Inc. v. A.O. Smith Corp.,* 751 F.2d 1226, 1237 (Fed. Cir. 1985) ("Until State got the '879 patent  . . . Smith had a perfect right to make and sell its [product], without question, because State had no 'patent rights' which covered it."); *Leachman Cattle of Colo., LLC v. American Simmental Ass'n*, 2014 WL 4458893, at *7 (D. Colo. Aug. 29, 2014) ("[T]here can be no infringement of a patent before it is issued.").

components of a patented invention are physically present in the United States and then either

sold or exported 'in such a manner as to actively induce the combination of such components

outside the United States in a manner that would infringe the patent if such combination occurred

within the United States.'").  There can be no infringement under § 271(f), however, until after

the '000 patent has issued.  *See Marsh*, 128 U.S. at 612; *Agawam Woolen Co.*, 74 U.S. at 592-93.

As discussed above,



Because Excelitas has not supplied or caused to be supplied in or from

the United States any component of the LPPS350 since the '000 patent issued, Excelitas is

entitled to summary judgment on Energetiq's § 271(f) claim as a matter of law.

> **D.    Because Excelitas and Qioptiq Have Not Directly Infringed, ASML B.V. and Qioptiq Cannot Be Liable For Inducing Direct Infringement**

Induced infringement under 35 U.S.C. § 271(b) cannot exist as a matter of law without a

predicate act of direct infringement.  *Limelight Networks*, 134 S. Ct. at 2117 ("[O]ur case law

leaves no doubt that inducement liability may arise 'if, but only if, [there is] . . . direct

infringement.'" (alterations in original)); *Power Integrations*, 711 F.3d at 1371 ("[I]ndirect

infringement . . . requires underlying direct infringement in the United States." (citation

omitted)).

The sole allegation against ASML with respect to the LPPS350 and '000 patent is that

ASML has supposedly induced Excelitas and Qioptiq to infringe claims 1 and 7.  (FAC ¶¶ 141,

147.)  Because Excelitas and Qioptiq have not infringed these claims as a matter of law for the

reasons set forth above, the act of direct infringement upon which Energetiq's inducement allegations are premised does not exist.  ASML is thus entitled to summary judgment against Energetiq's '000 patent inducement claim.  *Exigent Tech.*, 442 F.3d at 1308-1309; *Novartis Pharms. Corp. v. Eon Labs. Mfg., Inc.*, 363 F.3d 1306, 1308, 1312 (Fed. Cir. 2004) (affirming district court's dismissal of inducement claim where there was no direct infringement and stating that "it is well settled that there can be no inducement or contributory infringement absent an underlying direct infringement," *id.* at 1308).

Similarly, because Excelitas has not directly infringed the '000 patent as a matter of law, Energetiq's inducement allegations against Qioptiq fail for the same reasons.  Accordingly, Qioptiq is entitled to summary judgment against Energetiq's '000 patent inducement claim.  *Id.*

### E.      Energetiq Has Not Pled Direct Infringement By ASML, Nor Can It

Defendants expect Energetiq to respond to this motion by arguing a brand new allegation ***not*** made in its FAC—that ASML has supposedly made an "offer to sell" the YieldStar 350. That argument would not answer this motion because Energetiq's FAC does not plead direct infringement by ASML with respect to the LPPS350 and '000 patent.  Defendants are entitled to summary judgment on the inducement claims that Energetiq actually pled in the FAC.  *Barber v. Verizon New England Inc.*, 2006 WL 3524465, at *7 (D.R.I. Dec. 6, 2006) ("Parties may not raise new claims in response to a motion for summary judgment."); *Kearney v. County of Rockland*, 373 F. Supp. 2d 434, 441 (S.D.N.Y. 2005) (same; citing cases).

