**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ENERGETIQ TECHNOLOGY, INC., Plaintiff, v. ASML NETHERLANDS B.V., EXCELITAS TECHNOLOGIES CORP., and QIOPTIQ PHOTONICS GMBH & CO. KG, Defendants. | Civil Action No. 1:15-cv-10240-LTS **[PUBLIC VERSION]** |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF**
**RENEWED MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

# TABLE OF CONTENTS

**Page**

**I. INTRODUCTION ........ 1**

**II. LEGAL STANDARD ........ 2**

**III. FACTUAL BACKGROUND ........ 3**

**IV. ARGUMENT ........ 6**

A. Massachusetts Lacks Specific Personal Jurisdiction Over ASML And Qioptiq ........ 6

B. There Is No Pendent Personal Jurisdiction Based On The LS2 Infringement Allegations ........ 8

**V. CONCLUSION ........ 11**

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*AFTG-TG, LLC v. Nuvoton Tech. Corp.*,
689 F.3d 1358 (Fed. Cir. 2012)....6

*Avocent Huntsville Corp. v. Aten Int'l Co.*,
552 F.3d 1324 (Fed. Cir. 2008)....6

*Beverly Hills Fan Co. v. Royal Sovereign Corp.*,
21 F.3d 1558 (Fed. Cir. 1994)....6

*Boit v. Gar-Tec Products, Inc.*,
967 F.2d 671 (1st Cir. 1992)....3

*United States v. Botefuhr*,
309 F.3d 1263 (10th Cir. 2002)....9, 10

*Celgard, LLC v. LG Chem., Ltd.*,
No. 3:14-cv-43, 2015 WL 2412467 (W.D.N.C. May 21, 2015)....9

*Celgard, LLC v. SK Innovation Co.*,
792 F.3d 1373 (Fed. Cir. 2015)....2, 3, 6

*Deckers Outdoor Corp. v. Reed Sportswear Mfg. Co.*,
2015 WL 5167466 (C.D. Cal. Sept. 3, 2015)....9

*Grober v. Mako Prods.*,
686 F.3d 1335 (Fed. Cir. 2012)....7

*Lumascape USA, Inc. v. Vertex Lighting, Inc.*,
2006 WL 825411 (N.D. Cal. Mar. 29, 2006)....9

*Sears, Roebuck & Co. v. Sears plc*,
744 F. Supp. 1297 (D. Del. 1990)....10

*Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com. De Equip. Medico*,
563 F.3d 1285 (Fed. Cir. 2009).... 1-2

*United Mine Works v. Gibbs*,
383 U.S. 715 (1966)....2

**Federal Statutes**

28 U.S.C. § 1367....8

**Federal Rules**

Federal Rule of Civil Procedure 12(b)(2) ........................................................................11

Federal Rule of Civil Procedure 30(b)(6) ...................................................................1, 4, 5

**Other Authorities**

Wright & Miller, *Federal Practice and Procedure* (3d ed. 2015)...................................... 8, 10-11

# I. INTRODUCTION

The Court authorized jurisdictional discovery regarding Energetiq Technology Inc.'s ("Energetiq's") claim against the "LS1" for a limited purpose: "to determine whether any allegedly infringing activity, i.e., and sales, offers for sale, use or importation of LS1 occurred within Massachusetts." (July 10, 2015 Order ("Order") at 10 (Dkt. No. 120).) Phase I discovery has now confirmed that there has been no such LS1 activity in Massachusetts:

In short, Phase I discovery has confirmed what Defendants explained at the outset of this case – that there have been ***no LS1-related activities in Massachusetts***. Because Defendants have not "purposefully directed [any LS1] activities at residents of the forum," Energetiq's LS1 claim does not "arise[] out of or relate[] to" any "activities within the forum" and the assertion of personal jurisdiction over this claim would be neither "reasonable" nor "fair." *Synthes (U.S.A.)*

---

[1] Declaration of James M. Dowd ("Dowd Decl."), Ex. 1 [ASML B.V. Rule 30(b)(6) Tr.] at 20:2-4, 21:3-21, and 24:14-25:17.

[2] *Id.*, Ex. 1 [ASML B.V. Rule 30(b)(6) Tr.] at 20:2-4, 21:3-21, and 24:14-25:17; *id.*, Ex. 2 [ASML U.S. Rule 30(b)(6) Tr.] at 28:5-7, 97:16-21, and 144:23-145:17; Declaration of Katrin Letz ("Letz Decl.") ¶ 5 (Dkt. No. 22).

