**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

ENERGETIQ TECHNOLOGY, INC.,

*Plaintiff*,

v.

ASML NETHERLANDS B.V.,
EXCELITAS TECHNOLOGIES CORP., and
QIOPTIQ PHOTONICS GMBH & CO. KG,

*Defendants*.

Civil Action No. 15-cv-10240-LTS

**PUBLIC VERSION**

**ENERGETIQ'S OPPOSITION TO DEFENDANTS'**
**RENEWED MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

# TABLE OF CONTENTS

I. INTRODUCTION ........ 1

II. LEGAL STANDARDS ........ 1

III. ARGUMENT ........ 4

A. This Court Has Pendent Personal Jurisdiction Over ASML B.V. As To The LS1 Claims ........ 4

1. Pendent Personal Jurisdiction Is Supported By The LS2 Patent Claims ........ 6

2. Pendent Personal Jurisdiction Is Supported By The State Law Claims ........ 7

3. The Defendants' Remaining Arguments Do Not Undermine The Application of Pendent Personal Jurisdiction ........ 9

B. This Court Also Has Specific Personal Jurisdiction Over ASML B.V. As To The LS1 Patent Infringement Claims ........ 11

1. ASML Purposefully Directed Its Activities At Residents Of Massachusetts ........ 11

2. Energetiq's Claim Arises Out Of And Relates To Those Activities ........ 12

3. Asserting Personal Jurisdiction Over The LS1 Claims Is Reasonable And Fair ........ 12

IV. CONCLUSION ........ 13

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Action Embroidery Corp. v. Atlantic Embroidery, Inc.*,
368 F.3d 1174 (9th Cir. 2004) ....................2, 4

*Akro Corp. v. Luker*,
45 F.3d 1541 (Fed. Cir. 1995)....................12

*Alcohol Monitoring Sys., Inc. v. Actsoft, Inc.*,
682 F. Supp. 2d 1237 (D. Colo. 2010)....................6, 7

*Amtrol, Inc. v. Vent-Rite Valve Corp.*,
646 F. Supp. 1168 (D. Mass. 1986) ....................4

*Avocent Huntsville Corp. v. Aten Int'l Co., Inc.*,
552 F.3d 1324 (Fed. Cir. 2008)....................2, 4

*CE Distrib., LLC v. New Sensor Corp.*,
380 F.3d 1107 (9th Cir. 2004) ....................5

*Celgard, LLC v. LG Chem., Ltd.*,
No. 3:14-cv-00043, 2015 WL 2412467 (W.D.N.C. May 21, 2015)....................7, 8, 9

*Celgard LLC v. SK Innovation Co.*,
792 F.3d 1373 (Fed. Cir. 2015)....................3, 12

*Cordell v. Howard*,
879 F. Supp. 2d145 (D. Mass. 2012) ....................2

*D'Jamoos v. Atlas Aircraft Ctr., Inc.*,
669 F. Supp. 2d 167 (D.N.H. 2009)....................2

*Deckers Outdoor Corp. v. Reed Sportswear Mfg Co.*,
No. 2:15-cv-00749, 2015 WL 5167466 (C.D. Cal. Sept. 3, 2015)....................6

*Elecs. for Imaging, Inc. v. Coyle*,
340 F.3d 1344 (Fed. Cir. 2003)....................3

*Gen Ads, LLC v. Breitbart*,
435 F. Supp. 2d 1116 (W.D. Wash. 2006)....................5

*Home Owners Funding Corp. of Am. V. Century Bank*,
695 F. Supp. 1343 (D. Mass. 1988) ....................2

*Inamed Corp. v. Kuzmak*,
249 F.3d 1356 (Fed. Cir. 2001)....................2, 4

*Lumascape USA, Inc. v. Vertex Lighting, Inc.*,
No. C-05-04809, 2006 WL 825411 (N.D. Cal. Mar. 29, 2006) ....................6

