# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ENERGETIQ TECHNOLOGY, INC., <br>     Plaintiff, <br><br> v. <br><br> ASML NETHERLANDS B.V., <br> EXCELITAS TECHNOLOGIES CORP., and <br> QIOPTIQ PHOTONICS GMBH & CO. KG, <br><br>     Defendants. | Civil Action No. 1:15-cv-10240-LTS <br> **PUBLIC VERSION** |

**ENERGETIQ'S OPPOSITION TO DEEFNDANTS' MOTION FOR
SUMMARY JUDGMENT OF NON-INFRINGEMENT
OF U.S. PATENT NO. 9,048,000 AS TO THE "LS2"**

**TABLE OF CONTENTS**

I.   INTRODUCTION ..................................................................................................................1

II.  PROCEDURAL HISTORY..................................................................................................2

III. SUMMARY OF DISPUTED MATERIAL FACTS ............................................................3

   A. Material Disputes Remain ███████████████████████████
      ███████████████ ..................................................................................................3

   B. Material Disputes Remain ███████████████████████████
      ███████████████ ..................................................................................................5

   C. Numerous Additional Factual Questions Remain Unresolved At This Early Stage ..............................................................................................................5

IV.  ARGUMENT..........................................................................................................................6

   A. Summary Judgment Legal Standard .......................................................................6

   B. Defendants Cannot Establish, At This Early Stage, That The YieldStar 350 Was Insufficiently In The U.S. To Directly Infringe The '000 Patent ....................8

   C. Defendants Cannot Establish That The '000 Patent Was Not Infringed Under § 271(f) Or By Inducement..............................................................................9

   D. The Scheduling Order Expressly Permits Energetiq To Amend The Complaint Until January 25, 2016, And ASML's Direct Infringement Of The '000 Patent Can Now Be Alleged................................................................9

   E. Defendants Are Not Entitled To Summary Judgment At This Early Stage ..........11

V.   CONCLUSION....................................................................................................................12

# **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Amana Refrigeration, Inc. v. Quadlux, Inc.*,
 172 F.3d 852 (Fed. Cir. 1999) ..............................................................................................11

*Anderson v. Liberty Lobby, Inc.*,
 477 U.S. 242 (1986) ................................................................................................................7

*Bell Helicopter Textron, Inc. v. Airbus Helicopters*,
 78 F. Supp. 3d 253, 270 (D.D.C. 2015) ............................................................................8, 10

*Brilliant Instruments, Inc., v. GuideTech, LLC*,
 707 F.3d 1342 (Fed. Cir. 2013) ..............................................................................................7

*Celotrex Corp. v. Catrett*,
 477 U.S. 317 (1986) ............................................................................................................7, 8

*ISIS Pharmaceuticals, Inc. v. Santaris Pharma A/S Corp.*,
 No. 11-cv-02214, 2014 WL 2531973 (June 4, 2014) ..........................................................11

*Laitram Corp. v. Cambridge Wire Cloth Co.*,
 919 F.2d 1579 (Fed. Cir. 1990) ............................................................................................11

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
 475 U.S. 574 (1986) ................................................................................................................7

*Optical Disc Corp. v. Del Mar Avionics*,
 208 F.3d 1324 (Fed. Cir. 2000) ..............................................................................................7

*Rotec Industries, Inc. v. Mitsubishi Corp.*,
 215 F.3d 1246 (Fed. Cir. 2000) ............................................................................................12

*Soitec, S.A. v. Silicon Genesis Corp.*,
 81 Fed. Appx. 734 (Fed. Cir. 2003) .......................................................................................7

*Thompson v. Coca-Cola Co.*,
 522 F.3d 168 (1st Cir. 2008) ..................................................................................................7

**STATUTES**

35 U.S.C. § 271(f) ...........................................................................................................................9

**OTHER AUTHORITIES**

Fed. R. Civ. P. 56(a) .......................................................................................................................6

**I.      INTRODUCTION**

Defendants now move for summary judgment as to *one* of the six patents in this case, contending that ████████████████████████████████████████████████████████████████████████████████████████████████████████████████, the '000 patent cannot have been infringed when it was added to this case. Defendants' motion fails for at least four reasons.

*First,* if the Court denies the Defendants' concurrently pending motion to dismiss the LS1 product from the case (Doc. No. 210), then the instant motion *must* be denied because the '000 patent applies equally to the LS1 as it does to the LS2.

