# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ENERGETIQ TECHNOLOGY, INC., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:15-cv-10240-LTS |
| ASML NETHERLANDS B.V., EXCELITAS TECHNOLOGIES CORP., and QIOPTIQ PHOTONICS GMBH & CO. KG, | ) |
| Defendants. | ) |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF
THEIR MOTION TO ENFORCE THE PARTIES' AGREEMENT LIMITING THE
NUMBER OF ASSERTED CLAIMS AND TO EXTEND THE TIME PERIOD FOR
DEFENDANTS' INVALIDITY AND NON-INFRINGEMENT CONTENTIONS TO THE
DEFAULT 60-DAY PERIOD SET FORTH IN THE PATENT LOCAL RULES**

# TABLE OF CONTENTS

                                                                                   **Pages**

I.     INTRODUCTION................................................................................................................1

II.    ARGUMENT......................................................................................................................2

III.   CONCLUSION .................................................................................................................8

## TABLE OF AUTHORITIES

**Pages**

**Federal Cases**

*Antonious v. Spalding & Evenflo Cos.*,
   275 F.3d 1066 (Fed. Cir. 2002)......................................................................................6

*CDN Inc. v. Kapes*,
   197 F.3d 1256 (9th Cir. 1999) .......................................................................................2

*City of Bangor v. Citizens Communs. Co.*,
   532 F.3d 70 (1st Cir. 2008)............................................................................................5

*Cohen v. Hansen*,
   2014 WL 1873968 (D. Nev. May 8, 2014)....................................................................5

*Corning Optical Commc'ns Wireless Ltd. v. Solid, Inc.*,
   306 F.R.D. 276 (N.D. Cal. 2015)...................................................................................6

*Cummins-Allison Corp. v. SBM Co.*,
   2009 WL 806753 (E.D. Tex. Mar. 19, 2009) ................................................................5

*In re Katz Interactive Call Processing Patent Litig.*,
   639 F.3d 1303 (Fed. Cir. 2011)......................................................................................4

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936).......................................................................................................5

*Masimo Corp. v. Philips Elecs. N. Am. Corp.*,
   918 F. Supp. 2d 277 (D. Del. 2013)...............................................................................4

*Medtronic Minimed Inc. v. Animas Corp.*,
   2013 WL 3322248 (C.D. Cal. Apr. 5, 2013) ..............................................................4, 5

*Milazzo v. KG Enters.*,
   1999 WL 1327394 (D.N.H. Feb. 16, 1999)...................................................................2

*Nova Measuring Instruments Ltd. v. Nanometrics, Inc.*,
   417 F. Supp. 2d 1121 (N.D. Cal. 2006) .........................................................................7

*Oasis Research, LLC v. Adrive, LLC*,
   2011 WL 7272473 (E.D. Tex. Sept. 13, 2011)..............................................................4

*Olney v. Job.com*,
   2014 WL 4629062 (E.D. Cal. Sept. 15, 2014)...............................................................2

*Round Rock Research, LLC v. Dell Inc.*,
    2012 WL 8017390 (E.D. Tex. Mar. 26, 2012) ....................................................................4

*Stamps.com Inc. v. Endicia, Inc.*,
    437 F. App'x 897 (Fed. Cir. 2011) ....................................................................................4

*Telebuyer, LLC v. Amazon.com, Inc.*,
    2014 WL 5312275 (W.D. Wash. 2014) .............................................................................4

*Thought, Inc. v. Oracle Corp.*,
    2013 WL 5587559 (N.D. Cal. Oct. 10, 2013) ....................................................................6

*Trs. of Boston Univ. v. Everlight Elecs. Co.*,
    2013 WL 2932822 (D. Mass. June 12, 2013) ....................................................................7

**Federal Rules**

Fed. R. Civ. P. 1 .............................................................................................................3, 5

Fed. R. Civ. P. 26 ...........................................................................................................1, 6

Fed. R. Civ. P. 29 ...........................................................................................................2, 8

**I.      INTRODUCTION**

During the course of negotiating the discovery plan for this case, the parties agreed to a process by which Energetiq would limit its asserted claims to "no more than ten claims from each patent and not more than a total of 32 claims." (Dkt. No. 182 at 29 n.25) ("Joint Rule 26(f) Report"). At the Scheduling Conference, Energetiq again represented to the Court that it was prepared to reduce the number of asserted claims. Following these representations, the Court shortened the standard period of time for Defendants to provide invalidity and non-infringement contentions by more than half (from the default 60 to just 28 days). The contentions that Energetiq served, however, break this promise. Energetiq now asserts 67 claims—more than double the limit to which it agreed—most of which it had never identified before.

