EXHIBIT 2

**Yu, William**
___

| | |
|---|---|
| **From:** | Boumil III, S. James <jboumil@proskauer.com> |
| **Sent:** | Thursday, August 27, 2015 11:21 AM |
| **To:** | Cox, Jonathan |
| **Cc:** | PR Energetiq ASML; WH ASML Energetiq |
| **Subject:** | RE: Energetiq v. ASML et al |
| | |
| **Categories:** | Yellow Category |

Jonathan:

From your below email, it appears that you are refusing to meet and confer.  Please clarify whether that is the case.  We would like to discuss the following issues with you:

1) The documents I reviewed at WilmerHale appear to include a large number of documents that are not labeled "patent sensitive."  Without getting into here whether you have over-designated, at a minimum, you should be producing documents that have not been categorized as "patent-sensitive" in the usual manner—and not in accordance with your proposed heightened restrictions for patent-sensitive materials only.  We want to see whether you will agree to produce these to us in accordance with the ESI Order without the need for a court order.

2) With respect to the documents currently designated patent-sensitive, this is a substantively-rich collection in which essentially all are likely to be used at least "for the preparation of court filings, pleadings, or expert reports, or for deposition or trial."  We have met the requirements of your proposed protective order—we do not need to go through each document, one at a time, to explain their relevance or priority.  In addition, for many of the more technical documents with images and schematics, there is no effective way to mark any of these without printing.  We need to know whether we need to inform the Court of how you are now interpreting implementation of your proposed protective order.

3) You write that you believe that Phase I discovery is related only to jurisdictional issues, when the Court Order clearly says otherwise.  Your reply below does not withdraw that view.  We need to know whether you are refusing to produce, or are withholding documents, based on your incorrect interpretation of the order, so we can determine how to address this with the court, if necessary.

4) During my August 19 meet-and-confer with Elisabeth Oppenheimer, Elisabeth indicated that all Defendants maintained certain final positions with respect to Energetiq's requests for production, at which we appear to be at an impasse.  Among these positions were:

    a. In response to certain requests, Defendants would produce documents only "sufficient to show any making, using, selling, offering for sale, or importing" of (i) the LS2 in the United States, and (ii) the LS1 in Massachusetts.  Elisabeth told us that Defendants believe that WilmerHale is the arbiter of determining what is an "offer for sale," and that you had concluded that documents relating to the "marketing, and/or discussing current or potential business partnerships or customer relationships concerning a laser-pumped plasma light source [i.e., the LS2] for the ASML YieldStar 350 in the United States" (Request No. 7) did not rise to the level of an "offer for sale" which need to be disclosed.

    b. In response to certain requests, Defendants would produce only documents concerning communications with Massachusetts-based *customers* regarding the LS1, but would not produce "documents concerning any phone calls, emails, or other communications, by ASML or Qioptiq, into, within or out of Massachusetts [including, in particular, to Excelitas], in which the YieldStar 250, YieldStar 200 Upgrade

1

Kit, and/or LS1 was discussed," as called for in Request No. 16; or "documents relating to any and all activities in Massachusetts by ASML US, Inc., including ASML US, Inc.'s meetings or other communications in Massachusetts in which the YieldStar 250, YieldStar 200 Upgrade Kit, and/or LS1 was discussed," as called for in Request No. 20.

The Court's Order opened discovery into (i) "allegedly infringing activity in Massachusetts" and (ii) "the relationship between ASML US and ASML BV for purposes of determining whether any Massachusetts activity of ASML US would support personal jurisdiction over ASML BV." <u>Any</u> commercial communication relating to the LS1 or LS2 with Excelitas or others in Massachusetts is a Massachusetts-based activity subject to the Phase I discovery order.  You don't get to determine the difference between a marketing and sales meeting vs. an "offer for sale."  Energetiq's proposal distills the requests to discrete items for discovery, and Defendants have proposed no alternative.  We need to know where you are drawing the line on production, so that we can frame the question appropriately for the Court.

We note that the Court's August 7 Order states: "[t]he parties shall meet and confer regularly."  In line with that order, we have sought to meet with you today to discuss these issues, even if not to resolve them, but to narrow them for the Court.  Once again, I ask that you meet and confer on each of these issues, and provide us your position.

If you refuse to meet and confer in a meaningful manner, we will simply advise the court of that.

Regards,

James

**S. James Boumil III**
Attorney at Law

Proskauer
One International Place
Boston, MA 02110-2600
d 617.526.9618
f  617.526.9899
jboumil@proskauer.com
green spaces
Please consider the environment before printing this email.

---

**From:** Cox, Jonathan [mailto:Jonathan.Cox@wilmerhale.com]
**Sent:** Thursday, August 27, 2015 9:52 AM
**To:** Boumil III, S. James
**Cc:** PR Energetiq ASML; WH ASML Energetiq
**Subject:** RE: Energetiq v. ASML et al

James,

There is nothing unusually burdensome about these review procedures, particularly for such sensitive material.  These are the same procedures employed routinely in other patent cases; indeed, the model order from the Northern District of California that you cited in your filing on Tuesday contains a nearly identical review protocol.  What Defendants find "bewildering" is that you are prepared to declare these procedures unacceptable after spending only a single afternoon reviewing documents.

