# EXHIBIT 5

WILMERHALE

December 7, 2015

**By E-mail**

William Yu

+1 213 443 5342 (t)
+1 213 443 5400 (f)
william.yu@wilmerhale.com

S. James Boumil
Proskauer Rose
One International Place
Boston, MA 02110-2600

Re:  *Energetiq Tech., Inc. v. ASML Netherlands B.V. et al.*, Civil Action No. 1:15-cv-10240-LTS (D. Mass.)

Dear James:

I write regarding Energetiq's Preliminary Infringement Disclosures ("PIDs") served on November 25, 2015.

*First*, Energetiq's infringement disclosures violate the parties' agreement that Energetiq would assert not more than ten claims from each patent and not more than a total of 32 claims (Dkt. No. 182, October 21 Joint Status Report and Rule 26(f) Report, at 29).  Because Energetiq has more than *doubled* the 32 total claims it agreed it would assert, Defendants have asked for a 30-day extension to serve their preliminary non-infringement and invalidity contentions.  *See* Email from Yu to Boumil on December 3, 2015.  We have not heard back from you.  Please let us know your position on our extension request by noon tomorrow as we will need to seek immediate relief from the Court if Energetiq does not agree.

*Second*, Energetiq's disclosures are limited to direct infringement under § 271(a).  Energetiq does not assert any indirect infringement claim.  Nor does Energetiq assert any infringement claim under § 271(f).  For example, Energetiq's PIDs do not contain any allegation of induced infringement against ASML, even though Energetiq's First Amended Complaint ("FAC") only includes a theory of induced infringement of the '982, '455, '841, and '000 Patents against ASML with respect to the "LS2."  Nor does it include a contributory infringement claim against Excelitas and Qioptiq with respect to the "LS2."  The PIDs now define the full scope of Energetiq's infringement claims (to the extent they are consistent with what was pled in the FAC).  Accordingly, as Energetiq has failed to include any assertion of indirect infringement or under § 271(f ) against any party as to any asserted claim, we must assume that Energetiq has elected to drop such a theory.

*Third,* we assume that Energetiq has no evidence of "LS2" infringement other than what is identified in the PIDs.  For example, Defendants produced more than 175,000 pages of documents during Phase I discovery and some 21 hours of deposition testimony, yet Energetiq's PIDs related to the "LS2" rely on just three Excelitas documents and a handful of lines of

deposition testimony. If Energetiq has any other evidence to support its claims, it should have been included it in the PIDs. We assume Energetiq has none.

*Fourth*, regarding "LS1" infringement, Energetiq's infringement disclosures continue to rely exclusively upon the "RnD ISAN XWS Laser Pumped Plasma Broadband Light Source" document (Ex. A to Energetiq's Preliminary Infringement Disclosures) cited previously in its already-denied Motion for Preliminary Injunction (*see* Smith Decl. Appendix A). Energetiq, of course, already knows (or should know) that ████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ██████████████ What good faith basis does Energetiq have to continue to rely on the "RnD ISAN XWS Laser Pumped Plasma Broadband Light Source"? What investigation has Energetiq undertaken to determine whether the "RnD ISAN XWS Laser Pumped Plasma Broadband Light Source" is reflective of the "LS1"? The LS1 has been available in the United States for some time now, so we assume that Energetiq has no other basis for asserting infringement by the LS1.

*Fifth*, Energetiq's contentions fail to provide distinct disclosures for each of the three defendants, but instead treats them all as one single unitary entity. While we disagree that such an approach is appropriate or sufficient to meet your burden of establishing infringement, we will hold Energetiq to it and assume that Energetiq has no individualized evidence of infringement and does not intend to pursue individualized theories of infringement.

*Sixth*, Energetiq's infringement disclosures related to the '000 Patent lack any good faith basis. In particular, Energetiq's disclosures for the "LS2" only cite to activities that ceased in the United States *before* the '000 Patent issued. ████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████

Therefore, Energetiq's '000 Patent allegations have no basis for the reasons demonstrated in Defendants' motion for summary judgment (Dkt. Nos. 206, 207). Additionally, as mentioned above, Energetiq has identified no basis to assert infringement against the LS1, and as Defendants identified in their motion to dismiss, Phase I discovery has demonstrated that Massachusetts has no personal jurisdiction over Energetiq's "LS1" claims. (Dkt. Nos. 210, 211.) Accordingly, Energetiq must drop its '000 Patent allegations. Will Energetiq do so?

*Seventh*, Energetiq's doctrine of equivalents disclosures are improper and inadequate. These disclosures generically state, "To the extent that it is found that any element is not literally present, or to the extent that Defendants argue that any element is not present, Energetiq asserts that such element is met under the doctrine of equivalents because the differences between the claimed invention and accused devices, if any, are insubstantial." Energetiq's doctrine of equivalents contentions should include a substantive, element-by-element disclosure. "The purpose of infringement contentions is to alert the alleged infringer which theories the patentee believes its pre-filing investigation supports. Therefore, a patentee should provide its doctrine of equivalents theories at the beginning of the case if it has a good faith basis to assert them." *See Ameranth, Inc. v. Pizza Hut, Inc.*, No. 12CV1627 JLS NLS, 2013 WL 3894880, at *4 (S.D. Cal. July 26, 2013)(citing *Apple Inc. v. Samsung Elecs. Co. Ltd.*, No. 12-CV-0630-LHK(PSG), 2013

Page 3

WILMERHALE

WL 3246094 (N.D. Cal. June 26, 2013) (ordering plaintiff to supplement doctrine of equivalents disclosures); *see also GN Resound A/S v. Callpod, Inc.*, No. C 11-04673 SBA, 2013 WL 1190651, at *6 (N.D. Cal. Mar. 21, 2013)(same).  Energetiq must immediately supplement its doctrine of equivalents disclosures or else drop these contentions.  Which will you do?

*Eighth*, Energetiq states that there is infringement "under the proper construction of the asserted claims and their claim terms," but does not offer any proposed constructions.  What claim constructions is Energetiq using in its PIDs?

We are available to meet and confer regarding these issues on December 10 at 11am ET.  Please send us your response in writing on December 9 so that we have time to review in advance of the call.

Regards,

Will Yu

149691378v.2