**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ENERGETIQ TECHNOLOGY, INC., <br><br> Plaintiff, <br><br> v. <br><br> ASML NETHERLANDS B.V., <br> EXCELITAS TECHNOLOGIES CORP., and <br> QIOPTIQ PHOTONICS GMBH & CO. KG, <br><br> Defendants. | Civil Action No. 1:15-cv-10240-LTS |

**DEFENDANTS' MOTION TO COMPEL**
**AUTOMATIC DISCLOSURES REGARDING DAMAGES**

Defendants ASML Netherlands B.V., Excelitas Technologies Corp., and Qioptiq Photonics GmbH & Co. KG (collectively, "Defendants") hereby move to compel Plaintiff to supplement its Initial Disclosures regarding damages, including the production of documents related to damages, pursuant to Federal Rule of Civil Procedure 26(a)(1)(A).

As set forth in the accompanying memorandum of law and Declaration of Kevin S. Prussia, Esq., Defendants' motion should be granted because Energetiq has failed to comply with Rule 26(a)(1)(A), which requires a party to automatically provide "a computation of each category of damages claimed" and make available "documents . . . on which each computation is based." In its initial disclosures, Energetiq claimed "lost profits and/or a reasonable royalty" under the Patent Act. Energetiq, however, failed to provide *any* substantive information about these claimed damages. Numerous courts have held that compliance with the automatic disclosure requirements of Rule 26(a)(1)(A) in patent cases requires:

- For claims of lost sales, documents and information in the patentee's possession related to its claim of lost sales, including (1) identification of the patentee's product it contends competes or has competed with the accused devices; (2) all agreements, purchase orders, or other contracts for sale of such competing product; (3) documents sufficient to show the patentee's quarterly profit margin on such competing product; (4) the extent of lost sales that the patentee alleges in an approximate dollar amount; and (5) how that amount was calculated.

- For claims of a reasonable royalty, documents and information in the patentee's possession related to its claim of a reasonable royalty, including (1) all proposed or executed agreements (including without limitation license agreements, purchase orders, investment agreements, or any other contract) providing rights to a third-party under the patents-in-suit, including the consideration paid or received under those agreements; (2) a complete statement of the patentee's contentions regarding the royalty rate that it asserts in the litigation; (3) a complete statement of the patentee's contentions regarding the royalty base that it asserts in the litigation (by year); (4) a complete statement of the patentee's contentions regarding each asserted *Georgia Pacific* factor, and all evidence the patentee relies on for each factor (except for evidence that is in the possession of defendants); and (5) all license agreements that the patentee may rely on as comparable for reasonable royalty purposes.

*See, e.g.*, *Brandywine Commc'ns Techs., LLC v. Cisco Sys., Inc.*, 2012 WL 5504036, at *1-2 (N.D. Cal. Nov. 13, 2012); *Corning Optical Commc'ns Wireless Ltd. v. Solid, Inc.,* 306 F.R.D. 276, 279 (N.D. Cal. 2015); *see also* General Order 14-3 of the United States District Court for the Eastern District of Texas, General Order Regarding Track B Initial Patent Case Management Order at 1, 3.  Energetiq, which has not done any of the above, should be ordered to do so immediately.

For these reasons, and those set forth more fully in Defendants' Memorandum of Law and supporting materials, Defendants respectfully request that the Court grant Defendants' Motion to Compel Automatic Disclosures Regarding Damages.  A Proposed Order is included herewith.

WHEREFORE, Defendants respectfully request that the Court grant Defendants' Motion to Compel.

        Respectfully Submitted,


        ASML NETHERLANDS B.V.,
        EXCELITAS TECHNOLOGIES CORP.
        QIOPTIQ PHOTONICS GMBH & CO. KG


        By their Attorneys,


        /s/ *Kevin S. Prussia*

        Kevin S. Prussia (BBO # 666813)
        Elisabeth M. Oppenheimer (BBO # 686312)
        Dana O. Burwell (BBO # 682413)
        Jonathan A. Cox (BBO #687810)
        WILMER CUTLER PICKERING
         HALE AND DORR LLP
        60 State Street
        Boston, MA 02109
        Tel: (617) 526-6000
        Fax: (617) 526-5000
        kevin.prussia@wilmerhale.com
        elisabeth.oppenheimer@wilmerhale.com
        dana.burwell@wilmerhale.com
        jonathan.cox@wilmerhale.com

        James M. Dowd (Ca. Bar No. 259578) (*pro hac vice*)
        WILMER CUTLER PICKERING
         HALE AND DORR LLP
        350 South Grand Avenue, Suite 2100
        Los Angeles, CA 90071
        Tel: (213) 443-5300
        Fax: (213) 443-5400
        james.dowd@wilmerhale.com

Dated: December 14, 2015

**CERTIFICATE OF CONSULTATION**

I, Kevin S. Prussia, hereby certify that in accordance with Local Rule 7.1(a)(2), counsel for Plaintiff Energetiq Technology, Inc. and counsel for Defendants met and conferred in good faith regarding resolution of this motion, but were not able to reach agreement.

*/s/ Kevin S. Prussia*
Kevin S. Prussia

**REQUEST FOR ORAL ARGUMENT**

Pursuant to Local Rule 7.1(d), Defendants respectfully request oral argument regarding this motion to the extent that the Court believes that oral argument will assist it in resolving this motion.

*/s/ Kevin S. Prussia*
Kevin S. Prussia

**CERTIFICATE OF SERVICE**

I, Kevin S. Prussia, hereby certify that a true copy of this document was served upon counsel of record for the plaintiff through the Court's electronic court filing (ECF) system, this 14th day of December, 2015.

*/s/ Kevin S. Prussia*
Kevin S. Prussia