**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| ENERGETIQ TECHNOLOGY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:15-cv-10240-LTS |
| | ) | |
| ASML NETHERLANDS B.V., | ) | |
| EXCELITAS TECHNOLOGIES CORP., and | ) | |
| QIOPTIQ PHOTONICS GMBH & CO. KG, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION TO COMPEL
AUTOMATIC DISCLOSURES REGARDING DAMAGES**

## <u>TABLE OF CONTENTS</u>

**Page**

I.    **INTRODUCTION**........................................................................................................1

II.   **ARGUMENT**............................................................................................................3

III.  **CONCLUSION** .........................................................................................................8

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**FEDERAL CASES**

*Brandywine Commc'ns Techs., LLC v. Cisco Sys., Inc.*,
  2012 WL 5504036 (N.D. Cal. Nov. 13, 2012) ....................................................................3, 4

*Corning Optical Commc'ns Wireless Ltd. v. Solid, Inc.,*
  306 F.R.D. 276 (N.D. Cal. 2015)........................................................................................4, 6

*Eon Corp. IP Holding LLC v. Sensus USA Inc.*,
  2013 WL 3982994 (N.D. Cal. Mar. 8, 2013)......................................................................4, 6

**RULES**

Fed. R. Civ. P. 26.............................................................................................................. *passim*

Local Rule 26.1 ............................................................................................................................7

## I.      INTRODUCTION

Throughout this case, Energetiq has made extraordinary demands on Defendants. Nevertheless, Defendants complied with their Phase I discovery obligations, producing over 175,000 pages of documents and 21 hours of deposition testimony—all on an accelerated basis. But now that **all** discovery is open, Energetiq has refused to provide initial disclosures on the most basic elements of its case.

Federal Rule of Civil Procedure 26(a)(1)(A) requires a party to automatically provide "a computation of each category of damages claimed" and make available "documents . . . on which each computation is based."  In its initial disclosures, Energetiq claimed "lost profits and/or a reasonable royalty" under the Patent Act, yet Energetiq failed to provide **any** substantive information about these claimed damages.  Energetiq justified its non-response on the ground that the "number of infringing Accused Devices . . . is information solely within [Defendants'] control."  (Ex. A,[1] Energetiq's Initial Disclosures at 6.)  While that may be true, it is not a basis to refuse compliance with Rule 26(a)(1)(A).  To the contrary, there is ample information in **Energetiq's** possession that it can and should have produced with its initial disclosures.  For example, Energetiq surely has information about sales of its **own** product for the purposes of lost profits.  For reasonable royalty, Energetiq surely has information about its **own** licenses and proposed licenses under the patents-in-suit, including the royalty rates agreed to by those licensees and the rates proposed by Energetiq.

That Energetiq is refusing to produce this fundamental information about its case is baffling given its repeated representations to the Court suggesting **that it already has this**

---

[1] Unless otherwise noted, "Ex. __" refers to the exhibits to the Declaration of Kevin S. Prussia filed in support of this motion.

*information* collected and that it is ready to be produced immediately.  (*See, e.g.*, Dkt. No. 85, Apr. 30, 2015 Hr'g Tr. at 83:21-24; Dkt. No. 9, Decl. of Donald K. Smith In Supp. of Energetiq's Mot. for Prel. Inj. ("Smith Decl."), ¶¶ 48, 51 (filed under seal) (alleging financial impact); Smith Decl. Exs. P, Q (filed under seal) (alleging revenue from existing licenses); Dkt. No. 241, Nov. 4, 2015 Hr'g Tr. at 63:22-24 (counsel for Energetiq stating that the entirety of its production is "not that much" more than "a box").)  Energetiq should not be allowed to evade its automatic discovery obligations when it has (or should have) this information readily accessible, particularly in light of the Court's directive to prioritize discovery into Energetiq's claim of irreparable harm.  (*See, e.g.*, Nov. 4, 2015 Hr'g Tr. at 37:24–39:8.)

