# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ENERGETIQ TECHNOLOGY, INC., <br>       Plaintiff, <br><br> v. <br><br> ASML NETHERLANDS B.V., <br> EXCELITAS TECHNOLOGIES CORP., and <br> QIOPTIQ PHOTONICS GMBH & CO. KG, <br><br>       Defendants. | Civil Action No. 1:15-cv-10240-LTS |

## ENERGETIQ'S INITIAL DISCLOSURES PURSUANT TO RULE 26(A)

Energetiq Technology, Inc. ("Energetiq") hereby makes the following initial disclosures, based upon information currently in its possession, custody, or control, pursuant to Federal Rule of Civil Procedure 26(a)(1) and Local Rule 26.2. Energetiq bases the following disclosures on information currently and reasonably available to it. Energetiq reserves the right to supplement these disclosures, as necessary, pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, and to rely on the testimony of any person it subsequently identifies as having knowledge relevant to this dispute. Energetiq also reserves the right to object on any ground to any subsequent discovery request or any other use of these initial disclosures by Defendants ASML Netherlands, B.V. ("ASML"), Qioptiq Photonics GmbH & Co. KG. ("Qioptiq"), or Excelitas Technologies Corp. ("Excelitas").

The categories of documents identified may include documents protected by the attorney-client privilege, the work-product doctrine, and/or other applicable legal privileges and

protections.  Similarly, the witnesses identified may possess knowledge or information protected by the attorney-client privilege, the work-product doctrine, and/or other applicable legal privileges and protections.  By listing the witnesses, documents, and categories of documents, Energetiq does not waive these privileges and reserves all rights to object to producing or providing documents or information protected from disclosure under the attorney-client privilege, attorney work-product doctrine, or other applicable privilege, protection, or immunity from discovery.  In response to a proper document request, and unless otherwise agreed, Energetiq will describe the nature of such privileged and/or protected documents to the extent required by the Federal Rules of Civil Procedure, the District of Massachusetts Local Rules, or other applicable law or court order.

I.      **The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims and defenses, unless solely for impeachment, identifying the subjects of information:**

Energetiq, based on current knowledge, information, and belief, believes that the following individuals, identified below, may have discoverable information that it may use to support its claims and defenses in this action:

| Individuals Likely to Have Discoverable Information | Subject of Information | Contact Information |
|---|---|---|
| Donald Smith | Information about Energetiq's business and dealings with Defendants, and Energetiq's technology and patents. | This individual may be contacted in this action through Energetiq's counsel. |
| Paul Blackborow | Information about Energetiq's business and dealings with Defendants. | This individual may be contacted in this action through Energetiq's counsel. |
| Debbie Gustafson | Business contracts and program management | This individual may be contacted in this action through Energetiq's counsel. |

2

| **Individuals Likely to Have Discoverable Information** | **Subject of Information** | **Contact Information** |
|---|---|---|
| Matt Besen | Engineering program details; information pertaining to the '138 Patent | This individual may be contacted in this action through Energetiq's counsel. |
| Huiling Zhu | Scientific measurements; information pertaining to the '138 Patent | This individual may be contacted in this action through Energetiq's counsel. |
| Daniil Stolyarov | Information pertaining to the '138 Patent | This individual may be contacted in this action through Energetiq's counsel. |
| Ron Collins | Energetiq product hardware design; information pertaining to the '138 Patent | This individual may be contacted in this action through Energetiq's counsel. |
| Bob Grzybinski | Energetiq control system design | This individual may be contacted in this action through Energetiq's counsel. |
| Amol Raul | Energetiq product technical specifications | This individual may be contacted in this action through Energetiq's counsel. |
| Smith Utubor | Energetiq business planning and finance | This individual may be contacted in this action through Energetiq's counsel. |
| Jeffrey Casey | Energetiq electronics and firmware design; information pertaining to the '943 Patent | This individual may be contacted in this action through Energetiq's counsel. |
| William Holber | Information pertaining to the '943 Patent | This individual may be contacted in this action through Energetiq's counsel. |
| Gordon Hill | Information pertaining to the '138 Patent | This individual may be contacted in this action through Energetiq's counsel. |
| Jim (Honke) Ye | Information pertaining to the '138 Patent | This individual may be contacted in this action through Energetiq's counsel. |
| Joseph A. Capraro, Jr. | Information concerning Defendants' counterclaims of inequitable conduct. | This individual may be contacted in this action through Energetiq's counsel. |
| Katrin Letz | Information about ASML's development activity, business, ownership, sales, and/or offers for sale. | Energetiq presumes that this individual may be contacted through Defendants' counsel. |

