# EXHIBIT C

WILMERHALE

November 19, 2015

**By E-mail**

Kevin S. Prussia

+1 617 526 6243(t)
+1 617 526 5000(f)
kevin.prussia@wilmerhale.com

S. James Boumil III
Proskauer Rose LLP
One International Place
Boston, MA 02110-2600

Re: *Energetiq Tech., Inc. v. ASML Netherlands B.V. et al.*, C.A. No. 1:15-cv-10240-LTS
    Energetiq's Initial Rule 26 Damages Disclosures

Dear James:

We received your November 16, 2015 email. Energetiq's refusal to supplement its damages disclosures is improper for several reasons.

First, Energetiq's suggestion that it cannot set forth its damages position without discovery is inconsistent with the multiple representations it has made to the Court about the value of its damages claims, including at the recent November 4th status conference. (*See, e.g.,* Apr. 30, 2015 Hr'g Tr. at 83:24 [redacted] May 29, 2015 Hr'g Tr. at 11:15 [redacted]; *see also* Decl. of Donald K. Smith In Supp. of Energetiq's Mot. for Prel. Inj., ¶¶ 48, 51 (alleging financial impact); Exs. P, Q (alleging revenue from existing licenses).)

Second, Energetiq's refusal to state its damages position is inconsistent with the proportionality requirement of Federal Rule 26. In addition to the massive burden and expense Energetiq imposed during Phase I discovery – much of which appears now to have been for no legitimate purpose – Energetiq has now served 246 more document requests, and 33 more interrogatories. The Court and parties need to understand whether this discovery is proportionate to the amount in controversy. *See, e.g., Corning Optical Commc'ns Wireless Ltd. v. Solid, Inc.*, 306 F.R.D. 276, 278-79 (N.D. Cal. 2015) ("Corning's Rule 26(a)(1)(A)(iii) disclosure regarding its damages calculation was similarly tight-lipped: 'No documents related to this calculation exist at this time.' This is plainly insufficient. Even if Solid were willing to wait to find out what this case is worth—which it is not—the court still needs to know as it resolves the parties' various discovery-related disputes. Proportionality is part and parcel of just about every discovery dispute.").

WILMERHALE

S. James Boumil III
November 19, 2015
Page 2

      For these reasons, and those outlined in our November 13 letter, Energetiq has failed to provide sufficient disclosures under Rule 26 or the local rules.  Unless Energetiq supplements its damages disclosure by November 25, 2015, Defendants will have no choice but to seek relief.

Best regards,

Kevin S. Prussia

cc: James M. Dowd; Safraz W. Ishmael