# EXHIBIT D

**WILMERHALE**

November 13, 2015

**Kevin S. Prussia**

+1 617 526 6243(t)
+1 617 526 5000(f)
kevin.prussia@wilmerhale.com

**By E-mail**

Safraz W. Ishmael
Proskauer Rose LLP
One International Place
Boston, MA 02110-2600

Re:  *Energetiq Tech., Inc. v. ASML Netherlands B.V. et al.*, C.A. No. 1:15-cv-10240-LTS
     Energetiq's Initial Rule 26 Damages Disclosures

Dear Safraz:

      I write regarding Energetiq's November 10, 2015 disclosures under Rule 26(a)(1)(A)(iii). These disclosures state:

> Energetiq intends to seek damages arising from its state law claims, trebled under Mass. Chapter 93A, as well as damages (lost profits and/or a reasonable royalty) pursuant to the patent statutes. The number of infringing Accused Devices made, used, sold, and/or offered for sale by Defendants is information solely within their control and will be sought by Energetiq in discovery, and Energetiq is therefore unable at this time to provide a computation of its damages. Energetiq also intends to seek an award of its attorneys' fees and costs, including expert witnesses' fees, incurred during this action under 35 U.S.C. § 285.

      Energetiq's disclosure is deficient under Rule 26(a)(1)(A)(iii).  *See, e.g., Brandywine Commc'ns Techs., LLC v. Cisco Sys., Inc.*, No. C 12-01669 WHA, 2012 WL 5504036 (N.D. Cal. Nov. 13, 2012)("The patent plaintiff should not be allowed to evade the duty to lay out its damages contentions at the outset of the case merely because it hopes it can frame more handsome contentions after discovery.").

      For instance, Energetiq claims lost profits.  As one district court has explained, the required disclosures under Rule 26(a)(1)(A)(iii) related to lost profits is as follows:

> If Brandywine is now seeking damages in the form of lost profits, it should now be in a position to state the extent of loss of its own sales of its own products in an approximate dollar amount and state how that amount was calculated. To be more specific, it should be able to identify each of its own products that compete (or have competed) with the accused products and explain how sales of its own specified products have been affected by the alleged infringement. This can and should be done even though discovery will produce more precise sales records for the accused products

WILMERHALE

Safraz W. Ishmael
November 13, 2015
Page 2

> that will allow later for more accurate updates of estimates of lost profits.

*Brandywine*, 2012 WL 5504036 at *1.

Therefore, to the extent that Energetiq intends to assert lost profits, please supplement Energetiq's disclosures to identify: (1) the Energetiq product that you contend competes or has competed with the Accused Devices; (2) the extent of lost sales that you allege in an approximate dollar amount; and (3) how that amount was calculated. In the alternative, if Energetiq does not assert lost profits, please supplement Energetiq's disclosures to remove this contention.

Energetiq also states that it is entitled to a reasonable royalty. The required disclosures under Rule 26(a)(1)(A)(iii) related to reasonable royalty is as follows:

> As for a reasonable royalty, as to each accused product, Brandywine should already be in a position to state the claimed royalty rate and state the claimed royalty base, and then multiply the two for a total, specifying the information by year. This can and should be done now even though subsequent discovery may eventually warrant a modification of the calculation.
>
> ****
>
> If a reasonable royalty is claimed, and if the patent plaintiff is going to rely on any of the *Georgia Pacific* factors (as plaintiff here says it will), then the patent plaintiff must list each such asserted *Georgia Pacific* factor and identify all evidence it [relies] on for that factor, save and only except for such evidence as it could not be reasonably expected to possess (and does not possess) at the outset of the litigation. For example, with respect to the first two *Georgia Pacific* factors, a patent holder should already know the royalties it and/or its predecessors in interest have already received for licensing its own patent in suit and it should already know at least some of the license agreements it contends are comparable.
>
> ****
>
> If a patent plaintiff already knows of a particular license agreement and may rely on it as a comparable for reasonable royalty purposes, then it should be so disclosed under Rule 26(a).

*Brandywine*, 2012 WL 5504036 at *2.

WILMERHALE

Safraz W. Ishmael
November 13, 2015
Page 3

      Therefore, to the extent that Energetiq intends to assert a reasonable royalty, please supplement Energetiq's disclosures to identify: (1) the claimed royalty rate; (2) the claimed royalty base (by year); (3) each asserted *Georgia Pacific* factor and all evidence Energetiq relies on for each factor (except for evidence that is in the possession of Defendants); and (4) the particular license agreements that Energetiq may rely on as a comparable for reasonable royalty purposes. In the alternative, if Energetiq does not assert reasonable royalty, please supplement Energetiq's disclosures to remove this contention.

      Please provide the above information no later than November 19, 2015.

Best regards,

Kevin S. Prussia

cc: James M. Dowd