# EXHIBIT E

# WILMERHALE

December 4, 2015

**By EMAIL**

**Elisabeth Oppenheimer**

+1 617 526 6757 (t)
+1 617 526 5000 (f)
elisabeth.oppenheimer@wilmerhale.com

S. James Boumil III
Proskauer Rose LLP
One International Place
Boston, MA 02210-2600

Re:  *Energetiq Technology, Inc. v. ASML Netherlands B.V.*, No. 1:15-cv-10240-LTS (D. Mass.)

Dear James:

I write regarding Defendants' Second Set of Requests for Production and Excelitas' First Set of Interrogatories, which were served on November 6, 2015, and to address your request for additional time to respond.  Because the Court has directed the parties to move quickly on discovery into Plaintiff's claim of irreparable harm, and cautioned that an extended discovery period will not be available for this question, we cannot agree to the 30 extension you have requested.  We can agree as a matter of professional courtesy, however, to extend the deadlines by 10 days to December 16 subject to Plaintiff's agreement that Defendants deadline to respond to your discovery request is extended by the same amount (i.e., to December 21).

Part and parcel with the foregoing, Defendants expect Plaintiff to make a substantive production of materials and information related to Plaintiff's claim of irreparable harm with its initial production on December 16.  For example,

- **Request No. 24:**  All documents on which Energetiq intends to rely to demonstrate that any Energetiq Covered Product practices any claim of the Patents-in-Suit.

- **Request No. 25**: Documents sufficient to identify customers, purchasers, users, or licensees for any Energetiq Covered Product offered or sold by Energetiq.

- **Request No. 27**: Contracts or agreements for the sale or license of any Energetiq Covered Product offered or sold by Energetiq.

- **Request No. 38**: All patent licenses or agreements (including without limitation "licenses in" and "licenses out"), including drafts, relating to laser-driven light sources or otherwise concerning the subject matter of any of the Patents-in-Suit.

- **Request No. 39**: All documents constituting or relating to any license, sub-license, settlement, covenant not to sue, or any other agreement under which any person granted or received rights under the Patents-in-Suit. This includes without limitation documents sufficient to show all payments made or received under any such agreement.

December 4, 2015
Page 2

**WILMERHALE**

- **Request No. 45**: All documents, communications, negotiations, or analyses relating to any actual, potential, or negotiated acquisition, sale, purchase, assignment, valuation, or license of the Patents-in-Suit or the technology described and claimed therein.

- **Request No. 92:** All documents concerning the EQ400, including documents describing the operating, testing, and test results related to the EQ400.

Interrogatories Nos. 6 and 7 also seek information related to Energetiq's contracts and agreements:

- **Interrogatory No. 6:** Each offer, discussion, and/or negotiation to sell or license (in part or in whole) the Patents-in-Suit or any related patent, including the terms of any resulting sale(s) or license(s), with "sell or license" defined to include portfolio licenses, covenants not to sue, indemnity agreements, or agreements not to assert.

- **Interrogatory No. 7:** The basis for the contention that Energetiq is entitled to damages, including identification of any license agreements that may be relevant in this matter, and as well as identification of any communications that support or contradict Energetiq's damages claims.

- **Interrogatory No. 9**: All facts regarding Energetiq's allegation that it has suffered and will continue to suffer irreparable injury for which there is no adequate remedy at law.

- **Interrogatory No. 10:** All factual bases for the contention that Energetiq's light source met the performance specifications identified in its First Amended Complaint.

In addition to other responsive documents or information, these Requests and Interrogatories specifically seek all agreements made with Intel or information related to such agreements, including all agreements contained in any purchase order, investment document, or other contract with Intel. We expect these to be included in Energetiq's initial production.

Regards,


Elisabeth Oppenheimer

149826375v.2