# EXHIBIT F

**Zhong, Elaine**
---

| | |
|---|---|
| **From:** | Boumil III, S. James <jboumil@proskauer.com> |
| **Sent:** | Tuesday, December 08, 2015 2:42 PM |
| **To:** | WH ASML Energetiq |
| **Cc:** | PR Energetiq ASML |
| **Subject:** | Energetiq v ASML et al - discovery issues |

Counsel,

This email consolidates Energetiq's positions on the outstanding discovery issues in this case.

First, regarding due dates for the first round of discovery requests, as we have explained, your discovery responses are currently due on December 10, and there is no discovery served on Energetiq that has a due date.  We told you that we are open to working out a mutually fair discovery schedule, taking into account that our discovery was properly served and that Defendants' was not.  In an effort to resolve this issue, we suggested that both sides agree to respond on a simultaneous date certain, 30-days from an agreement, and after the holidays.  You rejected that, insisting that our responses are due first, and must be provided before the holidays.  Elisabeth Oppenheimer's response earlier today, that Defendants will grant us a 10-day extension, but that our documents are due first, is unacceptable in view of your failure to serve your requests properly.

Second, you have demanded expedited discovery on irreparable harm.  Even if you had a need for expedited discovery on this issue, that need would be no different than Energetiq's need for expedited phased discovery relating to LS2 schematics, which you have refused to satisfy.  We believe that any phased or "expedited" discovery should be mutual, addressing each side's priorities.  To date, you have made it clear that you will not agree to any prioritization directed to our requests.  Absent agreement, the discovery will need to take place in accordance with the rules.  However, we believe the parties should discuss sequencing and prioritization intended to focus discovery and reduce the costs to both parties, and should include mutual deadlines.

Third, you contend that you are entitled to see Energetiq's damages case within its initial disclosures.  We believe that our response is consistent with the requirements of the Local Rules and informs you as to the basis for the damages claims.  Indeed, Energetiq's position statement is no more vague than the response provided in Defendants' initial disclosures.

Finally, and somewhat surprisingly, after refusing our request to extend all discovery responses by 30 days, you have asked for an additional thirty days to provide Defendants' preliminary non-infringement and invalidity contentions.  You say you need the time because there are too many patents and claims in the case for you to respond to, but the Court already rejected the argument that there are too many claims.  In addition, we already offered a proposal to reduce the number of patents and claims, which simply asked that you verify facts that you have represented, but you rejected that proposal as well.  The preliminary infringement contentions are just that—preliminary—until you provide more discovery.  These contentions are fully consistent with the Massachusetts requirements, and inform you of the basis for all claims in the complaint—including those besides direct infringement, and none of which have been abandoned.

In sum, it appears that so long as you are unwilling to compromise, discovery needs to proceed as scheduled.  We propose a simple solution to resolve all these requests at one time—that the parties agree that responses to all discovery presently served or due (including subpoenas, invalidity and non-infringement contentions, interrogatories and document requests), be due on a date certain, approximately 30 days after an agreement, without regard to the date of initial disclosures.  If we can reach agreement on this fundamental issue, then with the benefit of time, we can also discuss, if necessary, whether certain discovery should be prioritized in a rolling production thereafter.  We believe that this agreement will moot the need for the briefing that Will Yu references in his email of 2:59PM ET today.

If you have any reasonable counter-proposal, we are open to hearing it.  If however, you continue to take the position that your way is the only way, it seems that we have little basis for agreement.

Regards,

James

**S. James Boumil III**
Attorney at Law

Proskauer
One International Place
Boston, MA 02110-2600
d 617.526.9618
f  617.526.9899
jboumil@proskauer.com
greenspaces
Please consider the environment before printing this email.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure.
If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them.
Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*