# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ENERGETIQ TECHNOLOGY, INC., <br>     Plaintiff, <br><br> v. <br><br> ASML NETHERLANDS B.V., <br> EXCELITAS TECHNOLOGIES CORP., and <br> QIOPTIQ PHOTONICS GMBH & CO. KG, <br><br>     Defendants. | Civil Action No. 1:15-cv-10240-LTS |

## PLAINTIFF'S OPPOSITION TO
## DEFENDANTS' MOTION FOR RECONSIDERATION (DOC. NO. 262)

As an initial matter, because the Court's scheduling order permits Defendants' ongoing infringement until at least July 10, 2017, on December 15, 2015, Energetiq petitioned the United States International Trade Commission ("ITC") under 19 U.S.C. § 1337 to institute an investigation into the unfair trade practices of Defendants ASML Netherlands B.V. and Qioptiq Photonics GmbH & Co. KG—in particular, to investigate their importation of laser-driven light sources and products containing the laser-driven light sources.  Pursuant to 19 C.F.R. § 210.10, the Commission will determine whether an investigation should be instituted within 30 days after the complaint is filed (unless certain limited, exceptional circumstances exist) and, as a result, notice of institution is expected by January 14, 2016.  If the petition is granted, as is expected, a trial is likely in the Fall of 2016.

If the ITC petition is granted, 28 U.S.C. § 1659(a) provides that this Court should stay this case, on motion.  In fact, the parties have now agreed that this case should be stayed, and are currently negotiating a proposed order to stay the case.  Under these circumstances, Defendants' motion need not be addressed at this time.  However, Defendants have refused to agree to postpone briefing on this motion, and so Energetiq responds to the merits of Defendants' motion as follows.

At the outset, Defendants' motion was filed with no meet and confer and should be denied on that basis alone.  A "meet and confer" is not an email demand three hours before the motion is filed, without any direct interaction between counsel.  The fact is that Defendants filed this motion despite knowing, for *weeks*, that Energetiq was prepared to narrow the scope of this case significantly—including by both dropping patents and reducing claims, subject *only* to the provision to it of certain facts about how Defendants' accused products worked.  Despite knowing how easy it would be to work to resolve this issue, Defendants refused to have a

1

telephonic conference intended to try to narrow the issues.  Indeed, Defendants have not demonstrated any desire to narrow this case cooperatively—they have simply sent emails demanding that Energetiq adopt their position or face a motion.  That is not a "meet and confer."

Turning to the merits themselves, Defendants' motion is premised on a deliberate mischaracterization of the record, and is a thinly veiled motion for reconsideration.  Defendants argue that Energetiq has represented that it now knows how to simplify this case to two patents, citing (but not fully quoting) a passage that says exactly the opposite—that the patents can only be narrowed after Defendants describe their product:

> "At April trial, I would drop the patents to two patents, waive damages, and just go to trial on the merits in April.  We can simplify it to go to trial on two patents, identify the two patents after I get a little disclosure from them.  *I need to know what their product is, so I can pick mine, too, because I don't know how they're tinkering with their product*."

Nov. 4, 2015 Hr'g Tr. At 25:16-23 (italics added).

Although Defendants keeps saying that Energetiq has what it needs because Excelitas produced 175,000 pages of documents, they ignore the fundamental fact that none of these documents represents the final-form LS2—and that such disclosure has been deliberately withheld.  To this day, Defendants have not produced a *single* document showing the structure of the soon-to-be imported LS2 light source.  It seems that Defendants want Energetiq to commit to a claim election before getting *any* discovery on the commercial product.

Now, instead of responding to Energetiq's Preliminary Infringement Contentions, Defendants instead expend greater effort by filing a motion, an eight-page memorandum of law and five exhibits to reduce the number of contentions to which they must respond—to avoid producing the few documents necessary to allow a meaningful narrowing of the case.  In doing so, they misdirect the Court with arguments of "undue prejudice" resulting from their need to

provide technical information about those products.  In addition, Defendants ignore the fact that they have already completed most of the work for their responsive validity contentions in preparing their IPR petitions.  This is not a motion intended to reduce the either side's work.

Then, Defendants compound their mischaracterizations by contending that there was an "agreement" or "stipulation" related to the Plaintiff's Preliminary Infringement Disclosures at all.  Other than their lawyers saying there was one, there was no such agreement, and they show none to the Court.  All they refer to is a footnote, stricken by the Court, that related to a *different* proposed procedure that the Court *expressly declined to adopt*.  Rather, Defendants' motion is a motion for reconsideration of the Court's previous order that *explicitly struck* the very request that Defendants now seek to enforce: "Item #3, 'Plaintiff's Preliminary Election of Assserted Claims," is STRUCK.  While the Court encourages the Plaintiff to streamline and focus its case, the Court declines to adopt the procedure proposed in Item #3."  November 5, 2015 Scheduling Order, Doc. No. 215 at 1.

Moreover, Defendants neglect to mention that Energetiq's offer to narrow the case early was *explicitly premised* on an April trial: "And I'm going to float one alternative. I'm going with your proposal, and I think that it doesn't squeeze anyone. An April trial, I would drop the patents to two patents, waive damages, and just go to trial on the merits in April."  Nov. 4, 2015 Hr'g Tr. At 25:14-18.  The Court fully understood this offer, and on that basis struck the Preliminary Election of Asserted Claims requirement.

Energetiq remains willing and able to streamline the case—but not before Defendants provide the limited information that Energetiq requires to do so intelligently.  Indeed, the Court can most efficiently streamline this case by ordering Defendants to produce their final form LS1 and LS2 documents immediately, in an expedited production.  Alternatively, if Defendants

3

continue on their current course, Energetiq expects to amend its contentions both for the LS1 and the LS2, including by adding new claims if necessary, once it sees final schematics. To proceed otherwise would be to validate Defendants' tactics to bind Energetiq on information that is incomplete only because of Defendants' own evasion tactics.

DATED: this 16th day of December, 2015.

> Respectfully submitted,
>
> **PROSKAUER ROSE LLP**
>
> By */s/ Steven M. Bauer*
> Steven M. Bauer, BBO #542531
> Safraz W. Ishmael, BBO #657881
> S. James Boumil, III, BBO #684361
> **PROSKAUER ROSE LLP**
> One International Place
> Boston, MA 02110-2600
> (617) 526-9600 *telephone*
> (617) 526-9899 *facsimile*
> sbauer@proskauer.com
> sishmael@proskauer.com
> jboumil@proskauer.com
>
> **Attorneys for Energetiq Technology, Inc.**

### CERTIFICATE OF SERVICE

I hereby certify that on this day the foregoing was filed electronically with the clerk of Court, to be served upon counsel of record by operation of the Court's electronic filing system.

DATED this 16th day of December, 2015.

> */s/ Steven M. Bauer*