**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ENERGETIQ TECHNOLOGY, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Civil Action No. 1:15-cv-10240-LTS |
| ASML NETHERLANDS B.V., EXCELITAS TECHNOLOGIES CORP., and QIOPTIQ PHOTONICS GMBH & CO. KG, | ) ) ) ) |
| Defendants. | ) ) ) |

**DEFENDANTS' [PROPOSED] REPLY IN SUPPORT
OF ITS MOTION TO ENFORCE THE PARTIES' AGREEMENT LIMITING THE
NUMBER OF ASSERTED CLAIMS AND TO EXTEND THE TIME PERIOD FOR
DEFENDANTS' INVALIDITY AND NON-INFRINGEMENT CONTENTIONS TO THE
DEFAULT 60-DAY PERIOD SET FORTH IN THE PATENT LOCAL RULES**

In what can only be described as a transparent attempt at forum shopping, after litigating in this Court for nearly a year, Energetiq has abandoned course—filing a petition with the United States International Trade Commission ("ITC") requesting an investigation into "importation of laser-driven light sources and products containing the same." (Dkt. 275 at 1.) While Energetiq's shifting strategy clearly signals its discontent with the state of affairs in this forum, it does nothing to alter the need for relief requested by Defendants' motion.

*First*, contrary to Energetiq's assertion, Defendants have not "agreed that this case should be stayed" pending the ITC petition (which has not been instituted) and nothing about the ITC petition moots Defendants' motion. Instead, the ITC petition, which asserts just 20 claims from the patents-in-suit (10 from each of the '841 and '000 patents[1]), illustrates that Energetiq knows full well the "real" claims it seeks to prosecute. By comparison, Energetiq's infringement contentions in this case asserts 12 additional claims from the '841 and '000 patents, and an additional 35 claims from other patents. These 47 additional claims are pure excess and Energetiq's opposition puts forward no legitimate reason why it needs to maintain them.

*Second*, although Energetiq pretends that the parties had no agreement to limit the claims to no more than ten claims from each patent and not more than a total of 32 claims, the sequence of the parties' correspondence demonstrates otherwise. Defendants initially proposed the provision to limit the claims. (*See* Ex. 2 at 3 (Defendants proposing that the disclosure occur on November 11.).) Energetiq refused. (*Id.* (noting Energetiq's position as "N/A").) The day of the joint filing, however, Energetiq indicated its assent when it affirmatively switched its "N/A" and stated that it would make its disclosure on "October 30, 2015." (*See* Ex. 4 at 29.) Nonetheless, Energetiq contends that the Court subsequently "struck" the deal, rendering it null.

---

[1] As well as 8 claims from recently issued U.S. Patent No. 9,185,786, which is not at issue in this litigation.

(Dkt. 275 at 3.)[2] But an agreement to limit discovery—which is precisely what the parties agreed to do here—***does not need to be endorsed by the Court***. *See* Fed. R. Civ. P. 29 ("Unless the court orders otherwise, the parties may stipulate that . . . other procedures governing or limiting discovery be modified."); *see also Olney v. Job.com,* 2014 WL 4629062, at *5 (E.D. Cal. Sept. 15, 2014) (holding that, pursuant to Fed. R. Civ. P. 29, "the parties may stipulate to procedures governing or limiting discovery" "***despite that it was not issued or approved by court order***" (emphasis added)). Energetiq has found no case stating otherwise. This is for good reason—as a sister court in this Circuit has observed, "[t]he court . . . cannot expect counsel to make, and rely upon stipulations if it is unwilling to generally enforce discovery stipulations." *Milazzo v. KG Enters.*, 1999 WL 1327394, at *2 (D.N.H. Feb. 16, 1999). But this is precisely what Energetiq asks the Court to do here.

