# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ENERGETIQ TECHNOLOGY, INC., | ) )  ) |
| Plaintiff, | ) ) |
| v. | ) ) ) | Civil Action No. 1:15-cv-10240-LTS |
| ASML NETHERLANDS B.V., EXCELITAS TECHNOLOGIES CORP., and QIOPTIQ PHOTONICS GMBH & CO. KG, | ) ) ) ) ) | **Leave To File Granted On: December 18, 2015** |
| Defendants. | ) ) |

# DEFENDANTS' REPLY IN SUPPORT OF
# RENEWED MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................1

II. **THERE IS NO SPECIFIC JURISDICTION OVER THE LS1 CLAIMS** ....................2

III. **THERE IS NO PENDENT PERSONAL JURISDICTION BASED ON THE LS2 INFRINGEMENT ALLEGATIONS OR STATE LAW CLAIMS** ................................4

    A. Plaintiff's Unpled Pendent Personal Jurisdiction Theory Is Waived ........................4

    B. Pendent Personal Jurisdiction Should Not Be Exercised Because The LS1 Infringement Claims Do Not Share A Common Factual Core With Either The LS2 Infringement Claims Or The State Law Claims .........................................5

IV. **CONCLUSION** ................................................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AFTG-TG, LLC v. Nuvoton Tech. Corp.*,
   689 F.3d 1358 (Fed. Cir. 2012)..................................................................................................4

*Alcohol Monitoring Systems, Inc. v. Actsoft, Inc.*,
   682 F. Supp. 2d 1237 (D. Colo. 2010).......................................................................................7

*Celgard, LLC v. LG Chem., Ltd.*,
   2015 WL 2412467 (W.D.N.C. May 21, 2015) .........................................................................7

*Celgard, LLC v. SK Innovation Co.*,
   792 F.3d 1373 (Fed. Cir. 2015).........................................................................................2, 4, 7

*Deckers Outdoor Corp. v. Reed Sportswear Mfg. Co.*,
   2015 WL 5167466 (C.D. Cal. Sept. 3, 2015) ...........................................................................6

*Grober v. Mako Prods.*,
   686 F.3d 1335 (Fed. Cir. 2012)..................................................................................................4

*Home Owners Funding Corp. of Am. v. Century Bank*,
   695 F. Supp. 1343 (D. Mass 1998) ............................................................................................5

*Milford Power Ltd. P'Ship v. New England Power Co.*,
   918 F. Supp. 471 (D. Mass. 1996) ............................................................................................6

*United States v. Botefuhr*,
   309 F.3d 1263 (10th Cir. 2002) .............................................................................................5, 8

## I. INTRODUCTION

Plaintiff's Opposition (Dkt. No. 252, "Opp.") does not cite a single document or single piece of testimony obtained during Phase I discovery to support its claim of personal jurisdiction over its "LS1" infringement claims. The Court specifically permitted this discovery to allow Plaintiff the chance "to determine whether any allegedly infringing activity, i.e., and sales, offers for sale, use or importation of LS1 occurred within Massachusetts." (Dkt. No. 120, July 10, 2015 Order ("Order") at 10.) Plaintiff's Opposition confirms that there is *no* allegedly infringing activity that has occurred within Massachusetts. Accordingly, its LS1 claims do not "arise out of or relate to" activities in Massachusetts, and they should be dismissed for lack of personal jurisdiction. (*Id*. at 6 ("Energetiq *must* demonstrate that its claims arise out of or relate to ASML BV's forum contacts." (emphasis added)); *see also id.* at 10 ("Also, there are no allegations that Massachusetts-based Excelitas was involved with the LS1 or the YieldStar 250/200, and no allegations of any other Massachusetts contacts which give rise to, or are related to ASML BV's alleged infringement, direct, induced, or contributory, via the LS1.").)

