**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ENERGETIQ TECHNOLOGY, INC., | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) <br> )   Civil Action No. 1:15-cv-10240-LTS <br> ) |
| ASML NETHERLANDS B.V., <br> EXCELITAS TECHNOLOGIES CORP., and <br> QIOPTIQ PHOTONICS GMBH & CO. KG, | ) <br> ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

**MEMORANDUM IN SUPPORT OF**
**DEFENDANTS' ASSENTED TO**
**MOTION FOR LEAVE TO FILE AMENDED ANSWERS**

Defendants ASML Netherlands B.V., Excelitas Technologies Corp., and Qioptiq Photonics GmbH & Co. KG ("Defendants") respectfully seek leave to amend their Answers to Energetiq Technology Inc.'s ("Energetiq") First Amended Complaint (Dkt. No. 87) to add an affirmative defense of license to the patents-in-suit.  Defendants' proposed amended pleadings are attached as Exhibits A-C, together with a blackline against Defendants' current pleadings, which are attached as Exhibits D-F.[1]  Counsel for Energetiq indicated that it assents to Defendants' Motion.

Rule 15(a) of the Federal Rules of Civil Procedure provides that parties may amend their pleadings by leave of court, and that courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  Absent such factors as undue delay, bad faith or dilatory motive, undue prejudice, or futility, "the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Defendants' motion should be granted for several reasons.  **First,** under the Scheduling Order, the final date to amend pleadings is January 25, 2016.  (Dkt. No. 229 at 2.)  Defendants' motion comes before that date, so Defendants' motion is timely.  *See Huhtamaki Co. Mfg. v. CKF, Inc.*, 648 F. Supp. 2d 167, 172 (D. Me. 2009) (when a party files a motion to amend by the court-ordered deadline, there is a presumption of timeliness); *Inline Corp. v. Tricon Rests. Int'l*, 2002 WL 1331885, at *1 (N.D. Tex. June 14, 2002) (same).  Moreover, there is no undue delay. Phase II discovery opened in November 2015, and the parties have until October 17, 2016, to complete fact discovery.  (Dkt. No. 229 at 2.)  This is not the situation where Defendants are seeking amendment on the eve of trial or after the filing of summary judgment motions on the

---

[1] Unless otherwise noted, "Ex. __" refers to the exhibits to the Declaration of Shirley X. Li Cantin filed in support of this motion.

merits of these defenses. *See Columbia Data Prods. Inc. v. Autonomy Corp. Ltd.*, 2013 WL 3326408, at *5 (D. Mass. June 28, 2013) (granting leave where defendants are not "springing" new theories on plaintiff).

*Second,* Energetiq will not suffer undue prejudice. Although this case started nearly a year ago, Phase II discovery did not begin until November 2015. Therefore, the proposed amendment would not require reopening or duplicating discovery. *Cf. Acosta–Mestre v. Hilton Int'l of P.R., Inc.*, 156 F.3d 49, 52 (1st Cir. 1998) ("[T]he prejudice to Hilton resulting from a reopening of discovery with additional costs, a significant postponement of trial, and a likely major alteration in trial strategy and tactics … fully support the district court's ruling [to deny a motion for leave to amend]."). Given that fact discovery is not set to close until October 2016, Energetiq will have a full and fair opportunity to address Defendants' new affirmative defense under the current case schedule and thus will not be prejudiced. *See, e.g.*, *Klunder v. Brown Univ.*, 778 F.3d 24, 34-35 (1st Cir. 2015) (affirming district court's grant of leave to amend in absence of prejudice in the form of prolonged discovery or postponement of trial).

