**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ENERGETIQ TECHNOLOGY, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| ASML NETHERLANDS B.V., EXCELITAS TECHNOLOGIES CORP., and QIOPTIQ PHOTONICS GMBH & CO. KG, | ) ) ) ) |
| Defendants. | ) ) ) |

Civil Action No. 1:15-cv-10240-LTS

**MEMORANDUM IN SUPPORT OF**
**DEFENDANTS' MOTION TO COMPEL**
**DOCUMENT PRODUCTION FROM CERTAIN NAMED INVENTORS**

# TABLE OF CONTENTS

                                                                                             **Page**

**I.**    **INTRODUCTION** ............................................................................................................1

**II.**   **BACKGROUND** ...........................................................................................................2

**III.**  **ARGUMENT** ................................................................................................................3

**IV.**  **CONCLUSION** ............................................................................................................6

# **TABLE OF AUTHORITIES**

**Page(s)**

**FEDERAL CASES**

*Creative Gifts, Inc. v. UFO*,
   183 F.R.D. 568 (D.N.M. 1998)..................................................................................................5

*In re DG Acquisition Corp.*,
   151 F.3d 75 (2d Cir. 1998)........................................................................................................5

*Santiago v. Lafferty*,
   2015 WL 717945 (D. Mass. Feb. 19, 2015) ............................................................................5

**FEDERAL STATUTES**

35 U.S.C. § 102..............................................................................................................................4

**RULES**

Fed. R. Civ. P. 45...........................................................................................................................5

Fed. R. Civ. P. 26...........................................................................................................................2

Local Rules of the United States District Court for the Eastern District of Texas,
   Patent Rule 3 ............................................................................................................................3

**I.      INTRODUCTION**

A year into this litigation, Defendants have yet to receive a single document from the files of Energetiq: no documents regarding conception of the alleged inventions; no documents regarding reduction to practice of the alleged inventions; no documents regarding patent prosecution; no documents at all.  Because of Energetiq's complete failure to provide any discovery whatsoever, Defendants have been forced to serve subpoenas on former employees of Energetiq who are identified on the patents-in-suit as named inventors: Jeffrey A. Casey, Gordon Hill, William Holber, Daniil Stolyarov, and Hongke Ye (collectively, the "Subpoenaed Individuals").[1]  (Exs. A-E.)[2]

Counsel for Energetiq, Proskauer Rose LLP, accepted service on behalf of the individuals in early December 2015, but stymied document production again.  The compliance date for the subpoenas was December 18, 2015.  However, as of the date of this motion, ***over forty days later***, Defendants have yet to receive any response from the Subpoenaed Individuals—not a single piece of paper, not even any written objections.  The document subpoenas seek relevant information regarding the patents-in-suit that is routinely provided in all patent cases and is necessary for Defendants to prepare their defenses.  The time has come for all responsive material to be produced forthwith.

---

[1] The places of compliance for Messrs. Casey and Stolyarov are in the U.S. District Courts for the District of Nevada and Southern District of New York, respectively.  Defendants will file motions to compel in those districts absent consent from these individuals that the Court's ruling on this pending motion will apply equally to them.

[2] Unless otherwise noted, "Ex. __" refers to the exhibits to the Declaration of Shirley X. Li Cantin filed in support of this motion.

For these reasons, Defendants respectfully request that the Court compel production of responsive documents from the Subpoenaed Individuals within 7 days of an order granting this motion.

## II.     BACKGROUND

On November 10, 2015, Energetiq served its Federal Rule of Civil Procedure 26 Initial Disclosures, which identified the following individuals as persons likely to have discoverable information about the patents-in-suit:

- Jeffrey A. Casey, who has "information pertaining to [U.S. Patent No. 8,309,943]" (the "'943 patent");

- Gordon Hill, who has "information pertaining to [U.S. Patent No. 8,525,138]" (the "'138 patent");

- William Holber, who has "information pertaining to the '943 patent";

- Daniil Stolyarov, who has "information pertaining to the '138 patent"; and,

- Hongke Ye, who has "information pertaining to the '138 patent."

(Ex. F, Energetiq's Initial Disclosures at 3.)  These individuals are also listed as inventors on the '943 and '138 patents.  (Dkt. No. 87-4, Complaint Ex. D, at 2; Dkt. No. 87-5, Complaint Ex. E, at 2.)  Energetiq represents these individuals and states that each of these individuals "may be contacted through Energetiq's counsel."  (Ex. F, Initial Disclosures at 3.)

