IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ENERGETIQ TECHNOLOGY, INC.,
    Plaintiff,

v.

ASML NETHERLANDS B.V.,
EXCELITAS TECHNOLOGIES CORP., and
QIOPTIQ PHOTONICS GMBH & CO. KG,

    Defendants.

Civil Action No. 1:15-cv-10240-LTS
[PUBLIC VERSION]

## JOINT STATUS REPORT

Pursuant to the Court's Scheduling Order (Doc. No. 229), the parties have conferred and hereby submit this joint status report.

*Energetiq's Statement*:

In the time since this case moved into "Phase II," very little has happened. Defendants asked Energetiq to stay the case, and Energetiq agreed. The parties then entered into an agreement to suspend discovery pending agreement on the terms of the stay.

The reason Energetiq agreed to the stay is that on December 15, 2015, Energetiq filed a complaint under 10 U.S.C. § 1337 with the U.S. International Trade Commission ("ITC"), alleging that Defendants ASML and Qioptiq import, sell for importation, and/or sell after importation into the United States laser-driven light sources, subsystems containing laser-driven light sources, and products containing the same that infringe two of the patents-in-suit in this Court—U.S. Patent Nos. 8,949,841 and 9,048,000—and U.S. Patent No. 9,185,786, which has

not been asserted in this case. In particular, the complaint alleged that Defendants' importation of the LS1 infringes these three patents. On January 14, 2016, the ITC instituted an investigation of Energetiq's claims in Investigation No. 337-TA-983, as described in 81 Fed. Reg. 3473-74 (Jan. 21, 2016).

The Court will recall that Defendants have contended—through today—that the LS1 products are *not* in this lawsuit, and have demanded that Energetiq bring its infringement claims regarding the LS1 elsewhere.

Defendants now renege on their request to stay the case, even though before the initiation of the investigation at the ITC, they had asked the court to stay this case (Doc. No. 107, filed on June 12, 2015, motion denied as premature); had stated in a subsequent status report that they would again ask the Court to stay this case after institution of the IPRs (Doc. No. 236, filed on November 30, 2015); and on December 9, 2015, sent Energetiq a draft motion and order to stay the case, requesting consent to file it. *See* Ex. A. On December 15, 2015, Energetiq agreed to stay the case, and thereafter provided a revised draft order to the Defendants. *See* Ex. B. In addition, the parties agreed to suspend all written party discovery while negotiating the terms of the stay order. *See* Ex. C.

On January 19, 2016, *after* Energetiq agreed to Defendants' request to stay this case, Defendants' counsel unilaterally reneged on their agreement to suspend discovery, and stated (by email) that Defendants would no longer agree to a stay of the District Court case.

Today, Energetiq has filed a motion to stay this case, pending the ITC decision. Congress has determined that ITC investigations should take precedence—mandating that the district court stay its case when the district court case "involves the same issues involved in the proceeding before the Commission," and a stay is requested by a defendant within the statutorily

established period of time. 28 U.S.C. § 1659.[1]

But, because the Defendants now refuse to join in the motion, the Court should use its discretion to stay this case as part of its inherent power to manage its docket. Despite Defendants' proclamations, it is entirely routine for a co-pending parallel district court litigation to be stayed pending the resolution of a later-filed ITC investigation. Staying this action pending the ITC investigation would result in simplification of the issues for both the parties and the Court.

As set forth in its motion to stay and accompanying memorandum, Energetiq submits that this action should be stayed pending a final determination of the co-pending ITC investigation, which is now well on its way.

**Energetiq notes the following pending motions:**

| Date Filed | Doc. No. | Description |
|---|---|---|
| 2015-10-21 | 181 | Energetiq's Motion to Compel Excelitas to Produce Documents Wrongly Withheld as Privileged |
| 2015-11-03 | 206 | Defendants' Motion for Summary Judgment of Non-Infringement of U.S.P.N. 9,048,000 as to the "LS2" |
| 2015-11-03 | 210 | Defendants' [Renewed] Motion to Dismiss for Lack of Personal Jurisdiction |
| 2015-12-08 | 262 | Defendant's Motion to Enforce the Parties' Agreement Limiting the Number of Asserted Claims and to Extend the Time Period for Defendants' Invalidity and Non-Infringement Contentions to the Default 60-Day Period Set Forth in the Patent L.R. |
| 2015-12-14 | 270 | Defendants' Motion to Compel Automatic Disclosures Regarding Damages |

---

[1] *See Fuji Photo Film Co. v. Benun*, 463 F.3d 1252, 1256 (Fed. Cir. 2006) ("[T]he district court must await a final decision from the Commission before proceeding with its action.").

