**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ENERGETIQ TECHNOLOGY, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) )   Civil Action No. 1:15-cv-10240-LTS |
| ASML NETHERLANDS B.V., EXCELITAS TECHNOLOGIES CORP., and QIOPTIQ PHOTONICS GMBH & CO. KG, | ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION TO COMPEL
DOCUMENT PRODUCTION AND RESPONSES TO INTERROGATORIES**

# TABLE OF CONTENTS

                                                                                                                                     **Page**

**I.**     **INTRODUCTION** ............................................................................................... 1

**II.**    **BACKGROUND** ................................................................................................. 3

**III.**   **ARGUMENT** ...................................................................................................... 6

**IV.**   **CONCLUSION** ................................................................................................ 10

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Eon Corp. IP Holding LLC v. Sensus USA Inc.*,
   2013 WL 3982994 (N.D. Cal. Mar. 8, 2013) ............................................................................9

*Marx v. Kelly, Hart & Hallman, P.C.*,
   929 F.2d 8 (1st Cir. 1991) .........................................................................................................7

*Pulsecard, Inc. v. Discover Card Servs., Inc.*,
   168 F.R.D. 295 (D. Kan. 1996) .................................................................................................7

**RULES**

Fed. R. Civ. P. 33 ................................................................................................................... 3, 7, 8

Fed. R. Civ. P. 34 ...................................................................................................................... 3, 7

Fed. R. Civ. P. 41 ......................................................................................................................... 10

## I.      INTRODUCTION

Energetiq refuses to participate in discovery. On November 6, 2015, Defendants served a set of document requests and interrogatories. (Dkt. No. 294-7, Defs.' Second Set of Requests for Production (Nos. 4-95) ("Second RFPs"); Ex. A, Excelitas's First Set of Interrogatories (Nos. 1-10) (collectively, the "Requests").)[1] Three months have passed, yet ***Energetiq has not produced a single document in response***. It has not even provided written objections and responses. Worse yet, it refuses to do so. And in filings to the Court, Energetiq has made clear that it has no intention of moving forward with this case. (*See* Dkt. Nos. 310, 313.)

Energetiq cannot ordain for itself when it wants to provide discovery. The Federal Rules of Civil Procedure set forth a specific time-period for responding to discovery requests. That time has passed. The Local Rules of this Court impose an obligation on counsel to be "cooperative" in discovery. Energetiq has not done so. Because Energetiq has made clear that it will not do anything absent an order from this Court, Defendants respectfully seek an order compelling Energetiq to immediately produce all responsive information to the Requests. And because Energetiq has chosen not to serve any written objections (despite repeated requests from Defendants), any applicable objections should be deemed waived.

Of course, Energetiq has not always been so recalcitrant about discovery in this case. As the Court will recall, Energetiq filed this case with a fury—demanding expedited discovery and a trial in four months. In the course of doing so, Energetiq filed two motions for preliminary injunction, three (premature) motions to compel, and represented that it could make its own production—supposedly little more than "a box"—in short order.

---

[1] Unless otherwise noted, "Ex. __" refers to the exhibits to the Declaration of Shirley X. Li Cantin filed in support of this motion.

Lately, however, Energetiq has not been so eager to participate in this case. What has changed since Energetiq filed this case a year ago? A lot. Energetiq's patents have been called into mortal question by the patent office in decisions finding a "reasonable likelihood" that claims in each of the patents-in-suit are invalid. The infringement case that Energetiq proclaimed as certain, we now know from Energetiq's deficient infringement contentions to be paper-thin and speculative. And, perhaps worse yet, there are indications that Energetiq's requests for injunctive relief—on which it twice filed "emergency" motions and that formed the basis for its "Phase I" discovery expedition—may have been foreclosed all along by Energetiq's own agreements with its investor, Intel (Energetiq continues to refuse to produce its agreements with Intel; but its silence on this issue speaks volumes).

