**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

ENERGETIQ TECHNOLOGY, INC.,

                Plaintiff,

v.

ASML NETHERLANDS B.V.,
EXCELITAS TECHNOLOGIES CORP., and
QIOPTIQ PHOTONICS GMBH & CO. KG,

           Defendants.

Civil Action No. 1:15-cv-10240-LTS

**ENERGETIQ'S OPPOSITION TO DEFENDANTS'**
**MOTION TO COMPEL DOCUMENT PRODUCTION**
**AND RESPONSES TO INTERROGATORIES (DOC. NO. 315)**

On December 15, 2015, the parties agreed to suspend written party discovery pending the parties' negotiating an order to stay this case.  Energetiq relies on that agreement in postponing its responses to the discovery sought in this motion, which falls squarely within the scope of the agreed suspension.

On January 19, 2016, the Defendants indicated their intent to renege on the agreement. On January 22, 2016, Defendants provided their objections and responses to Energetiq's First Set of Phase II Requests for Production and Interrogatories—unilaterally and without reaching further agreement with Energetiq as to a due date.  Later that day, Defendants provided a production of ***public*** documents including prior art referenced in their Preliminary Invalidity Disclosures and papers from the first ten IPR proceedings they filed against Energetiq's patents. To date, they have yet to produce in Phase II a single confidential document relating to the accused products.

After defendants reneged on their agreement to stay this case, on February 1, 2016, Energetiq filed its own Motion to Stay Pending a Final Determination of the International Trade Commission (Doc. No. 309).  That motion is now pending.

As it stands now, the parties have agreed to stay the very discovery which is the subject of this motion.  *Indeed, defendants continue to rely on that same stay to refuse to produce the very documents they demand by this motion*.  Of course, ***if*** the case is ***not*** stayed, Energetiq will provide its responses and objections to Defendants' Interrogatories and Requests for Production. But Defendants' argument that Energetiq's reliance on an *agreed* suspension of discovery, is a cause for waiver of objections is meritless.  Of course, the Defendants' attempt to renege on this agreement when they no longer see it tactically advantageous to limit the expense of this case does not entitle them to a finding that Energetiq's objections are waived.  The issue remains

unresolved, and Energetiq awaits this Court's determination on its Motion to Stay before proceeding.

DATED: this 25th day of February, 2016.

Respectfully submitted,

**PROSKAUER ROSE LLP**

By _/s/ Steven M. Bauer_
    Steven M. Bauer, BBO #542531
    Safraz W. Ishmael, BBO #657881
    S. James Boumil, III, BBO #684361
    **PROSKAUER ROSE LLP**
    One International Place
    Boston, MA 02110-2600
    (617) 526-9600 _telephone_
    (617) 526-9899 _facsimile_
    sbauer@proskauer.com
    sishmael@proskauer.com
    jboumil@proskauer.com

    **Attorneys for Energetiq Technology, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on this day the foregoing was filed electronically with the clerk of Court, to be served upon counsel of record by operation of the Court's electronic filing system.

DATED this 25th day of February, 2016.

*/s/ Steven M. Bauer*