Energetiq's expected new argument is also mistaken as a matter of law.  Under Section 271(a), an accused infringer must offer to sell the "***entire*** invention as claimed in the patent." *Rotec Indus., Inc. v. Mitsubishi Corp.,* 215 F.3d 1246, 1252 (Fed. Cir. 2000) (emphasis added). Therefore, to establish an "offer for sale," Energetiq would have to show that any alleged "offer" includes a detailed description of the ***specific*** light source component sufficient to demonstrate

11

that the light source practices *all* of the limitations of the asserted claims of the '000 patent.  *See* Oct. 29, 2015 Order at 2 (Dkt. No. 204) (denying motion for preliminary injunction where evidence of "offers" failed to show "the nature or design of the particular light source let alone whether the light source infringes Plaintiff's patents" (citing 35 U.S.C. § 271(a))); *ISIS Pharm., Inc. v. Santaris Pharma A/S Corp.*, 2014 WL 2531973, at *5 (S.D. Cal. June 4, 2014) (finding no offer for sale because the sales agreement "did not include *all* limitations of the claims in issue" (emphasis added)); *Engate, Inc. v. Esquire Depo. Servs. LLC,* 2003 WL 22117805, at *9-10 (N.D. Ill. Sept. 10, 2003) (finding no offer for sale when product description did not "reference the methods and systems disclosed in [plaintiff's] patents" and noting that "§ 271(a) does not prohibit offers to sell generally, but only offers to sell '*a patented invention*'" (emphasis in original)), *aff'd*, 208 F. App'x 946, 949 (Fed. Cir. 2006).

█████████████████████████████████████████████████████████ ████████████████████████████ Specifically, the documents to which Energetiq points as supposed offers – high-level marketing presentations regarding the future YieldStar 350 and ██████ ████████████████████████████████████████ – cannot establish an infringing offer under Section 271(a) as a matter of law.  These documents, at best, contain only generalized discussions relating to the future YieldStar 350 (████████████████████████).  They do not describe a light source component with any specificity, let alone at the level of detail required to identify *all* the claim limitations.  (Oct. 29, 2015 Order at 2 ("Nothing in the submission, however, shows the nature or design of the particular light source let alone whether the light source infringes Plaintiff's patents.").)  Indeed, the marketing presentations instead focus on expected YieldStar 350 features that are *unrelated* to the light source component, █████████████

██████████████████████████████████████████████████████

██████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████    The marketing materials do not describe any of these claim limitations, and are thus not infringing offers for sale as a matter of law.  (SUMF ¶ 18.)  *Rotec Indus.,* 215 F.3d at 1252; *ISIS Pharm.*, 2014 WL 2531973, at *4-5; *Engate,* 2003 WL 22117805, at *9-10.

There is a simple reason why the marketing materials lack these details:  ████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████

██  ████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████

In short, the '000 patent does not cover the ***entire*** YieldStar 350 as a product.  Instead, the '000 patent is asserted solely against components of the light source.  (FAC ¶¶ 141-147.)

█████████████████████████████████████████████████████████ Energetiq

has not identified any evidence that any alleged offers for sale have included detail about the

allegedly infringing light source, ██████████████████████████████ For this reason,

there can be no infringement based on Energetiq's un-pled offer-for-sale theory.

### F.     Defendants Are Entitled to Summary Judgment Now

As explained above, Phase I discovery—which Energetiq asked for—established that

there has been no activity since June 2, 2015 that could possibly support Energetiq's '000 patent

infringement allegations against the LPPS350.  Defendants have asked Energetiq what basis it

has to persist with these claims, and Energetiq has refused to provide a substantive answer.

Defendants expect Energetiq may argue that infringement is "imminent" or that further discovery

is needed to uncover this "inevitable" *future* infringement.  But Rule 11 does not permit parties

to maintain a claim that has no merit based solely on the belief that at some point, in the future, a

claim might materialize.  *See Johns Hopkins Univ. v. CellPro, Inc.*, 152 F.3d 1342, 1366 (Fed.