[3] *Id.*, Ex. 1 [ASML B.V. Rule 30(b)(6) Tr.] at 96:8-25.

[4] *Id.*, Ex. 2 [ASML U.S. Rule 30(b)(6) Tr.] at 156:21-159:7.

[5] *Id.*

*v. G.M. Dos Reis Jr. Ind. Com. De Equip. Medico,* 563 F.3d 1285, 1297 (Fed. Cir. 2009).

Rather than concede the point and move on, Energetiq now advances a new theory that it failed to state in its opposition to Defendants' motion to dismiss. (*See* Oct. 21, 2015 Joint Status Report (Dkt. No. 182) ("JSR") at 5-6.) Specifically, Energetiq now contends that – despite the complete absence of LS1-related contacts with this forum – the Court should assert "pendent personal jurisdiction" over its LS1 claims based upon the Court's finding that it has jurisdiction over claims against a different product – the so-called "LS2."[6]

Energetiq's argument fails because its LS1 claim does not arise from the same "common nucleus of operative fact" as its LS2 claim. *United Mine Works v. Gibbs*, 383 U.S. 715, 725 (1966). [REDACTED] The Court has previously ruled that the alleged facts that give rise to Energetiq's claim against LS2 ***do not*** support its claim against LS1. (Order at 10.) [REDACTED]

For these reasons, as discussed more fully below, there is no basis for jurisdiction over Energetiq's LS1 claims and they should be dismissed with prejudice.

## II. <u>LEGAL STANDARD</u>

In the wake of jurisdictional discovery, Energetiq bears the burden of establishing personal jurisdiction over its LS1 claims by a preponderance of evidence. *Celgard, LLC v. SK Innovation Co.*, 792 F.3d 1373, 1378 (Fed. Cir. 2015) (citing *Pieczenik v. Dyak Corp.*, 265 F.3d

[6] As set forth in the Joint Status Report (JSR at 11), and based upon Phase I discovery, Defendants understand Energetiq's use of the term LS2 to refer to the Qioptiq LPPS350.

1329, 1334 (Fed. Cir. 2001); *see also Boit v. Gar-Tec Products, Inc.*, 967 F.2d 671, 674-75 (1st Cir. 1992) ("Under every method for determining a motion to dismiss for lack of *in personam* jurisdiction, and regardless of the nature of the proceedings and the form of the proffers, 'the plaintiff has the burden of showing that jurisdiction exists.'"). Three due process factors govern this analysis: "whether (1) the defendant purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to the defendant's activities with the forum, and (3) assertion of personal jurisdiction is reasonable and fair." (Order at 6 (quoting *Synthes*, 563 F.3d at 1292).)[7]

Generally, when the accused product has never been made, used, sold, or offered for sale in the forum, there is no specific jurisdiction. *See Celgard*, 792 F.3d at 1382 (Fed. Cir. 2015) (affirming denial of personal jurisdiction because, *inter alia*, patentee "fail[ed] to show that [accused products] actually have been found in [forum state]").

## III. FACTUAL BACKGROUND

### A. ASML B.V. and Qioptiq

Defendant ASML B.V. is incorporated under the laws of the Netherlands and has its principal place of business at De Run 6501, Veldhoven 5504 DR, Netherlands. (Declaration of Katrin Letz ("Letz Decl.") ¶ 2 (Dkt. No. 22).) ASML B.V. is a leading provider of lithography systems for the semiconductor industry. (*Id.* at ¶ 3.) ASML B.V. does not own property, have office space, maintain any documents, employ any person, or conduct any sales or manufacturing activity in Massachusetts. (*Id.* ¶ 2.)

Qioptiq is incorporated under the laws of Germany and has its principal place of business at Königsalle 23, 37081, Göttingen, Germany. (Lorenz Decl. ¶ 2.) Qioptiq is a leader in the

[7] The Court has ruled that there is no general jurisdiction over ASML B.V. or Qioptiq. (Order at 6 n.3, 11.)

photonics industry, making components used in semiconductor manufacturing equipment. Qioptiq does not own property, have office space, maintain any documents, employ any person, or conduct any sales or manufacturing activity in Massachusetts. (Lorenz Decl. ¶ 2.) Qioptiq was acquired by Defendant Excelitas Technologies Corp. ("Excelitas") in October 2013. (*Id.* at ¶ 3.)