*Miller Pipeline Corp. v. British Gas plc*,
901 F. Supp. 1416, 1424 (S.D. Ind. 1995) ....................5

*MIT v. Micron*,
508 F. Supp. 2d at 124 ....................13

*Noble Sec., Inc. v. MIZ Eng'g, Ltd.*,
611 F. Supp. 2d 513 (E.D. Va. 2009) ....................5

*Oetiker v. Jurid Werke, GmbH*,
556 F.3d 1 (D.C. Cir. 1977)....................5

*Pieczenik v. Dyax Corp.*,
265 F.3d 1329 (Fed. Cir. 2001)....................3

*Rolls-Royce Corp. v. Heros, Inc.*,
576 F. Supp. 2d 765 (N.D. Tex. 2008) ....................5

*Salpoglou v. Shlomo Widder, M.D., P.A.*,
899 F. Supp. 835 (D. Mass. 1995)....................3, 10

*Sears, Roebuck & Co. v. Sears plc*,
744 F. Supp. 1297 (D. Del. 1990)....................6

*Silent Drive, Inc. v. Strong Indus., Inc.*,
326 F.3d 1194 (Fed. Cir. 2003)....................4

*Touchcom, Inc. v. Bereskin & Parr*,
574 F.3d 1403 (Fed. Cir. 2009)....................2

*United States v. Botefuhr*,
309 F.3d 1263 (10th Cir. 2002) ....................4, 6, 9

**STATUTES**

28 U.S.C. § 1367(a) ....................4, 6

## I. INTRODUCTION

In this case involving the ***same*** parties, the ***same*** patents, and two generations of the ***same*** product, ASML now asks this Court to order Energetiq to prosecute two patent infringement proceedings in two federal courts: one here, regarding the patent infringement allegations relating to the LS2, and another in some far off jurisdiction, limited to Energetiq's patent infringement allegations against the LS1. That is, while ASML complains at every turn about the expense of patent litigation, it now seeks to double *its* costs (and Energetiq's)—and double the burden on the judicial system—by demanding that the same patents and issues be litigated twice, in two courts, at the same time. Notably, this motion, and its request to double the proceedings, only relates to ASML (and not the other defendants).

The fact is that this Court can and should decide all patent infringement allegations against ***ASML*** in this forum. This Court has (1) *supplemental* jurisdiction over the LS1 patent infringement claims, using either the LS2 patent infringement claims *or* the state law claims as the anchor; *and* (2) *specific* jurisdiction over the LS1 patent infringement allegations based on ASML's activities in Massachusetts related to this product, including its voluntarily entry into Massachusetts to seek a license to that product.

It is no surprise that ASML cites no case in which a court required two separate patent litigations, in two remote jurisdictions, against the same company's closely-related products. The factual overlap here makes this case precisely the kind of case for which the Federal Circuit has endorsed pendent personal jurisdiction, over and above relying on the specific jurisdiction to which ASML is subject.

## II. LEGAL STANDARDS

With respect to *pendent* personal jurisdiction, the law "is settled that, in a multi-count complaint, if a court has personal jurisdiction over the defendant with respect to one count, it has

personal jurisdiction over the defendant with respect to all counts." *Home Owners Funding Corp. of Am. v. Century Bank*, 695 F. Supp. 1343, 1345 (D. Mass. 1988). This doctrine allows courts to "assert … jurisdiction over a defendant with respect to a claim for which there is no independent basis of personal jurisdiction so long as it arises out of a common nucleus of operative facts with a claim in the same suit over which the court does have personal jurisdiction." *Action Embroidery Corp. v. Atlantic Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir. 2004); *D'Jamoos v. Atlas Aircraft Ctr., Inc.*, 669 F. Supp. 2d 167, 174 (D.N.H. 2009) ("Because both of plaintiffs' claims against Pilatus arise out of the same common nucleus of operative fact, the court may properly exercise personal jurisdiction over Pilatus as to the Defective Aircraft Claim … By virtue of having personal jurisdiction over Pilatus with regard to the Service Manuals Claim, the court may properly exercise personal jurisdiction over Pilatus as to any remaining related claims").[1]