*Second,* granting this motion would be a fruitless exercise, as Energetiq can amend the Complaint at any time until at least January 25, 2016 (the date the court already has ordered for amended complaints) to again allege Defendants' infringement from its activities today. Thus, Defendants' motion will provide no simplification of the case, nor will it limit any liability. In that light, this motion is a purely academic exercise in civil procedure with no substantive impact.

*Third,* the motion assumes that patent infringement allegations here are limited to the physical presence of the accused product within the United States. But Defendants' on-going offers for sale of a product including the LS2 light source are also what is accused of infringement. ████████████████████████████████████████████████████████████████████████████████████. Any infringement analysis, however, requires the Defendants' disclosure of precisely what that offered LS2 looked like at the time the sales offers were outstanding. But, as the Court knows, Defendants have refused to provide any information on this question. Defendants do not (cannot) represent that they offered for sale a multimillion dollar metrology product while having *no* concrete picture of what the enabling light source

1

component entails or will entail. The yet undiscovered facts about what LS2 design the YieldStar 350 offer contained will come to light in due course

*Fourth,* Defendants are wrong that no facts support Energetiq's LS2 infringement claims for the '000 patent, or that no material facts remain in dispute. Defendants were marketing, and continue to actively market, the YieldStar 350 in the United States, both before and after the patent issued. As this Court has observed, "the record certainly suggests, rather strongly, that Defendants intend to offer to sell (and sell) the YieldStar 350 in the United States." Order on Motions for Restraining Orders (Doc. No. 204) at 3. An offer for sale of a multimillion dollar machine is not an instantaneous exercise: the activities giving rise to infringement started before, and continued during and after, the issuance of the '000 patent, and they occurred within the United States. An offer to sell the YieldStar 350 in the United States *is patent infringement*, ███████████████████████████████████████████████████████████ ███████████████.

## II.  PROCEDURAL HISTORY

On May 11, 2015, Energetiq filed its First Amended Complaint (Doc. No. 87) (the "FAC"), which added a count of infringement for Energetiq's U.S. Patent Application No. 13/964,938 ("the '938 application"). At the time, the patent application had been allowed and Energetiq was simply waiting for it to formally issue. On June 2, 2015, Energetiq filed a "Correction to Count VI of the First Amended Complaint and Notice of Issuance of Patent" providing notice that the '938 application had issued as the '000 patent. (Doc. No. 99.)[1]

---

[1]   In their earlier Motion to Dismiss the First Amended Complaint (Doc. No. 94), at 20, the Defendants argued that the patent application was added prematurely. The Court disagreed, confirming Energetiq's right to make the proposed amendments and emphasizing that judicial economy was served by its doing so. Memorandum and Order on Defendants' Renewed Motion

2

The FAC alleges that Excelitas and Qioptiq directly infringe claim 13 of the '938 application, which corresponds to claim 7 of the '000 patent. It also alleges that ASML Netherlands B.V. induced Excelitas's and Qioptiq's infringement of claims 1 and 13 of the '938 application, which correspond to claims 1 and 7, of the '000 patent. It also alleges that Qioptiq has induced Excelitas's infringement of claim 13 of the '938 application, and that Excelitas infringes under 271(f) by "supplying from the United States" components of the invention of claim 13 of the '938 application to Qioptiq outside of the United States.

## III.   SUMMARY OF DISPUTED MATERIAL FACTS

As a threshold matter, the Defendants filed their Statement of Undisputed Material Facts in contravention of this Court's Standing Order (Doc. No. 121-2), which requires Defendants to confer with Energetiq to prepare "one combined statement of material undisputed facts." One result of their failure to meet the Court's pre-filing requirement is that the Defendants mischaracterized certain material facts as "undisputed" and omitted other material facts outright. These failures are alone enough to deny the motion.

To remedy Defendants' one-sided submission, Energetiq has answered each of Defendants' factual allegations in its own statement, using the Defendants' statement as a template, and introducing further considerations for the Court's attention where appropriate. Several key disputes are summarized below, with a fuller explanation of disputes set forth in Energetiq's concurrently filed statement ("Energetiq's Statement of Disputed Material Facts in Response to Defendants' Statement" ("SDMF")).

### A.   Material Disputes Remain ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

to Dismiss, Defendants' Motion to Stay, Plaintiff's Motion for Preliminary Injunction, and the Court's Scheduling Order (Doc. No. 120), at 4.