Energetiq's breach of the parties' agreement regarding the number of asserted claims directly prejudices Defendants and is contrary to what courts across the country have ordered. Limiting the number of asserted claims allows the Court and the parties to focus on the real issues, and prevents time and resources from being wasted on litigating claims that will ultimately not be presented at trial. Further, Defendants now have even less time to prepare their contentions, which now must address 67 claims instead of a number that was supposed to be far fewer. Energetiq has no legitimate reason to maintain such an unworkably large number of claims in view of the substantial Phase I discovery it received from Defendants. The purpose of the patent local rules in this District is to ensure the "effective, speedy and fair disposition of cases." L.R. 16.6, Appendix E at 1. Energetiq's assertion of 67 claims, with the reservation to assert more, plainly does not comport with that principle. Energetiq should be ordered to elect no more than 32 claims, and the date for Defendants' non-infringement and invalidity contentions should reset to sixty days after Energetiq makes its election.

Case 1:15-cv-10240-LTS Document 281 Filed 12/08/15 Page 5 of 13

## II. ARGUMENT

A preliminary election of asserted claims has become a routine procedure to narrow and streamline patent infringement cases. In this case, the parties *agreed and jointly stipulated* that Energetiq would serve, prior to its infringement contentions, a "Preliminary Election of Asserted Claims" that would limit the asserted claims to "*no more than ten claims from each patent and not more than a total of 32 claims*." (Joint Rule 26(f) Report at 29 n.25 (emphasis added)). That agreement is enforceable under Rule 29 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 29 ("Unless the court orders otherwise, the parties may stipulate that . . . other procedures governing or limiting discovery be modified."); *see also Milazzo v. KG Enters.*, 1999 WL 1327394, at *2 (D.N.H. Feb. 16, 1999) ("The court, however, cannot expect counsel to make, and rely upon stipulations if it is unwilling to generally enforce discovery stipulations. In this court we have committed to bind parties to their written stipulations."); *CDN Inc. v. Kapes,* 197 F.3d 1256, 1258 (9th Cir. 1999) ("Because stipulations serve both judicial economy and the convenience of the parties, courts will enforce them absent indications of involuntary or uninformed consent.").[1] Unfortunately, the infringement contentions Energetiq served on November 25, 2015 breach this agreement. Energetiq's contentions assert 67 total claims (23 claims of the '982 Patent; 1 claim of the '455 patent; 4 claims of the '943 patent; 7 claims of the '138 patent; 15 claims of the '841 patent; and 17 claims of the '000 Patent) − more than *double* the maximum limit to which Energetiq had agreed.

Energetiq's breach of the parties' stipulated agreement is improper and directly

---

[1] While the Court declined to incorporate this language in the Scheduling Order, the procedure—which was stipulated to by the parties—is nonetheless enforceable under Fed. R. Civ. P. 29. The rule makes clear that only stipulations extending the time for discovery require court approval. *See* Fed. R. Civ. P. 29(b); *see also Olney v. Job.com,* 2014 WL 4629062, at *5 (E.D. Cal. Sept. 15, 2014) (holding that, pursuant to Fed. R. Civ. P. 29, "the parties may stipulate to procedures governing or limiting discovery" "*despite that it was not issued or approved by court order*" (emphasis added)).