If you have any legal authority for your position that these protections are unwarranted, we would welcome the opportunity to review it – we saw no such authority in your statement in support of your proposed protective order.  Similarly, if you have any authority for your position that a request for printouts or native versions of *all* patent-sensitive materials is appropriate and reflective of good faith, we would be eager to see it.

The balance of your email further demonstrates that you have not carefully reviewed the documents that we have already produced.  We encourage you to do so before leveling accusations and threatening motion practice.

The documents remain available for your review in our Boston office.  As I stated in my letter, we have already provided an external monitor, and we are happy to discuss any other reasonable accommodations that would allow you to review these documents in our office in greater comfort.

Best regards,

Jonathan

---

**From:** Boumil III, S. James [mailto:jboumil@proskauer.com]
**Sent:** Thursday, August 27, 2015 9:48 AM
**To:** Cox, Jonathan
**Cc:** PR Energetiq ASML; WH ASML Energetiq
**Subject:** RE: Energetiq v. ASML et al

Jonathan:

Further to the below email, are you available to meet and confer at 10AM today?  If not, please provide any other time that you are around today.

Regards,

James

**S. James Boumil III**
Attorney at Law

Proskauer
One International Place
Boston, MA 02110-2600
d 617.526.9618
f  617.526.9899
jboumil@proskauer.com
**green**spaces
Please consider the environment before printing this email.

---

**From:** Boumil III, S. James
**Sent:** Wednesday, August 26, 2015 7:08 PM
**To:** 'Cox, Jonathan'
**Cc:** PR Energetiq ASML; WH ASML Energetiq
**Subject:** RE: Energetiq v. ASML et al

Jonathan:

Please let us know your availability to meet and confer on these issues tomorrow morning.

The review procedures are unacceptable and are hampering our review of these materials.  Based on my initial review, the great majority of these documents are necessary "for the preparation of court filings, pleadings, or expert reports, or for deposition or trial."  It would be truly burdensome, both for us and for you, to require me to identify the few documents we currently see of limited value, and then have you cull those few remaining documents out.  We are not going to go through each of maybe 1,600 of the 1,700 produced documents and explain why we need each of them.  Under the protective order that *you* proposed, we are entitled to these documents.

3

Furthermore, your request for an explanation of "why any of this information (highly sensitive technical material) is relevant to the limited Phase I jurisdictional discovery that is permitted by the Court's order" is bewildering.  The Court's Orders of July 10 and August 7 permit discovery not only into jurisdictional issues, but also into what has transpired (or is transpiring) regarding LS2 in the United States.  See, e.g., July 10 Order at 15 ("Plaintiff may take limited discovery regarding what, if any, allegedly infringing activity has occurred or is occurring in the United States in the course of the development of LS2.").

If you are in fact withholding technical LS2 documents because you believe that the only issues in Phase I discovery are jurisdictional in nature, we may need to move to compel or for contempt.  In any event, if you are truly demanding an explanations for the relevance of these documents -- which you produced -- we need an immediate meet-and-confer to determine whether we can resolve any issues or again need the Court's expedited help.

I suggest 10AM tomorrow morning for a discussion.  Please let us know if you are available then.

Regards,

James

**S. James Boumil III**
Attorney at Law

Proskauer
One International Place
Boston, MA 02110-2600
d 617.526.9618
f  617.526.9899
jboumil@proskauer.com
greenspaces
Please consider the environment before printing this email.

---

**From:** Cox, Jonathan [mailto:Jonathan.Cox@wilmerhale.com]
**Sent:** Wednesday, August 26, 2015 5:26 PM
**To:** Boumil III, S. James
**Cc:** PR Energetiq ASML; WH ASML Energetiq
**Subject:** RE: Energetiq v. ASML et al

James,

Please see the attached.

Best regards,

Jonathan

---

**From:** Boumil III, S. James [mailto:jboumil@proskauer.com]
**Sent:** Wednesday, August 26, 2015 11:37 AM
**To:** Cox, Jonathan
**Cc:** PR Energetiq ASML; WH ASML Energetiq
**Subject:** Energetiq v. ASML et al

Jonathan:

4

Thank you for holding a conference room for me today. However, because the documents that you provided me yesterday are voluminous, detailed, and highly relevant to the issues in the case, it is difficult (if not impossible) to review them productively on a small laptop screen with no ability to print.

As you know, we object to the procedure you have proposed for this document review, but until the court enters its order, this is our request in response to the order as *you* have proposed it, for copies of all documents you have produced to date for use at our office. Furthermore, because paper copies will not be sufficient for many of the documents (e.g., native format files and standalone photographs which have their own metadata describing them), pursuant to the ESI order entered yesterday, please also provide the documents you produced yesterday in native format with the accompanying metadata.

We will be following up shortly with concerns about the production and documents that appear to be missing. But for now, given the timing in the Court's scheduling order, please let us know if we can have these by the end of the day.

Regards,

James

**S. James Boumil III**
Attorney at Law

Proskauer
One International Place
Boston, MA 02110-2600
d 617.526.9618
f  617.526.9899
jboumil@proskauer.com
greenspaces
Please consider the environment before printing this email.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure.
If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*