Defendants respectfully ask that Energetiq be ordered to supplement its initial disclosures to identify the following, within seven (7) days of the entry of an Order granting this motion:

- All documents and information in its possession related to its claim of lost sales, including (1) identification of the Energetiq product it contends competes or has competed with the accused devices; (2) all agreements, purchase orders, or other contracts for sale of such competing product; (3) documents sufficient to show Energetiq's quarterly profit margin on such competing product; (4) the extent of lost sales that Energetiq alleges in an approximate dollar amount; and (5) how that amount was calculated.

- All documents and information in its possession related to its claim of a reasonable royalty, including (1) all proposed or executed agreements (including without limitation license agreements, purchase orders, investment agreements, or any other contract) providing rights to a third-party under the patents-in-suit, including the consideration paid or received under those agreements; (2) a complete statement of Energetiq's contentions regarding the royalty rate that it asserts in this litigation; (3) a complete statement of Energetiq's contentions regarding the royalty base that it asserts in this litigation (by year); (4) a complete statement of Energetiq's contentions regarding each asserted *Georgia Pacific* factor, and all evidence Energetiq relies on for each factor (except for evidence that is in the possession of Defendants); and (5) all license agreements that Energetiq may rely on as comparable for reasonable royalty purposes.

## II.     ARGUMENT

Federal Rule of Civil Procedure 26(a)(1)(A) requires each party "without awaiting a discovery request" to provide:

> a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

Fed. R. Civ. P. 26(a)(1)(A)(iii).  The purpose of Rule 26's initial disclosures requirement is "to accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information" and to allow the parties to "make an informed decision about settlement."   Fed. R. Civ. P. 26 advisory committee's notes (1993).

The required disclosures under Rule 26(a)(1)(A)(iii) for lost profits in patent cases consists of

> [the identification of] each of [Plaintiff's] own products that compete (or have competed) with the accused products and [an] explain[ation of] how sales of its own specified products have been affected by the alleged infringement. This can and should be done even though discovery will produce more precise sales records for the accused products that will allow later for more accurate updates of estimates of lost profits.

*Brandywine Commc'ns Techs., LLC v. Cisco Sys., Inc*., 2012 WL 5504036, at *1 (N.D. Cal. Nov. 13, 2012).

For a reasonable royalty, this rule requires:

> [Plaintiff to] state the claimed royalty rate and state the claimed royalty base, and then multiply the two for a total, specifying the information by year. This can and should be done now even though subsequent discovery may eventually warrant a modification of the calculation.
>
> ****
>
> If a reasonable royalty is claimed, and if the patent plaintiff is going to rely on any of the *Georgia Pacific* factors . . ., then the patent plaintiff must list each such asserted *Georgia Pacific* factor and identify all evidence it [relies] on for that

3

factor, save and only except for such evidence as it could not be reasonably expected to possess (and does not possess) at the outset of the litigation. For example, . . . a patent holder should already know the royalties it and/or its predecessors in interest have already received for licensing its own patent in suit and it should already know at least some of the license agreements it contends are comparable.

\*\*\*\*

If a patent plaintiff already knows of a particular license agreement and may rely on it as a comparable for reasonable royalty purposes, then it should be so disclosed under Rule 26(a).

*Id.* at \*2; *see also Corning Optical Commc'ns Wireless Ltd. v. Solid, Inc.,* 306 F.R.D. 276, 279 (N.D. Cal. 2015) (ordering supplementation of initial disclosures to include "amount of damages Plaintiff seeks under each of its asserted damages theories . . . .  To the extent Plaintiff seeks to recover a reasonable royalty, [Plaintiff should provide] the facts on which [it] bases its claim, including the date of the hypothetical negotiation, any allegedly comparable licenses, . . . and any other *Georgia-Pacific* factors on which Plaintiff intends to rely.").[2]

In enforcing this rule, district courts recognize that a patentee may not have **all** of the information at its disposal prior to making such disclosures.  Nevertheless, a patentee should provide what information it **does** have.  *See, e.g.*, *Brandywine*, 2012 WL 5504036, at \*3 ("The patent plaintiff should not be allowed to evade the duty to lay out its damages contentions at the outset of the case. . . .  That some material is as yet unknown does not excuse non-disclosure of