| Individuals Likely to Have Discoverable Information | Subject of Information | Contact Information |
|---|---|---|
| Martin van den Brink | Information about ASML's development activity, business, ownership, sales, and/or offers for sale. | Energetiq presumes that this individual may be contacted through Defendants' counsel. |
| Marco Pieters | Information about ASML's development activity, business, ownership, sales, and/or offers for sale. | Energetiq presumes that this individual may be contacted through Defendants' counsel. |
| Peter Vanoppen | Information about ASML's development activity, business, ownership, sales, and/or offers for sale. | Energetiq presumes that this individual may be contacted through Defendants' counsel. |
| Greet Storms | Information about ASML's development activity, business, ownership, sales, and/or offers for sale. | Energetiq presumes that this individual may be contacted through Defendants' counsel. |
| Yogesh Sadarangani | Information about ASML's development activity, business, ownership, sales, and/or offers for sale. | Energetiq presumes that this individual may be contacted through Defendants' counsel. |
| Bernhard Lorenz | Information about Qioptiq's development activity, business, ownership, sales, and/or offers for sale. | Energetiq presumes that this individual may be contacted through Defendants' counsel. |
| Thomas Thoeniss | Information about Qioptiq's development activity, business, ownership, sales, and/or offers for sale. | Energetiq presumes that this individual may be contacted through Defendants' counsel. |
| Karsten Fischer | Information about Qioptiq's development activity, business, ownership, sales, and/or offers for sale. | Information about Qioptiq's development activity, business, ownership, sales, and/or offers for sale. |
| Michael Ersoni | Information about Excelitas's development activity, business, ownership, sales, and/or offers for sale. | Energetiq presumes that this individual may be contacted through Defendants' counsel. |
| Rudi Blondia | Information about Excelitas's development activity; technical information regarding the LS2. | Energetiq presumes that this individual may be contacted through Defendants' counsel. |
| Patrick Rymer | Information about Excelitas's development activity; technical information regarding the LS2. | Energetiq presumes that this individual may be contacted through Defendants' counsel. |

| Individuals Likely to Have Discoverable Information | Subject of Information | Contact Information |
|---|---|---|
| Francis Wang | Information about Excelitas's development activity; technical information regarding the LS2. | Energetiq presumes that this individual may be contacted through Defendants' counsel. |
| David Nislick | Information about Excelitas's development activity; technical information regarding the LS2. | Energetiq presumes that this individual may be contacted through Defendants' counsel. |

**II.    A copy of, or a description by category and location of, all documents, electronically stored data, and tangible things in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.**

Energetiq, based on current knowledge, information, and belief, identifies the following documents, data compilations, and tangible things in its possession, custody, or control that it may use to support its claims or defenses in this action:

1.    The Patents-in-Suit, and potentially documents relating to the conception, design, development, and reduction to practice of the inventions of the Patents-in-Suit;

2.    Documents relating to the ownership of the Patents-in-Suit;

3.    Documents found on the Energetiq corporate server, relating to corporate matters, engineering projects, business matters, technology development, communications and agreements with the Defendants.

Energetiq also may rely on materials obtained during the course of discovery from Defendants, non-parties, and any retained testifying experts, as well as through ongoing investigation.  Energetiq will make its expert testimony disclosures under Rule 26(a)(2) of the Federal Rules of Civil Procedure, if any, in accordance with the schedule set by the Court in its Scheduling Order of November 5, 2015 (Doc. No. 215).

**III.    A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.**

Energetiq intends to seek damages arising from its state law claims, trebled under Mass. Chapter 93A, as well as damages (lost profits and/or a reasonable royalty) pursuant to the patent statutes.  The number of infringing Accused Devices made, used, sold, and/or offered for sale by Defendants is information solely within their control and will be sought by Energetiq in discovery, and Energetiq is therefore unable at this time to provide a computation of its damages. Energetiq also intends to seek an award of its attorneys' fees and costs, including expert witnesses' fees, incurred during this action under 35 U.S.C. § 285.

**IV.    Any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

At this time, Energetiq is not at this time aware of any applicable insurance agreement relevant to the subject matter of the pleadings.

DATED: this 10th day of November, 2015.

Respectfully submitted,

**PROSKAUER ROSE LLP**

By */s/ Steven M. Bauer* _____

Steven M. Bauer, BBO #542531
Safraz W. Ishmael, BBO #657881
S. James Boumil, III, BBO #684361
**PROSKAUER ROSE LLP**
One International Place
Boston, MA 02110-2600
(617) 526-9600 *telephone*
(617) 526-9899 *facsimile*
sbauer@proskauer.com
sishmael@proskauer.com
jboumil@proskauer.com

**Attorneys for Energetiq Technology, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on this day I served the foregoing document upon the below individuals, as follows:

*Via Electronic Mail*

Elisabeth Oppenheimer
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
WHASMLEnergetiq@wilmerhale.com

*Attorney for Defendants*

DATED this 10th day of November, 2015.

*/s/ S. James Boumil III*