***Third***, no discovery is required for Energetiq to pick the claims it seeks to assert in this case, which is why courts across the country require such an election early in the case. *See e.g.*, *Medtronic Minimed Inc. v. Animas Corp.*, 2013 WL 3322248, at *1-3 (C.D. Cal. Apr. 5, 2013) (ordering plaintiff to initially reduce the number of claims across nine patents ***before*** non-infringement and invalidity contentions from 255 to 36, and to make an additional reduction to 18 claims four months later). Again, Energetiq cites nothing to the contrary. In this case, Energetiq has received far more discovery on the accused products than most any other patentee in jurisdictions requiring an early election of claims. Amazingly, Energetiq now bemoans that "none of these documents represents the final-form LS2." (Dkt. 275 at 2.) Notwithstanding the

---

[2] Energetiq also contends, incorrectly, that the agreement "related to a ***different*** proposed procedure." (Dkt. 275 at 3 (emphasis in original).) It is difficult to see how Energetiq could make this statement. Defendants seek an order limiting Energetiq's asserted claims, which is exactly what the parties had agreed Energetiq would do. (Dkt. No. 182 at 29 n.25) The only "difference" is that Energetiq was supposed to make its election ***before*** serving its infringement contentions, not a month later—which is why Defendants' motion seeks a 60-day extension of time to serve its responsive contentions.

fact that this concession is directly contrary to its prior representations to the Court[3] and efforts to seek a preliminary injunction, it reflects the fundamentally backwards manner that Energetiq has prosecuted this action. Rule 11 does not allow patentees to "shoot first and asks questions later." Rule 11 imposes a strict requirement on Energetiq, ***before filing suit***, to know which claims it contends it infringes and why. *Antonious v. Spalding & Evenflo Companies, Inc.*, 275 F. 3d 1066, 1073 (Fed. Cir. 2002) (prior to alleging infringement, a patentee must "compare the accused device with the construed patent claims").[4] In any event, any suggestion that Energetiq needs more discovery before making the basic, initial election of asserted claims that is now commonplace in patent litigation across the country, is flatly contradicted by its ITC petition, which clearly demonstrates that Energetiq is able—right now—to narrow its claims in a manner that would be consistent with the parties' agreement. It should do so.[5]

\*       \*       \*

In summary, the Court should: (1) enforce the parties' agreement and order Energetiq to reduce the number of asserted claims to no more than ten from each patent, with no more than thirty-two claims total; and (2) reset the date for Defendants' non-infringement and invalidity contentions to sixty days from the date of Energetiq's election of asserted claims.

---

[3] *See e.g.*, Dkt. 182 at 3 (Energetiq declaring that Phase I discovery allowed it to "confirm its pre-filing beliefs" about how Defendants are allegedly "infringing Energetiq's patents.").

[4] *See also View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981 (Fed. Cir. 2000) (affirming Rule 11 sanctions where patentee filed infringement claim without having seen the accused product and without conducting a claim-by-claim analysis—"Before filing counterclaims of patent infringement, Rule 11, we think, must be interpreted to require the law firm to, at a bare minimum, apply the claims of each and every patent that is being brought into the lawsuit to an accused device and conclude that there is a reasonable basis for a finding of infringement . . . ."); *Theranos, Inc. v. Fuisz Pharma LLC*, 2012 WL 6000798, at \*6 (N.D. Cal. Nov. 30, 2012) ("By arguing that [defendant's] information is not publicly-available and by offering to amend the Contentions only after discovery has occurred, [plaintiffs are] attempting to ignore their obligations and shift the burden to [defendant]. Such tactic is improper.").

[5] Finally, Energetiq's assertion that "Defendants' motion was filed with no meet and confer" is belied by the parties' correspondence—which Energetiq ignores. *See* Dkt. 268 at Ex. 3.

4

Dated: December 17, 2015

Respectfully submitted,

  /s/ Kevin S. Prussia
Kevin S. Prussia (BBO # 666813)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109
Tel: (617) 526-6000
Fax: 617) 526-5000
kevin.prussia@wilmerhale.com

James M. Dowd (Ca. Bar # 259578) (*pro hac vice*)
Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Tel: (213) 443-5300
Fax: (213) 443-5400
james.dowd@wilmerhale.com
**ATTORNEYS FOR ASML NETHERLANDS B.V., EXCELITAS TECHNOLOGIES CORP., and QIOPTIQ PHOTONICS GMBH & CO. KG**