With that fact established, Plaintiff remarkably now argues that Phase I discovery was never necessary in the first place—largely abandoning its prior arguments in favor of a new theory of "pendant" personal jurisdiction that is not pled in the complaint, and not asserted in the prior briefing. Plaintiff's theory fails for two reasons. First, Plaintiff waived this argument by failing to either plead it or raise it in opposition to Defendants' original Motion. Permitting this argument for the first time now—*after* Defendants have born the burden and expense of establishing that there are no contacts (minimum or otherwise) between Massachusetts and the LS1 in Phase I discovery—would be hugely prejudicial to Defendants. Second, Plaintiff's pendent personal jurisdiction argument is wrong on the merits. Because Plaintiff's LS1 claims

do not arise from a common nucleus of fact as either its state-law or its LS2-related claims, there can be no pendent jurisdiction over them.

For these reasons, Plaintiff's LS1 claims against Defendants ASML B.V. ("ASML") and Qioptiq Photonics GmbH & Co. KG ("Qioptiq") should be dismissed for lack of personal jurisdiction.[1]

## II. THERE IS NO SPECIFIC JURISDICTION OVER THE LS1 CLAIMS

The Court has already found that Plaintiff has failed to establish specific jurisdiction over ASML and Qioptiq related to the LS1 infringement claims. The Court, however, gave Plaintiff an opportunity to cure its failure if it could uncover evidence that there was "allegedly infringing activity, *i.e.*, any sales, offers for sale, use or importation of LS1 … within Massachusetts." (Order at 10; *id*. at 11 ("For the same reasons discussed above, Energetiq has not established personal jurisdiction over Qioptiq on the patent claims regarding LS1, though the Court will permit jurisdictional discovery to the same extent and for the same reasons.").)

Plaintiff failed to do so. Instead, jurisdictional discovery *confirmed* that neither ASML nor Qioptiq has made, used, sold, offered for sale, or imported the LS1 or any component of the LS1 in Massachusetts.[2] It further confirmed that Massachusetts-based Excelitas had nothing to do with the LS1. These facts, which are *undisputed*,[3] require dismissal under the terms of the Court's Order because there is no other theory pled in the complaint that would support

---

[1] Plaintiff wrongly asserts that Defendants' Renewed Motion to Dismiss only relates to ASML. (Opp. at 1.) The face of the motion is clear that it was brought by ASML and Qioptiq, and should be dismissed against both for the same reasons. (*See e.g.*, Dkt. No. 210 at 1.)

[2] It also confirmed the same with respect to ASML U.S.

[3] It is Energetiq's burden to establish personal jurisdiction is under a preponderance of the evidence standard. *Celgard, LLC v. SK Innovation Co.*, 792 F.3d 1373, 1378 (Fed. Cir. 2015). While it is correct that the standard is different when there is a dispute concerning the facts, to create one, Energetiq must have come forward with some actual competing evidence. Merely asserting that it "disagrees" with Defendants' evidence is not enough to create a factual dispute.

jurisdiction. (*See e.g.*, Order at 12 (finding that Plaintiff has "no independent theory on which to base jurisdiction").)

All Plaintiff offers by way of opposition is a rehash of arguments that the Court has already rejected. Citing the same declaration by its CEO filed in connection with the briefing nine months ago, Plaintiff asserts that jurisdiction over its LS1 claims is supported by alleged ASML visits to Energetiq to discuss a different, un-accused product called "TwinScan". (Opp. at 12.) As an initial matter, Plaintiff produced no document or other discovery supporting this bald assertion during Phase I discovery. More importantly, the Court already rejected this same argument—made nearly verbatim—in Plaintiff's original opposition.[4]