*Third,* Defendants are not acting in bad faith or with dilatory motive. Defendants have been diligently seeking discovery from Energetiq regarding possible affirmative defenses, while continuing their own investigation. After the November 6, 2015, scheduling conference, Defendants propounded discovery related to their defenses, including their proposed license defense. *See*, *e.g.*, Ex. G (Defs.' Second Set of Requests for Production, No. 25 (requesting documents sufficient to identify licensees for the patents-in-suit); Nos. 27, 29, 38, 39, 40, 41, 42, 45 (requesting contracts or agreements for the sale or license to the patents-in-suit).) As of the date of this motion, Energetiq has failed to produce a single document in response. Indeed, discovery on Energetiq's licensing activity is the subject of Defendants' pending motion to

compel. (Dkt. No. 270.) Without the aid of any discovery from Energetiq, Defendants learned during their investigation that Energetiq may have entered into certain agreements granting Defendants a license to the patents-in-suit and/or precluding Energetiq from seeking injunctive relief. For example, on information and belief, Intel Corporation is an investor in Energetiq, and Energetiq has represented that its "technology and products" are used by Intel. (Dkt. No. 46-2, Stmt. of Energetiq Tech. Inc. for the Comm. on Small Business of the U.S. House of Reps., at 4; *see also* Dkt. No. 3, Corporate Disclosure Stmt.) Based on publicly available information, Intel has entered into agreements with its suppliers that provide license rights to protect its supply line (and Intel) against any allegation of infringement. For example, such an agreement might prohibit a supplier (such as Energetiq) from seeking to enjoin the use of any product in Intel's supply line. (*See* Ex. H, Intel Corporation Purchase Agreement, § 14). Further, it can be expected that Intel would require its investment targets (such as Energetiq) to provide use rights in connection with any intellectual property owned by the target. Energetiq's other agreements, including its agreements with Defendants, may also provide relevant information regarding license rights to the subject matter allegedly claimed in the patents-in-suit. Such agreements would be directly relevant to Energetiq's infringement allegations (they could bar them entirely) and should be resolved as part of this case. Given the posture of this case, it would be prejudicial to **Defendants** if they were **not** allowed to assert potential defenses against Energetiq's claims of infringement.

*Fourth*, because discovery is ongoing, Defendants' amendment is not futile. In a motion for leave to amend, submitted before discovery is complete or motions for summary judgment are filed, Defendants are not required to make out their entire case. *See Applera Corp. v. Michigan Diagnostics, LLC*, 594 F. Supp. 2d 150, 154 (D. Mass. 2009) ("Applied Biosystems

need not prove its claims before making them, and to the extent this argument is directed at the futility of amendment it falls far short of the mark."); *cf. Hatch v. Dep't for Children, Youth & Their Families*, 274 F.3d 12, 19 (1st Cir. 2001) ("If, however, leave to amend is not sought until after discovery has closed and a summary judgment motion has been docketed, the proposed amendment must be not only theoretically viable but also solidly grounded in the record."). The facts supporting or rebutting the proposed license defense (much of which are in Energetiq's and/or third parties' hands) are still forthcoming.

For these reasons, the Court should grant Defendants leave to amend.

Dated:  January 22, 2016                           Respectfully Submitted,

ASML NETHERLANDS B.V.,
EXCELITAS TECHNOLOGIES CORP.
QIOPTIQ PHOTONICS GMBH & CO. KG

By their Attorneys,

/s/  *Kevin S. Prussia*
Kevin S. Prussia (BBO # 666813)
Shirley X. Li Cantin (BBO # 675377)
Dana O. Burwell (BBO # 682413)
Jonathan A. Cox (BBO #687810)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6000
Fax: (617) 526-5000
kevin.prussia@wilmerhale.com
shirley.cantin@wilmerhale.com
dana.burwell@wilmerhale.com
jonathan.cox@wilmerhale.com

James M. Dowd (Ca. Bar No. 259578) (*pro hac vice*)
WILMER CUTLER PICKERING

  HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Tel: (213) 443-5300
Fax: (213) 443-5400
james.dowd@wilmerhale.com

### CERTIFICATE OF SERVICE

I, Kevin S. Prussia, hereby certify that a true copy of this document was served upon counsel of record for the plaintiff through the Court's electronic court filing (ECF) system, this 22nd day of January, 2016.

*/s/ Kevin S. Prussia*
Kevin S. Prussia