Per Energetiq's initial disclosures, on November 24, 2015, Defendants requested that counsel for Energetiq, Proskauer Rose, accept service of the subpoenas.  (Ex. G.)  After several days without any confirmation from Proskauer Rose, on December 2, 2015, Defendants initiated service through a process server.  (Ex. G, Dec. 2, 2015, Email.)  It was not until December 3 and December 7 that Proskauer Rose finally confirmed what it represented in Energetiq's initial disclosures, *i.e.*, that it could accept service of the subpoenas.  (Ex. G, Dec. 7, 2015, Email.)

Each of the subpoenas included a response date of December 18, 2015, but noted that Defendants were willing to negotiate this deadline with the Subpoenaed Individuals and/or Energetiq on a case-by-case basis.  (Exs. A-E.)

Defendants have received no response to the subpoenas.  Instead, on December 17, 2015, counsel for the Subpoenaed Individuals sent a three-sentence letter refusing to provide any discovery on the supposed basis that "the parties have agreed that the case should be stayed" and "have suspended discovery".  (Ex. H, Dec. 17, 2015, Letter.)  As Defendants have explained repeatedly, that is simply untrue.  The case is not stayed and Defendants have ***never*** agreed to suspend the deadlines for production of documents or third-party discovery generally.  This has been conveyed to counsel in several correspondence and multiple telephone conversations.  (*See, e.g.,* Dkt. No. 291-1, Dec. 17, 2015, Email; Ex. I, Dec. 18, 2015, Letter; *see also* Dkt. No. 279-2, Dec. 15, 2015, Email; Ex. J, Jan. 19, 2016, Letter; Ex. K, Jan. 22, 2016 Email.)  Nonetheless, as of the date of this motion, neither Energetiq nor any of the Subpoenaed Individuals have produced a single document in response to Defendants' discovery requests.

## III.   ARGUMENT

Defendants are entitled to the subpoenaed documents under the Federal Rules of Civil Procedure.  The document subpoenas seek relevant and standard information sought in all patent infringement cases.[3]  For example, a number of document requests relate to determining the

---

[3] *Cf*. Patent Local Rules of the United States District Court for the Eastern District of Texas, Rules 3-1 and 3-2 ("Not later than 10 days before the Initial Case Management Conference. . . the party claiming patent infringement must produce . . .(a) documents . . . sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, the claimed invention prior to the date of application for the patent in suit. . . (b) all documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date identified pursuant to P. R. 3-1(e), whichever is earlier.")

3

priority date of the alleged inventions of the patents-in-suit. (*See, e.g.,* Ex. A, Document Requests No. 8 (seeking documents relating to the "conception of the subject matter" of the patents); No. 9 (documents relating to the "reduction to practice of the subject matter" of the patents"); *see also* Nos. 10-11.) Request numbers 21 and 22 relate to claim construction and infringement. (*Id.* at Request No. 21 (requesting documents concerning any "unique meaning" of "any word or phrase" in the claims of the patents); No. 22 (seeking documents "concerning the level of ordinary skill in the art.") Other document requests relate to the enforceability and validity of the patents-in-suit. For example, document request number 12 seeks documents "concerning the first public disclosure, first public use or demonstration, first offer for sale, and/or first sale of the subject matter claimed by each claim of the Energetiq Patents," which is relevant to any potential on-sale bar defense under 35 U.S.C. § 102. Request numbers 19, 24, 28 and 29 relate to prior art known or considered by the inventors. Further, request number 5 asks for documents regarding the contribution of each inventor to the asserted claims of the patents-in-suit, which is relevant to whether the inventors are entitled to a patent under 35 U.S.C. § 102. *See* 35 U.S.C. § 102(f) ("A person shall be entitled to a patent unless . . . he did not himself invent the subject matter sought to be patented.")

The subpoenaed individuals should be ordered to produce all responsive documents immediately. ***First,*** no reason exists to deny Defendants this discovery. Energetiq's counsel apparently represents the Subpoenaed Individuals, and is now taking the position that these individuals, like Energetiq, can refuse to provide any discovery in this case because of Energetiq's incorrect assertion that the parties "agreed to" suspend discovery in this case. As Defendants have stated repeatedly, the case is not stayed and there is no agreement to stay the case. Defendants have been diligently providing discovery, having served invalidity contentions,