| | | |
|---|---|---|
| 2016-01-27 | 306 | Defendants' Motion to Compel Document Production from Certain Named Investors |
| 2016-02-01 | 309 | Energetiq's Motion to Stay Pending A Final Determination of the International Trade Commission |

*Defendants' Statement*:

Although discovery has been open for months, only one side has been participating. While Defendants have been responding to Energetiq's discovery and have been diligent in initiating their own discovery, Energetiq—the supposed plaintiff in this case—refuses to participate in the case *it brought*, in the forum *it chose*, on matters it claimed require the utmost urgency. Energetiq refuses to provide written responses to Defendants' discovery requests, refuses to produce a single document, refuses to comply with its automatic disclosure obligations under Rule 26, has interfered with Defendants' efforts to get third-party discovery, and refuses to provide adequate contention disclosures. Instead, faced with unfavorable facts in discovery and a serious risk of having its patents invalidated by the patent office, Energetiq has now opted to test its luck in a new forum, the International Trade Commission ("ITC"). But *this* case is still active, and Energetiq should be required to either participate in it or dismiss it (with prejudice). With that background in mind, Defendants provide the following status update.

    a. **Status of Discovery**

        i. **Defendants have been diligently providing discovery**

Defendants continue to make rolling productions in response to Energetiq's document requests. To date, Defendants have produced over 200,000 pages of documents, including prior art, technical documents, and documents reflecting marketing of the YieldStar products. Defendants have also provided substantial written discovery, having produced detailed

contentions on the issues for which Defendants have the burden of proof. In addition, Defendants have provided substantive responses to Energetiq's interrogatories.

### ii. Energetiq has refused to provide any discovery

Energetiq has not produced a single document and refuses to provide any discovery whatsoever. It has refused to provide automatic disclosures related to its claimed damages despite its clear obligation to do so under Rule 26. Further, in addition to Phase I document requests, Defendants served interrogatories and additional document requests on November 6, 2015. Nearly three months have passed and Energetiq has not responded to those requests in any form. Defendants have made several requests to Energetiq to start producing discovery and to provide written objections and responses. (*See, e.g.,* Dec. 17, 2015 Email; Dkt. No. 291-1; Jan. 19, 2016 Letter; Jan. 22 Email; Dkt. Nos. 308-10, 308-11.) Energetiq refuses on the false basis that the "parties have agreed that the case should be stayed." As Defendants have stated repeatedly, *there has never been such an agreement*. (*See, e.g.*, Dkt. Nos. 282; 291; 307.)

Given that Energetiq has failed to even serve objections to Defendants' requests, the Court should deem any objections waived and order Energetiq to produce all responsive documents forthwith. *See Marx v. Kelly, Hart & Hallman, P.C.*, 929 F.2d 8, 20, 12 (1st Cir. 1991) (holding that objections may be waived if a party fails to provide timely responses to requests); *In re Papst Licensing GMBH & Co. KG Litig.*, 550 F. Supp. 2d 17, 22 (D.D.C. 2008).

### iii. Outstanding discovery from named inventors

As described in their January 27, 2016 motion to compel, Dkt. No. 307, Defendants have not received any discovery in response to their subpoenas to certain named inventors. Those subpoenas have been outstanding since early December 2015. Counsel for Energetiq, who is

also counsel for the subpoenaed individuals, has refused to commit to a date certain to provide that discovery. The Court should order production of all responsive documents forthwith.

### b. Pending Motions

As discussed in Ex. D, several of Defendants' motions would promote the orderly resolution of this case but have yet to be decided by the Court.

### c. Update on YieldStar 350

███████████████████████████████████████████████████

███████████████████████████████████████████████████

Consistent with the Court's prior directives, and in accordance with their responses to Energetiq's discovery requests, Defendants will continue to supplement their discovery with relevant, non-privileged information regarding any U.S. version of a YieldStar 350.