As it has done before, Energetiq will no doubt try to justify its complete failure to comply with its discovery obligations by blaming Defendants and by repeating the false refrain that Defendants agreed that Energetiq did not have to do anything because the case was "stayed" or "suspended." (*See, e.g.,* Dkt. No. 311, Joint Status Report.) The record shows that is simply not so. There has never been an agreement to stay the case. There has never been an agreement to suspend all discovery. And if there was any doubt, throughout the period of Energetiq's self-imposed "discovery suspension," Defendants have been *actively* participating in discovery—having provided robust non-infringement and invalidity contentions, served discovery requests on Energetiq and relevant third parties, and rolled out additional document productions. If "very little has happened" in this case, it is not because of Defendants. It is because Energetiq has simply decided that it no longer feels like litigating in this forum. But this is *Energetiq's* case. If it does not want to produce documents, if it does not want to answer interrogatories, it can (and should) dismiss this case (with prejudice). But what Energetiq cannot do is flout the deadlines

and procedures of the Federal Rules and Local Rules and decide, for itself, when and on what terms it will provide discovery.

In short, Energetiq's responsive documents and interrogatory responses are past due, and it is time for Energetiq to start providing discovery. For these reasons, Defendants respectfully ask the Court to compel production of information responsive to Defendants' Requests within ten days of an order granting this motion.

## II. BACKGROUND

Defendants served document requests and interrogatories on November 6, 2015. Under Federal Rules of Civil Procedure 33(b)(2) and 34(b)(2), Energetiq's responses and objections were due on December 10, 2015. On December 2, 2015, Energetiq sought a mutual thirty-day extension for written responses to the parties' discovery requests.[2] (Ex. B, Dec. 2, 2015 Correspondence.) On December 4, Defendants offered a ten-day extension provided that Energetiq agree to make a substantive production of materials and information related to its claim of irreparable harm, consistent with the Court's directive to move quickly on that issue. (Ex. C, Dec. 4, 2015 Correspondence.) That same day, Defendants asked Energetiq for its position on a renewed motion to stay the litigation in light of the Patent Trial and Appeal Board's decision to institute proceedings on all eight of Defendants' *inter partes* review petitions. (Dkt. No. 311-1, Dec. 4, 2015 Correspondence.)

On December 7, Energetiq rejected Defendant's proposed ten-day extension. (Ex. D, Dec. 7, 2015 Correspondence.) On December 9, in an attempt at compromise, Defendants proposed that each side's discovery responses be due on December 24, 2015. (Ex. E, Dec. 9,

---

[2] Energetiq had served its own document requests and interrogatories on November 10, 2015.

2015 Correspondence.)  Energetiq rejected Defendants' proposal, suggesting that the parties suspend written discovery until December 14, 2015.  (Ex. F, Dec. 10, 2015 Correspondence.)

On December 14, Defendants asked Energetiq once again to meet and confer on a date by which it would produce its discovery responses.  (Ex. G at 5.)  Energetiq responded that it "intends to ask the district court to stay the case," and stated that it would send a proposed order.  (*Id*.)  The next morning, Defendants agreed to "suspend the due dates for written party discovery" for only so long as it took to review Energetiq's proposed stay (which Energetiq had yet to send).  (*Id.* at 4.)  Defendants were explicit that they could not agree to anything further.  (*Id.*)

Later that evening, on December 15, 2015, Energetiq filed a complaint with the U.S. International Trade Commission ("ITC").  This filing came as a complete surprise to Defendants —Energetiq having never once raised even the possibility of an ITC action in any prior meet-and-confer.  Energetiq thereafter provided Defendants with a proposed order which sought to stay the case pending institution of the ITC investigation (ignoring the IPRs).  (Dkt. No. 311-2, Dec. 15, 2015 Correspondence.)