Cir. 1998) ("Mere possession of a product which becomes covered by a subsequently issued

patent does not constitute an infringement of that patent *until the product is used, sold, or*

*offered for sale in the United States during the term of the patent*." (emphasis added)); *see also*

*Monsanto Co. v. Syngenta Seeds, Inc.*, 503 F.3d 1352, 1359-60 (Fed. Cir. 2007) (affirming

summary judgment of no infringement where not all of the alleged steps of the claimed method

occurred after patent issuance—"In the present case, *no one* performed the three-step process of

the independent claim 'during the patent term,' as required by § 271(a). . . .  This case lacks any

basis for infringement under claim 1 because those steps occurred before patent issuance.")[6];

*Classen Immunotherapies, Inc. v. Shionogi, Inc.*, 2014 WL 323941, at *7 (D. Md. Jan. 29, 2014)

---

[6] Asserted claim 1 of the '000 patent is a method claim.

("[Plaintiff's] allegations under § 271 must also be dismissed because not all of the alleged steps of infringement transpired after the issuance of [the asserted] patents . . . .  When a 'method' or 'process' patent . . . [is] at issue, each of the steps of the patented method must occur post-patent issuance for infringement under § 271 to occur.").  The record indisputably establishes that Energetiq has no basis to maintain any claim against the LPPS350 under the '000 patent *today*.

Indeed, Energetiq's renewed motion for preliminary injunction (Dkt. No. 179), which the Court denied, highlights that Energetiq cannot prove infringement of the '000 patent in the United States by the LPPS350.  (*See* Oct. 29, 2015 Order.)  Energetiq's own submissions show that ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████  There is no case or controversy over future hypothetical infringement.  *See, e.g.*, *Laitram Corp. v. Cambridge Wire Cloth Co.*, 919 F.2d 1579, 1582 (Fed. Cir. 1990) ("If there had been evidence before the district court, and there was none, that [defendant] intended and was preparing on [a future date] to produce and sell [the accused product], it would not matter, for neither intent nor preparation constitutes infringement under 35 U.S.C. § 271. . . . On that basis, there was no actual case or definite and concrete controversy over which the district court might have exercised jurisdiction."); *cf. Amana Refrigeration, Inc. v. Quadlux, Inc.*, 172 F.3d 852, 855-56 (Fed. Cir. 1999) ("[A]n actual controversy cannot be based on a fear of litigation over future products.").

## V.     <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that the Court grant summary judgment in their favor on Energetiq's claims asserting the '000 patent against the "LS2" / LPPS350.


Dated: November 3, 2015                                    Respectfully submitted,


                                                           _/s/ Kevin S. Prussia_____
                                                           Kevin S. Prussia (BBO # 666813)
                                                           Wilmer Cutler Pickering Hale and Dorr LLP
                                                           60 State Street
                                                           Boston, Massachusetts 02109
                                                           Tel: (617) 526-6000
                                                           Fax: 617) 526-5000
                                                           kevin.prussia@wilmerhale.com


                                                           James M. Dowd (Ca. Bar # 259578) (*pro hac vice*)
                                                           Wilmer Cutler Pickering Hale and Dorr LLP
                                                           350 South Grand Avenue, Suite 2100
                                                           Los Angeles, CA 90071
                                                           Tel:  (213) 443-5300
                                                           Fax: (213) 443-5400
                                                           james.dowd@wilmerhale.com

                                                           **ATTORNEYS FOR ASML NETHERLANDS B.V., EXCELITAS TECHNOLOGIES CORP., and QIOPTIQ PHOTONICS GMBH & CO. KG**

**CERTIFICATE OF SERVICE**

I, Kevin S. Prussia, hereby certify that a true copy of this document was served upon counsel of record for the plaintiff through the Court's electronic court filing (ECF) system, this 3rd day of November, 2015.


*/s/ Kevin S. Prussia*
Kevin S. Prussia