### B. No LS1, YieldStar 250 or YieldStar 200 Upgrade Kit Has Touched Massachusetts

The accused YieldStar products are metrology tools that are used in making semiconductor chips. (Letz Decl. ¶ 3.) Metrology helps determine whether the chips' circuit patterns have been printed correctly on a silicon wafer. (*Id.*) YieldStar metrology tools make this determination using a novel technique called "scatterometry" that bounces light off the wafer and captures the wafer's reflected image in a high resolution image sensor. (*Id.*) YieldStar tools analyze the scattered light to measure how accurately the circuit patterns have been printed. (*Id.*)



8

The YieldStar 250 was launched in the United States in March 2014, and YieldStar 200 upgrade kits became available shortly thereafter. (Letz Decl. ¶ 4.) [redacted] They are available in the United States from third-party ASML U.S. (*Id.*) [redacted]

---

[9] Dowd Decl. Ex. 1 [ASML B.V. Depo. Tr.] at 20:2-4; 21:3-21; 24:14-25:17 [redacted] *see also* Letz Decl. ¶ 5.

[10] Dowd Decl. Ex. 2 [ASML U.S. 30(b)(6) Depo. Tr.] at 28:5-7 [redacted] *see also id.* at 97:16-21.

[11] Dowd Decl. Ex. 2 [ASML U.S. Depo.] at 156:21-159:7.

[12] Dowd Decl. Ex. 1 [ASML B.V. Depo.] at 96:8-25 [redacted]

[redacted]

## IV. ARGUMENT

### A. Massachusetts Lacks Specific Personal Jurisdiction Over ASML And Qioptiq

#### 1. There can be no dispute that neither ASML nor Qioptiq purposefully directed LS1-related activities to Massachusetts

In the typical patent case, an allegedly infringing product has found its way into the forum, and the question is whether (through the stream of commerce) the defendant could be said to have purposefully directed its products at forum residents. *See Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1565 & n.15 (Fed. Cir. 1994) (considering the "distribution channel" for the accused product into the forum); *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1332 (Fed. Cir. 2008) (same). There is ***no*** such evidence in this case.

[redacted] Neither ASML B.V. nor Qioptiq has ever shipped a product using a LS1 into Massachusetts. (Order at 10.) [redacted]

Because ASML B.V. and Qioptiq have not purposefully directed any relevant activities toward Massachusetts residents, there is no specific personal jurisdiction over Energetiq's LS1 claims. *See Celgard*, 792 F.3d at 1382 (affirming denial of personal jurisdiction because, *inter alia*, patentee "fails to show that [accused products] actually have been found in [forum state]"); *AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689 F.3d 1358, 1365 (Fed. Cir. 2012) (affirming district

court's dismissal for lack of personal jurisdiction where "where, at most, one of the defendants made isolated shipments to [the forum state] at the request of third parties"); *Grober v. Mako Prods.*, 686 F.3d 1335, 1347 (Fed. Cir. 2012) (dismissing where plaintiff "could not establish that [defendant] has operated or rented the [accused product] in California").

2. Energetiq's has conceded that its LS1-based claims do not arise out of or relate to any of ASML B.V.'s or Qioptiq's activities in Massachusetts

As the Court has already held, the only allegations in the Amended Complaint concerning the "arise out of or relates to" prong, are those concerning (1) alleged inducement of Excelitas (a Massachusetts company) to make a LS2,[13] and (2) "ASML BV's extensive collaboration with Energetiq and Qioptiq, including within Massachusetts." (Order at 8.) Neither of those two allegations is at all related to Energetiq's LS1-based claims. (*Id.* at 10.) [REDACTED]

[REDACTED]

[REDACTED]

[REDACTED] There are simply no allegations of any contacts relating to the LS1 with Massachusetts.