With respect to *specific* jurisdiction, because the Defendants have styled this motion as a motion to dismiss, the Court *must* take all of the pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See, e.g., Cordell v. Howard*, 879 F. Supp. 2d 145, 152 (D. Mass. 2012). In addition, "[w]hen analyzing personal jurisdiction for purposes of compliance with federal due process, Federal Circuit law, rather than regional circuit law, applies." *Touchcom, Inc. v. Bereskin & Parr*, 574 F.3d 1403, 1409-10 (Fed. Cir. 2009). Where "the parties do not agree on the jurisdictional facts, … [Plaintiff] must make a

---

[1] *See also Avocent Huntsville Corp. v. Aten Int'l Co., Inc.*, 552 F.3d 1324, 1339 (Fed. Cir. 2008) (authorizing exercise of pendent personal jurisdiction "over Avocent's non-patent claims to the extent they form part of the 'same case or controversy' as the patent claims"); *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1362 (Fed. Cir. 2001) ("The remaining causes of action seeking declaratory judgment of patent noninfringement sufficiently arise out of the same set of operative facts to vest the district court with pendent personal jurisdiction over those causes of action.")

prima facie showing of jurisdiction. Under the prime facie burden, the district court must resolve all factual disputes in the plaintiff's favor in evaluating the jurisdictional question." *Celgard LLC v. SK Innovation Co.*, 792 F.3d 1373, 1378 (Fed. Cir. 2015).[2]

The "determination of whether a defendant is subject to specific personal jurisdiction in the forum state involves two inquiries: first, whether the forum state's long-arm statute permits service of process[;] and, second, whether the assertion of jurisdiction is consistent with due process. *Celgard, LLC v. SK Innovation Co*., 792 F.3d 1373, 1377 (Fed. Cir. 2015) (citing *Elecs. for Imaging, Inc. v. Coyle,* 340 F.3d 1344, 1349 (Fed. Cir. 2003)). With respect to the first prong, the Massachusetts long-arm statute provides that "[a] court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's (a) transacting any business in this commonwealth . . ." M.G.L. c. 223A, § 3(a). "The Massachusetts courts have construed the 'transacting any business' clause of the long-arm statute broadly." *Salpoglou v. Shlomo Widder, M.D., P.A.,* 899 F. Supp. 835, 838 (D. Mass. 1995). With respect to the second prong, the Federal Circuit determines "whether the due process requirement for specific personal jurisdiction is met by considering (1) whether the defendant purposefully directed its activities at residents of the forum state, (2) whether the claim arises out of ***or relates to*** the defendant's activities with the forum state, and (3) whether assertion of personal jurisdiction is reasonable and fair." *Celgard, LLC v. SK Innovation Co.*, 792 F.3d 1373, 1377 (Fed. Cir. 2015) (italics added).

---

[2] In *Celgard, LLC*, the parties disputed whether the plaintiff was required to prove the existence of personal jurisdiction under a prima facie standard or a preponderance of the evidence standard (which, as the Federal Circuit has held, is used when jurisdictional discovery is conducted but jurisdictional facts are not in dispute). *Celgard LLC*, 792 F.3d at 1378 (citing *Pieczenik v. Dyax Corp.*, 265 F.3d 1329, 1334 (Fed. Cir. 2001)). The Federal Circuit held that, since the parties did not agree on the jurisdictional facts, the Plaintiff was required to make prima facie showing of jurisdiction. *Id.*

## III. ARGUMENT

### A. This Court Has Pendent Personal Jurisdiction Over ASML B.V. As To The LS1 Claims

The Court has found that it has jurisdiction over ASML with regard to the patent infringement claims against ASML's next generation product incorporating the Qioptiq LS2 light source. Once the Court obtained jurisdiction over ASML, it also obtained jurisdiction over ***related*** causes of action under the doctrine of pendent personal jurisdiction.