3

[REDACTED] But as the Court knows, this fact is hotly disputed. Energetiq's expert has testified that the LS2 is a complex product requiring a great deal of lead time between finalization of the design and sale to a customer. *See* Ex. E to SDMF, Decl. of D. Eimerl, ¶ 54 ("Productization for a laser-driven lamp would likely take about six months."); [REDACTED] Phase I discovery revealed that ASML has at least offered the YieldStar 350 for sale to at least one customer in the United States [REDACTED]

[REDACTED]

In fact, all they offer is the attorney argument that [REDACTED]

[REDACTED]

---

[REDACTED]

5

**B.** **Material Disputes Remain** ████████████████████
████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████

████████████████████████ But there is a material dispute as to this alleged fact. Although open discovery is just beginning in this case, it is clear that inconsistencies in Defendants' story provide serious reason to doubt that allegation. ████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████

**C.** **Numerous Additional Factual Questions Remain Unresolved At This Early Stage**

---

████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████

In addition to the above disputes, and the additional disputes set forth in the concurrently filed statement, significant questions about the LS2 that are highly pertinent to this motion remain unanswered by the discovery received to date. ███████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████ Phase I discovery has shown that this information is highly relevant, at least because it bears upon ASML's United States offer for sale. That entire body of information is presently a black hole to Energetiq. With such critical gaps missing in the record, it is too early in the case even to attempt to distill a meaningful list of factual gaps that need to be closed—let alone attempt summary judgment briefing in any fruitful way. The bulk of the facts remain undiscovered, and Phase I discovery has simply raised more red flags and pressing questions than it has resolved.

## IV. ARGUMENT

As Defendants have framed this motion, summary judgment should be denied for the following reasons: (1) with respect to direct infringement, substantial material facts surrounding ██████████████████████████████ still remain contested; (2) with respect to indirect infringement and inducement, Defendants' motion is premised on a lack of direct infringement, and thus fails for the same reason; (3) Energetiq can now amend its complaint to further specify its offer for sale theory against ASML, making it inefficient to decide the motion piecemeal; and (4) the bulk of discovery that is ongoing portends to *multiply, not lessen,* the disputes of material facts as to LS2 infringement.

### A. Summary Judgment Legal Standard

Summary judgment is proper only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A disputed

material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Thompson v. Coca-Cola Co.*, 522 F.3d 168, 175 (1st Cir. 2008) (citing Fed. R. Civ. P. 56(c)). Evidence must be viewed favorably to the non-moving party, and evidentiary doubts resolved in its favor. *Anderson*, 477 U.S. at 255; *Optical Disc Corp. v. Del Mar Avionics*, 208 F.3d 1324, 1333 (Fed. Cir. 2000).

The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotrex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."). This burden is **high**, requiring "a complete failure of proof concerning an essential element of the nonmoving party's case [that] necessarily renders all other facts immaterial." *Id.* at 323. If the moving party has met its burden the non-movant must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The question of "[i]nfringement, either literal or under the doctrine of equivalents, is a question of fact." *Brilliant Instruments, Inc., v. GuideTech, LLC*, 707 F.3d 1342, 1344 (Fed. Cir. 2013). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. ██████████████████████████████████████████████████████████████████████████████

███████████████

███████████████████████████████████████████████████████████████

### B.  Defendants Cannot Establish, At This Early Stage, That The YieldStar 350 Was Insufficiently In The United States To Directly Infringe The '000 Patent

Energetiq asserts that the evidence of record, including the various presentations, agreements, and other communications discussed above, ████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████ To the extent that Defendants make representations about ██████ ██████████████████████████████████████ the court cannot address that issue on summary judgment until the Defendants provide discovery on the issue ████████ ████████████ Energetiq is entitled to a full and fair chance to develop those facts. *Celotrex Corp.*, 477 U.S. at 322 (summary judgment is appropriate only "after [having] adequate time for discovery.").

████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ██████████████████████████████████████ Moreover, the Defendants neglect that ████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████

8



This is particularly problematic where, as here, Defendants have failed to produce concrete evidence showing ▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ either because they do not exist or because the Defendants unilaterally deemed those to be outside the scope of Phase I discovery.

### C. Defendants Cannot Establish That The '000 Patent Was Not Infringed Under 35 U.S.C. § 271(f) Or By Inducement

With respect to Defendants motion as it relates to inducement or infringement under section 271(f), if the Court denies the motion as Energetiq urges above, each of these additional theories must fail, because they are each premised on the same assertion that there has been no direct infringement.

### D. The Scheduling Order Expressly Permits Energetiq To Amend The Complaint Until January 25, 2016, And ASML's Direct Infringement Of The '000 Patent Can Now Be Alleged

As set forth above, Energetiq could amend this complaint on the very same day that this motion is decided, because the Defendants are continuing to infringe today. Indeed, the Court has expressly entitled Energetiq to amend the Complaint until at least January 25, 2016. For this reason, Defendants' motion provides no simplification of the case, nor does it limit anyone's liability.