2

prejudices Defendants.  At Energetiq's urging, the Court adopted a schedule that shortens the time period for Defendants to serve non-infringement and invalidity contentions by more than half (28 days compared to 60 days under the default local rule), and calls for claim construction to begin in less than four months.  (Dkt. No. 215 at 1-2.)  The Court did so after Energetiq's counsel represented that he could cut the case down to no more than a handful of claims.  (*See* Dkt. No. 241, November 4, 2015 Hr'g Tr., at 25:16-23 (suggesting he was prepared to "drop the patents to two patents" for trial); *see also id.* at 28:10-14.)  But now Energetiq seeks to hide the identity of the claims it will present at trial—the claims Energetiq's counsel suggested on November 4 that Energetiq had already chosen—among dozens of claims it has no intention of ultimately pursuing.  Indeed, most of the claims Energetiq now asserts are claims that Energetiq had never previously identified.  Energetiq would drive up Defendants' litigation costs dramatically, prejudice Defendants' ability to respond, and bury Defendants in work on claims that Energetiq already (but secretly) knows it will ultimately drop.

Courts across the country have chastised patent plaintiffs for behavior like this as contrary to the "just, speedy, and inexpensive" mandate set forth in the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 1 ("These rules … should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").  As the Federal Circuit Advisory Council stated when it issued its Model Order Limiting Excess Patent Claims:

> There is a consensus that the numbers of asserted claims, claim terms, and prior art references in patent cases are often problematically excessive.  Cases with over a hundred asserted claims and over a hundred asserted prior art references during discovery are common. . . . The inclusion of superfluous claims and prior art can function to "hide the ball."  The result is an asymmetric burden on the responding party (and the trial court)

3

> because the asserting party often has a better sense of which issues it will ultimately pursue.
>
> Excess issues, unsurprisingly, inflate litigation costs. Each unnecessary asserted claim and prior art reference must be analyzed and charted, among a myriad of other unnecessary case-management tasks that follow. These attorney chores generate disputes, frequently unrelated to the merits, which unduly burden the judiciary. The per-case resources a busy judge can afford to invest in a patent case is only a fraction of what the parties and their law firms are willing to expend.
>
> Focusing patent cases to the issues at the core of the dispute will reduce the burden on courts and lower the expense for the parties. In addition, a greater focus on the true issues will improve the quality of the adjudicatory process for all.

Ex. 1, Model Order Limiting Excess Patent Claims and Prior Art ("Model Order"), at 1-2. As a result, courts across the country—by local rule, motion, or stipulation—have issued orders requiring parties to make an election of asserted claims at the time of their initial infringement contentions. *See In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303, 1311-13 (Fed. Cir. 2011) (affirming district court order limiting the number of claims); E.D. Tex. General Order No. 13-20; *see also Telebuyer, LLC v. Amazon.com, Inc.*, 2014 WL 5312275, at *2-3 (W.D. Wash. Oct. 16, 2014) (adopting the Federal Circuit Model Order to compel the patentee to initially limit the claims across seven patents from nearly 800 to 32 and to finally reduce the claims after claim construction to no more than 16); *Masimo Corp. v. Philips Elecs. N. Am. Corp.*, 918 F. Supp. 2d 277, 284-85 (D. Del. 2013) (ordering plaintiff to reduce number of asserted claims before claim construction from 95 to 30 across seven patents).[2]

---

[2] *See also Stamps.com Inc. v. Endicia, Inc.*, 437 F. App'x 897, 902-03 (Fed. Cir. 2011) (affirming district court order limiting plaintiff to 15 asserted claims); *Medtronic Minimed Inc. v. Animas Corp.*, 2013 WL 3322248, at *1-3 (C.D. Cal. Apr. 5, 2013) (ordering plaintiff to initially reduce the number of claims across nine patents *before* non-infringement and invalidity contentions from 255 to 36, and to make an additional reduction to 18 claims four months later); *Round Rock Research, LLC v. Dell Inc.*, 2012 WL 8017390, at *2 (E.D. Tex. Mar. 26, 2012) (requiring the plaintiff to identify no more than 40 asserted claims for 10 patents-in-suit, roughly eight months prior to the Markman hearing); *Oasis Research, LLC v. Adrive, LLC,* 2011 WL

The Court has "broad discretion to administer the proceedings" so as to ensure efficiency in litigation. *City of Bangor v. Citizens Communs. Co.*, 532 F.3d 70, 99 (1st Cir. 2008); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (recognizing "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"); *see also* Fed. R. Civ. P. 1. Ordering Energetiq to elect no more than 32 asserted claims and extending the time for Defendants' responsive contentions is particularly appropriate in this case for at least three reasons.