---

[2] *See also Eon Corp. IP Holding LLC v. Sensus USA Inc.*, 2013 WL 3982994, at \*2 (N.D. Cal. Mar. 8, 2013) (ordering disclosure of "information about Plaintiff's own licensing program or third-party analysts' reports used to bolster Plaintiff's damages theory"); *cf.* General Order 14-3 of the United States District Court for the Eastern District of Texas, General Order Regarding Track B Initial Patent Case Management Order at 1, 3 ("In service of the objectives of Fed. R. Civ. P. 1, this Court has developed and implemented specialized case management procedures for the efficient handling of patent litigation," providing that "[w]ithin 14 days of all defendants filing an answer . . . [a] party claiming patent infringement shall also produce all licenses or settlement agreements concerning the patents-in-suit and any related patent.")

what is or should be known.").  Energetiq's damages disclosures, which provide nothing other than the bald assertion that it claims "lost profits and/or a reasonable royalty" (without a single produced document), plainly fail to meet its obligations under Rule 26(a)(1)(A).

Ordering Energetiq to make these disclosures *now* is appropriate for at least three reasons.  *First*, based on its prior representations to the Court, Energetiq is in a position, today, to provide information related to its claims of lost profits and reasonable royalty.  (*See* Nov. 4, 2015 Hr'g Tr. at 63:22-24 ("[Mr. Bauer:] We're going to give it all to them, because it's going to be -- I won't say a box, but it's not that much. And they'll get what they need from us."); *see also* Exs. B-D).  Indeed, in support of its denied motion for preliminary injunction, Energetiq suggested that it had suffered lost revenue and could calculate it on a per unit basis.  (Smith Decl. ¶¶ 48, 51) (filed under seal); Smith Decl. Exs. P, Q (filed under seal).)  If those assertions were true, then with respect to any lost profits claim, Energetiq should readily have information to identify (1) any alleged competing product, (2) contracts for sale of such alleged competing product, and (3) the extent of loss of sales of its alleged competing product in an approximate dollar amount. As to Energetiq's claim for a reasonable royalty, at the very least, Energetiq should already know its claimed royalty rate, the amount of any royalties it has already received for the patents-in-suit, and any agreements it has proposed or executed granting patent rights (in-bound and out-bound). Energetiq has already claimed, in support of its preliminary injunction motion, that it received licensing revenues.  (Smith Decl. Exs. P, Q (filed under seal).)  With all of this information apparently available, Energetiq should provide it immediately consistent with its Rule 26 obligations. There simply is no basis to delay.

*Second*, requiring Energetiq to provide these disclosures now will streamline the case and allow the parties to take focused and proportional discovery.  *See* Fed. R. Civ. P. 26(b)(1)

("scope of discovery" must be "proportional to the needs of the case, considering … the amount in controversy, … and whether the burden or expense of the proposed discovery outweighs its likely benefit").  The amount in controversy will be especially relevant should the Court need to resolve discovery disputes as the case progresses.  Energetiq has asserted 67 patent claims and has now served, inclusive of Phase I discovery, over 312 document requests.  Many of those document requests are excessive.  Defendants and the Court need to know what this case is worth when deciding what the scope of discovery should be.  Energetiq should not be permitted to use Rule 34 to bury Defendants in exorbitant defense costs with the goal of extracting a settlement.  *See, e.g.*, *Solid*, 306 F.R.D. at 279 ("Proportionality is part and parcel of just about every discovery dispute."); *Eon Corp IP*, 2013 WL 3982994, at *1 ("[A]n early estimate of the order of magnitude of damages at issue (*e.g.*, less than $10 million; $25 million; more than $100 million) is important to the application of the principle of proportionality set forth in Federal Rule of Civil Procedure 26(b)(2)(C)(iii) to ascertain the burden and expense of discovery that is warranted.").