If such allegations were sufficient to establish that Plaintiff's LS1-related claims "arise from or relate to" activities in Massachusetts, the Court would not have ordered the Phase I discovery that it did. Moreover, in discussing Plaintiff's allegations, the Court made clear ***why*** they are insufficient. The Court found jurisdiction over Plaintiff's LS2 claims based upon the allegation that Plaintiff shared "valuable 'know-how,' concerning the laser-driven light source products" that supposedly contributed to the LS2's claimed infringement. (*See* Order at 8.) As the Court already ruled, however, this theory does not apply to the earlier-generation LS1. (Order at 10.) It is undisputed that Qioptiq "began making the LS1 in Germany" in mid-to-late 2013, and that Plaintiff had no involvement whatsoever. (*Id.*) Plaintiff does not claim ever to have met with ASML or Qioptiq about the LS1 – in Massachusetts or elsewhere. As such, there are no contacts (minimum or otherwise) between Massachusetts and Plaintiff's LS1 claims.

---

[4] *Compare, e.g.*, Opp. at 12 *with* Dkt. No. 100 at 4 (arguing jurisdiction exists because ASML and Qioptiq allegedly "obtained the knowledge of the patented technology and its infringement of the same" from "communications and discussions with Energetiq in Massachusetts").

Given Phase I's confirmation (not disputed by Plaintiff) that no allegedly infringing activity exists—which was the sole remaining alleged theory for which the Court allowed jurisdictional discovery—the Plaintiff's LS1 infringement claims should be dismissed. (Order at 6 (quoting *Synthes*, 563 F.3d at 1292).) *See also Celgard*, 792 F.3d at 1382 (no personal jurisdiction because, *inter alia*, patentee "fails to show that [accused products] actually have been found in [forum state]"); *AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689 F.3d 1358, 1365 (Fed. Cir. 2012) (no personal jurisdiction where "where, at most, one of the defendants made isolated shipments to [the forum state] at the request of third parties"); *Grober v. Mako Prods.*, 686 F.3d 1335, 1347 (Fed. Cir. 2012) (dismissing where plaintiff "could not establish that [defendant] has operated or rented the [accused product] in California").[5]

## III. THERE IS NO PENDENT PERSONAL JURISDICTION BASED ON THE LS2 INFRINGEMENT ALLEGATIONS OR STATE LAW CLAIMS

### A. Plaintiff's Unpled Pendent Personal Jurisdiction Theory Is Waived

Plaintiff's original complaint contained no jurisdictional theory based on so-called "pendent" personal jurisdiction. Neither did Plaintiff's amended complaint. Nor did Plaintiff raise any pendent personal jurisdiction in its papers opposing Defendants' motion to dismiss. The *first* time that Plaintiff made any mention of any "pendent" personal jurisdiction theory was in its portion of the October 21 Joint Status Report filed *after* the close of Phase I discovery. Plaintiff does not even attempt to justify why, if it had a valid pendent jurisdiction theory, it failed to assert it previously. Instead, Plaintiff urges the Court that its new theory will "serve judicial economy" and result in "overall convenience of the parties." (Opp. at 4.) Nothing could be further from the truth. Plaintiff's sought-after Phase I discovery resulted in Defendants producing over 175,000 pages of discovery and nearly 21 hours of deposition testimony at a cost

---

[5] Plaintiff's Opposition does not even attempt to distinguish these cases.

of over $1 million. Plaintiff has not produced a single page, and has provided no depositions. Allowing Plaintiff to argue for pendent personal jurisdiction now, when it failed to previously raise the ground, would not serve judicial economy at all, but instead render all Phase I discovery on the topic worse than worthless—it would be entirely wasted. At great expense, Defendants have established that Plaintiff's only surviving jurisdictional allegations were in fact false. (*See* Order at 10.) Putting Defendants through that expense and disruption while all the while waiting to argue that such discovery was unnecessary (because of some unpled never-before mentioned theory) does not serve judicial economy, and certainly does not serve the overall convenience of the parties.

Because Plaintiff's unpled, belated argument is manifestly prejudicial to Defendants, it should be deemed waived.