4

non-infringement contentions, responses and objections to Energetiq's 246 document requests, responses and objections to Energetiq's 33 interrogatories, and having made several rolling productions totaling nearly 200,000 pages (including two productions since the beginning of January).  If Energetiq or the Subpoenaed Individuals had legitimate reasons to refuse compliance with the subpoenas, they should have filed appropriate objections.  They cannot evade their obligations under the Federal Rules of Civil Procedure by pretending that the case is stayed.  As the Subpoenaed Individuals have failed to provide any objections to the subpoenas in accordance with Fed. R. Civ. P. 45, any such objections should be considered waived.  *See, e.g., Santiago v. Lafferty*, 2015 WL 717945, *4-6 (D. Mass. Feb. 19, 2015) (failure to object to subpoenas or seek protection from the court constituted waiver of privileges); *In re DG Acquisition Corp.*, 151 F.3d 75, 81 (2d Cir. 1998) (privilege against self-incrimination waived by delay); *Creative Gifts, Inc. v. UFO*, 183 F.R.D. 568, 570 (D.N.M. 1998) ("By failing to object within the time permitted by the Federal Rules, [the nonparty] has waived the right to object.") (citing *Wang v. Hsu*, 919 F.2d 130 (10th Cir. 1990)).

  ***Second*,** the documents sought by the subpoenas (core documents regarding the alleged inventions) are indisputably relevant and the complete failure to produce documents has prejudiced and continues to prejudice Defendants, who have been litigating in this forum for over a year now without the benefit of any discovery.  For example, without ***any*** discovery, Defendants were required to prepare and serve invalidity contentions on January 6, 2016.  (Dkt. No. 285.)  Likewise, without ***any*** discovery, the deadline to amend the pleadings has come and gone.  Several additional deadlines are on the horizon, including claim construction (beginning on March 28, 2016).  The wholesale failure to produce documents has prejudiced Defendants' ability to prepare their case.

5

*Third,* the lack of response by the Subpoenaed Individuals cannot be squared with Energetiq's repeated requests to expedite this case, and representations to the Court that it has been in a position to produce documents since November 2015. (*See, e.g.,* Dkt. No. 111, Joint Status Report at 4-11 (requesting jury trial on patent liability issues by December 2015); Nov. 4, 2015 Hr'g Tr. at 63:22-24 ("[Mr. Bauer:] We're going to give it all to them, because it's going to be -- I won't say a box, but it's not that much. And they'll get what they need from us.")). Energetiq should have anticipated months ago that Defendants would subpoena these individuals (they are listed in its Initial Disclosures); these are routine document requests served in patent cases. Energetiq should have taken steps to preserve and collect documents from these individuals months ago, in line with its prior complaints regarding Defendants. (*See* Dkt. No. 129, July 27, 2015 Joint Report, at 4 ("Energetiq's Position: . . . Nearly two months ago, the Court told the parties at the May 29, 2015 status conference that it was entertaining the idea of a Phase I discovery schedule such as the one that it has now entered. At least by that date, Defendants should have been diligently collecting the relevant documents, and cannot now reasonably claim that they are not in a position to produce such documents.")).

The deadlines in this case are live and Defendants need to diligently pursue discovery in order to meet the Scheduling Order deadlines.

## IV.   CONCLUSION

For the reasons discussed above, Defendants respectfully request that the Court issue an order compelling compliance with the third-party subpoenas served on alleged inventors: Jeffrey A. Casey; Gordon Hill; William Holber; Daniil Stolyarov; and Hongke Ye.

Respectfully Submitted,

        ASML NETHERLANDS B.V.,
        EXCELITAS TECHNOLOGIES CORP.
        QIOPTIQ PHOTONICS GMBH & CO. KG

        By their Attorneys,

        /s/ *Kevin S. Prussia*
        Kevin S. Prussia (BBO # 666813)
        Shirley X. Li Cantin (BBO # 675377)
        Dana O. Burwell (BBO # 682413)
        Jonathan A. Cox (BBO #687810)
        WILMER CUTLER PICKERING
         HALE AND DORR LLP
        60 State Street
        Boston, MA 02109
        Tel: (617) 526-6000
        Fax: (617) 526-5000
        kevin.prussia@wilmerhale.com
        shirley.cantin@wilmerhale.com
        dana.burwell@wilmerhale.com
        jonathan.cox@wilmerhale.com

        James M. Dowd (Ca. Bar No. 259578) (*pro hac vice*)
        WILMER CUTLER PICKERING
         HALE AND DORR LLP
        350 South Grand Avenue, Suite 2100
        Los Angeles, CA 90071
        Tel: (213) 443-5300
        Fax: (213) 443-5400
        james.dowd@wilmerhale.com

Dated: January 27, 2016

## CERTIFICATE OF SERVICE

I, Kevin S. Prussia, hereby certify that a true copy of this document was served upon counsel of record for the plaintiff through the Court's electronic court filing (ECF) system, this 27th day of January, 2016.

        */s/ Kevin S. Prussia*
        Kevin S. Prussia