### d. Energetiq Is Not Entitled To Stay Its Own Case

Energetiq's refusal to participate in discovery stems from its belief that it can unilaterally stay the very case it filed, a move that is procedurally unusual, raises serious fairness questions, and should be denied. Energetiq's request comes more than a year after *it chose* to file a complaint in this Court, after a year's worth of federal judicial resources having been spent, and after Defendants have incurred significant costs. Much of this was incurred as a result of Energetiq's repeated (and baseless) requests to expedite this case (likely knowing, all the while, that its claims for equitable relief were contractually foreclosed), *see, e.g.*, Dkt. No. 293 (explaining that Energetiq's investor and customer, Intel, typically enters into contractual agreements precluding its suppliers, like Energetiq, from enjoining products in its supply line, like the YieldStar). Yet these expenditures (literally millions of dollars by Defendants) would be wasted if Energetiq is allowed to game the system and stay its current claims in favor of the

ITC.[2] Indeed, courts have reprimanded plaintiffs who have started litigation in district court and then filed a duplicative complaint in the ITC. *See, e.g.*, *Yamaha Hatsudoki Kabushiki Kaisha v. Bombardier Inc.*, 2001 WL 1388911, *2 (C.D. Cal. Mar. 9, 2001) ("[Plaintiff] Yamaha indeed appears to be forum shopping in that it … now files in another inconvenient forum. In addition, while Yamaha asserts it filed the complaint because of the inadequacy of remedies in federal court, it was certainly aware of that at the time it filed, and should on those grounds simply have filed with the ITC.").

To be clear, if Energetiq were seeking to stay *all* litigation (*i.e.*, both this case and the ITC investigation) pending resolution of the pending IPR trials (which are now only seven months from a final hearing), then it would certainly make sense to stay this case. That is what Congress intended when it created the IPR system and such a stay would simplify the issues and conserve party and judicial resources. But Energetiq is not interested in those principles. What Energetiq seeks to do is *trade in* this case for a new one. And it seeks to do that despite the PTAB's finding that it is "reasonably likely" that the asserted patents are invalid. Energetiq simply is displeased with this Court's rulings and hopes to get out in front of the IPRs through the ITC.[3] But the desire of finding a more favorable forum does not entitle Energetiq to a stay. Such game-playing is inconsistent with the principles underlying the discretionary stay analysis.[4]

---

[2] Unlike the "reasonable likelihood" standard used by the PTAB in instituting IPRs, no similar standard is used by the ITC. *Cf.* 19 C.F.R. § 210.10 (showing that regulation for 337 Investigations lack standard for institution). Thus, the decision to institute the ITC investigation is not a reflection on the merits of Energetiq's allegations.

[3] Energetiq's efforts are in vain as the IPR trials, by statute, will end before any initial or final determination in the ITC. (Dkt. No. 236-6.) Hence, Defendants have filed a motion to stay the ITC investigation pending resolution of the instituted IPRs. Energetiq has opposed that motion.

[4] 28 U.S.C. § 1659, which Energetiq references above, only provides for an automatic stay of ITC investigations upon the request of a *respondent*, i.e., Defendants. Far from "entirely

In any event, as of this submission, Energetiq has not filed a motion to stay. If and when it does, then Defendants will provide a response in accordance with the local rules.

---

routine," it is exceedingly rare for a patent owner to do what Energetiq seeks to do here, which is stay its own case pending an ITC investigation.

Dated: February 1, 2016        Respectfully submitted,

| */s/ Steven M. Bauer* | */s/ Kevin S. Prussia (with permission)* |
|---|---|
| Steven M. Bauer (BBO #542531) <br> Safraz W. Ishmael (BBO #657881) <br> S. James Boumil III (BBO #684361) <br> PROSKAUER ROSE LLP <br> One International Place <br> Boston, MA 02110-2600 <br> Telephone: (617) 526-9600 <br> Facsimile: (617) 526-9899 <br> sbauer@proskauer.com <br> sishmael@proskauer.com <br> jboumil@proskauer.com <br><br> **ATTORNEYS FOR ENERGETIQ TECHNOLOGY, INC.** | Kevin S. Prussia (BBO #666813) <br> Wilmer Cutler Pickering Hale and Dorr LLP <br> 60 State Street <br> Boston, Massachusetts 02109 <br> Tel: (617) 526-6000 <br> Fax: (617) 526-5000 <br> kevin.prussia@wilmerhale.com <br><br> James M. Dowd (Ca. Bar # 259578) (*pro hac vice*) <br> Wilmer Cutler Pickering Hale and Dorr LLP <br> 350 South Grand Avenue, Suite 2100 <br> Los Angeles, CA 90071 <br> Tel: (213) 443-5300 <br> Fax: (213) 443-5400 <br> james.dowd@wilmerhale.com <br><br> **ATTORNEYS FOR ASML NETHERLANDS B.V., EXCELITAS TECHNOLOGIES CORP., and QIOPTIQ PHOTONICS GMBH & CO. KG,** |

## CERTIFICATE OF SERVICE

      I hereby certify that on this day the foregoing was filed electronically with the clerk of Court, to be served upon counsel of record by operation of the Court's electronic filing system.

DATED this 1st day of February, 2016.

                                              */s/ Steven M. Bauer*