Defendants never accepted Energetiq's proposal, and promptly responded there was no agreement to stay this case beyond a temporary continuance on Energetiq's discovery responses:

> Energetiq has now filed two papers with the Court representing that "the parties have agreed to suspend discovery pending their filing of a proposed order to stay this case." (See e.g. Dkt. 279 at 2.) As reflected in the email you submitted to the Court, that is simply incorrect. (See Dkt. 279 at Ex. 2 ("We will review the proposed order when you are able to send it. For now, while we discuss the stay of the case, Defendants agree to suspend the due dates for written party discovery and contentions. We cannot agree to anything further at this point.").)
>
> To the extent there remains any doubt:  Defendants do not agree to suspend anything other than the due dates for (1) the written responses and objections to the discovery served by Defendants on

4

>  11/6, and by Energetiq on 11/10; and (2) non-infringement and invalidity contentions (collectively referred to herein as the "Suspended Events"). Everything else is live. In the immediate term, that includes, among other things, the issues raised in each of Defendants' motions, the subpoenas served by Defendants, and the issues raised in our letters to you of 11/13, 11/19, 12/4, 12/7, and our several emails of 12/10. This list is non-exhaustive; as the case progresses, there will be additional items.

(Ex. G at 1 (emphasis removed).) To provide Energetiq reasonable time to prepare its responses to Defendants' outstanding discovery requests, Defendants offered to exchange responses and objections on January 6, 2016. (Ex. H at 2, Dec. 22, 2015 Correspondence.) Defendants were clear, however, that they would not agree to an indefinite suspension of discovery. (*Id.* at 1) Nevertheless, Energetiq rejected the January 6, 2016 exchange date. (*Id.*)

On December 23, 2015, the parties filed a joint motion to extend only: (1) the due date for Defendants' non-infringement and invalidity contentions; and (2) Energetiq's opposition to Defendants' Motion to Compel Automatic Disclosures Regarding Damages. (Dkt. No. 285.) In that paper, the parties expressly agreed that "***all other dates shall remain in effect***." (*Id.* (emphasis added).) Nonetheless, despite letters, emails, and telephone requests, Energetiq continued to refuse to participate in discovery based on its (incorrect) assertion that Defendants agreed to stay the case and to suspend discovery generally. (*See, e.g.,* Ex. H at 1.)

In a final effort to break the logjam, on January 19, Defendants requested a final meet and confer with Energetiq on January 21, and proposed that the parties mutually exchange written discovery responses on January 22, 2016. (Dkt. No. 308-10, Jan. 19, 2016 Correspondence.) On the call, Energetiq refused to agree to any date to produce documents, refused to serve written responses, and refused to provide any interrogatory answers. (Dkt. No. 308-11, Jan. 22, 2016 Correspondence.) Defendants left the call clearly articulating that Energetiq would receive no further extensions beyond January 22. (*Id.*)

5

On January 22, Defendants served their own objections and responses to Energetiq's discovery. The day came and went, however, with no discovery responses from Energetiq. As of today—nearly three weeks after the January 22 deadline, more than two months past the original due date for responses, and more than a year into this case—Energetiq still has yet to produce a single document, answer a single interrogatory, or even serve objections to Defendant's discovery requests. Defendants have bent over backwards to try to accommodate Energetiq. By contrast, Energetiq has demonstrated that it does not intend to participate in discovery until the Court orders it to do so (including by express representations to this effect to the Court). (Dkt. No. 310, Energetiq's Motion to Stay; Dkt. No. 311, Joint Status Report.) Defendants respectfully request such an order.

## III.    ARGUMENT

Energetiq should be ordered to immediately produce responsive information to Defendants' Requests. Each of Defendants' document requests is relevant and seeks standard information necessary in all patent cases. These include requests for documents relating to patent validity that Defendants cannot obtain from anyone else other than Energetiq and the inventors.[3] These also include requests for documents related to Energetiq's alleged damages and claim of irreparable harm, which Defendants have been seeking for months and which should have been produced automatically with its initial disclosures.[4] Further, Defendants'

---

[3] (*See* Dkt. No. 294-7, Defs.' Second RFPs, Request Nos. 4 (requesting documents relating to conception and reduction to practice); 5-6 (requesting documents relating to inventorship); 7-11 (seeking prosecution history files); 12-13 (seeking documents related to prior art evaluated by patentee).)

[4] (*See, e.g., id.* Nos. 25 and 38 through 45 (documents relating to licensees); No. 26, (documents sufficient to identify lost profits); No. 27 (contracts or agreements for the sale or license of products practicing the patents-in-suit); and Nos. 30 and 46 (documents supporting Energetiq's claim of irreparable harm).)