Instead, all that Energetiq's complaint alleges by way of LS1-related contacts with Massachusetts is:

> Additionally, ASML has actively, knowingly, and intentionally induced, and is actively, knowingly, and intentionally inducing ASML US to import, service, offer for sale, and/or sell in United States the ASML YieldStar 250 and Upgraded YieldStar 200, each of which includes the Qioptiq LS1. For example, ASML directs ASML US, its agent for sales in the United States, to import, service, sell

[13] Defendants respectfully disagree with the Court's finding on this point. There are no well-pled allegations in the complaint that any supposed "inducement" of Excelitas occurred in Massachusetts or were directed at Massachusetts. While it is correct that Excelitas is located in Massachusetts, inducement requires an affirmative instruction or direction to infringe. The Amended Complaint contains no allegations that ASML B.V. ever provided Excelitas ***any*** instruction regarding the light source for the YieldStar 350, let alone an infringing one, and certainly not one in Massachusetts. To the contrary, all the Amended Complaint alleges is that the LS2 was developed "according to ***Qioptiq's*** designs and specifications." (*See, e.g.*, Am. Compl. ¶¶ 91, 107, 129, 141 (emphasis added); Order at 7 (citing same).)

> and offer for sale the ASML YieldStar 250 and Upgraded YieldStar 200, and ASML knows that such actions by ASML US constitute direct infringement of at least claim 10 of the ‘982 patent, at least because of its request for a license to this patent as discussed above.

(Am. Compl. ¶ 90; *see also id.* ¶¶ 114, 121, 128, 140 (repeating claims for other asserted patents).) But that refrain is devoid of any factual matter. Instead, it simply recites the bare elements of infringement and fails to include any well-pled facts supporting a reasonable inference that Energetiq’s LS1-based claims arise out of or relate to activities in Massachusetts. Phase I discovery has now demonstrated that there has been no such “allegedly infringing activity, ***i.e. any sales, offers for sale, use or importation of LS1 occurred within Massachusetts***.” (Order at 10 (emphasis added).)

### B. There Is No Pendent Personal Jurisdiction Based On The LS2 Infringement Allegations

Having literally no facts in support of its prior assertion of specific personal jurisdiction, Energetiq has now apparently abandoned this contention. Instead Energetiq now suggests that the Court should assert “supplemental personal jurisdiction” under 28 U.S.C. § 1367 over its LS1 claims. (JSR at 5-6.) This assertion is incorrect for multiple reasons.

***First***, neither the Supreme Court nor the First Circuit has ever recognized “pendent personal jurisdiction” as a valid jurisdictional basis. Moreover, contrary to Energetiq’s argument, 28 U.S.C. § 1367 is addressed solely to supplemental ***subject matter*** jurisdiction, not to personal jurisdiction as Energetiq now suggests. *See* 13D Wright & Miller, *Federal Practice and Procedure* § 3567 (3d ed. 2015). Indeed, even though courts “have recognized a doctrine of ‘pendent personal jurisdiction,’” it “is wholly unrelated to § 1367.” *Id.*

***Second***, all courts that have considered the theory of “pendent personal jurisdiction” have held that it requires that the claim over which there is no specific personal jurisdiction (*i.e.*, the LS1 claim) “arise[] out of a common nucleus of operative facts with a claim in the same suit over

which the court does have personal jurisdiction" (*i.e.*, the LS2 claim). *Lumascape USA, Inc. v. Vertex Lighting, Inc.*, 2006 WL 825411, at *7 (N.D. Cal. Mar. 29, 2006) (quoting *CE Distrib., LLC v. New Sensor Corp.*, 380 F.3d 1107, 1113 (9th Cir. 2004)). In other words, it is appropriate only where "***all the claims arise from the same facts*** as the claim over which it has proper personal jurisdiction." *United States v. Botefuhr*, 309 F.3d 1263, 1272 (10th Cir. 2002) (emphasis added); *see also Deckers Outdoor Corp. v. Reed Sportswear Mfg. Co.*, 2015 WL 5167466, at *3 (C.D. Cal. Sept. 3, 2015) (finding pendent personal jurisdiction only where "each claim will be established using the same evidence and each claim arose from the same acts").

Energetiq's LS1 claims ***do not*** arise out of the same facts as its LS2 claims. In particular, Energetiq has alleged that its LS2 claims arise out of a "three way contract with Energetiq (in Massachusetts)" that went awry. (Am. Compl. ¶ 2.) Casting its LS2 claims in that manner was the only way that Energetiq was able to avoid having them dismissed. (*See* Order at 6-8, 11-12.) Turning to LS1, however, Energetiq has never alleged that its LS1 claims arise out or relate to that failed LS2 "collaboration." Nor can it, since the LS1 predates that alleged "collaboration." Because that alleged collaboration was the ***sole basis*** for jurisdiction over Energetiq's LS2 claims, the lack of any relationship between this "collaboration" and the LS1 breaks the "common nucleus of facts" required to support a pendent personal jurisdiction theory.