According to the Federal Circuit, the pendent personal jurisdiction doctrine emanates from the supplemental jurisdiction statute, 28 U.S.C. § 1367(a), which "confers supplemental jurisdiction with respect to both subject matter and personal jurisdiction where the 'same case or controversy' requirement is satisfied." *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1206 (Fed. Cir. 2003).[3] By permitting factually related claims to be decided in the same case, pendent personal jurisdiction best serves "judicial economy, avoidance of piecemeal litigation, and overall convenience of the parties." *Action Embroidery*, 368 F.3d at 1181. *See Avocent Huntsville Corp. v. Aten Int'l Co., Inc.*, 552 F.3d 1324, 1339 (Fed. Cir. 2008); *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1362 (Fed. Cir. 2001); *see also Amtrol, Inc. v. Vent-Rite Valve Corp.*, 646 F. Supp. 1168, 1174 (D. Mass. 1986) ("there is a clearly discernible trend among the modern federal cases to allow pendent *personal* jurisdiction in those circumstances where a court has pendent *subject matter* jurisdiction.").

---

[3] Although "every circuit court of appeals to address the question [has] upheld the application of pendent personal jurisdiction," *Action Embroidery*, 368 F.3d at 1181 (9th Cir. 2004), other circuits have understood the doctrine to be "a federal common law doctrine." *UnitedStates v. Botefuhr*, 309 F.3d 1263, 1273 (10th Cir. 2002) (upholding the exercise of pendent personal jurisdiction where "claims arise from the same common nucleus of operative fact [because] the inconvenience to a defendant is not necessarily sufficient to dismiss for lack of personal jurisdiction").

Significant factual overlap in the claims asserted is the key to establishing pendent personal jurisdiction. But, the case law is clear that the facts underlying the anchor and the pendent claim need not be identical: even if "the facts underlying the [anchor claim] do not exactly track the facts underlying the [pendent claims, so long as] the core facts of the claims are the same," pendent personal jurisdiction is appropriate. *CE Distrib., LLC v. New Sensor Corp.*, 380 F.3d 1107, 1113-14 (9th Cir. 2004). For that reason, courts have routinely upheld the exercise of pendent personal jurisdiction over claims distinct from the anchor claim, even when the pendent claim might require additional types of factual proof. *See, e.g.*, *Oetiker v. Jurid Werke, GmbH*, 556 F.2d 1, 4-5 (D.C. Cir. 1977) (upholding decision to exercise pendent personal jurisdiction over patent misuse claims after infringement and validity case mooted); *Miller Pipeline Corp. v. British Gas plc*, 901 F. Supp. 1416, 1424 (S.D. Ind. 1995) (authorizing pendent personal jurisdiction over antitrust claims on the basis of patent claims "because the same evidence will be relevant to both claims, and particularly because both claims will pose the same highly technical question regarding the parties' patents and pipe bursting devices").[4]

Notably, ASML *does not cite a single case* in which a court required a patent owner to bring duplicative litigation in two different districts, relating to the same patents and similar

---

[4] *See also Gen Ads, LLC v. Breitbart*, 435 F. Supp. 2d 1116, 1123 (W.D. Wash. 2006) (authorizing pendent personal jurisdiction over copyright claim in breach of fiduciary duty case, noting that "[p]endant personal jurisdiction as to the copyright claim is somewhat more tenuous; however, judicial economy and the avoidance of piecemeal jurisdiction strongly weighs in favor of this court's exercise of jurisdiction over this remaining cause of action."); *Rolls-Royce Corp. v. Heros, Inc.*, 576 F. Supp. 2d 765, 784-85 (N.D. Tex. 2008) (authorizing pendent personal jurisdiction over claims for misappropriation of trade secrets, replevin, tortious interference with business relations, unjust enrichment, and theft of design data because they all arose "out of the same nucleus of operative fact as do [plaintiff's] federal RICO claims."); *Noble Sec., Inc. v. MIZ Eng'g, Ltd.*, 611 F. Supp. 2d 513, 556 (E.D. Va. 2009) ("[authorizing] pendent personal jurisdiction over Lanham Act claim that "[arose] from a common nucleus of operative facts" with RICO claim).