The Defendants argue that they are entitled to summary judgment anyway at this early stage. In anticipation of Energetiq's adding allegations based on ASML's discovered offer for sale, they attempt to undermine such an amendment by saying that the Court should pay no

9

attention to that inevitability because they are entitled to summary judgment on the claims pleaded before. In support, they two cases dealing with employment discrimination from remote districts—but these cases do not address the unique issues that this case presents, including that the majority of discovery here has *just commenced*, and that the limited discovery seen to date already shows that further discovery will only bolster Energetiq's infringement theories against ASML. In that light, Defendants' motion is a transparent attempt to short-circuit the process that the Court established for amending the Complaint after Phase I discovery ended.

The Defendants also attempt to prevent this amendment by deeming it is already doomed irreparably because Energetiq cannot *now* show that the offer for sale includes a detailed description of the specific LS2 design included. Of course, that tactic misconstrues the burden at the summary judgment stage: it is the *Defendants* who must show that Energetiq *cannot* establish that an infringing offer for sale was made. Moreover, the tactic allows Defendants to use their strategic withholding ▇▇▇▇▇▇▇▇▇▇ to preempt Energetiq's offer for sale theory without any discovery into the facts ▇▇▇▇▇▇▇▇▇▇. But that tactic falls flat: the suggestion that Energetiq must *now* be in possession of every factual detail of the final design ultimately needed to show infringement of each claim limitation is contrary to established law. *See, e.g., Bell Helicopter Textron, Inc.*, 78 F. Supp. 3d. at 270-71. Defendants are quick to identify any gaps they find in the current materials, but they tellingly do not represent that other materials that will easily fill those gaps *do not exist*. Of course, those materials will be adduced in discovery in short time.

To further advance that line of reasoning, Defendants also argue that the offer for sale documents lack specific detail ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████

████████████████████████████████  Instead, Defendants cite *ISIS Pharmaceuticals, Inc. v. Santaris Pharma A/S Corp.*, which states that "whatever is sold or offered for sale must possess[] every limitation of the asserted claims." No. 11-cv-02214, 2014 WL 2531973, at *4 (June 4, 2014). ████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████

### E.   Defendants Are Not Entitled To Summary Judgment At This Early Stage

Finally, tacitly anticipating the Court's concern about the timeliness of their motion, Defendants conclude by citing additional cases allegedly entitling them to summary judgment now, in spite of the early stage of the case, but their plea is not supported by the cases they cite. For example, in *Amana Refrigeration, Inc. v. Quadlux, Inc.*, 172 F.3d 852 (Fed. Cir. 1999), the court encountered a vastly different scenario: there, the Plaintiff in a declaratory judgment action had not yet "advertised, manufactured, marketed, or sold" the products at issue. And unlike in *Laitram Corp. v. Cambridge Wire Cloth Co.*, 919 F.2d 1579 (Fed. Cir. 1990), cited by Defendants, the evidence demonstrates that the LS2 ████████████████████████ during the pendency of this action and during the period during which relief for patent infringement can be granted. *Id.* at 1582-83. Moreover, both cases were decided before the 1994 patent law amendments that introduced infringement liability for offering to sell the patented invention. *See*

11

*generally Rotec Industries, Inc. v. Mitsubishi Corp.*, 215 F.3d 1246, 1259 (Fed. Cir. 2000).

At bottom, Defendants' motion is both devoid of merit in view of the significant factual disputes already present and unripe in view of the discovery yet to occur.

## V.   CONCLUSION

For the foregoing reasons, Defendants Motion for Summary Judgment should be denied.

DATED: this 3rd day of December, 2015.

Respectfully submitted,

**PROSKAUER ROSE LLP**

By */s/ Steven M. Bauer*
Steven M. Bauer, BBO #542531
Safraz W. Ishmael, BBO #657881
S. James Boumil, III, BBO #684361
**PROSKAUER ROSE LLP**
One International Place
Boston, MA 02110-2600
(617) 526-9600 *telephone*
(617) 526-9899 *facsimile*
sbauer@proskauer.com
sishmael@proskauer.com
jboumil@proskauer.com

**Attorneys for Energetiq Technology, Inc.**

### CERTIFICATE OF SERVICE

I hereby certify that on this day the foregoing was filed electronically with the clerk of Court, to be served upon counsel of record by operation of the Court's electronic filing system.

DATED this 3rd day of December, 2015.

*/s/ Steven M. Bauer*