*First*, Energetiq knows what its best claims are. It represented at the November 4 hearing that it has already identified the handful of claims that it actually intends to present at trial—far fewer than the 67 identified in its contentions. (Dkt. No. 241, November 4, 2015 Hr'g Tr. at 25:16-23, 28:10-14.) Energetiq's maintaining dozens of claims that it has no intention of asserting, rather than identifying its "true claims" now, only serves to "hide the ball." This is the precise conduct that the Federal Circuit Advisory Board sought to stamp out by issuing the Model Order. *See* Ex. 1 at 1 ("The inclusion of superfluous claims … can function to 'hide the ball.' The result is an asymmetric burden on the responding party (and the trial court)."); *see also Cummins-Allison Corp. v. SBM Co.*, 2009 WL 806753, at *2 (E.D. Tex. Mar. 19, 2009) (by asserting 116 claims, plaintiff "engaged in a game of 'hide the ball' in an attempt to divert Defendant from the actual claims Plaintiff will assert at trial").[3]

---

7272473, at *2 (E.D. Tex. Sept. 13, 2011) (requiring the plaintiff to identify no more than 31 asserted claims, roughly four months prior to the Markman hearing).

[3] *See also Medtronic*, 2013 WL 3322248, at *1-3 (noting that "Defendant will actually suffer greater prejudice if this Motion [to reduce the number of asserted claims] is denied than Plaintiffs will suffer if the Motion is granted," and limiting number of claims before claim construction and the exchange of contentions under "the well-established goal of securing the 'just, speedy, and inexpensive' disposition of" the action (quoting Fed. R. Civ. P. 1)); *Cohen v. Hansen*, 2014 WL 1873968, at *14 (D. Nev. May 8, 2014) (refusing to allow plaintiff to add new damages theory, which "would reward the type of gamesmanship and trial by ambush the Federal Rules of Civil Procedure and the cases construing them were designed to avoid").

Energetiq's refusal to limit its claims is also inappropriate in light of Federal Rule 26(b)(1)'s "proportionality" requirement. *See* Fed. R. Civ. P. 26(b)(1) ("scope of discovery" must be "proportional to the needs of the case, considering … the amount in controversy, … and whether the burden or expense of the proposed discovery outweighs its likely benefit"); *see also Corning Optical Commc'ns Wireless Ltd. v. Solid, Inc.*, 306 F.R.D. 276, 278-79 (N.D. Cal. 2015) (finding proportionality to be "part and parcel of just about every discovery dispute"). Energetiq has conceded that this is "not a money case." (Dkt. No. 85, April 30, 2015 Hr'g Tr. at 83:21-24.) Yet Phase I discovery costs alone have exceeded Energetiq's alleged amount in controversy. Defendants should not have to bear the further substantial and asymmetric burden of litigating on 67 claims—most of which Energetiq already knows it will not bring to trial. As the Federal Circuit has recognized, even a "single claim . . . may occasion the expenditure of hundreds of thousands of hours." *Antonious v. Spalding & Evenflo Cos.*, 275 F.3d 1066, 1075 (Fed. Cir. 2002).

*Second*, there is no reason that Energetiq cannot make its election ***now***. Energetiq has received substantial discovery of the technical operation of the accused products. Defendants produced more than 175,000 pages of documents and provided nearly 21 hours of deposition testimony during Phase I discovery. Energetiq itself characterized Defendants' production as "***substantively-rich***." (Ex. 2, August 27, 2015 Email from Boumil to Cox)(emphasis added.) Indeed, just a few weeks ago, Energetiq represented to the Court that the Phase I discovery allowed it to "confirm its pre-filing beliefs" about how Defendants are allegedly "infringing Energetiq's patents." (Dkt. 182 at 3 (emphasis removed).) If that assertion had any good faith basis (Defendants contend that it did not), then Energetiq can surely identify—today—which claims are its best claims going forward. *See Thought, Inc. v. Oracle Corp.*, 2013 WL 5587559,

6

at *2-4 (N.D. Cal. Oct. 10, 2013) (ordering patentee to limit claims after production of "core" technical documents). Energetiq has already received far more discovery than nearly any other patent plaintiff would have in any jurisdiction that requires an election of asserted claims.