*Third*, this information serves double-duty because it is directly relevant to Energetiq's alleged irreparable harm.  For example, Intel Corporation is apparently a principal investor and customer of Energetiq.  Intel can be expected to require its suppliers and investment targets (like Energetiq) to extend license rights as a part of Intel's purchase order(s) or investment commitment(s).  If Energetiq has such an agreement, it is not only directly relevant to Energetiq's damages claim but also to Energetiq's alleged harm.  (Dkt. No. 253 at 4 (citing ASML's alleged "offer" to Intel as basis for claim of harm).)  The Court directed the parties to engage in that discovery forthwith.  Defendants diligently complied, serving discovery requests two days after the Scheduling Conference.  Over 35 days have now elapsed since service, yet

6

Energetiq has thus far refused to participate—having not produced either written objections or a single piece of paper in response to Defendants' requests.  (Exs. E, F.)  After all its bluster and repeated declarations of how urgent this case is and how ready it was to go to trial immediately, Energetiq's strategy now appears to delay providing *any* discovery and avoid taking *any* positions for as long as it can.  The time has come for Energetiq to participate in this case and to provide some discovery.  The Court should order it to do so now.

In opposing this motion, Defendants expect that Energetiq will argue that Local Rule 26.1 excuses it from providing any calculation of damages in its initial disclosures, absent an order from the Court.  (Ex. F.)  Energetiq is incorrect.  Local Rule 26.1 merely *permits* the court to order sworn statements disclosing a party's damages:

> The judicial officer *may* order the parties to submit at the scheduling conference, or at any subsequent time the officer deems appropriate, *sworn statements* disclosing information to every other party. . . [including a statement that]: (a) itemizes all economic loss and provides a computation of damages for which recovery is sought[.]"

L.R. 26.1(b) (emphasis added).  Nothing in L.R. 26.1 supersedes the automatic disclosure requirements of Rule 26(a)(1).  Indeed, *the very next* local rule—L.R. 26.2—expressly states that "disclosure required by Fed. R. Civ. P. 26(a)(1) should be made as soon as practicable."  L.R. 26.2(a).  Accordingly, nothing in the local rules relieves Energetiq from its automatic disclosure obligations.

Energetiq may also try to argue that *Defendants* should be ordered to produce their financial information first.  That is precisely opposite of what the Federal Rules require (and how logic dictates it should work).  Energetiq has (or should have) enough information in its own possession to make a substantive disclosure about the amount of damages it believes it is owed and the documents supporting (or contradicting) that assertion.  As explained above, this is

routine information that is required in patent infringement cases.  Energetiq should be ordered to produce it immediately.

III.    **CONCLUSION**

Rule 26(a)(1) requires Energetiq to provide substantive disclosures regarding its damages theories and the factual support underlying those theories early in the case.  Energetiq failed to do that.  Accordingly, Defendants respectfully ask the Court to order Energetiq to supplement its initial disclosures and produce supporting documents, in the manner discussed *supra* section I and reflected in the Proposed Order, within seven (7) days of issuance of the Court's order on this motion.

Respectfully Submitted,


ASML NETHERLANDS B.V.,
EXCELITAS TECHNOLOGIES CORP.
QIOPTIQ PHOTONICS GMBH & CO. KG


By their Attorneys,


/s/  *Kevin S. Prussia*

Kevin S. Prussia (BBO # 666813)
Elisabeth M. Oppenheimer (BBO # 686312)
Dana O. Burwell (BBO # 682413)
Jonathan A. Cox (BBO #687810)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6000
Fax: (617) 526-5000
kevin.prussia@wilmerhale.com
elisabeth.oppenheimer@wilmerhale.com
dana.burwell@wilmerhale.com
jonathan.cox@wilmerhale.com

James M. Dowd (Ca. Bar No. 259578) (*pro hac vice*)

WILMER CUTLER PICKERING
 HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Tel: (213) 443-5300
Fax: (213) 443-5400
james.dowd@wilmerhale.com

Dated:  December 14, 2015

## CERTIFICATE OF SERVICE

I, Kevin S. Prussia, hereby certify that a true copy of this document was served upon counsel of record for the plaintiff through the Court's electronic court filing (ECF) system, this 14th day of December, 2015.

*/s/ Kevin S. Prussia*
Kevin S. Prussia