### B. Pendent Personal Jurisdiction Should Not Be Exercised Because The LS1 Infringement Claims Do Not Share A Common Factual Core With Either The LS2 Infringement Claims Or The State Law Claims

Even if Plaintiff's unpled and untimely theory was not deemed prejudicial and waived, there can be no pendent personal jurisdiction unless the LS1 claim arises out of a common core of facts as a claim over which the Court does have jurisdiction. (*See* Opp. at 5 (Plaintiff acknowledging that "***[s]ignificant*** factual overlap in the claims asserted is the key to establishing pendent personal jurisdiction." (emphasis added).) *See also United States v. Botefuhr*, 309 F.3d 1263, 1272 (10th Cir. 2002) (pendent personal jurisdiction is appropriate only where "***all the claims arise from the same facts*** as the claim over which it has proper personal jurisdiction" (emphasis added)).[6]

---

[6] Even Plaintiff acknowledges the error in its citation to *Home Owners Funding Corp. of Am. v. Century Bank*, 695 F. Supp. 1343, 1345 (D. Mass 1998), for the proposition that it "is settled that, in a multi-count complaint, if a court has personal jurisdiction over the defendant with respect to one count, it has personal jurisdiction over the defendant with respect to all counts."

All of the alleged facts that give rise to Plaintiff's LS2 and state law claims took place in 2014 and 2015.  (*See* Order at 2-3 (summarizing allegations beginning January 2014).)  As this Court found, "Energetiq believes that 'Qioptiq began making [the LS1] in Germany,' and selling it to ASML BV 'in mid to late 2013.'"  (*Id*. (quoting Dkt. No. 87, ¶ 25).)  As this Court also found, "there are no allegations that Massachusetts-based Excelitas was involved with the LS1 or the YieldStar 250/200."  (*Id*. at 10.).  There can be no common core of facts where one of the supposedly key actors (with respect to the LS2) were admittedly not even involved, and the supposedly key events took place during entirely different time periods.  *See Deckers Outdoor Corp. v. Reed Sportswear Mfg. Co.*, 2015 WL 5167466, at *3 (C.D. Cal. Sept. 3, 2015) (finding pendent personal jurisdiction only where "each claim will be established using the same evidence and each claim arose from the same acts").

Plaintiff tacitly concedes this point when arguing at length about the supposed TwinScan relationship, rather than any allegedly common facts between the development of the LS1 and the LS2.  ASML's TwinScan is ***not*** accused of patent infringement, of containing the LS2, or of containing ***any*** component from Qioptiq or Excelitas.  Nor is the TwinScan alleged to have been developed in conjunction with Qioptiq or Excelitas.  None of Plaintiff's state-law claims so much as mention the TwinScan.  In short, there are no operative facts pled to support any count of the First Amended Complaint that are about the TwinScan.  Indeed, as noted above, the Court

---

(Opp. at 1-2.)  This proposition is directly contradicted by Energetiq's next two citations, which both specify that there must be a "common nucleus of operative fact." (Opp. at 2.)  It is contradicted by later cases from this district.  *See, e.g.*, *Milford Power Ltd. P'Ship v. New England Power Co.*, 918 F. Supp. 471, 479-80 (D. Mass. 1996) (failure of plaintiff to meet burden of showing in-personam jurisdiction with respect to some claims required dismissal of those claims, even if plaintiff met burden with respect to other claims).  And it is contradicted by the Court's prior Order finding that, absent Phase I discovery, Plaintiff had not established personal jurisdiction over Qioptiq or ASML B.V. on the patent claims regarding LS1.  (Order at 12.)

has already found that despite Plaintiff's allegations regarding the development of the LS2, "*there are no allegations of any other Massachusetts contacts which give rise to, or are related to ASML BV's alleged infringement, direct, induced, or contributory, via the LS1*." (Order at 10 (emphasis added); *id*. at 12 ("As with ASML BV, Energetiq argues no independent theory on which to base jurisdiction over Qioptiq with respect to LS1.")).) This argument has no greater merit when rehashed under the guise of "pendent" personal jurisdiction.