6

document requests seek discovery on Energetiq's state law claims.[5]  Each of Excelitas's Interrogatories asks for similar information.[6]  This is all indisputably relevant information. Energetiq cannot meaningfully suggest otherwise.

Defendants' requests have been outstanding for months and yet, as outlined above, Energetiq has failed to produce a single document or interrogatory answer.  Nor has Energetiq served any written objections that comply with the Federal or Local Rules.  *See* Fed. R. Civ. P. 33(b)(4)("The grounds for objecting to an interrogatory must be stated with specificity.  Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); Fed. R. Civ. P. 34(b)(2) ("For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request. . . . An objection to part of a request must specify the part and permit inspection of the rest.").

Having chosen not to respond, any applicable objections Energetiq did have should be deemed waived and Energetiq should be required to produce all responsive documents forthwith. *See Marx v. Kelly, Hart & Hallman, P.C.*, 929 F.2d 8, 20, 12 (1st Cir. 1991) ("Fed. R. Civ. P. 34(b) requires that a party upon whom a request for discovery is served respond within thirty days, either stating its willingness to comply or registering its objections.  If the responding party fails to make a timely objection, or fails to state the reason for an objection, he may be held to have waived any or all of his objections."); *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168

---

[5] (*See, e.g., id.* Request Nos. 78, 83-92 (requesting documents related to development of laser driven light source for the YieldStar product line).)

[6] (*See, e.g.,* Ex. A, Interrogatory No. 1 (seeking information regarding patent priority dates); No. 3 (asking for information related to Energetiq's practice of the patents-in-suit); No. 5 (seeking information related to how claim elements are supported by the written description for each of the patents-in-suit).)

F.R.D. 295, 303 (D. Kan. 1996) ("The requirement that objections be stated with specificity appears contrary to the use of general objections to a set of interrogatories or requests. Such general objections typically would not satisfy the specificity requirements of Rule 33.").

Energetiq's failure to serve any documents or interrogatory responses cannot fairly be blamed on any misunderstanding about a supposed "agreement" to stay the case. As explained above, Defendants were abundantly clear on multiple occasions that (1) there is no agreement to stay this case; and (2) Defendants could not agree to anything beyond a temporary extension of Energetiq's written discovery deadlines. Ultimately, Energetiq's choice not to respond to Defendants' discovery requests reflects its assessment that there is some tactical advantage to be gained from defaulting here in favor of the ITC. But the deadlines in this case remain live, and Energetiq has wholly failed to abide by them. It should be ordered to do so.

Energetiq's discovery conduct is particularly inappropriate in view of its multiple representations to the Court since November 2015 that it was prepared to proceed to ***trial*** post haste. (*See, e.g.,* Nov. 4, 2015 Hr'g Tr. at 63:18-24 ("[Mr. Bauer:] So in terms of discovery, we're talking two or three people at our end. I'm not taking issue. He spent all this time about needing discovery. We're going to give it all to them, because it's going to be -- I won't say a box, but it's not that much. And they'll get what they need from us."); Dkt. No. 271 (detailing Energetiq's representations relating to damages and irreparable harm documents available since filing of preliminary injunction motion.) Moreover, as part of its ITC Complaint, Energetiq attached as exhibits ***several documents responsive to Defendants' requests***, including: (1) certified copies of the assignment records for two of the patents-in-suit; (2) documents regarding the EQ-99, which Energetiq alleges practices the inventions of those patents; (3) certified copies of the file wrappers for those patents; and (4) a licensee list. (Ex. I, ITC Complaint Exhibits

8

List.)  Energetiq also made an initial production of documents *just two weeks* after the investigation was instituted by the ITC.  Yet, in this case, a case that Energetiq filed over a year ago, Energetiq has produced nothing.