***Third***, *Celgard, LLC v. LG Chem., Ltd.*, No. 3:14-cv-43, 2015 WL 2412467 (W.D.N.C. May 21, 2015), cited by Energetiq, is not analogous. (*See* JSR at 6-7 (citing *Celgard*).) There, the court found that "[t]he nature of the parties' business dealings and [the defendant's] decision to stop purchasing base film from Plaintiff after their significant history form a 'common nucleus' that renders the patents claims part of the same 'case or controversy' as the state law claims." *Celgard*, 2015 WL 2412467, at *23.

[redacted] Because Energetiq's LS1 claims do not arise from the same "common nucleus" of operative facts as its other claims, Energetiq cannot rely upon pendent jurisdiction and must instead demonstrate specific personal jurisdiction for its LS1 claims as to each Defendant. *Sears, Roebuck & Co. v. Sears plc*, 744 F. Supp. 1297, 1307 (D. Del. 1990) ("Absent general jurisdiction over a defendant, each claim brought by a plaintiff must be supported by independent acts of the defendant that establish sufficient minimum contacts among the defendant, the forum and that claim."); Order at 9, 12 (acknowledging the need for Energetiq to advance an "independent theor[y]" of personal jurisdiction as to the LS1-based claims).

***Fourth***, Energetiq's argument that the LS1 and LS2 "unquestionably" involve "similar technology" (JSR at 6) is irrelevant. For pendent personal jurisdiction to exist, the "operative facts" that the two claims must have in common are the same facts upon which jurisdiction over the LS2 claim is based. *Botefuhr*, 309 F.3d at 1272. As explained above, Energetiq's claims concerning the LS1 and LS2 arise from fundamentally different alleged facts.

***Finally***, the strict requirement that both claims arise from the same "common nucleus of operative fact" is no mere technicality. Instead, it is critical to "ensur[ing] that when a federal court does exceed its normal *in personam* jurisdiction powers for the sake of judicial efficiency, avoiding piecemeal litigation, or convenience to the plaintiff, the inconvenience to the defendants will be slight and will not offend due process principles." 4A Wright & Miller,

*supra*, § 1069.7. In this case, Energetiq's attempt to extend jurisdiction over LS1 under a "pendent personal jurisdiction" theory would result in real and substantial prejudice to Defendants (and materially offend due process principles). Energetiq's "LS2" claim is tenuous. As Phase I discovery has demonstrated, [REDACTED] As a result, it appears that a primary purpose of Energetiq's allegations against the "LS2" in this case are now to serve as a jurisdictional hook for bringing its claims against the LS1 in Massachusetts. This is not due process. Instead, Energetiq's LS1 claims, meritless as they are, should have been brought in a jurisdiction where there has actually been a sale of an LS1 – where Defendants' LS1 activities might actually support a "minimum contacts" analysis. Defendants' defense against Energetiq's LS1 claims should not be prejudiced by Energetiq's "LS2" and state-law claims, which are based upon a wholly distinct set of alleged facts and a separate theory of a failed collaboration between the Defendants and Energetiq.

## V. CONCLUSION

For the foregoing reasons, the Court should dismiss with prejudice Energetiq's patent infringement claims with respect to the LS1 under Rule 12(b)(2).

Respectfully submitted,

Dated: November 3, 2015 ASML NETHERLANDS B.V.,
EXCELITAS TECHNOLOGIES CORP.
QIOPTIQ PHOTONICS GMBH & CO. KG

By their Attorneys,

/s/ *Kevin S. Prussia*
James M. Dowd (*pro hac vice*; CA # 259578)
Kevin S. Prussia (BBO # 666813)
Elisabeth M. Oppenheimer (BBO # 686312)
Dana O. Burwell (BBO # 682413)
Jonathan A. Cox (BBO #687810)
WILMER CUTLER PICKERING
 HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6000
Fax: (617) 526-5000
james.dowd@wilmerhale.com
kevin.prussia@wilmerhale.com
elisabeth.oppenheimer@wilmerhale.com
dana.burwell@wilmerhale.com
jonathan.cox@wilmerhale.com

**CERTIFICATE OF SERVICE**

I hereby certify that, on November 3, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. A copy of the document will be served upon all counsel of record electronically via the CM/ECF system.

*/s/ Kevin S. Prussia*