products. Indeed, the cases ASML cites are quite the opposite: virtually *every* case Defendants cite upholds the exercise of pendent personal jurisdiction in appropriate circumstances. *See, e.g.*, *UnitedStates v. Botefuhr*, 309 F.3d 1263, 1272 (10th Cir. 2002) ("[W]e see no reason why, in certain situations, the assertion of pendent personal jurisdiction would be inappropriate."); *Deckers Outdoor Corp. v. Reed Sportswear Mfg. Co.*, No. 2:15-cv-00749, 2015 WL 5167466, at *3 (C.D. Cal. Sept. 3, 2015) ("Each of Deckers's claims against Reed arise from the same facts as the patent infringement claim discussed above, Reed's creation and distribution of the Infringing Product. These remaining claims, therefore, are indeed so related to the patent infringement claim that they form part of the same case as required by 28 U.S.C. § 1367(a); each claim will be established using the same evidence and each claim arose from the same acts. As a result the exercise of supplemental jurisdiction over Deckers's remaining claims is proper.") And the decision in *Sears, Roebuck & Co. v. Sears plc*, 744 F. Supp. 1297, 1307 (D. Del. 1990) does not even purport to address the existence of pendent personal jurisdiction. In the sole exception, *Lumascape USA, Inc. v. Vertex Lighting, Inc.*, No. C-05-04809, 2006 WL 825411, at *7 (N.D. Cal. Mar. 29, 2006), the Court simply deferred the decision to another day, finding that "it [was] unnecessary to resolve this issue [whether pendent personal jurisdiction applied] at this time."

As set forth below, multiple cases on point illustrate the straightforward application of pendent personal jurisdiction principles to the instant facts, using either the patent claims or the state law claims as the anchor.

1. <u>*Pendent Personal Jurisdiction Is Supported By The LS2 Patent Claims*</u>

In *Alcohol Monitoring Sys., Inc. v. Actsoft, Inc.*, 682 F. Supp. 2d 1237 (D. Colo. 2010), the Court exercised pendent personal jurisdiction over a patent claim in an infringement case involving three Defendants who were accused of infringing the same patent. *Id.* at 1239-40. *Id.*

at 1239-40. The later-added Defendant, U.S. Home, moved to dismiss, asserting that it had insufficient contacts with the state of Colorado to support personal jurisdiction. In support of its motion, U.S. Home offered factual allegations similar to ASML's statements here, including that (1) U.S. Home had never sold any product, derived any revenue, or transacted any business in Colorado; (2) U.S. Home sold TattleTale bracelets only to Actsoft, Inc., a company located in Florida; and (3) the TattleTale bracelet can be used anywhere in the United States and there are no specific design elements or features meant for any specific geographic area. *Id.* at 1240-41. Nevertheless, the Court held that the separate claims against U.S. Home arise from a "common nucleus of operative facts," stating that:

> the interests of justice favor a single, consolidated action addressing ***all of the claims implicating the '919 Patent***. Therefore, the exercise of pendent personal jurisdiction over U.S. Home for ***any portion*** of AMS's direct infringement claims that might otherwise fall outside the Court's jurisdiction is appropriate."

*Id.* at 1253 (italics added).[5] Here, ASML B.V. is already accountable in Massachusetts Court for a federal patent claim. The remaining claims relate to infringement of the same patents by an older version of the same product. Under these circumstances, pendent personal jurisdiction applies as straightforwardly as it did in *Alcohol Monitoring Sys., Inc*.