*Third*, requiring Energetiq to limit its claims now will result in tangible benefits to the Court and parties that will streamline the case going forward. *See Trs. of Boston Univ. v. Everlight Elecs. Co.*, 2013 WL 2932822, at *2 (D. Mass. June 12, 2013) (holding that the purpose of the Local Rules is to "facilitate efficient and equitable adjudication of patent disputes by compelling parties to disclose theories of infringement and invalidity during the early stages of litigation"); *see also Nova Measuring Instruments Ltd. v. Nanometrics, Inc.*, 417 F. Supp. 2d 1121, 1123 (N.D. Cal. 2006) (holding that the purpose of Patent Local Rules is to "require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed."). Claim construction is just four months away. Proceeding with a narrowed set of claims will force the parties to focus on the real issues and not waste the Court's time with disputed constructions of terms in claims that will never be asserted at trial. It will also narrow the scope of discovery and, hopefully, lessen the number of disputes that would otherwise arise during the course of this litigation.

Further, limiting the number of asserted claims will help to cut down on the "shifting sands" strategy that Energetiq has already demonstrated in this litigation. Energetiq's original complaint, for example, identified just four asserted claims and Energetiq filed its motion for preliminary injunction based on those claims alone. Then just months later—after Defendants filed (now instituted) IPRs against all the patents—Energetiq filed a different preliminary injunction motion focused on a different set of claims.[4] Energetiq has been playing a "shell

---

[4] Defendants have filed IPRs on those claims as well.

7

game" in which it asserts one set of claims, only to shift to a different set of claims when Defendants identify clear defenses (like IPRs). It is time for that game to end, and for Energetiq to identify the claims that it actually wants tried.

## III. CONCLUSION

The parties negotiated and agreed that Energetiq would assert "no more than ten claims from each patent and not more than a total of 32 claims." (Dkt. No. 182 at 29 n.25) This stipulation by the parties is enforceable under Fed. R. Civ. P. 29. Having struck a deal with Defendants, Energetiq should be held to its promise. Otherwise, discovery limits negotiated between the parties would be futile. Accordingly, Defendants respectfully ask the Court to order Energetiq to reduce the number of asserted claims to ten from each patent, with no more than 32 claims total, within seven (7) days of issuance of the Court's order on this motion. Defendants further request that the Court reset the date for Defendants' non-infringement and invalidity contentions to sixty (60) days from the date of Energetiq's election of asserted claims.[5]

---

[5] Prior to the deadline for Energetiq's infringement contentions, Defendants reached out to Energetiq to determine whether it intended to hold true to the parties' agreement. Energetiq refused to provide a straight answer. *See* Ex. 3 (November 13, 2015 Email from Yu to Boumil). Likewise, Defendants sought Energetiq's agreement to restore the 60-day default period for Defendants' non-infringement and invalidity contentions. Energetiq did not respond. *See* Ex. 4 (December 3, 2015 Email from Yu to Boumil); Ex. 5 (December 7, 2015 Letter from Yu). In view of the fact that Defendants' contentions are due in 15 days, Defendants could not wait any longer for Energetiq to respond.

8

Dated: December 8, 2015　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Kevin S. Prussia
Kevin S. Prussia (BBO # 666813)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109
Tel: (617) 526-6000
Fax: 617) 526-5000
kevin.prussia@wilmerhale.com

James M. Dowd (Ca. Bar # 259578) (*pro hac vice*)
Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Tel: (213) 443-5300
Fax: (213) 443-5400
james.dowd@wilmerhale.com
**ATTORNEYS FOR ASML NETHERLANDS B.V., EXCELITAS TECHNOLOGIES CORP., and QIOPTIQ PHOTONICS GMBH & CO. KG**