Plaintiff's supposedly exemplary cases demonstrate these important differences. In *Alcohol Monitoring Systems, Inc. v. Actsoft, Inc.*, 682 F. Supp. 2d 1237 (D. Colo. 2010), for example, the infringement allegations were directed to a *single* product and its components. 682 F. Supp. 2d at 1239-1240. This fact pattern is the opposite from the instant case, in which Plaintiff is attempting to use pendent personal jurisdiction as a hook for claims against an entirely separate product, which the Court itself recognized to have an entirely different alleged fact pattern than the claims against the LS2. (*See* Order at 10.)

Similarly, the alleged facts *do not* "mirror" those in *Celgard, LLC v. LG Chem., Ltd.*, 2015 WL 2412467 (W.D.N.C. May 21, 2015), as Plaintiff claims. (*See* Opp. at 8-9.) There, "the nature of the parties' business dealings and LGC's decision to stop purchasing base film from Plaintiff after their significant history form a 'common nucleus' that renders the patent claims part of the same 'case or controversy' as the state law claim." (Opp. at 9 (quoting *Celgard*, 2015 WL 2412467 at *23).) Here, Plaintiff's state law claims are based on its allegation—allegedly "mirroring" those in *Celgard*—that "Qioptiq and Excelitas had, *during the period of collaboration with Energetiq*, developed a product using Energetiq's technology without a license from Energetiq." (Opp. at 8-9 (emphasis added).) This "period" was years after the development of the LS1, which did not involve Excelitas or "collaboration with Energetiq" at all.

- 8 -

Moreover, Plaintiff has brought no state law claims or otherwise made any allegations of bad conduct regarding ASML's decision not to use Plaintiff as a source for the LS1.  (*See* Order at 1.)  There simply was no "business relationship" between ASML and Plaintiff with respect to the LS1, therefore it cannot form the "common core" of facts with the claims regarding the LS2.

Because there is no "common core of facts" between Plaintiff's LS1 claims and any claim over which the Court has found jurisdiction, Plaintiff's "pendent" theory fails as a matter of law.  *See Botefuhr*, 309 F.3d at 1272 (pendent personal jurisdiction is appropriate only where "***all the claims arise from the same facts*** as the claim over which it has proper personal jurisdiction" (emphasis added).

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, and those expressed in Defendants Renewed Motion, the Court should dismiss with prejudice Energetiq's patent infringement claims with respect to the LS1.

                Respectfully submitted,

Dated:  December 18, 2015         ASML NETHERLANDS B.V.,
                                            EXCELITAS TECHNOLOGIES CORP.
                                            QIOPTIQ PHOTONICS GMBH & CO. KG

                                            By their Attorneys,

                                            /s/ *Kevin S. Prussia*
                                            James M. Dowd (*pro hac vice*; CA # 259578)
                                            Kevin S. Prussia (BBO # 666813)
                                            Elisabeth M. Oppenheimer (BBO # 686312)
                                            Dana O. Burwell (BBO # 682413)
                                            Jonathan A. Cox (BBO #687810)
                                            WILMER CUTLER PICKERING
                                              HALE AND DORR LLP
                                            60 State Street
                                            Boston, MA 02109
                                            Tel: (617) 526-6000
                                            Fax: (617) 526-5000
                                            james.dowd@wilmerhale.com
                                            kevin.prussia@wilmerhale.com
                                            elisabeth.oppenheimer@wilmerhale.com
                                            dana.burwell@wilmerhale.com
                                            jonathan.cox@wilmerhale.com

## **CERTIFICATE OF SERVICE**

I hereby certify that, on December 18, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  A copy of the document will be served upon all counsel of record electronically via the CM/ECF system.

                                                */s/ Kevin S. Prussia*
                                                Kevin S. Prussia (BBO # 666813)