Energetiq's tactics prejudice Defendants' ability to prepare and defend this case.  A year has passed but Defendants have not received even basic information concerning Energetiq's own patent prosecution and licensing activities—which Energetiq must have known it would have to produce even before it filed its complaint in January 2015.[7]  These are basic documents that go to core issues like: (1) claim construction of disputed claim terms; and (2) whether even Energetiq has the legal authority to bring this case (or whether the accused products are covered by Energetiq's existing licenses).  Energetiq's new-found refusal to participate in this case has already caused Defendants to expend significant time and resources in order to try to obtain such basic information.  (*See, e.g.,* Dkt. No. 270 (Motion to Compel Automatic Disclosures Regarding Damages); Dkt No. 306 (Motion to Compel Production from Certain Named Inventors).) Further, because Defendants have continued to honor their discovery deadlines (by timely

---

[7] *See, e.g., Eon Corp. IP Holding LLC v. Sensus USA Inc.*, 2013 WL 3982994, at *2 (N.D. Cal. Mar. 8, 2013) (ordering disclosure of "information about Plaintiff's own licensing program or third-party analysts' reports used to bolster Plaintiff's damages theory"); General Order 14-3 of the United States District Court for the Eastern District of Texas, General Order Regarding Track B Initial Patent Case Management Order at 1, 3 ("In service of the objectives of Fed. R. Civ. P. 1, this Court has developed and implemented specialized case management procedures for the efficient handling of patent litigation," providing that "[w]ithin 14 days of all defendants filing an answer . . . [a] party claiming patent infringement shall also produce all licenses or settlement agreements concerning the patents-in-suit and any related patent."); Patent Local Rules of the United States District Court for the Eastern District of Texas, Rule 3-2 ("Not later than 10 days before the Initial Case Management Conference. . . the party claiming patent infringement must produce . . .(a) documents . . . sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, the claimed invention prior to the date of application for the patent in suit. . . (b) all documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date identified pursuant to P. R. 3-1(e), whichever is earlier.")

9

producing Defendants' own documents and information) with no reciprocation from Energetiq, Energetiq has imposed clear burden and expense on Defendants and now enjoys an asymmetric informational advantage over Defendants with respect to the parties' claims and defenses.  (*See, e.g.,* Dkt. No. 285 (invalidity contentions due on January 6, 2016); Dkt. No. 229 (deadline to amend the pleadings due on January 25, 2016).)  More deadlines are forthcoming, including claim construction, and documents necessary for that proceeding are being withheld by Energetiq.  (*See, e.g.,* Dkt. No. 294-7, Request No. 17 (seeking documents relating to Energetiq's interpretation and/or construction of any claim of the patents-in-suit).)  Energetiq's failure to participate in discovery has prejudiced and, without a Court order, will continue to prejudice Defendants.

## IV.   CONCLUSION

Energetiq chose to file this litigation, and it is time for Energetiq to start participating.  If it has determined that it does not want to litigate in this forum, then it should dismiss this case under Federal Rule of Civil Procedure 41, with prejudice.  But until it does so, the parties must continue to actively litigate this case in light of the case deadlines.  For these reasons, and those discussed more fully above, Defendants respectfully request that Energetiq be ordered to produce responsive documents and interrogatory responses.

Respectfully Submitted,

ASML NETHERLANDS B.V.,
EXCELITAS TECHNOLOGIES CORP.
QIOPTIQ PHOTONICS GMBH & CO. KG

By their Attorneys,

/s/ *Kevin S. Prussia*
Kevin S. Prussia (BBO # 666813)
Shirley X. Li Cantin (BBO # 675377)
Dana O. Burwell (BBO # 682413)
Jonathan A. Cox (BBO #687810)
WILMER CUTLER PICKERING
 HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6000
Fax: (617) 526-5000
kevin.prussia@wilmerhale.com
shirley.cantin@wilmerhale.com
dana.burwell@wilmerhale.com
jonathan.cox@wilmerhale.com

James M. Dowd (Ca. Bar No. 259578) (*pro hac vice*)
WILMER CUTLER PICKERING
 HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Tel: (213) 443-5300
Fax: (213) 443-5400
james.dowd@wilmerhale.com

Dated: February 11, 2016

**CERTIFICATE OF SERVICE**

I, Kevin S. Prussia, hereby certify that a true copy of this document was served upon counsel of record for the plaintiff through the Court's electronic court filing (ECF) system, this 11th day of February, 2016.

*/s/ Kevin S. Prussia*
Kevin S. Prussia