2. *Pendent Personal Jurisdiction Is Supported By The State Law Claims*

Moreover, significant case law supports anchoring Energetiq's LS1 claims in the state law claims because of the long-standing business relationship between ASML and Energetiq. In *Celgard, LLC v. LG Chem., Ltd.*, No. 3:14-cv-00043, 2015 WL 2412467 (W.D.N.C. May 21, 2015), the plaintiff had asserted state claims[6] as to one product (an uncoated polymeric base

---

[5] The Court specifically noted that "several courts have applied the concept of pendent personal jurisdiction where the additional claim is a federal claim." *Id.*

[6] The state law claims were for unfair and deceptive trade practices, breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment.

film) and patent infringement claims as to a related product (a ceramic coated separator product). The Court found that it had jurisdiction as to the state law claims because of the defendants' extensive contact with the forum state, North Carolina, over the course of their business relationship with the plaintiff. The Court spent significant time emphasizing the longstanding business relationship between the parties:

> In contrast to the typical patent litigation in which the parties produce the same or similar product, compete for the same customers, and have little or no prior relationship with the opposition, the parties in this case have been involved with each other in the production of lithium ion batteries since 2005.

*Id.* at *1. The Court continued:

> Following the execution of the MOU in 2011, the parties' relationship began to sour over price and quantity disputes…. Believing that LGC's price demands were contrary to past negotiations and course of dealings, Celgard refused to lower its prices.… After that, the parties' relationship spiraled downward.… Celgard filed this suit in January 2014, bringing the above-mentioned claims for patent infringement.

*Id.* at *2. Then, after terminating their relationship with the plaintiff, the defendant continued to use or cause others to use the plaintiff's patented technology in the ceramic coated separator product without permission. Because of the parties' business relationship, the Court determined that the plaintiff's patent infringement claims as to the ceramic coated separate product arose from a common nucleus of operative facts.

Here, Energetiq alleges that its business relationship with ASML dates back to 2008. (Blackborow Decl. ¶ 5.) During the relationship with ASML, ASML asked Qioptiq to collaborate with Energetiq to integrate an Energetiq Laser-Driven Light Source into a Qioptiq-built module for ASML's YieldStar 350 metrology tool. (First Smith Decl. ¶ 13.) Several months later, ASML told Energetiq that it would no longer need Energetiq's help to develop the light source, and it became clear that Qioptiq and Excelitas had, during the period of

collaboration with Energetiq, developed a product using Energetiq's technology without license from Energetiq. *Id.* at ¶ 14. This scenario mirrors the facts in *Celgard LLC v. LG Chem., Ltd.*:

> In light of the fact that Plaintiff's claims of patent infringement arise from LGC's choice to stop using Celgard base film in its separators, which is very closely related to, if not essentially the same as, the conduct that gave rise to Plaintiff's state law claims, the court finds that a common nucleus of operative facts exists to warrant the exercise of supplemental jurisdiction. In sum, Plaintiff provided base film to Defendants for use in their separators. When the business relationship went sour, [Defendant] sourced base film from a third party. Plaintiff alleges that the use of this third-party base film, in combination with [Defendant's] application of ceramic coating, constitutes a battery separator that infringes upon the [patent-in-suit]. The nature of the parties' business dealings and LGC's decision to stop purchasing base film from Plaintiff after their significant history form a "common nucleus" that renders the patent claims part of the same "case or controversy" as the state law claims.

No. 3:14-cv-00043, 2015 WL 2412467 at *23 (W.D.N.C. May 21, 2015.) As Energetiq's declarations demonstrate, ASML lured Energetiq into thinking it would be providing its own proprietary laser-driven light sources to ASML during the course of its business relationship. (Second Smith Decl. ¶ 81.) ASML's attempt to partition these facts into two separate cases undermines the business context that intimately interrelates these two development projects.

3. *<u>The Defendants' Remaining Arguments Do Not Undermine The Application of Pendent Personal Jurisdiction</u>*

Defendants assert that *Botefuhr* requires that "the operative facts that the two claims must have in common are the same facts upon which jurisdiction over the LS2 claim is based." (Defs.' Mot. at 10.) But an examination of *Botefuhr* reveals no such thing; rather, *Botefuhr* says:

> In essence, once a district court has personal jurisdiction over a defendant for one claim, it may "piggyback" onto that claim other claims over which it lacks independent personal jurisdiction, provided that all the claims arise from the same facts as the claim over which it has proper personal jurisdiction.

*Id.* at 1272. Indeed, if the "common facts" needed to be those on which jurisdiction was based, Courts would not need to invoke pendent personal jurisdiction in order to hear the claim. Such an interpretation would gut the pendent personal jurisdiction doctrine of its purpose.

Defendants also argue that it would somehow offend due process for them to be held to answer for both the LS1 and the LS2 in the same case. But the Court's decision in *Salpoglou v. Shlomo Widder, M.D., P.A.*, 899 F. Supp. 835, 838-39 (D. Mass. 1995) undermines that plea. In *Salpoglou*, the plaintiff sued the defendant for breach of contract and medical malpractice; the breach of contract claim was properly brought in Massachusetts as a consequence of the defendant's advertising and solicitation of Massachusetts residents. *Id.* at 838. The medical malpractice claim arose as a result of defendant's operating on the plaintiff in his Virginia office. Even though the Virginia claim had no *independent* due process connection to Massachusetts, the Court still deemed pendent personal jurisdiction to be appropriate, noting that the "requirements of the Due Process Clause are met by minimum contacts with the particular forum state." *Id.* at 839.

Like the defendant in *Salpoglou*, ASML has more than sufficient contacts with Massachusetts. In furtherance of the YieldStar 350 light source collaboration, Energetiq and Qioptiq exchanged technical information through many telephone meetings calling into Massachusetts. (Order at 2 (citing Doc. No. 60 ¶ 34).) Some of these meetings included ASML B.V. *Id.* In addition, ASML B.V. personnel met with Energetiq in Massachusetts in furtherance of the project on multiple occasions. *Id.* (citing Doc. No. 60 ¶¶ 10, 12, 13). These intentional ventures into Massachusetts, both in person and by telephone, provide the required contacts under *Salpoglou* (finding that telephone communications from Defendant to Plaintiff were sufficient to constitute "forum-state activities") to warrant exercise of jurisdiction over ASML B.V. with respect to LS2 claims. *Id*. at 838. Consistent with *Salpoglou*, finding pendent personal jurisdiction over the LS1 claims is appropriate given the common nucleus of operative facts from which the LS1 and LS2 claims emanate.

**B. This Court Also Has Specific Personal Jurisdiction Over ASML B.V. As To The LS1 Patent Infringement Claims**

ASML contends that there is a "complete absence of LS1-related contacts with this forum." But, the only way it can make that statement is to focus on the lack of a *physical* LS1 in Massachusetts, while ignoring that ASML voluntarily entered this jurisdiction to license Energetiq's patents *for the LS1 product*. *Those* contacts satisfy the three prongs of the specific personal jurisdiction test used by the Federal Circuit.

1. *<u>ASML Purposefully Directed Its Activities At Residents Of Massachusetts</u>*

The first prong is whether the defendant purposefully directed its activities at residents of the forum state. Since at least 2008, ASML has been doing business with Energetiq in Massachusetts, including purchasing light source products covered by Energetiq's patents, from Energetiq for ASML's TwinScan product line since 2011. (Blackborow Decl. ¶ 5, 7-8.) These activities included numerous visits by ASML personnel to Energetiq in Woburn, MA, and ASML learned of Energetiq's patented laser-driven light source patents at least through this project. *Id.*

Importantly, during the course of this relationship, on January 15, 2015, ASML representatives Joost Sytsma and Peter Vanoppen visited Energetiq's Massachusetts office to discuss intellectual property issues around the YieldStar 250 system containing the LS1. (Blackborow Decl. ¶ 12.). During this visit, these ASML employees asked Energetiq for a license to its patents to cover these products, or whether Energetiq would grant a covenant not to sue ASML on its patents. *Id.*

These exchanges provide the minimum contacts required to show that ASML B.V. purposefully directed activities at Massachusetts. *See Akro Corp. v. Luker*, 45 F.3d 1541, 1546 (Fed. Cir. 1995) (finding that the patentee defendant purposefully directed his activities at two Ohio residents by entering into failed negotiations to settle a patent infringement dispute with an Ohio resident "within the meaning of the due process inquiry mandated by [*Burger King Corp. v. Rudzewicz*] and [*International Shoe Co. v. Washington*]".) Indeed, the Federal Circuit has held that the mere negotiation of agreements with in-forum parties establishes jurisdiction—and any factual disputes around this negotiation needs to be resolved in favor of Energetiq at this stage. *Celgard LLC*, 792 F.3d at 1378.

2. *Energetiq's Claim Arises Out Of And Relates To Those Activities*

The second prong is whether the claim arises out of ***or relates to*** ASML's activities with the forum state. Energetiq's claims of infringement against LS1 certainly relate to ASML B.V.'s activities in Massachusetts. ASML derived its knowledge of Energetiq's patents and its infringement of Energetiq's patents directly from its activities with Energetiq in Massachusetts. For example, in developing the light source for the TwinScan project, ASML visited Energetiq's facilities and discussed technical improvements to certain laser driven light source technology. (Blackborow Decl. ¶ 5, 7-8.) This knowledge of the patents and the infringement of the patents gave rise to Energetiq's claims for willful, contributory and inducement of infringement. *Id.*

3. *Asserting Personal Jurisdiction Over The LS1 Claims Is Reasonable And Fair*

Finally, the third prong requires the court to consider whether finding personal jurisdiction with respect to infringement by LS1 is reasonable and fair in this case.

First, there is less of a burden to ASML in defending the lawsuit in Massachusetts than by having to defend a separate case filed elsewhere in the United States. ASML already does substantial business in Massachusetts; has nearly a dozen employees stationed here; and has a nearby location in Connecticut. (Blackborow Decl. ¶ 30-32.) *See MIT v. Micron*, 508 F. Supp. 2d 112, 124 (finding burden in Massachusetts not great where Micron had a New Hampshire office and employees travel regularly between states). Second, "Massachusetts has an interest in protecting the intellectual property of its citizens," such as Energetiq. *Id*. Third, the most efficient resolution of this controversy is to resolve claims related to LS1 and LS2 in the same forum.

Because each of the three prongs of the Federal Circuit's specific personal jurisdiction test is satisfied for the LS1 claims, this Court should exercise jurisdiction over the LS1 claims.

## IV.   CONCLUSION

Energetiq respectfully requests that this Court deny Defendants' Renewed Motion to Dismiss for Lack of Personal Jurisdiction.

Dated:  December 3, 2015

Respectfully submitted,

*/s/ Steven M. Bauer*
Steven M. Bauer (BBO #542531)
Safraz W. Ishmael (BBO #657881)
S. James Boumil III (BBO #684361)
**PROSKAUER ROSE LLP**
One International Place
Boston, Massachusetts 02110
Telephone: (617) 526-9600
Facsimile: (617) 526-9800
sbauer@proskauer.com
sishmael@proskauer.com
jboumil@proskauer.com

**ATTORNEYS FOR ENERGETIQ TECHNOLOGY, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that, on December 3, 2015, I electronically filed the foregoing with the Clerk of the court by using the CM/ECF system. A copy of the document will be served upon Defendants' counsel electronically via the CM/ECF system.

*/s/ Steven M. Bauer*
Steven M. Bauer